UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-12870 |
| | : | |
| REILLY-BENTON COMPANY, INC. | : | CHAPTER 7 |
| | : | |
| DEBTOR | : | SECTION A |

*EX PARTE* SUPPLEMENTAL AND AMENDING
APPLICATION TO EMPLOY
SPECIAL LOCAL COUNSEL FOR LIMITED PURPOSES

The application of David V. Adler trustee of the captioned estate ("Applicant" or "Trustee"), respectfully represents as follows.

**Background**

1. The Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on October 25, 2017. The Court entered an Order Approving the Employment of Chaffe McCall, LLC ("Chaffe") as general counsel for the Trustee on December 19, 2017 [P-20].

2. The Court also entered an Order approving the law firm of K&L Gates LLP ("K&L Gates") as special asbestos insurance counsel to the Trustee for the purpose of, among other things, advising the Trustee on steps to be taken to preserve insurance coverage and maximize any insurance recoveries and negotiating settlements or other resolutions of coverage disputes. Under the direction and assistance of K&L Gates, the Trustee reached a settlement agreement with one of Reilly-Benton's insurers Century Indemnity Company ("Century"), which is currently pending before this Court for approval (ECF Doc. 56).

3. As noted in the Trustee's *Ex Parte Application to Employ Special Local Counsel for Limited Purpose* ("Original Application") (ECF Doc. 51) filed on July 22, 2020, the Trustee sought to employ Albert J. Derbes, IV and The Derbes Law Firm, LLC ("DLF" or "Derbes Law

Firm"), to represent him as special <u>local</u> counsel for a limited purpose in connection with the approval process of the proposed Century settlement. An Order (**ECF Doc. 54**) was entered on July 27, 2020, granting the Trustee's Original Application.

4. As explained in the Original Application, the limited purpose application was necessitated when, in the course of the negotiation of written settlement terms between K&L Gates and counsel for Century, local general counsel for the Trustee received a draft version of the proposed settlement agreement that included releases by the Trustee not only of the insurer Century, but also of certain affiliated insurance companies with Century, including Chubb Insurance Company ("<u>Chubb</u>"), a client of Chaffe McCall. Upon seeing that the draft settlement agreement included a proposed release of Chubb, Chaffe McCall removed itself from any involvement or participation in connection with the Century settlement discussions being conducted by K&L Gates on behalf of the Trustee. The Derbes Law Firm assisted K&L Gates with finalizing the Century settlement and bringing the matter before the Court for approval.

5. Another insurer, Liberty Mutual Insurance Company ("<u>LMIC</u>"), has recently reached out to K&L Gates regarding the negotiation and approval of an insurance settlement, and the Trustee through his special insurance counsel K&L Gates is negotiating a settlement with LMIC and its related entities (collectively "<u>Liberty</u>"). The Trustee's general counsel Chaffe McCall ran an updated conflict check to determine if there were any potential conflict with Chaffe McCall being involved as local counsel in connection with the approval of a Liberty settlement and found that although Liberty is not a significant client of the Chaffe McCall firm, the lawyers in the Houston office of the firm have several open files where Liberty is a client.

6. For that reason, Chaffe McCall has removed itself from any involvement or participation in connection with the Liberty settlement discussions and approval, and it is

necessary for the Trustee to file this supplemental application to expand the scope of the Order approving the employment of the Derbes Law Firm to include representation of the Trustee as special local counsel in connection with any potential settlement with Liberty, the preparation and approval of any related compromise motion and related pleadings involving Liberty, and the enforcement of the automatic stay against persons acting against property of the estate in connection with the Liberty policies.

7. In addition, the Trustee seeks to amend the Original Application to expand the purpose of the representation by the Derbes Law Firm to include enforcement of the automatic stay against any persons acting against property of the estate in connection with the Century insurance policies. All other provisions of the Original Application, including the Derbes Law Firm's disinterestedness and its hourly rates remain the same.

