**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | * | CASE NO.: 17-12870 |
| | * | |
| REILLY-BENTON COMPANY, INC., | * | JUDGE MEREDITH S. GRABILL |
| | * | |
| Debtor | * | CHAPTER 7 |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**SUPPLEMENTAL BRIEF REGARDING THE NEED FOR ADVERSARY PROCEEDINGS IN CONNECTION WITH MOTIONS FOR THIRD PARTY RELEASES AND INJUNCTIVE RELIEF FILED BY THE TRUSTEE**

The Landry & Swarr Creditors, through undersigned counsel, respectfully submit this *Supplemental Brief Regarding the Need for Adversary Proceedings in Connection with Motions for Third Party Releases and Injunctive Relief Filed by the Trustee* and, in support, represent as follows:

1. At the conclusion of the January 11, 2021 status conference on the Motions to Release Insurers,[1] the Court offered the parties the opportunity to further brief whether the motions may proceed as contested matters or must be filed as adversary proceedings. A continued status conference is scheduled for Tuesday, January 26, 2021 at 1:30 p.m.

2. An adversary proceeding is required to obtain injunctive relief. Fed. R. Bankr. P. 7001(7) ("[t]he following are adversary proceedings: . . . (7) a proceeding to obtain an injunction or other equitable relief, except when a chapter 9, chapter 11, chapter 12 or chapter 13 plan

---

[1] "Motions to Release Insurers" refers to the *Trustee's Motion for an Order Approving Settlement Agreement Between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Louisiana Insurance Guaranty Association* [ECF No. 48] (the "LIGA Motion") and the *Trustee's Motion for an Order (A) Approving Settlement Agreement and Policy Release between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Century Parties, (B) Approving Sale of Insurance Policies to the Century Parties Free and Clear of All Interests, and (C) Entering Injunction to Enforce the Free and Clear Aspect of the Sale of the Century Policies* (the "Century Motion") [ECF No. 56] filed by David V. Adler, Chapter 7 Trustee for the estate of Reilly-Benton Company, Inc.

1

provides for the relief."). *See Zahn Farms v. Key Bank of New York (In re Zahn Farms)*, 206 B.R. 643, 645 n. 1 (2d Cir. B.A.P. 1997); *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746, 762–63 (5th Cir. 1995) (concluding that a proposed settlement of an insurance policy which required an injunction preventing parties from suing the insurer could not be approved by motion, but required an adversary proceeding); *In re Martin*, 268 B.R. 168 (Bankr. E.D. Ark. 2001), *aff'd*, 271 B.R. 331 (B.A.P. 8th Cir.) (debtor may not obtain injunction by filing a motion, but had to file an adversary proceeding). This requirement is not a mere technicality. The purpose is to protect the parties' entitlement to "the due process solemnities indicative of the significance of the issues litigated. *In re Futrell*, 69 B.R. 378, 381 (Bankr. W.D. La. 1987).

3. Here, there is no dispute that the Trustee has requested an extraordinary injunction that would bar plaintiffs from pursuing claims against nondebtors LIGA and certain insurance companies. The motions must proceed as adversary proceedings.

4. In an effort to avoid further expense and delay, undersigned counsel advised the Trustee and the insurers that plaintiffs are willing to proceed as follows:

   a) The Motions to Release Insurers will be converted to separate adversary proceedings. The Court will assign separate docket and adversary case numbers for each motion.

   b) Plaintiffs will file responsive pleadings within twenty-one (21) days, consistent with Rule 12 of the Federal Rules of Civil Procedures.

   c) All other rights reserved.

5. Accordingly, the Trustee and insurers cannot genuinely complain about the burden of converting these matters to adversary proceedings. Summonses will not have to be issued or served and they will not be required to prepare or file new complaints.

6. The import of the adversary rules cannot be ignored in complicated litigation like this case, as counsel for the US Trustee acknowledged at the most recent status conference. The

insurers, with the assistance of the Trustee, are trying to improperly use chapter 7 bankruptcy of a defunct entity to rid themselves of direct liability for tens of thousands of claims. Many serious cancer claims are implicated, although plaintiffs doubt the number is near 18,000 alleged by movants. The Debtor will not benefit because it has not had operations for years and has no intention to resume operations and will not receive a discharge. The pretext offered is that there exists only a limited source of proceeds that will be exhausted by the claims. First, this still results in a net zero impact for the estate. Plaintiffs will collect from the insurers outside of bankruptcy against policy proceeds, resulting in a reduction of their claims against the estate. There is no impact on the bankruptcy estate's balance sheet. The estate has no right to the liability policy proceeds and would never benefit from such proceeds unless and until the proceeds are paid to a plaintiff. Second, the accounting argument is based on the faulty premise that these policies can be exhausted, which has been rejected by the Louisiana Court of Appeal, at least with regard to certain types of claims. The divergent interests of different types of claims also supports denial of the motions. Movants want plaintiffs whose claims are not subject to policy limits to share with claimants whose claims may be subject to exhaustion, clearly in violation of the equality and anti-discrimination policies of the Bankruptcy Code. Plaintiffs would also be forced to share the proceeds of their direct claims with bankruptcy administrative claims, which, of course, would not happen under state law.

