## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| REILLY-BENTON COMPANY, INC. | ) | Case No. 17-12870 (JAB) |
| | ) | |
| DEBTORS | ) | Section B |
| | ) | |

## SUPPLEMENTAL BRIEF REGARDING
## THE NEED FOR ADVERSARY PROCEEDINGS

**NOW INTO COURT**, through undersigned counsel, come The Roussel & Clement

Creditors[1], who respectfully submit this *Supplemental Brief Regarding the Need for Adversary*

*Proceedings*.

1.      At the status conference held on January 11, 2021, the Court gave the parties an

opportunity to provide supplemental briefing on the issue regarding whether the motions

regarding the Century Parties'[2]  and the Louisiana Insurance Guaranty Association ("LIGA") may

be filed as contested matters or must proceed as adversary proceedings.  On January 21, 2021, the

---

[1]The firm of Roussel & Clement represents various plaintiffs who have filed claims against Reilly-Benton Company, Inc., including the following: Mary Patsy Soileau Courville, Mavis Todd Courville, Michael Wade Courville, and Joseph Eric Courville (surviving spouse and children of Nelcome J. Courville, Jr.); Joseph Alfred Hedges, Jr. and Renee Hedges Blum, individually and as agents and mandataries for Joseph Alfred Hedges, Sr. (surviving spouse and children of Geraldine Hedges); Bonnie Tregre Loupe, Lee Ann Tregre Cortez, and Sherry Tregre Cortez (surviving children of Nell Tregre (aka Marie Nell Tregre)); Frank James Brazan, Pennie Ann Brazan Kliebert, Shane Anthony Brazan, Jason Joseph Brazan, and Carmel Theresa Brazan Bourg (surviving children of Joseph Brazan); Dale J. Savoie, Marcia Savoie Medlin, Craig M. Savoie, Tania Savoie Alexander, Rodney A. Savoie, and Greta Savoie Boudoin (surviving children of Joseph Blaine Savoie, Jr.) and Lorita Savoie (surviving spouse at the time of Joseph Savoie, Jr.'s death but who died during the pendency of the case); Sandra Vicknair Melancon and Lynn M. Melancon (surviving spouse and child of Tyrone P. Melancon)
[2]Century Parties include (1) Century Indemnity Company, as successor to CCI Insurance Company, successor to Insurance Company of North America and (2) Pacific Employers Insurance Company.

-1-

Landry & Swarr Creditors filed a *Supplemental Brief Regarding The Need for Adversary Proceedings in Connection With Motions For Third Party Releases and Injunctive Relief Filed by The Trustee*.[3] To avoid duplicative arguments and briefing before the Court, the Roussel & Clement Creditors hereby adopt as if copied herein *in extenso,* the arguments made by the Landry & Swarr Creditors as to why an adversary proceeding is necessary.

2.  In addition to the arguments and briefing by the Landry and Swarr Creditors, the Roussel & Clement Creditors provide additional background on the issues before this Court. Reilly-Benton Company, Inc. ("Reilly-Benton") filed its Voluntary Petition for Bankruptcy on October 25, 2017.  Prior to its bankruptcy, Reilly-Benton had been named as a defendant in asbestos litigation for its sale of asbestos products as well as its performance of asbestos insulation contracting activities.  Additionally, in some of the cases, Reilly-Benton's insurers were named as defendants pursuant to the Louisiana Direct Action Statute (La. R.S. 22:1269). Reilly-Benton is an inactive company, and the motions regarding the Century Parties and LIGA are an attempt to cap liability where no cap exists under the language of the insurance policies that were issued to Reilly-Benton.  The proposed motions seek an order that would be contrary to bankruptcy law, would violate Louisiana law, would strip vested rights of creditors and claimants of Reilly-Benton, would grossly undervalue the proceeds of the Century policies as well as LIGA's liability, and would promote fraud among insurers and their insureds, wherein insurers and insureds could enter into post-accident agreements seeking to enjoin claims and/or capping potential liability after accidents occur where there exists no bar or cap under the actual language

_____

[3]R. Doc. 97.

of the policy at the time of the accident.

3.     Unfortunately, the Century Parties and LIGA are not the first insurers of Reilly-

Benton that have attempted to enjoin claims and/or cap liability where no cap or bar exists.

