## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 17-12870 |
| | ) | |
| REILLY-BENTON COMPANY, INC., | ) | Chapter 7 |
| | ) | |
| DEBTOR. | ) | Judge Grabill |
| | ) | |
| _____ | ) | |

### BRIEF OF THE CHAPTER 7 TRUSTEE AND THE CENTURY PARTIES CONCERNING WHETHER AN ADVERSARY PROCEEDING IS REQUIRED TO ADJUDICATE THE TRUSTEE'S REQUEST FOR INJUNCTIVE RELIEF

David V. Adler, the Chapter 7 trustee (the "Trustee"), has moved for the entry of

an order approving a settlement agreement with Century Indemnity Company ("Century") and

Pacific Employers Insurance Company ("PEIC" and, collectively, with Century, the "Century

Parties") (Dkt. No. 56, the "Motion").[1]  The settlement agreement provides for the sale back to

Century Parties, free and clear of interests pursuant to §§ 363(b) and (f) of the Bankruptcy Code,

of the insurance liability policies the Century Parties issued to Debtor pre-petition.  In the

Motion, the Trustee also requests that this Court enter an injunction under § 105(a) of the

Bankruptcy Code prohibiting persons from seeking insurance coverage from the Century Parties

under the policies bought back free and clear.  Instead, all such claims for insurance policy

proceeds would be channeled to the funds that would be paid into the estate by Century.

Only eight asbestos claimants, four "Roussel objectors" and four "Landry

---

[1]    Capitalized terms not otherwise defined herein have the meanings ascribed to them in the Century Motion or the underlying Settlement Agreement with the Century Parties.

objectors," filed objections to the Motion.[2]  Among the objections they made is that the Trustee is required to file an adversary proceeding to obtain issuance of an injunction enforcing the "free and clear" nature of the buy-back sale to the Century Parties.

This issue was raised during the January 11, 2021 status conference before this Court.  Following the hearing, the Court provided an opportunity to all the parties, including the Century Parties, to file briefs on this procedural issue.  (*See* Dkt. Nos. 92, 95.)

The Trustee and Century believe that the objectors' arguments are incorrect, and that this Court can and should issue the requested injunction in this contested matter.  The injunction being sought is merely ancillary to the proposed sale "free and clear" under § 363(f).  No case stands for the proposition that an adversary proceeding must be filed before a bankruptcy court can issue an injunction whose purpose is merely to enforce the "free and clear" aspect of a § 363(f) sale.  The *Zale* case cited by the objectors for that purported proposition is distinguishable because it did not involve a § 363 sale.

## I.    Background

The Trustee filed the Century Motion on July 31, 2020.  The primary terms of the settlement are as follows:[3]

a.      The Century Parties shall pay $3.5 million to the Trustee within thirty

days after they receive notice from the Trustee that the Approval Order has (i) been

---

[2]      *See* Dkt. Nos. 70 (Roussel & Clement objections), 72 (Landry & Swarr objections).  The objectors' lawyers contend that the Court should treat as objectors additional persons represented by those lawyers who were not actually identified as objectors.  However, the failure to identify such persons in the objections should preclude their being considered as objectors.

[3]      This is a summary only. Reference should be made to the complete Agreement attached as Exhibit A to the Century Motion. In the event of any discrepancies between the Agreement and the summary set forth in this brief, the Agreement controls.

entered by the Bankruptcy Court and (ii) become a Final Order.

b. The Trustee, on behalf of the Estate, and the Century Parties shall fully, finally, and completely release each other from and with respect to any and all Claims and Interests, whether actual or alleged, known or unknown, accrued or unaccrued, existing or potential, suspected or unsuspected, under, arising out of, related to, and/or in connection with the Century Policies.

c. The Trustee, on behalf of the Estate, shall withdraw any and all requests, demands, or tenders for defense or indemnity previously submitted to the Century Parties under the Century Policies and shall further surrender, relinquish, and release any further right to tender or present any Claims whatsoever to the Century Released Parties under the Century Policies, and the Century Released Parties shall have no duty to defend or indemnify the Estate with respect to any past, present, or future Claim, nor shall the Century Released Parties have any other duty or obligation whatsoever to any other Person with respect to any and all Claims under, arising out of, related to, and/or in connection with the Century Policies.

