ORIGINAL

CIVIL DISTRICT COURT

FOR THE PARISH OF ORLEANS

STATE OF LOUISIANA

NO. 2017-1117 DIVISION "J"

NELCOME JOSEPH COURVILLE, JR.

VERSUS

LAMORAK INSURANCE COMPANY, ET AL.

* * *

(V O L U M E IV)

**Videotaped Discovery Deposition of NELCOME JOSEPH COURVILLE, JR.**, given at the offices of Roussel & Clement, 1550 West Causeway Approach, Mandeville, Louisiana 70471, on March 22nd, 2017.

REPORTED BY:

JOSEPH A. FAIRBANKS, JR., CCR, RPR

CERTIFIED COURT REPORTER #75005

VIDEOGRAPHER:

KEN HART (HART VIDEO OF LOUISIANA)

A. Within 20 foot of 'em.

EXAMINATION BY MS. ROUSSEL:

Q. Okay. And you also indicated that many times they'd be on scaffolding above you doing that their job.

DEFENSE COUNSEL:

Objection. Leading.

A. Yes, ma'am.

EXAMINATION BY MS. ROUSSEL:

Q. And they would cut their pipe covering above you?

DEFENSE COUNSEL:

Objection to the form of the question. Objection leading.

A. A lot of times.

EXAMINATION BY MS. ROUSSEL:

Q. And they would apply this 8127 above you?

MR. DEBLANC:

Objection. Leading. Mischaracterizes prior testimony.

DEFENSE COUNSEL:

Objection. Form.

A. Yes, ma'am.

EXAMINATION BY MS. ROUSSEL:



Q. Again, because there was -- let me direct your attention specifically to the 1960s and the early 1970s.

A. Okay.

Q. Did you work with insulation contractors throughout that time period?

DEFENSE COUNSEL:

Objection. Form. Objection. Vague. Leading. Lack of foundation.

A. Yes, ma'am.

EXAMINATION BY MS. ROUSSEL:

Q. And who were the insulation contractors that you worked with on -- when you were working as a steamfitter on steam lines? Who were the insulation contractors that you worked with on a regular basis in the plants during the 1960s and 1970s?

A. I can name a few.

DEFENSE COUNSEL:

Objection. Asked and answered. Form. Leading.

MS. ROUSSEL:

Wait. I didn't even finish asking my question.

DEFENSE COUNSEL:



Well, he started answering. What do you want us to do?

MS. ROUSSEL:

Let me ask my question. Your objections are incorporated into after my question so you don't need to make them again. And then let the witness answer.

MR. DEMAHY:

We didn't finish it. You stopped us from objecting.

EXAMINATION BY MS. ROUSSEL:

Q. Before you start answering, let me finish my question. Assume they're all going to object, and then give me your answer.

During the 1960s and the early 1970s, when you were working as a steamfitter through the Local 198, who were the insulation contractors that you worked with on a regular basis in the various plants?

MR. MCLAIN:

Objection. Form. Asked and answered.

MR. GUIDRY:

Objection. Loading. Asked and



answered. Assumes facts not in evidence. Misstates prior testimony. Lack of foundation. Vague and compound, also. Beyond the scope of redirect.

A. Okay. You had Anco, I know for sure. You had Eagle. You had, um -- Taylor -- you had Taylor-Seidenbach. And you also had, um -- Reilly-Benton. And that's the ones I remember. That's -- that's the ones -- that's the only ones I remember.

EXAMINATION BY MS. ROUSSEL:

Q. Did you also work with and around McCarty insulators?

MR. GUIDRY:

Objection. Leading. Assumes facts not in evidence.

A. I forgot that on.

DEFENSE COUNSEL:

Asked and answered.

A. Yes.

MR. GUIDRY:

Misstates prior testimony.

EXAMINATION BY MS. ROUSSEL:

Q. Since there was an objection, in

REPORTER'S CERTIFICATE

NOTE: This transcript certification is valid only when accompanied by my original signature over my state seal.

I, JOSEPH A. FAIRBANKS, JR., CCR, RPR, Certified Court Reporter in and for the State of Louisiana, as the officer before whom the foregoing was taken, do hereby certify:

That the witness was sworn by me upon authority of R.S. 37:2554 and did testify as set forth in the foregoing pages;

That said proceeding and testimony was reported by me in the stenotype reporting method, was thereafter transcribed and prepared by me or under my personal direction and supervision, and is a true and correct transcription to the best of my ability and understanding;

That this transcript was prepared in compliance with transcript format guidelines established by statute or by rules of the Board;

That I am knowledgeable of the arrangements, financial and otherwise, with the person on entity arranging for reporting services, and that I have acted in compliance with the prohibition on contractural relationships as defined by the Louisiana Code of Civil Procedure Article 1434 and in rules and advisory opinions of the Board;

That I am not related to counsel or to the parties herein, nor am I otherwise interested in the outcome of this matter.

-----------------------------------------

JOSEPH A. FAIRBANKS, JR., CCR, RPR

CERTIFIED COURT REPORTER #75005