**Page 1**

CIVIL DISTRICT COURT
FOR THE PARISH OF ORLEANS
STATE OF LOUISIANA

LINDWARD FREMIN and his          NO. 2001-06848
wife, GAIL ROLLAND FREMIN
                                 DIVISION "E"
VERSUS
                                 SECTION "7"
ENTERGY NEW ORLEANS, INC.,
et al.
* * * * * * * * * * *

      Deposition of WARREN K. WATTERS, 2100 St. Charles Avenue, Apartment 7D, New Orleans, Louisiana 70130, given at the offices of BERNARD, CASSISA, ELLIOTT & DAVIS, 1615 Metairie Road, Metairie, Louisiana 70005, on Monday, March 13th, 2006.

**Page 2**

APPEARANCES:

ROUSSEL & ROUSSEL
(BY: STEVEN M. JUPITER, ESQ.)
1710 Cannes Drive
LaPlace, Louisiana 70068
    Attorney For Plaintiffs

SCOTT BROWN, ESQ.
Second Floor
446 North Boulevard
Baton Rouge, Louisiana 70802
    Attorney For Entergy

BERNARD, CASSISA, ELLIOTT & DAVIS
(BY: WILLIAM L. BROCKMAN, ESQ.)
1615 Metairie Road
Post Office Box 55490
Metairie, Louisiana 70055-5490
    Attorney For Reilly-Benton, Inc.

**Page 3**

APPEARANCES CONTINUED:

MONTGOMERY, BARNETT, BROWN, READ, HAMMOND & MINTZ, L.L.P.
(BY: ELIZABETH H. RYAN, ESQ.)
3200 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3200
    Attorney For Pflueger Electric and
    Eagle, Inc.

SIMON, PERAGINE, SMITH & REDFEARN, L.L.P.
(BY: DOUGLAS R. KINLER, ESQ.)
30th Floor, Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-3000
    Attorney For McCarty Corporation

RABALAIS, HANNA & HEBERT
(BY: MELVIN A. EIDEN, ESQ.)
Suite 210
701 Robley Drive
Lafayette, Louisiana 70503
    Attorney For Fischbach & Moore
    (Present telephonically)

**Page 4**

APPEARANCES CONTINUED:

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
(BY: KIM ANDERSON, ESQ.)
4040 One Shell Square
701 Poydras Street
New Orleans, Louisiana 70139
    Attorney For Walter J. Barnes
    Electric
(Present telephonically)

BERNARD, CASSISA, ELLIOTT & DAVIS
(BY: CAROLINE D. ELLIOTT, ESQ.)
1615 Metairie Road
Post Office Box 55490
Metairie, Louisiana 70055-5490
    Attorney For Whitney Holding Company
    f/k/a Peter Kiewit Sons & Company

McGLINCHEY STAFFORD, PLLC
(BY: ERIN FURY PARKINSON, ESQ.)
643 Magazine Street
New Orleans, Louisiana 70130
    Attorney For American Cyanamid

## Page 21

1  A. Probably the first one.
2  Q. The first one. Waterford I and II?
3  A. Probably.
4  Q. Do you recall anything about that bid
5  process for the Waterford I and II jobs?
6  A. It would have been the same process
7  of the bidders receiving plans and
8  specifications and estimating the cost of the
9  material and labor and bidding.
10 Q. Would that have involved -- Would
11 they have listed the types of products
12 specifically by brand name that they were going
13 to use on the job? Reilly-Benton.
14 A. More than likely. It would have been
15 by the specification or the generic name.
16 Calcium silicate, for example.
17 Q. Do you know at what point in time
18 calcium silicate no longer contained asbestos?
19 A. I'm thinking of Kaylo specifically.
20 Q. My question is not limited to Kaylo.
21 If you know just in general.
22 A. I would say in general the early
23 '70s.
24 Q. But specifically with Kaylo?
25 A. Early '70s.

## Page 22

1  Q. Is there a point in time when
2  Reilly-Benton ceased, stopped using asbestos
3  containing materials?
4      MR. BROCKMAN:
5          Objection. Beyond the scope.
6      And objection because it violates the
7      Johnson rule. He's been asked about
8      that a number of times.
9      MR. JUPITER:
10         The Johnson rule -- We're going
11     to talk about the Johnson rule. And I
12     don't want to spend all day going over
13     Mr. Watters' deposition testimony that
14     he's given in previous cases.
15         I want a little leeway to ask him
16     questions. You didn't provide any
17     depositions of Warren Watters to me.
18     MR. BROCKMAN:
19         I wasn't asked to.
20     MR. JUPITER:
21         That's part of the Johnny Johnson
22     rule. If you're going to invoke the
23     Johnny Johnson rule, you're supposed
24     to provide the depositions to all
25     counsel.

## Page 23

1  MR. BALHOFF:
2      We're operating under a rule --
3  I don't consider any such thing as a
4  Johnny Johnson rule.
5      But we are operating under a rule
6  stated by Judge Madeleine Landrieu in
7  this case to limit depositions in a
8  certain way which the rule does not
9  say, I don't believe, provide
10 depositions just so the record is
11 clear.
12 MR. JUPITER:
13     That clears up the record.
14 MR. BROCKMAN:
15     I'm not acquainted with that
16 provision either. I don't mind bridge
17 questions, but he has been asked about
18 that particular issue on a number of
19 occasions.
20 MR. JUPITER:
21     If you would tell me what
22 deposition he said it in or what his
23 testimony was, I'm fine, we can move
24 on. I don't know the answer to that
25 question.

## Page 24

1      The depositions that I reviewed,
2  I did not see any information
3  regarding when Reilly-Benton stopped
4  using asbestos products.
5  MR. BROCKMAN:
6      We've also responded to that in
7  discovery in this and many other cases
8  with Mr. Roussel.
9      The general answer is simply that
10 about the same time that OSHA
11 promulgated rules and regulations
12 pertaining to the use of asbestos
13 containing materials which was around
14 1972, around that time is when
15 Reilly-Benton ceased using asbestos or
16 selling asbestos containing
17 materials.
18 MR. JUPITER:
19     I appreciate that.
20 BY MR. JUPITER:
21 Q. You heard your attorney's response.
22 Is that your understanding? Reilly-Benton
23 ceased using asbestos materials --
24 A. That sounds correct.
25 Q. Let me finish my question.