### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| REILLY-BENTON COMPANY, INC. | ) | Case No. 17-12870 |
| | ) | |
| DEBTOR | ) | Section A |
| | ) | |

### PROTECTIVE ORDER

Upon good cause shown, the Court orders that all "Confidential Information", attached to the Roussel & Clement Creditors' Motion for Summary Judgment that the Proceeds of the Insurance Policies Issued by Liberty Mutual Insurance Company and Employer's Mutual Fire Insurance Company to Reilly-Benton Company, Inc. Covering Reilly-Renton Company, Inc.'s Contracting Activities Are Not Property of the Estate and their Motion for Summary Judgment That the Automatic Stay Does Not Apply to Liberty Mutual Insurance Company and Employer's Mutual Fire Insurance Company, be subject to the following:

1. "Confidential Information," as defined herein, shall be subject to this Protective Order.

2. For the purposes of this order, "Confidential Information" means Exhibit 3, the Affidavit of Fred Wiedmann, and Exhibit 4, the Affidavit of Renee Butalla, to the Roussel & Clement Creditors' Motion for Summary Judgment that the Proceeds of the Insurance Policies Issued by Liberty Mutual Insurance Company and Employer's Mutual Fire Insurance Company to Reilly-Benton Company, Inc. Covering Reilly-Renton Company, Inc.'s Contracting Activities Are Not Property

of the Estate and their Motion for Summary Judgment That the Automatic Stay Does Not Apply to Liberty Mutual Insurance Company and Employer's Mutual Fire Insurance Company. These documents will be marked as "Confidential - Subject to Protective Order";

3. The Parties agree that the Confidential Information shall, except as herein otherwise provided, remain at all times in the possession of counsel of record for the Party receiving the Confidential Information.

4. This Protective Order shall be applicable both during the pendency of this bankruptcy case and after final resolution of this bankruptcy case.

5. Counsel and the Parties receiving the Confidential Information shall not make more copies of such material than are reasonably necessary for the handling of this action. All copies of the Confidential Information, shall be kept and stored in manner reasonably calculated to preserve their confidentiality.

6. The Confidential Information may be disclosed to or viewed by the Parties and Objectors; counsel of record for the Parties and Objectors and counsel's staff; the Parties reinsurers, retrocessionaires, auditors, and regulators, experts in this litigation; the judge and her staff; deponents and court reporters taking depositions herein, to the extent that the deponent is questioned about the Confidential Information; and witnesses at trial, to the extent that they are questioned about the Confidential Information. The Confidential Information may not be disclosed to or viewed by any other person unless the Confidential Information is introduced

into evidence in the above-captioned action.

7. In the event a Party desires to allow viewing of the Confidential Information by any person not authorized to see it hereunder, that Party shall first obtain the written consent of the Party who produced the Confidential Information. In the event such consent is not given, the Confidential Information shall not be shown to any person unless the Party shall have first obtained a court order permitting such disclosure.

8. This Protective Order shall not operate as a bar to any Party offering any part of the Confidential Information into evidence/or into the record, if admissible, at any hearing or trial in this matter, or from making inquiries about the information in a deposition taken in this matter and attaching said Confidential Information as an exhibit to the deposition. If the Confidential Information is included or the contents are in any way disclosed in any pleadings, motions, depositions, transcript, or other paper filed with the Court in this lawsuit, such Confidential Information shall be filed under seal.

9. Any portion of a deposition containing or referring to the Confidential Information shall also be subject to this Protective Order. Only those pages of such deposition shall be marked "Confidential - Subject to the Protective Order of Court," and those portions containing the Confidential Information shall be maintained separately, and disclosed and used only pursuant to the terms of this Order.

10. Before any of the Confidential Information is disclosed to the requesting Party, the Parties reinsurers, retrocessionaires, auditors, and regulators, experts, or any deponents, he or she shall agree to be bound by this Protective Order.

11. The Confidential Information shall be used solely for the purposes of this bankruptcy case and for no other purpose whatsoever. Such Confidential Information shall not be communicated or disclosed to any person not authorized by this order to view it.

New Orleans, Louisiana, this ____ day of _____, 2022.

                                                **Bankruptcy Judge Meredith S. Grabill**