**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF LOUISIANA**

|  |  |  |
|---|---|---|
| IN RE: | * | CASE NO.: 17-12870 |
| REILLY-BENTON COMPANY, INC., | * | SECTION "B" |
| Debtor | * | CHAPTER 7 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**L&S CREDITORS' MEMORANDUM IN SUPPORT OF EMERGENCY MOTION TO COMPEL REILLY-BENTON COMPANY, INC.**</u>

**MAY IT PLEASE THE COURT:**

Landry & Swarr Creditors[1] ("L&S") respectfully submit this Memorandum in Support of their Motion to Compel Reilly-Benton Company, Inc. ("Reilly-Benton"). Counsel for the parties have attempted to resolve this dispute without this Honorable Court's assistance; however, there is a fundamental dispute regarding Reilly-Benton's corporate representative designation. L&S requests that this Honorable Court hear this Motion to Compel on an expedited basis as it has previously heard and ruled on a similar Motion to Compel filed by Roussel & Clement Creditors.[2]

L&S Creditors appreciate Court allowing on an expedited basis to be heard on the Motion to Compel Reilly-Benton Company, Inc. In an effort at brevity, L&S Creditors:

---

[1] The firm of Landry & Swarr represents claimants who have filed claims against Reilly-Benton Company, Inc., including Donnie Bridges, Ronnie David Bridges, Rodney Lynn Bridges, Sherri Renee Attaway, and Deborah Kay Thurber, Paul Sanderson, Jr., Kelly P. Sanderson, Dale Michael Sanderson, and Mark Sanderson, Kevin Franchina, Tena Danos and Josephine Alexander.

[2] The firm of Roussel & Clement represents claimants who have filed claims against Reilly-Benton Company, Inc., including Frank James Brazan, Pennie Ann Brazan Kliebert, Shane Anthony Brazan, Jason Joseph Brazan, and Carmel Theresa Brazan Bourg, Mary Parsy Soileau Courville, Mavis Todd Courville, Michael Wade Courville, and Joseph Eric Courville, Joseph Alfred Hedges, Jr. and Renee Hedges Blum, and Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez and Sherry Tregre Cortez.

A. Adopts the pleading filed by Roussel & Clement Creditors, including all exhibits.[3]

B. Attaches the Transcript of the telephonic proceedings taken in the above captioned matter on August 18, 2022, attached as Exhibit "B"

C. Attaches the letter to Derbes dated August 22, 2022, attached as Exhibit "C"

D. Attaches the letter to Derbes dated August 23, 2022, attached as Exhibit "D"

E. Attaches the Email from Derbes dated August 29, 2023, attached as Exhibit "E"

F. Attaches the deposition of Cecile Watters Tebo, taken November 8, 2004 in the *Beverly Sorina Robert, et al v. American Cyanamid Company, et al.,* In the Civil District Court for the Parish of Orleans, Docket No 02-19504, attached as Exhibit "F"

## ARGUMENT

1. I informed Mr. Derbes that I attempted to attend the hearing regarding the Motion to Compel. Unfortunately, the Court's docket was full and by the time the matter was called, I had already left to attend a previously scheduled meeting. *See* Exhibit "C".

2. L&S creditors have no interest in deposing Warren Watters. However, we are required to take the deposition of Reilly-Benton Company, Inc. *See* Exhibit "D"

3. We appreciate and understand the Court's kindness regarding the age of Warren Watters and the limitations of his deposition are understandable; however, those same limitations make the deposition unworkable.

---

[3] Exhibit A – Rec. Doc. 161

2

4. For starters, the attorney representing Reilly-Benton Company, Inc. here has indicated that he believes Warren Watters has dementia. *See* Exhibit "B" at 19:8-20:18.

5. He stated in open court that he believes Warren Watters has dementia, was told by Warren Watters' wife he has dementia. He stated that Warren Watters, himself, stated that has dementia. *See* Exhibit "B" at 19:8-20:18.

6. There are multiple decisions in this jurisdiction, in both Federal and State Courts requiring a corporation to have a representative testify. I will not rehash that here except to note, however, that in asbestos litigation companies or corporations educating a representative to testify as a corporate representative is more often the rule rather than the exception. *See* Roussel & Clement Brief, attached as Exhibit "A"

7. Mr. Derbes stated that "where the debtor has only 1 human, that human is the only corporate representative, *See* Exhibit "E".

8. Yet here, the representation that there is only "1 human" able to testify is not accurate

9. Reilly-Benton Company previously designated Cecile Watters Tebo, Warren Watters' daughter, and officer of the company, as a corporate representative in 2004. *See* deposition attached as Exhibit "F".

10. In Cecile Watters Tebo's Deposition, in which she is identified as a corporate representative of Reilly-Benton Company, Inc.,[4] she testifies that she is the vice president of Reilly-Benton Company for approximately 10 years[5].

11. So the representations made by Mr. Derbes are wrong, there is another corporate representative who is not 95 years old and suffering from memory loss, and according to Mr. Derbes, Dementia.

---

[4] *See* Exhibit "F" at Pg. 13:17-21; 14:2-12
[5] *Id.* at Pg. 10:3-10.

3

12. At the hearing on August 17, 2022, Mr. Derbes represented information provided by Mr. Courgill. Tom Courgill is a very good attorney who enjoys a well-deserved and excellent reputation. He is able to, no doubt, educate Mrs. Cecile Watters Tebo as required by Rule 30(b)(6) and jurisprudence interpreting same.

## CONCLUSION

For these reasons, L&S Creditors do not want to take Warren Watters' deposition; rather, we are entitled to take the deposition of Reilly-Benton Company, Inc. and Reilly-Benton Company, Inc. has an obligation to educate a corporate representative.

Respectfully submitted,

LANDRY & SWARR, LLC

/s/ MICKEY P. LANDRY
MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
MATTHEW CLARK, Bar No. 31102
1100 Poydras Street
Energy Centre – Suite 2000
New Orleans, LA 70163
Telephone: (504) 299-1214
Facsimile: (504) 299-1215
**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on 30th day of August, 2022, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all CM/ECF participants by operation of the Court's electronic filing system and to defense counsel by electronic mail.

/s/ MICKEY P. LANDRY
MICKEY P. LANDRY