8. Attached hereto as **Exhibit A** is a Declaration of by Albert J. Derbes, IV, stating that the Derbes Law Firm does not hold any interest adverse to the Debtor or the estate with respect to the limited matter on which they are to be employed as special limited purpose counsel. The only variance from the declaration filed with the Original Application is in paragraph five (5), making it applicable to this application.

9. Based upon the foregoing, the Trustee submits that the employment of the Derbes Law Firm as special limited counsel for the Trustee under the terms and conditions set forth above would be in the best interests of the estate and creditors herein.

WHEREFORE, the Trustee prays that this Application be approved in accordance with the terms set forth herein, and for all further relief as the Court deems necessary.

Respectfully submitted,

| | |
|---|---|
| By: */s/ David J. Messina* <br> David J. Messina, #18341 <br> Fernand L. Laudumiey, IV, #24518 <br> CHAFFE McCALL, LLP <br> 2300 Energy Centre, 1100 Poydras Street <br> New Orleans, Louisiana 70163-2300 <br> Telephone: (504) 585-7000 | */s/ Albert J. Derbes, IV*_____ <br> ALBERT J. DERBES, IV, LA Bar 20164 <br> ERIC J. DERBES, LA Bar 23464 <br> **THE DERBES LAW FIRM, LLC** <br> 3027 Ridgelake Drive <br> Metairie, Louisiana 70002 <br> 504.837.1230 Telephone <br> 504.832.0322 Facsimile <br> ***Special Counsel for David V. Adler, Trustee*** |

## CERTIFICATE

I certify that a copy of the above *Ex Parte Supplemental and Amending Application to Employ Special Local Counsel for Limited Purposes* was served upon the following persons or entities having entered an appearance and requesting notice, pursuant to this Court's CM/ECF filing system set forth below.

Dated: November 6, 2020

*/s/ Albert J. Derbes, IV*_____
Albert J. Derbes, IV

David V. Adler
adler_d@bellsouth.net, LA26@ecfcbis.com

Frederick L. Bunol on behalf of Debtor Reilly-Benton Company, Inc.
fbunol@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Leo D. Congeni on behalf of Creditor Landry & Swarr Creditors
leo@congenilawfirm.com, michelle@congenilawfirm.com

Leo David Congeni on behalf of Creditor Landry & Swarr Creditors

leo@congenilawfirm.com, michelle@congenilawfirm.com

Martha Y. Curtis on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
mcurtis@shergarner.com

Albert J. Derbes, IV on behalf of Trustee David V. Adler
ajdiv@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Eric J Derbes on behalf of Debtor Reilly-Benton Company, Inc.
ederbes@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

James M. Garner on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
jgarner@shergarner.com, jchocheles@shergarner.com;jstockstill@shergarner.com

Mary S. Langston on behalf of U.S. Trustee Office of the U.S. Trustee
Mary.Langston@usdoj.gov

Timothy S. Madden on behalf of Interested Party Estate of Julian Paul Guidry
tmadden@kingjurgens.com

Timothy S. Madden on behalf of Interested Party Lori Guidry Keating
tmadden@kingjurgens.com

Timothy S. Madden on behalf of Interested Party Paul Guidry
tmadden@kingjurgens.com

Thomas J. Madigan on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
tmadigan@shergarner.com, rtheobold@shergarner.com

David J. Messina on behalf of Trustee David V. Adler
messina@chaffe.com, bankruptcy@chaffe.com;laudumiey@chaffe.com

Mark D. Plevin on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
mplevin@crowell.com, cromo@crowell.com

William S. Robbins on behalf of Interested Party Louisiana Insurance Guaranty Association
wrobbins@stewartrobbins.com,
kheard@stewartrobbins.com;wrobbins@ecf.courtdrive.com;kheard@ecf.courtdrive.com

Gerolyn Roussel on behalf of Interested Party Bonnie Ann Loupe
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Joseph E Courville
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Lee Ann Cortez
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Mary S Courville
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Mavis T Courville
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Michael W Courville
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Sherry Tregre Cortez
gerolynroussel@icloud.com