7. The motions present jurisdictional and abstention questions. Bankruptcy law does not allow the insurers to strip plaintiffs of their direct action claims even assuming it would help other creditors, which it would not, because the Court has no jurisdiction over these policy proceeds. The Louisiana state courts have already decided these issues at to Liberty Mutual

Insurance Company (as an insurer of Reilly-Benton), and there are pending state court cases where these issues should and will be presented against LIGA and Century Indemnity.

8. Bottom line, the expedited contested matter rules are not equipped to handle the extraordinary, complicated Motions to Release Insurers filed by the Trustee.

9. At the status conference held on January 11, 2021, Century Indemnity expressed concerns about filing a formal complaint and re-serving 18,000 plaintiffs. Plaintiffs proposal (simply convert the pending motions to adversary complaints; waiver of service) alleviates these concerns. Further, it does not appear that the insurers or trustee ever served the 18,000 persons. The case chronology is as follows:

| Date | Event |
|---|---|
| 10-27-2017 | Petition Date |
| 10-27-2017 | Bankruptcy Noticing Center serves "Notice of Chapter 7 Bankruptcy Case – No Proof of Claim Deadline" on 18,497 persons [ECF No. 8]. |
| 6-5-2019 | *Motion to Approve Certain Notice Procedures for Asbestos Claimants and Other Parties in Case* [ECF No. 32] ("Motion to Limit Notice") filed by Trustee. |
| 6-5-2019 | Certificate of Service of Notice of Hearing on Motion to Limit Notice [ECF No. 33]. No Certificate of Service filed for Motion to Limit Notice, only for Notice of Hearing. Notice of Hearing only served on list of attorneys, not on the 18,497 persons listed on the mailing matrix. |
| 7-8-2019 | Order Granting Motion to Limit Notice; order only served electronically, via the Court's CM/ECF system. Neither Landry Swarr nor its clients were served. |
| 7-2-2020 | LIGA Motion and Notice of Hearing filed. LIGA Motion not served (other than CM/ECF) and Notice of Hearing served on Limited Notice List. |
| 7-17-2020 | Rousel & Clement file objection to LIGA Motion. |
| 7-24-2020 | Order entered continuing the LIGA Motion hearing to 8-21-2020. |
| 7-31-2020 | Century Motion and Notice of Hearing filed. Century Motion not served (other than CM/ECF), and Notice of Hearing served only on Limited Notice List. |
| 8-14-2020 | Landry & Swarr Creditors file objection to LIGA Motion and Century Motion |
| 8-21-2020 | Case Transferred due to retirement of Judge Brown and status conferences held |

4

by this Court thereafter.

10. Hence, the **Court** served the Notice of Bankruptcy Filing on 18,497 persons, not the insurers or Trustee. "Service" was made almost two (2) years before the filing of the Motions to Release Insurers. The Motions to Release Insurers were not served other than via the Court's CM-ECF system. Only Notices of Hearing (not the Motions to Release Insurers) were served on law firms that may represent the 18,000 plaintiffs.

11. If cost of service and need to prepare a complaint are not issues why do the Trustee and insurers object to converting their motions to adversary proceedings? It appears the insurers are concerned that an adversary proceeding will thwart their efforts to win by default as to the 18,497 plaintiffs that were not served with the Motions to Release Insurers.[2] They did serve the notice of hearing on certain attorneys, basically giving them about ten (10) days, during the COVID-19 pandemic, to obtain a copy of the motion, decipher the allegations, refer back to the matrix listing the 18,497 plaintiffs, cross-reference with their client lists and then prepare a memorandum on numerous, complicated legal issues. The process is simply not fair and violative of basic notions of due process.

12. Note too that despite the unfair process, the plaintiffs did respond timely. Local Rule 9013-1(E) requires filing an opposition at least "seven (7) days prior to the hearing." Plaintiffs filed their responses (including their objection based on failure to commence adversary proceedings) more than 7 days prior to the August 21, 2020 hearing on the motions. Their procedural objections were timely.