Liberty Mutual Insurance Company ("Liberty Mutual"), another Reilly-Benton insurer, was the

first Reilly-Benton insurer to ask a court to hold a Settlement Agreement between an insurer and

insured binding against injured victims who were not parties to the agreement.  In a matter

pending in the Civil District Court for the Parish of Orleans, Liberty Mutual filed a motion

similar to the motions regarding the Century Parties and LIGA in the *Courville* matter requesting

that an injured tort victim's claims direct action claims against it be dismissed since it had

entered into a post-accident settlement agreement with Reilly-Benton, wherein the insurer sought

to bar future claims.  On May 27, 2020, the Louisiana Fourth Circuit rendered a decision,

wherein Liberty Mutual was seeking to do what the Century Parties and LIGA are seeking to do

here.[4]  The Louisiana Fourth Circuit held that it was inappropriate under Louisiana law to hold a

settlement binding against third parties to that settlement.[5]  This was in accord with other

decisions by the Louisiana Fourth Circuit and Louisiana Supreme Court.[6]

4.     Obviously aware of the Louisiana Fourth Circuit's ruling in *Courville* regarding

Liberty Mutual, Reilly-Benton other insurers, the Century Parties and LIGA, raced to this Court

in hopes of circumventing the Louisiana Fourth Circuit's ruling rejecting these sort of settlement

---

[4]*Courville v. Lamorak Ins. Co.*, 2020-0073 (La.App. 4 Cir. 05/27/20), 301 So.3d 557, *writ denied*, 20-791 (La. 10/14/20), 302 So.3d 1121.
[5]*Id.*
[6]*Washington v. Savoie*, 634 So.2d 1176 (La. 1994); *Long v. Eagle, Inc.*, 14-889 (La. App. 4 Cir. 2/25/15), 158 So.3d 968;

agreements from affecting the rights of third-party tort victims.  In fact, it appears that although

Liberty Mutual has not yet done so in this Court, Liberty Mutual is preparing to seek similar

relief as the Century Parties and LIGA since it could not get the relief it was a seeking in state

court, which was to bar or cap its liability when its policies did not provide such a cap.  The

Special Counsel for the Chapter 7 Trustee, David V. Adler, in the Reilly-Benton Company, Inc.

Chapter 7 Bankruptcy has recently forwarded  correspondence to counsel representing tort

victims of Reilly-Benton demanding that they halt their direct action claims against Liberty

Mutual Insurance Company since Reilly-Benton has filed for bankruptcy even though the

Louisiana appellate court has held that plaintiffs could proceed with their claims Reilly-Benton's

insurer.  Despite the fact that Reilly-Benton filed for bankruptcy in 2017, these demands are now

only recently being sent since the Louisiana courts have made clear that such agreements are not

binding on injured victims.  These letters are being sent even though the Louisiana Direct Action

Statute specifically allows tort victims to pursue insurers when the insured has filed for

bankruptcy.  La. R.S. 22:1269(B)(1).  That Louisiana claimants may proceed against the insurer

of a bankrupt insured reflects the fact that under Louisiana law injured parties have a substantive

right to sue the insurance company on a tortfeasors' insurance policy as a third party beneficiary

to the insurance contract.[7]  These sort of tactics just highlight the true motives behind the entire

Reilly-Benton bankruptcy as well as the motions filed by The Century Parties and LIGA.

     5.     Moreover, it is important to point out that Liberty Mutual did not stop at litigating

---

[7]*Leviere v. Williams*, 2002-1816 (La.App. 4 Cir. 1/17/03), 844 So.2d 32, 36, *writ denied*, 2003-1149 (La. 6/20/03), 847 So.2d 1236; s*ee also Sturcke v. Clark*, 261 So.2d 717 (La.App. 4 Cir. 1971), *writ denied*, 263 So.2d 46-47, 49 (La. 1972).

the issue before state courts.  Prior to the state court rulings on the validity of its agreement with Reilly-Benton, in an attempt to direct the forum that would decide this issue, Liberty Mutual filed a declaratory action in the United States Eastern District of Louisiana against several tort victims that had filed claims against Liberty Mutual, as an insurer of Reilly-Benton, pursuant to the Louisiana Direct Action Statue.  One of those claimants was the *Courville* plaintiffs referenced *supra*.  The Declaratory Defendants (i.e. the claimants) filed a Rule 12(b) motion to dismiss Liberty Mutual's declaratory action, which the Honorable Wendy Vitter granted, finding that abstention applied.[8]  Now that Liberty Mutual has lost this issue both in state court and before Judge Vitter on the declaratory action, it is expected that it will approach this Court for a third attempt to block valid claims by injured tort victims.