d. Effective immediately upon the receipt of the Settlement Amount by the Trustee and without any further action being required, the Trustee shall be deemed to have sold, conveyed, transferred, and delivered to the Century Parties, and the Century Parties shall be deemed to have purchased, pursuant to Sections 363(b) and (f) of the Bankruptcy Code, the Century Policies free and clear of any and all Interests of any and all Persons.

e. All Persons who hold or assert, or may in the future hold or assert, any Claim against Debtor, the Trustee, or the Estate arising in connection with the

activities covered by the Century Policies, or in connection with the Debtor's activities giving rise to the Claims made or that could be made under the Century Policies, and any other Person who may claim to be an insured, additional insured, or otherwise entitled to any benefit under the Century Policies, shall be permanently stayed, restrained, and enjoined from asserting any such Claim or right to entitlement, from commencing a proceeding, or taking any other action against the Century Released Parties for the purpose of obtaining any recovery or other relief from the Century Released Parties under, arising out of, related to, and/or in connection with the Century Policies.

In addition to explaining why the sale described in the Motion met the requirements of Rule 9019 and was appropriate under §§ 363(b), (f), and (m) of the Bankruptcy Code, the Motion also explained why issuing an injunction barring any person from asserting any Claim against the Century Parties under the Century Policies is both necessary to give full effect to the "free and clear" provisions of the sale and appropriate under § 105. (*See* Motion at 17-20.) In particular, the Motion noted that such injunctions "are relatively common with § 363(f) sale orders."[4] Such injunctions are also common in insurance settlements in asbestos bankruptcies and other types of mass tort bankruptcies – even non-asbestos bankruptcies to which § 524(g) does not apply.[5]

The Trustee served notice of the Motion by mail pursuant to this Court's order

---

[4]     Motion at 18 & n.34, citing, *inter alia*, *In re Sunland, Inc.*, 2014 WL 7011747, at *5-6 (Bankr. D.N.M. Dec. 11, 2014) ("Such 'channeling,' 'supplemental,' or 'clarifying' injunctions are relatively common with § 363(f) sale orders") (citing numerous cases);

[5]     Motion at 18 & n.35 (citing cases).

regulating service in this case.[6]  This service was designed to reach all known holders of asbestos

claims through their counsel of record.[7]  The Trustee also broadly published notice of the

Motion, the hearing on the Motion, and the opportunity to file objections to the Motion in *USA*

*Today*, *The Times-Picayune/The New Orleans Advocate*, the Jackson, MS *Clarion Ledger*, the *Tuscaloosa*

*News*, the *Houston Chronicle*, the *Baton Rouge Advocate*, the *Acadiana Advocate* (Lafayette, LA), the

*Town Talk* (Alexandria, LA), the *Shreveport Times*, the *Lake Charles American Press*, and the *News*

*Star* (Monroe, LA).[8]

In response, only two objections were filed by eight named objectors.[9]  The

objectors argued under the Fifth Circuit's decision in *Zale Corp.*[10] that the Trustee cannot obtain

the requested ancillary injunction channeling the proceeds of the § 363(f) "free and clear" sale to

the estate unless he first files an adversary proceeding.

For the reasons explained below, the objectors are wrong.  No adversary

---

[6]      *See* Dkt. No. 58.  Judge Brown had previously authorized service on asbestos claimants
through their counsel of record, as is common in asbestos bankruptcies.  *See* Dkt. No. 45.  Among
the asbestos law firms served were Landry & Swarr and Roussel & Clement.  *See* Dkt. No. 58 at 3, 4.

[7]      *See Motion to Approve Certain Notice Procedures for Asbestos Claimants and Other Parties in Case*, ¶¶
6-12 (Dkt. No. 32), granted by Dkt. No. 45.

[8]      *See Submission of Proofs of Publication*, Dkt. No. 67.

[9]      The Roussel objections listed four objectors:  Mary Patsy Soileau Courville, Mavis Todd
Courville, Michael Wade Courville, and Joseph Eric Courville.  The Landry objections likewise listed
four objectors:  Donald Bridges, Tina Danos, Mary Sanderson, and Frank Tranchina.  Both sets of
objections seek to expand the list of objectors to unknown, unidentified persons by using the
ambiguous phrase "among others" following the names of the specified objectors, but any person
who was not explicitly identified as an objector in a timely-filed objection has waived any objection
to the Motion.  *See, e.g.*, 3 COLLIER ON BANKRUPTCY § 363.06 n. 39 (19th ed. rev. 2019) (for
purposes of § 363(f)(2), a "failure to object can constitute consent, if there was adequate notice").
The Roussel objections also list in footnote 1 other clients of that law firm, but none of those
persons are identified as objectors.