Perry J. Roussel, Jr. on behalf of Interested Party Bonnie Ann Loupe
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Joseph E Courville
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Lee Ann Cortez
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Mary S Courville
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Mavis T Courville
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Michael W Courville
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Sherry Tregre Cortez
rcfirm@rousselandclement.com

Office of the U.S. Trustee
USTPRegion05.NR.ECF@usdoj.gov

**Exhibit "A"**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE:** | : | **CASE NO. 17-12870** |
| | : | |
| **REILLY-BENTON COMPANY, INC.** | : | **SECTION "B"** |
| | : | |
| **DEBTORS** | : | **CHAPTER 7** |

### DECLARATION OF ALBERT J. DERBES, IV IN SUPPORT OF APPLICATION FOR EMPLOYMENT OF SPECIAL COUNSEL FOR LIMITED PURPOSE

I, Albert J. Derbes, IV, hereby declare under penalty of perjury under the laws of the United States of America that, to the best of my knowledge and ability, and after reasonable inquiry, the following is true and correct:

1. My name is Albert J. Derbes, IV, and I am a member of The Derbes Law Firm, L.L.C. ("DLF" or the "Firm" or "Derbes Law Firm"), with offices at 3027 Ridgelake Dr., Metairie, LA 70002. I am currently admitted and in good standing, among others, as a member of the bar of the State of Louisiana and the United States District Court for the Eastern District of Louisiana and the United States Courts of Appeals.

2. I am authorized to make this Declaration (the "Declaration") on the Firm's behalf and in support of the Application of David Adler, Trustee ("Trustee") for employment of Special Local Counsel for Limited Purpose (the "Application") pursuant to sections 327 and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1(B) of the Local Rules of the United States Bankruptcy Court for the Eastern District of Louisiana (the "Local Rules").

3. Except as otherwise noted, I have personal knowledge of the facts herein. To the extent that any information disclosed herein requires amendment or modification upon further

analysis, or as additional creditor information becomes available, Declarant will submit a supplemental declaration to the Court.

### Qualifications of the Derbes Law Firm

4. The professionals at the Derbes Law Firm have substantial experience, knowledge, and expertise in bankruptcy matters and Louisiana contract law, including in particular, representation of bankruptcy Trustees. Declarant has litigated commercial bankruptcy matters in the Eastern District of Louisiana for almost thirty years. Each of Declarant and the Derbes Law Firm have handled hundreds, if not thousands of motions in bankruptcy Court, including hundreds of motions to settle.

### Scope of Services and Compensation

5. By his Application, the Trustee seeks to employ and retain the Derbes Law Firm as special counsel for the limited purposes of advising the Trustee and his special insurance counsel, K&L Gates LLP ("K&L Gates"), in connection with a settlement or potential settlement with Liberty Mutual Insurance Company ("Liberty"), a potential motion to settle with Liberty, and to prepare and file any notices of the automatic stay in state and federal court proceedings filed against Liberty, and enforcement of the same.

6. Declarant understands that this employment is to be limited to acting as conflicts counsel as general counsel for the Trustee, Chaffe McCall, LLC ("Chaffe") [P-20] has or may have a conflict in representing the Trustee in connection with a settlement with Liberty.

7. Declarant further states that, pursuant to Bankruptcy Rule 2016(b), neither he nor the Derbes Law Firm have shared, nor agreed to share (a) any compensation it may receive with another party or person, other than with the partners, associates, employees, and contract attorneys

associated with the Firm, or (b) any compensation another person or party has received or may receive.

### Disinterestedness

8. Subject to paragraph 9, below, DLF is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, in that Firm, its partners, counsel and associates:

**(A)** are neither creditors, equity security holders, nor insiders;

**(B)** are not and were not, within 2 years before the date of the filing of the petition, directors, officers, or employees of the debtor; and

**(C)** do not have an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason.

9. Based on the conflicts search, to the best of my present knowledge, information and belief, no member, associate, or counsel practicing in my firm represents or holds any interest adverse to the Debtor or to their estate, and all members, associates, and counsel practicing in my firm are "disinterested persons" as that phrase is defined in § 101(14) of the Bankruptcy Code, as modified by § 1107(b) of the Bankruptcy Code, all within the meaning of Section 327(a) of the Bankruptcy Code. The factual basis for this disinterestedness analysis is as set forth in paragraph 10, *supra*.