---

[2] There may be plaintiffs who were not included in the list of 18,497 and did not know of their rights at the time the LIGA Motion was filed on July 2, 2020. For example, Landry & Swarr client Linda Crossland is a new mesothelioma plaintiff who brought claims against Employers Wassau, Liberty Mutual and Pacific Employers as insurers of Reilly-Benton, Inc., in the Parish of Orleans on September 16, 2020. The case was removed to federal court for unrelated issues and a motion to remand is currently pending. The insurers were served on October 14, 2020. Plaintiff's counsel's practice is to file a mesothelioma claim as quickly as possible due to the fact that mesothelioma victims are terminal.

13. In sum, plaintiffs are simply asking for an opportunity to defend against the extraordinary request to strip of them of their vested rights to liability insurance proceeds with the procedural protections afforded under the adversary proceeding rules, as is required by law, and are willing to do so without further delay or unnecessary expense on the estate.

Respectfully submitted,

**CONGENI LAW FIRM, LLC**

BY:    */s/Leo D. Congeni*
        LEO D. CONGENI (#25626)
        650 Poydras Street, Suite 2750
        New Orleans, LA 70130
        Telephone: 504-522-4848
        Facsimile: 504-910-3055
        Email: leo@congenilawfirm.com

**Attorneys for the Landry & Swarr Creditors**[3]

---

[3] The Landry & Swarr Creditors include Jerry Akes, Ben Chriswell, Christina Schlicten, and Charlene L. Steele surviving children of Jerry Akes Susan Arnaud (surviving spouse of Billy J. Arnaud), Lindzey Guidry, Monique Matt, and Ashley Credur (surviving children of Susan Arnaud), Daniel E. Bannister, Patricia A. Bannister, Shannon Rose Jordan, Daniel E. Bannister, Jr., Dolphus J. Bannister, Anna Kay Springer, Grayson H. Bannister (surviving spouse and children of Daniel E. Bannister), Donald E. Bridges, Janet Bridges (surviving spouse of Donald E. Bridges), Sharon Barrilleaux, Betty Ann Brinston, William Bozeman, Charles H. Brokmier, Robin Jean Nennessey and Rachel Janece Ranson (surviving spouse and children of Charles H. Brokmier), Geraldine Brossette, John Brossettte, Jr. Jacqueline Biles, Theresea Brossette and Mark Brossette (surviving spouse and children of John D. Brossette, Sr.) Glen Cheramie, Allen Chin, Mary Chin, Michael Chin, Kenneth Chin, Karen Chin (surviving spouse and children of Allen Chin), Harold Cockrell, Linda Cockrell, Rhonda Eppinette, Cynthia Hayden, and Joseph Cockrell (surviving spouse and children of Harold Cockrell), Linda Crossland, Charles S. DiMaggio, Betty Lou Boyle DiMaggio, Mary Louise DiMaggio Dutchman, Patricia Ann DiMaggio Berthlot, Susan Ann DiMaggio O'Neil, Charles Santo DiMaggio, Jr. and Shirley Louise DiMaggio Hellbach (surviving spouse and children of Charles DiMaggio) Harold Dunlap, Susan Dunlap (surviving spouse of Harold Dunlap), Owens Edge, Owens Bryan Edge, Jr. Christian Odadiah Edge and Jayne Edge Kotter (surviving children of Owens Edge), Doanld P. Foret, Gloria Kreamer Foret, Johnathan Foret, and Mason Foret (surviving spouse and children of Donald P. Foret), Rendon J. Francis, Lones James Gagnard, Jr., Rhonda Parson Gagnard, Lones J. Gagnard, III, Alisha Gagnard Lapre' (surviving spouse and children of Raymond L. Gros, Sr.), Joseph Ray Gisclair, Arthur Gisclair (surviving children of Joseph Ray Gisclair), Imelda Gros, Charlene Julien, Raymond L. Gros, Jr., Andrew G. Gros, Estella J. Stewart, Leslie J. Gros (surviving spouse and children of Raymond L. Gros, Sr.), Harold Guarino, Leon Guidry, Carol B. Guidry, Don Guidry and Scott Guidry (surviving spouse and children of Leon Guidry), Linda T. Guillot, Herman Hartman, Darrin J. Hartman (surviving children of Herman Hartman), Gidget Hihar, Lacey Allen, Gary Allen, Denise Childs, Ralph Hihar, IV, and Angela Hromanik (surviving children of Gidget), Merlin J. Landry, Jeanne Landry Clement and Merlin P. Landry (surviving children of Merlin J. Landry), Jackie Leonard Johnny Ray McVoy, Joycelyn C. McVoy, Amy C. McVoy, Jared H. McVoy, and Jonathan C. McVoy (surviving spouse and children of Johnny Ray McVoy), James R. Mire, Frank G. Mire, Burton J. Mire, Jr., Janice Singletary, Ronald Mire, and Sharon Gautreau (surviving siblings of Jame R. Mire), Charles Merlin Young, Gevais Norsworthy, Hedy Norsworthy, Wade Norsworthy, Kevin Norsworthy, Jeff Norsworthy, and Clint Norsworthy (surviving spouse and