6.      It is submitted that the entire Reilly-Benton bankruptcy has been filed for the sole purpose of facilitating these sort of agreements among the insurers to cap liability when no such cap exists, especially in cases where Reilly-Benton's contracting activities caused the injury.  As noted above, Reilly-Benton Company, Inc. filed its Voluntary Petition for Bankruptcy on October 25, 2017. Since that time seemingly no actual progress had been made in litigating the matter to conclusion.  Instead, on July 2, 2020, (after the May 27, 2020, decision by the Louisiana Fourth Circuit in *Courville* stating such agreements were not valid as to injured victims), the Trustee filed the pending motion seeking an order approving a settlement agreement between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and LIGA.  Thereafter, The Century Parties filed a similar motion.

---

[8]*Liberty Mutual Ins. Co. v. Boullion*, 2020 U.S. Dist. LEXIS 37261 (E.D. La. 3/4/20)

7.     Accordingly, the Roussel & Clement Creditors seek the opportunity to properly defend against the extraordinary relief that is being sought by the Trustee as well as Reilly-Benton's insurer through the litigation of an adversary proceeding.

Respectfully submitted,

**ROUSSEL & CLEMENT**

S/ Jonathan B. Clement
GEROLYN P. ROUSSEL, T.A. - 01134
PERRY J. ROUSSEL, JR. - 20351
JONATHAN B. CLEMENT - 30444
1550 West Causeway Approach
Mandeville, LA 70471
Telephone: (985) 778-2733
Facsimile: (985) 778-2734
ATTORNEYS FOR ROUSSEL &
CLEMENT CREDITORS

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing *Supplemental Brief Regarding the Need for Adversary Proceedings* was filed electronically on January 21, 2021, resulting in service via the Court's CM/ECF system as follows:

David V. Adler
adler_d@bellsouth.net, LA26@ecfcbis.com

Frederick L. Bunol on behalf of Debtor Reilly-Benton Company, Inc.
fbunol@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Leo David Congeni on behalf of Creditor Landry & Swarr Creditors
leo@congenilawfirm.com, michelle@congenilawfirm.com

Martha Y. Curtis on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
mcurtis@shergarner.com

Albert J. Derbes, IV on behalf of Trustee David V. Adler
ajdiv@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Eric J Derbes on behalf of Debtor Reilly-Benton Company, Inc.
ederbes@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

James M. Garner on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
jgarner@shergarner.com, jchocheles@shergarner.com;jstockstill@shergarner.com

Mary S. Langston on behalf of U.S. Trustee Office of the U.S. Trustee
Mary.Langston@usdoj.gov

Timothy S. Madden on behalf of Interested Party Estate of Julian Paul Guidry
tmadden@kingjurgens.com

Timothy S. Madden on behalf of Interested Party Lori Guidry Keating
tmadden@kingjurgens.com

Timothy S. Madden on behalf of Interested Party Paul Guidry
tmadden@kingjurgens.com

Thomas J. Madigan on behalf of Interested Party Century Indemnity Company, as Successor to
CCI Insurance Company, Successor to Insurance Company of North America
tmadigan@shergarner.com, rtheobold@shergarner.com

David J. Messina on behalf of Trustee David V. Adler
messina@chaffe.com, bankruptcy@chaffe.com;laudumiey@chaffe.com

Mark D. Plevin on behalf of Interested Party Century Indemnity Company, as Successor to CCI
Insurance Company, Seccessor to Insurance Company of North America
mplevin@crowell.com, cromo@crowell.com

William S. Robbins on behalf of Interested Party Louisiana Insurance Guaranty Association
wrobbins@stewartrobbins.com, kheard@stewartrobbins.com wrobbins@ecf.courtdrive.com
;kheard@ecf.courtdrive.com

Office of the U.S. Trustee
USTPRegion05.NR.ECF@usdoj.gov

S/ Jonathan B. Clement
JONATHAN B. CLEMENT