[10]     *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746 (5th Cir. 1995).

proceeding is required for the Court to issue the requested injunction.[11]

## II. No adversary proceeding is required for the relief sought under Rule 9019 and Section 363

As a threshold matter, there is no basis whatsoever for any argument that the relief sought by the Trustee under Bankruptcy Rule 9019 (approval of the settlement) or Section 363 (approval of the sale of the policies back to the Century Parties, "free and clear" of interests) requires an adversary proceeding. The list of adversary proceedings in Bankruptcy Rule 7001 makes no mention of Rule 9019 or Section 363. Any suggestion by the objectors that an adversary proceeding is required to obtain approval of the settlement or the sale of policies is unsupported and completely without merit.

One consequence of this fact is that any person who did not file an objection is deemed to have consented to the relief sought in the Motion, including the request for an injunction enforcing the free and clear sale of the Century Policies back to the Century Parties.[12] Accordingly, any person who did not file an objection to the Motion should be deemed to have consented to the Motion and the relief sought therein, including the requested injunction. That should include all clients of the Roussel and Landry law firms that are not among the eight persons listed as objecting to the Motion.

---

[11] This brief addresses only the procedural issue concerning the alleged necessity of an adversary proceeding, as to which the Court requested input from the parties. It does not address the substantive issues raised by the Motion.

[12] See, e.g., Feld v. Zale Corp. (In re Zale Corp.), 62 F.3d 746, 763 (5th Cir. 1995) (recognizing that where a party is entitled to an adversary proceeding, such right can be waived); 3 COLLIER ON BANKRUPTCY § 363.06 n. 39 (19th ed. rev. 2019) (for purposes of § 363(f)(2), a "failure to object can constitute consent, if there was adequate notice").

III.    *No adversary proceeding is required for a limited, ancillary injunction enforcing a "free and clear" sale under Section 363(f)*[13]

The objectors argue that the Motion is "procedurally defective" because the Trustee is seeking entry of an injunction without commencing an adversary proceeding. But the objectors cite no case standing for the proposition that when a court approves a sale "free and clear" under § 363(f) of the Bankruptcy Code, an adversary proceeding complaint is required for the court to issue a § 105 injunction that merely "gives effect" to the terms of the "free and clear" sale. In none of the many cases identified in the Trustee's Motion, in which courts entered § 105 channeling injunctions in support of "free and clear" sales, did the court require the debtor or trustee to first commence an adversary proceeding.[14]

It makes great sense not to require the filing of an adversary proceeding to obtain an injunction that is merely "a corollary to the power to dispose of assets free and clear and to channel claims to the proceeds."[15] A "free and clear" order under § 363(f) is effective as against the entire world, and should need no injunctive support. Unfortunately, litigants may disregard or misinterpret "free and clear" sale orders, thus making protective injunctive relief to enforce the "free and clear" sale order necessary in certain instances.[16] The fact, however, is that the

---

[13]    The Trustee and Century incorporate those portions of the brief contemporaneously being filed by the Trustee and LIGA arguing that Bankruptcy Rule 7001(7) is not applicable in cases where the injunction is merely a corollary to the power of the Trustee to collect property of the estate and channel claims to the proceeds.

[14]    *See, e.g.*, cases cited in the Motion at ¶¶ 40-44.

[15]    *MacArthur Co. v. Johns-Manville Corp.*, 837 F.2d 89, 93 (2d Cir. 1988). *See also id.* at 90 (affirming bankruptcy court's injunctive orders which were issued, without an adversary proceeding, "pursuant to its power to dispose of a debtor's property free and clear of third-party interests and to channel such interests to the proceeds of the disposition").

[16]    *See, e.g.*, *Regions Bank of Louisiana v. Rivet*, 224 F.3d 483, 489-92 (5th Cir. 2000) (affirming entry of an injunction entered to bar litigation that had been filed in derogation of a "free and clear" sale

(Continued...)

requested injunction is truly ancillary to the main relief sought, a § 363 "free and clear" sale order, which does not require an adversary proceeding.