10. In preparing this Declaration, Derbes Law Firm employees acting at my direction used a set of procedures to ensure full compliance with the requirements of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules. I performed, or caused to be performed, the following actions to identify the parties relevant to the Debtor's chapter 7 case and to ascertain the Derbes Law Firm's connections, if any, to such parties:

a) A list was compiled (the "Conflict Party Checklist"), which is attached hereto at **Exhibit 1**, containing the names of (i) the Debtor's directors and officers; (ii) the Debtor's insurance carriers and their counsel; (iii) professionals engaged by the Trustee; and (iv); certain asbestos claimants who have appeared in the case and their counsel.[1]

b) The Derbes Law Firm maintains a database containing the name of each current and former client, the names of the parties who are or were related or adverse to such current or former client, and the names of the the Firm's personnel who are or were responsible for current or former matters for such client for at least the past ten years (the "Database").

c) The Firm compared the names included in the Conflict Party Checklist to the names in the Database to identify any matches, determine whether such matches are current or former clients, and identify the Firm's personnel responsible for such matters.

d) Using information in the Database, and except as disclosed herein, the Firm does not currently represent any entity on the Conflict Party Checklist in connection with the Debtor.

e) Further, the Firm does not hold or represent an interest that is materially adverse to the Debtor's estate.

To the best of my knowledge and insofar as I have been able to ascertain, neither the Derbes Law Firm nor any of its partners or associates have any connection with any of the entities listed on **Exhibit 1** and has no connection to any other creditors of the Debtor or any other parties in interest in this chapter 7 case, except for (a) the Firm's representation of the Debtor, (b) past or present litigation against the clients of Stewart Robbins & Brown, LLC, (c) past or present litigation against the clients of Sher Garner Cahill Richter Klein & Hilbert, L.L.C., (d) the Trustee in his representative capacity against debtor clients of the Firm, and (e) motion practice in harmony with

---

[1] The Debtor in this case is a defendant in many asbestos lawsuits, and has listed more than 18,000 potential claimants on its mailing matrix. Even though the firm has not performed a separate search for each of the 18,000+ names listed on the mailing matrix, if the firm represented a party in any of the asbestos lawsuits this representation would have caused the Debtor to appear as adverse in the Database. Because this did not occur, I can reasonably conclude that the Firm does not represent interests that are adverse to the Debtor or the estate.

4

or against United States Trustee for the Eastern District of Louisiana, as well as his employee attorneys, Mary S. Langston, Robert Gravolet, and Amanda George.

11. I am not related, and to the best of my knowledge, no attorney at the Firm is related, to any United States Bankruptcy Judge in this District or to the United States Trustee for such district or any employee thereof.

12. The Firm will periodically review its files during the pendency of this chapter 7 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, the Firm will use reasonable efforts to identify such further developments and will file promptly a supplemental declaration, as required by Bankruptcy Rule 2014(a).

13. Neither I nor the Firm, or any of its attorneys, insofar as I have been able to determine (a) is a creditor of the Debtor, equity security holder or insider of the Debtor, (b) is and was, within two years before the filing of the petition, a director, officer or employee of the Debtor, or (c) has an interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, for any other reason.

14. Neither I, my firm, nor any partner or associate thereof, insofar as I have been able to ascertain, is related to the Trustee by affinity or consanguinity within the third degree as determined by the common law, or is in a step or adoptive relationship within such degree.

15. Based on the foregoing, to the best of my knowledge and information, I believe that the Derbes Law Firm is a "disinterested person" within the meaning set forth in Bankruptcy Code §§ 101(14) and 328(c).

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and ability.

EXECUTED this 2nd day of November, 2020.