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing *Supplemental Brief Regarding the Need for Adversary Proceedings in Connection with Motions for Third Party Releases and Injunctive Relief Filed by the Trustee* was filed electronically on January 21, 2021, resulting in service via the Court's CM/ECF system as follows:

David V. Adler
adler_d@bellsouth.net, LA26@ecfcbis.com

Frederick L. Bunol on behalf of Debtor Reilly-Benton Company, Inc.
fbunol@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Leo D. Congeni on behalf of Creditor Landry & Swarr Creditors
leo@congenilawfirm.com, michelle@congenilawfirm.com

Leo David Congeni on behalf of Creditor Landry & Swarr Creditors
leo@congenilawfirm.com, michelle@congenilawfirm.com

Martha Y. Curtis on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
mcurtis@shergarner.com

Albert J. Derbes, IV on behalf of Trustee David V. Adler
ajdiv@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Eric J Derbes on behalf of Debtor Reilly-Benton Company, Inc.
ederbes@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

James M. Garner on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
jgarner@shergarner.com, jchocheles@shergarner.com;jstockstill@shergarner.com

Mary S. Langston on behalf of U.S. Trustee Office of the U.S. Trustee
Mary.Langston@usdoj.gov

Timothy S. Madden on behalf of Interested Party Estate of Julian Paul Guidry
tmadden@kingjurgens.com

Timothy S. Madden on behalf of Interested Party Lori Guidry Keating
tmadden@kingjurgens.com

---

children of Young Gevais Norsworthy), Joseph Palmisano, Richelle Marie Palmisano Akers and Randy Joseph Palmisano (surviving children of Joseph Palmisano) Salvador Pennio, Phyllis Pennio and Sally Pennio (surviving spouse and children of Salvador Pennio), Naomi Pere, Melin Ponder, Hubert Riggs, Brenda Chiasson Riggs, Deesha Denise Riggs Lemelle, Latoya Riggs, Hubert Riggs, Jr. (surviving spouse and children of Hubert Riggs), Mary Sanderson, Max Shaw, Keiana Smith and Rashad Smith (surviving spouse and children of George Washington Smith), James Sizemore, James Coleman Sizemore, Michael Daryl Sizemore, Gary Anthony Sizemore, and Patricia Ann Sizemore McAbee (surviving children of James Sizemore), Andrew Stokes, Robert J. Templet, Sr., Darrell Templet, Robert J. Templet, Jr. (surviving children of Robert J. Templet, Sr.), Eddie Thomas, Patricia Thomas, Dwayne Thomas and Derrick Thomas (surviving spouse and children of Eddie Thomas), Celestine Paceley Williams Eldon D. Wellman, Theresa R. Wellman and Sandi Small Wood (surviving spouse and children of Eldon D. Wellman), Peggy Wright. Plaintiff's counsel reserve their right to add or delete claimants to this list.

Timothy S. Madden on behalf of Interested Party Paul Guidry
tmadden@kingjurgens.com

Thomas J. Madigan on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
tmadigan@shergarner.com, rtheobold@shergarner.com

David J. Messina on behalf of Trustee David V. Adler
messina@chaffe.com, bankruptcy@chaffe.com;laudumiey@chaffe.com

Mark D. Plevin on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
mplevin@crowell.com, cromo@crowell.com

William S. Robbins on behalf of Interested Party Louisiana Insurance Guaranty Association
wrobbins@stewartrobbins.com,
kheard@stewartrobbins.com;wrobbins@ecf.courtdrive.com;kheard@ecf.courtdrive.com

Gerolyn Roussel on behalf of Interested Party Bonnie Ann Loupe
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Joseph E Courville
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Lee Ann Cortez
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Mary S Courville
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Mavis T Courville
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Michael W Courville
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Sherry Tregre Cortez
gerolynroussel@icloud.com

Perry J. Roussel, Jr. on behalf of Interested Party Bonnie Ann Loupe
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Joseph E Courville
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Lee Ann Cortez
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Mary S Courville
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Mavis T Courville
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Michael W Courville

rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Sherry Tregre Cortez
rcfirm@rousselandclement.com

Office of the U.S. Trustee
USTPRegion05.NR.ECF@usdoj.gov

*/s/ Leo D. Congeni*

_____
LEO D. CONGENI