Indeed, what the objectors are really complaining about is that they want to be able to freely disregard the terms of any "free and clear" sale order entered by this Court, so that they can pursue claims against the Century Parties that, under § 363(f) itself, could only be pursued against the proceeds of the settlement. It would surely elevate form over substance in an entirely unwarranted and perverse way to require the Trustee to sue more than 18,000 claimants – all but eight of whom failed to object to the Motion – merely to establish that they cannot willfully violate the terms of an order entered by this Court.[17]

Moreover, a lawsuit of such unmanageable proportions would impose unimaginable costs on the estate and would effectively write § 363(f) out of the Bankruptcy Code. The requirement the objectors seek to impose would hamstring trustees and debtors in possession in their efforts to monetize assets of the estate for distribution to creditors on an

---

order under § 363(f)). *See also In re Dow Corning Corp.*, 198 B.R. 214, 245 (Bankr. E.D. Mich. 1996) ("an actual injunction barring creditors from suing a purchaser of estate assets is sometimes necessary and appropriate to give the 'free and clear' aspect of § 363(f) meaning").

[17]    *See, e.g., In re Seatco, Inc.*, 257 B.R. 469 (Bankr. N.D. Tex. 2001) (overruling objection to an injunction issued without an adversary proceeding because the objector's rights "were not adversely affected by the Debtor's failure to seek the injunctions through an adversary proceeding), citing *In re American Dev. Int'l. Corp.*, 188 B.R. 925, 935 (N.D. Tex. 1995) (where rights of affected parties have been adequately protected and affected parties have had an opportunity to be heard, form should not be elevated over substance).

The objectors seek to represent the interests of persons who are not present before the court, including persons who received notice of the Motion but failed to object. (*See* Roussel Obj. at 2 ("This order seeks not only to affect the Roussel and Clement creditors but numerous other Reilly-Benton tort victims as well as future tort victims of Reilly-Benton whose diseases have not yet manifested").) The objectors, however, lack standing to represent the interests of those who did not object. *See, e.g., Seatco*, 257 B.R. at 478 n.3 (holding that an objector "has no standing" to object to the lack of an adversary proceeding "on behalf of other creditors"); *Locks v. U.S. Trustee*, 157 B.R. 89 (W.D. Pa. 1993) (attorney for asbestos claimants could not argue for the interests of future claimants).

equitable basis.[18]

The objectors base their argument that an adversary proceeding is required on the Fifth Circuit's decision in *Zale Corp.*[19]  That case is distinguishable, however, because it did not involve an injunction entered as a corollary to a § 363(f) "free and clear" sale order. Significantly, no decision has applied *Zale* to an injunction entered as a corollary to a § 363(f) sale.  In addition, unlike the case here, there was no prior notice to the affected parties of the proposed injunction in *Zale*.[20]  By contrast, the Trustee in this case gave notice of the Motion, including his intent to seek an injunction, and also widely published notice in one national paper and in local papers throughout Louisiana and in nearby states in an attempt to reach unknown claimants.  Thus, the objectors, who filed extensive objections, cannot claim that they did not receive adequate notice of the Trustee's request for an ancillary § 105 injunction to give effect to the § 363(f) "free and clear" sale order.

Moreover, courts within the Fifth Circuit have held, following *Zale*, that it is not necessary to commence an adversary proceeding in every instance to obtain an order enjoining third-party claims, so long as the parties who would be subject to the injunction are given a "full

---

[18]    It similarly would be unreasonable to require an adversary proceeding to approve a settlement that has, as one of its benefits to the estate, the avoidance of litigation.

[19]    *Feld v. Zale Corp. (In re Zale Corp.)*, 62 F.3d 746 (5th Cir. 1995).

[20]    *See id.* at 749 (noting that the request for an injunction was added via a modification to the proposed settlement agreement during "the evening of the first day of the hearing").  The two Fifth Circuit cases cited by *Zale* as authority recognizing waiver (but denying waiver in the particular cases) also involved situations where the parties had no real prior notice of the requested relief that required the filing of an adversary. *See In re Haber Oil Co.*, 12 F.3d 426, 440 (5th Cir. 1994) ("the record shows that Haber Oil was not given proper notice prior to the commencement of the post-confirmation proceedings in the bankruptcy court"); *In re Village Mobile Homes*, 947 F.2d 1282, 1283 (5th Cir. 1991) ("Counsel for Village Mobile was not present when the conversion claim was first raised in bankruptcy court").