_____
Albert J. Derbes, IV

# EXHIBIT 1

**Officer**
Warren K. Watters

**Insurance-Related Entities**

Insurance Company of North America

Century Indemnity Company, as successor to CCI Insurance Company, successor to Insurance Company of North America

Century Indemnity Company affiliates (See attached Exhibit 1(A))

Pacific Employers Insurance Company

Sentry Insurance, a Mutual Company

Chicago Insurance Company

Fireman's Fund Insurance Company

Reliance Insurance Company (in liquidation)

Louisiana Insurance Guaranty Association

Employers Insurance Company of Wausau

Liberty Mutual Insurance Company

Reilly-Benton Asbestos Bodily Injury Claim Trust

**United States Trustee for the Eastern District of Louisiana**
Mary S. Langston
Robert Gravolet
Amanda George

**Counsel for Century Indemnity Company, et al.**

Sher Garner Cahill Richter Klein & Hilbert, L.L.C.
James M. Garner
Thomas J. Madigan, II
Martha Y. Curtis

Crowell & Moring LLP
Mark D. Plevin

**Counsel for Louisiana Insurance Guaranty Association**
Stewart Robbins & Brown, LLC
William S. Robbins
Brandon A. Brown

**Loupe-Cortez Plaintiffs that have appeared in bankruptcy case**
Bonnie Ann Tregre Loupe
Lee Ann Tregre Cortez
Sherry Tregre Cortez

**Counsel for Loupe-Cortez Plaintiffs**
Roussel & Clement
Gerolyn P. Roussel
Perry J. Roussel, Jr.
Jonathan B. Clement
Lauren R. Clement
Benjamin P. Dinehart

**Guidry-Keating Plaintiffs that have appeared in bankruptcy case**
Estate of Julian Paul Guidry
Paul Guidry
Lori Guidry Keating

**Counsel for Guidry-Keating Plaintiffs**
King, Krebs & Jurgens, P.L.L.C.
Timothy S. Madden
Nicole M. Babb

## Exhibit 1(A)
**List of Century Affiliates**

ACE American Insurance Company (formerly known as CIGNA Insurance Company, formerly known as INA Underwriters Insurance Company, formerly known as Allied Insurance Company, formerly known as Allied Compensation Insurance Company) in its own capacity and in its capacity as successor by merger to (1) ACE Insurance Company of Texas; (2) ACE American Insurance Company of Texas; (3) ACE Employers Insurance Company; (4) ACE Insurance Company of Ohio; and (5) ACE Insurance Company of Illinois

ACE American Lloyds Insurance Company (formerly known as CIGNA Lloyds Insurance Company, formerly known as American Lloyds Insurance Company)

ACE Employers Insurance Company (formerly known as CIGNA Employers Insurance Company, formerly known as INA Employers Insurance Company, formerly known as INA Farmers Insurance Company)

ACE European Group Limited, as successor to ACE Insurance S.A. – N.V., as successor to CIGNA Insurance Company of Europe S.A. – N.V., as successor to Insurance Company of North America

ACE Fire Underwriters Insurance Company (formerly known as CIGNA Fire Underwriters Insurance Company, formerly known as Aetna Fire Underwriters Insurance Company)

ACE Indemnity Insurance Company (formerly known as CIGNA Indemnity Insurance Company, formerly known as Alaska Pacific Assurance Company, formerly known as North State Insurance Company)

ACE Insurance Company of Illinois (formerly known as CIGNA Insurance Company of Illinois, formerly known as INA Insurance Company of Illinois)

ACE Insurance Company of Ohio (formerly known as CIGNA Insurance Company of Ohio, formerly known as INA Insurance Company of Ohio, formerly known as Aetna Insurance Company of Ohio)

ACE Insurance Company of Puerto Rico (formerly known as CIGNA Insurance Company of Puerto Rico, formerly known as Aetna Insurance Company of Puerto Rico)

ACE Insurance Company of Texas (formerly known as CIGNA Insurance Company of Texas, formerly known as INA of Texas, formerly known as Aetna Insurance Company of Texas)

ACE Insurance Company of the Midwest (formerly known as CIGNA Insurance Company of the Midwest, formerly known as Aetna Insurance Company of the Midwest)