and fair" hearing.[21]  For example, in rejecting an argument that an injunction was *per se* improper because it was entered without an adversary proceeding in the context of a hearing to consider a proposed settlement, the court in *Bayoud* noted that, "[u]nlike the facts of *Zale,* in which appellants' challenge to a settlement was prevented by the bankruptcy court and treated as a collateral and irrelevant sideshow in an otherwise complex and extended hearing, in the instant case Paige's attack on the settlement easily consumed the bulk of the hearing and was in all respects heard as if in the context of an adversary proceeding."[22]

The question of whether to approve the proposed sale of the policies back to the Century parties free and clear under Rule 9019 and § 363, and issue an ancillary injunction to enforce the free and clear nature of the sale, will be no sideshow here.  Rather, it will be the main event.  The objectors have had notice of the Motion, they have filed extensive objections, they will be permitted to take discovery,[23] and they will have a chance to participate in an evidentiary hearing devoted solely to the Motion.  This provides the objectors with the same "full and fair" opportunity for a hearing as an adversary proceeding.  Nothing more is or should be required.

Moreover, courts regularly overlook technical non-compliance with Rule 7001

---

[21]     *See, e.g.*, *Bayoud v. Medical Center Hospital of Garland, Inc. (In re American Dev Int'l Corp.)*, 188 B.R. 925, 935 (N.D. Tex. 1995).

[22]     *Id.* (citation omitted).  The district court found that the bankruptcy court's injunction nevertheless was improper because the bankruptcy court had not conducted the proper injunction analysis.  The district court thus remanded, holding "that the bankruptcy court must conduct such further proceedings as are necessary under *Zale* to constitute an adversary proceeding *or its equivalent.*"  *Id.* at 936 (emphasis added).

[23]     Bankruptcy Rule 9014 incorporates all of the discovery tools available through Bankruptcy Rules 7026 and 7028-7037 into contested matters.

where no harm results from doing so.[24]  Here, objectors can point to no harm they will suffer if

the Court were to grant an injunction whose purpose is solely to support a free and clear sale

pursuant to the Trustee's Motion.  Accordingly, the Court should not elevate form over

substance by requiring an adversary proceeding as a prerequisite to issuance of the requested

ancillary injunction.

## IV.    Conclusion

An adversary proceeding is not required here.  The Court can and should issue

the requested ancillary injunction in this contested matter.  The objectors' rights and interests are

not adversely affected if this matter proceeds by motion rather than by complaint.

DATED:   January 21, 2021                   Respectfully submitted,

By:   */s/ Albert J. Derbes, IV*
Albert J. Derbes, IV
DERBES LAW FIRM, LLC
3027 Ridgelake Drive
Metairie, Louisiana  70002
Telephone:  (504) 837-1230
E-mail:  ajdiv@derbeslaw.com

*Attorneys for David V. Adler, Trustee*

- and -

---

[24]     *See, e.g., In re Cannonsburg Envtl. Assocs.,* 72 F.3d 1260, 1265 (6th Cir. 1996) ("although the Trustee should have filed an adversary complaint instead of a motion, this error was harmless"); *In re Zolner,* 249 B.R. 287, 292 (N.D. Ill. 2000) ("unless the party is able to demonstrate prejudice by the failure to file an adversary proceeding, a court will find the error [in filing a motion instead a complaint] constitutes harmless error"); *In re Orfa Corp.,* 170 B.R. 257, 275 (E.D. Pa. 1994) ("Nevertheless, in some cases where a matter was improperly initiated by motion as a contested matter, 'courts have concluded that where the rights of the affected parties have been adequately presented so that no prejudice has arisen, form will not be elevated over substance and the matter will be allowed to proceed on the merits as originally filed") (citation omitted).

James M. Garner
Martha Curtis
SHER GARNER CAHILL RICHTER KLEIN &
HILBERT, L.L.C.
909 Poydras Street, Suite 2800
New Orleans, Louisiana  70112

Mark D. Plevin  (admitted *pro hac vice*)
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California  94111
Phone:  (415) 986-2800
E-mail:  mplevin@crowell.com

Tacie H. Yoon  (admitted *pro hac vice*)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Phone:  (202) 624-2500
Email:  tyoon@crowell.com

Attorneys for Century Indemnity Company and
Pacific Employers Insurance Company

58665503