ACE Property & Casualty Insurance Company (formerly known as CIGNA Property & Casualty

Insurance Company, formerly known as Aetna Insurance Company)

Allied Insurance Company (formerly known as California Food Industry Insurance Company)

American Insurance Company, Fireman's Fund Insurance Company, Hartford Fire Insurance Company, Home Insurance Company, St. Paul Fire and Marine Insurance Company, St. Paul Mercury Insurance Company, and their affiliates, but only to the extent that AFIA (f/k/a American Foreign Insurance Association), an unincorporated association, issued policies on their behalf, and not to the extent they issued policies on their own behalf or to any other extent

Atlantic Employers Insurance Company

Bankers Standard Fire and Marine Company (formerly known as Commercial Standard Fire and Marine Company)

Bankers Standard Insurance Company (formerly known as All Risk Insurance Company)

Brandywine Holdings Corporation

Central National Insurance Company of Omaha (only to the extent policies issued by Cravens, Dargan & Company, Pacific Coast, and its subsidiaries)

Century Indemnity Company in its own capacity and in its capacity as: (1) successor to CIGNA Specialty Insurance Company (formerly known as California Union Insurance Company); (2) successor to CCI Insurance Company, as successor to Insurance Company of North America; and (3) successor to CCI Insurance Company, as successor to Insurance Company of North America, as successor to Indemnity Insurance Company of North America

Chubb Custom Insurance Company

Chubb Indemnity Insurance Company

Chubb Insurance Company of New Jersey

Chubb Lloyds Insurance Company of Texas

Chubb National Insurance Company

Chubb & Son

Eagle Star Insurance Company (only to the extent policies issued by Cravens, Dargan & Company, Pacific Coast, and its subsidiaries)

Executive Risk Indemnity Inc.

Executive Risk Specialty Insurance Company

Federal Insurance Company

Great Northern Insurance Company

Highlands Insurance Company (only to the extent policies issued by Cravens, Dargan & Company, Pacific Coast, and its subsidiaries)

Horace Mann Insurance Company

Illinois Union Insurance Company (formerly known as GATX Insurance Company)

Imperial Casualty Company (only to the extent policies were issued by GATX Underwriters, Inc.)

INA Surplus Insurance Company (formerly known as Delaware Reinsurance Company)

Indemnity Insurance Company of North America, in its own capacity and as successor in interest to INA Insurance Company, Connecticut General Fire & Casualty Insurance Company, Indemnity Insurance Company of North America (New York)

Industrial Underwriters Insurance Company

Insurance Company of North America (UK) Limited

Insurance Company of North America (formerly known as The President and Directors of the Insurance Company of North America)

Motor Vehicle Casualty Company (only to the extent policies issued by Cravens, Dargan & Company, Pacific Coast, and its subsidiaries)

Northwestern Pacific Indemnity Company

Pacific Employers Insurance Company

Pacific Indemnity Company

Sea Insurance Company

Service Fire Insurance Company (only to the extent policies issued by Cravens, Dargan & Company, Pacific Coast, and its subsidiaries)

Sun Insurance Company

Texas Pacific Indemnity Company

TIG Insurance Company, formerly known as International Insurance Company, but only to the extent policies were assumed by Westchester Fire Insurance Company or Westchester Surplus Lines

Insurance Company

U.S. Fire Insurance Company, North River Insurance Company, International Insurance Company, International Surplus Lines Insurance Company, Mount Airy Insurance Company, Viking Insurance Company, Industrial Indemnity Insurance Company, Industrial Indemnity of Alaska Insurance Company, and Industrial Underwriters Insurance Company of Dallas, but only to the extent policies were novated to or assumed by one of the other companies listed on this Exhibit

Underwriters Insurance Company of Dallas

Vigilant Insurance Company

Westchester Fire Insurance Company (including all policies issued by or novated to Westchester Fire Insurance Company, or under which Westchester Fire Insurance Company has assumed liability)

Westchester Surplus Lines Insurance Company (formerly known as Industrial Insurance Company of Hawaii, Ltd.)