# EXHIBIT "A"

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **IN RE:** | ) | **Chapter 7** |
| | ) | |
| **REILLY-BENTON COMPANY, INC.** | ) | **Case No. 17-12870** |
| | ) | |
| **DEBTORS** | ) | **Section A** |
| _____ | ) | |

## MOTION TO COMPEL REILLY-BENTON COMPANY, INC.

**NOW INTO COURT**, through undersigned counsel, come Roussel & Clement Creditors,[1]

who move this Honorable Court to compel Reilly-Benton Company, Inc. to provide a date for the

deposition of a corporate representative of Reilly-Benton Company, Inc. who has been prepared to

testify as to the topics set forth in the Roussel & Clement Creditors' Notice of Deposition, and to

produce the documents requested from Reilly-Benton Company, Inc., all as is more fully set forth

in the memorandum attached hereto in support of the motion to compel.

---

[1]The firm of Roussel & Clement represents claimants who have filed claims against
Reilly-Benton Company, Inc., including Frank James Brazan, Pennie Ann Brazan Kliebert,
Shane Anthony Brazan, Jason Joseph Brazan, and Carmel Theresa Brazan Bourg, Mary Patsy
Soileau Courville, Mavis Todd Courville, Michael Wade Courville, and Joseph Eric Courville,
Joseph Alfred Hedges, Jr. and Renee Hedges Blum, and  Bonnie Ann Tregre Loupe, Lee Ann
Tregre Cortez, and Sherry Tregre Cortez.

**WHEREFORE,** the Roussel & Clement Creditors pray that their Motion to Compel Reilly-Benton Company, Inc. is granted.

<div style="display:flex">

<div>

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** on the 26th day of July, 2022, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to all parties participating in the Court's CM/ECF Filing System.


_____S/Jonathan B. Clement_____
JONATHAN B. CLEMENT

</div>

<div>

Respectfully submitted,

ROUSSEL & CLEMENT


_____S/Jonathan B. Clement_____
GEROLYN P. ROUSSEL - 1134
PERRY J. ROUSSEL, JR. - 20351
JONATHAN B. CLEMENT - 30444
LAUREN R. CLEMENT - 31106
BENJAMIN P. DINEHART - 33096
1550 West Causeway Approach
Mandeville, LA  70471
Telephone:  (985) 778-2733
Facsimile:  (985) 778-2734
ATTORNEYS FOR PLAINTIFFS

</div>

</div>

2

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| REILLY-BENTON COMPANY, INC. | ) | Case No. 17-12870 |
| | ) | |
| DEBTORS | ) | Section A |
| _____ | ) | |

<u>**MEMORANDUM IN SUPPORT OF MOTION TO COMPEL**</u>
<u>**REILLY-BENTON COMPANY, INC.**</u>

**MAY IT PLEASE THE COURT:**

Roussel & Clement Creditors[1] respectfully submit this Memorandum in Support of their

Motion to Compel Reilly-Benton Company, Inc. ("Reilly-Benton"). Counsel for the parties have

attempted to resolve this dispute without this Honorable Court's assistance; however, there is a

fundamental dispute regarding Reilly-Benton's corporate deposition and its production of

documents.

Federal Rule of Civil procedure 37(a) allows a party in certain circumstances to move for an

order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(ii) allows a party

seeking discovery to move for an order compelling an answer or production of documents where a

corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4). Rule 45(d)(2)

governs a motion to enforce or compel compliance with a subpoena, and its provisions provide for

---

[1]The firm of Roussel & Clement represents claimants who have filed claims against
Reilly-Benton Company, Inc., including Frank James Brazan, Pennie Ann Brazan Kliebert,
Shane Anthony Brazan, Jason Joseph Brazan, and Carmel Theresa Brazan Bourg, Mary Patsy
Soileau Courville, Mavis Todd Courville, Michael Wade Courville, and Joseph Eric Courville,
Joseph Alfred Hedges, Jr. and Renee Hedges Blum, and Bonnie Ann Tregre Loupe, Lee Ann
Tregre Cortez, and Sherry Tregre Cortez.

the court for the district where compliance is required to issue an order compelling production or inspection on a proper motion.[2]

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be discovered." The Federal Rules of Civil Procedure take a "demanding attitude toward objections."[3] The party resisting discovery must show specifically how each request is not relevant or otherwise objectionable.[4]

If documents are relevant and are sought for good cause they should be enforced unless the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or embarrassing.[5]

## I.    <u>RULE 37 CERTIFICATE</u>

Roussel & Clement Creditors had hoped to have this discovery issue resolved without the need for this Honorable Court's assistance, and a Rule 37 conference was conducted via telephone

---

[2]*Paso Del Norte Motors, LP v. Kia Motors of Am., Inc*., 2015 U.S. Dist. LEXIS 109351, at *2-3 (N.D. Tex. Aug. 19, 2015)

[3]*Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, 2015 U.S. Dist. LEXIS 6931, at *30-31 (E.D. La. Jan. 20, 2015) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2173 (2014)).

[4]*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990).

[5]*Covey Oil Co. v Continental Oil Co.* (1965, CA10 Utah) 340 F2d 993, 1965 CCH Trade Cases P 71357, cert den (1965) 380 US 964, 14 L Ed 2d 155, 85 S Ct 1110 and (criticized on other grounds in *De Masi v Weiss* (1982, CA3) 669 F2d 114, 1982-1 CCH Trade Cases P 64452, 33 FR Serv 2d 1) and (criticized on other grounds in *United States v Columbia Broadcasting System, Inc.* (1982, CA9 Cal) 666 F2d 364, 1982-1 CCH Trade Cases P 64492, 33 FR Serv 2d 539) and (ovrld on other grounds as stated in *MDK, Inc. v Mike's Train House* (1994, CA4 NC) 27 F3d 116, 1994-1 CCH Trade Cases P 70620, 29 FR Serv 3d 1472) and (criticized on other grounds in *Bennett v City of Boston* (1995, CA1 Mass) 54 F3d 18, 32 FR Serv 3d 48).

on July 5, 2022, during which Reilly-Benton's objections were discussed.[6]  Following the Rule 37

Conference, Roussel & Clement Creditors determined that an oral deposition would be necessary

to fully respond to the discovery that has been propounded upon the Roussel & Clement Creditors

in this matter, and the Roussel & Clement Creditors again requested that a date for the deposition

of Reilly-Benton be provided.[7]  Despite repeated requests, Reilly-Benton has failed to provide any

date for the deposition of Reilly-Benton.

## II.     **FACTUAL BACKGROUND**

The Roussel & Clement Creditors first requested a date for the deposition of Reilly-Benton

on April 6, 2022.[8]  The Roussel & Clement Creditors again requested a date on April 8, 2022, and

sent a draft Notice of Deposition to Reilly-Benton on April 20, 2022.[9] On May 18, 2022, the Roussel

& Clement Creditors reminded Reilly-Benton that they had not yet received a date for its corporate

deposition, and requested Reilly-Benton's counsel's availability to meet and confer regarding the

draft notice and dates for Reilly-Benton's deposition.[10]

On May 18, 2022, Reilly-Benton responded that the memory of Reilly-Benton's corporate

representative, Warren Watters, was failing and that Mr. Watters was in bead health.[11]  Reilly-Benton

also stated that Mr. Watters had few responsive documents, and requested that the Roussel &

Clement Creditors reconsider their request as the Roussel & Clement Creditors' counsel had deposed

---

[6]Exhibit 1, E-Mail of June 30, 2022.

[7]Exhibit 2, E-Mail of July 7, 2022.

[8]Exhibit 3, E-Mail of April 6, 2022.

[9]Exhibit 4, E-Mail of April 8, 2022; Exhibit 5, E-Mail of April 20, 2022.

[10]Exhibit 6, E-Mail of May 18, 2022 to Reilly-Benton's Counsel.

[11]Exhibit 7, E-mail of May 18, 2022 from Reilly-Benton's Counsel.

Mr. Watters several times in the past.[12] Of note, this Notice of Deposition was tailored to address issues relevant to Reilly Benton's bankruptcy such as the claims and creditors listed in the bankruptcy, the motives behind the bankruptcy, Reilly Benton and its insurers relationship with Resolute Management, Inc., and the involvement of Reilly Benton's insurers in the decision for Reilly Benton's bankruptcy, among others. On May 19, 2022, the Roussel & Clement Creditors reiterated their request for Reilly Benton's deposition, explaining that Mr. Watters had not yet been deposed on the topics contained within the Roussel & Clement Creditors' draft notice, and that the information and documents requested would be needed to respond to discover propounded upon the Roussel & Clement Creditors.[13]

Having not received a date for the corporate deposition of Reilly-Benton, counsel for the Roussel & Clement Creditors on June 22, 2022 issued a notice of deposition and records deposition, and subpoenas to testify at a deposition and produce documents to Reilly-Benton, scheduling Reilly-Benton's deposition for July 11, 2022.[14]  Said subpoenas were served upon Reilly-Benton on June 23, 2022.[15] Subsequently, on June 30, 2022, Reilly-Benton's counsel sought the Roussel & Clement Creditors' availability to discuss the subpoenas served upon Reilly-Benton.[16]

Counsel for Reilly-Benton and the Roussel & Clement Creditors conferred via telephone on July 5, 2022, and agreed that Reilly-Benton would produce its responsive documents to the Roussel & Clement Creditors on July 11, 2022, and that the oral deposition of Reilly-Benton would be

---

[12]Exhibit 7, <u>E-mail of May 18, 2022 from Reilly-Benton's Counsel.</u>

[13]Exhibit 8, <u>E-Mail of May 19, 2022.</u>

[14]Exhibit 9, <u>E-Mail of June 22, 2022 with Subpoenas to Reilly-Benton.</u>

[15]Exhibit 10, <u>Subpoenas to Reilly-Benton with Proof of Service.</u>

[16]Exhibit 1, <u>E-Mail of June 30, 2022.</u>

postponed while the Roussel & Clement Creditors reviewed the documents produced and considered whether a deposition via written questions would be sufficient.[17]  During the July 5, 2022 telephone conference, Reilly-Benton's counsel again represented that Mr. Watters was in ill health, and also claimed that Mr. Watters has dementia. Of note, no evidence of Mr. Watters' alleged dementia has been submitted to the Roussel & Clement Creditors.

On July 7, 2022, the Roussel & Clement Creditors informed Reilly-Benton that a deposition via written questions would not be sufficient, and that an oral deposition would be necessary, and that if Mr. Watters is unable to act as Reilly-Benton's corporate representative that another representative would need to be prepared.[18]  Once again, the Roussel & Clement Creditors requested a date for the deposition of a corporate representative of Reilly-Benton.[19]  On July 7, 2022, counsel for Reilly-Benton responded that Mr. Watters was the sole surviving representative of Reilly-Benton.[20]  This is particularly curious because if Mr. Watters has dementia, who with Reilly Benton decided to file the bankruptcy. As stated *supra*, no evidence of Mr. Watters' alleged dementia has been submitted to the Roussel & Clement Creditors. On July 11, 2022, Reilly-Benton produced few responsive documents to the Roussel & Clement Creditors,[21] and absolutely no back-up for the 18,645 claimants which Reilly-Benton asserts exist. As of the filing of this motion, the Roussel & Clement Creditors have not yet been provided with a date for the deposition of Reilly-Benton.

---

[17]Exhibit 11, <u>E-Mail of July 6, 2022</u>.

[18]Exhibit 2, <u>E-Mail of July 7, 2022</u>.

[19]Exhibit 2, <u>E-Mail of July 7, 2022</u>.

[20]Exhibit 12, <u>E-mail of July 7, 2022 from Reilly-Benton's Counsel</u>.

[21]Exhibit 13, <u>E-Mail of July 11, 2022</u>.

III.     **REILLY-BENTON IS REQUIRED TO PREPARE A CORPORATE REPRESENTATIVE IN THIS MATTER**

Federal Rule of Civil Procedure 30(b)(1) provides that "A party who wants to depose a person by oral questions must give reasonable written notice to every other party. The notice must state the time and place of the deposition and, if known, the deponent's name and address." Furthermore, Federal Rule of Civil Procedure 30(b)(6) provides that "a party may name as the deponent a public or private corporation", and that "The named organization must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf," and that "The persons designated must testify about information known or reasonably available to the organization." Thus, Federal Rule of Civil Procedure 30 requires that Reilly-Benton designate a representative, and that said representative must testify about information known to Reilly-Benton.

Federal courts have recognize that preparing for a corporate deposition can be burdensome, but this is merely the result of the concomitant obligation from the privilege of being able to use the corporate form in order to conduct business.[22] As part of this obligation, a deponent has an affirmative obligation to educate himself as to matters regarding the corporation, and the company does not fulfill its obligations at the corporate deposition by stating that it has no knowledge or position with respect to a set of facts or an area of inquiry within its knowledge or reasonably available.[23] The corporation must prepare its deponents by having them review prior fact witness

---

[22] *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Company, Inc.*, 201 FRD 33, 36 (D. Mass. 2001).

[23]*Id.*; See also, *T&W Funding Co. XII, L.L.C. v. Pennant Rent-A-Car Midwest, Inc.*, 210 F.R.D. 730, 734 (D. Kan. 2002)

deposition testimony, as well as documents. Even if the documents are voluminous and the review would be burdensome, the deponents are still required to review them, because the "individuals so deposed are required to testify to the knowledge of the corporation, not the individual."[24] Further, a company has an affirmative duty to make available "such number of persons as will" be able to give "complete, knowledgeable and binding answers."[25] "If no current employee has sufficient knowledge to provide the requested information, the party is obligated to 'prepare [one or more witnesses] so that they may give complete, knowledgeable and binding answers on behalf of the corporation.'"[26] Indeed, "if it becomes obvious during the course of a deposition that the designee is deficient, the corporation is obligated to provide a substitute."[27]

Furthermore, it has been recognized that allowing a party to name a corporate representative who suffers from dementia and cannot be effectively deposed is unfair to the deposing party, and does not fulfill a party's obligations under Federal Rule of Civil Procedure 30(b)(6).[28] In *Cabrera v. Am. Diversified Servs. Corp.,* a defendant determined that its corporate representative would have to be another defendant, Hazem Sabry, who allegedly suffered from dementia and other health issues.[29] The *Cabrera* defendants, much like Reilly-Benton herein, took the position that the

---

[24] *Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Company, Inc.*, 201 FRD 33, 36 (D. Mass. 2001).

[25] *Reilly v. Natwest Markets Group, Inc.* 181 F.3d 253 (2nd Cir. 1999).

[26] *Dravo Corp. v. Liberty Mut. Ins. Co.*, 164 F.R.D. 70, 75 (D. Neb. 1995) (citing *Marker v. Union Fidelity Life Ins. Co.*, 125 F.R.D. 121, 126 (M.D.N.C. 1989)).

[27] *Id.*

[28] *Cabrera v. Am. Diversified Servs. Corp.,* 2012 U.S. Dist. LEXIS 147910 (M.D. Fla. Oct. 15, 2012).

[29] *Id.* at *6-7.

designated corporate representative was the only possible corporate representative.[30]  The court noted that "even if the Court were to accept the unsupported argument that Sabry is the only conceivable 30(b)(6) witness, because Sabry's health could be jeopardized by participation in litigation, Defendants could indefinitely fail to comply with Plaintiff's discovery demands."[31]  Furthermore, the court stated that "it would be unfair to Plaintiff to permit Defendants to name a corporate representative as the only possible 30(b)(6) deponent if his participation in discovery can trigger serious medical consequences and be delayed at any time."[32]  Similarly here, if Warren Watters cannot be deposed, it is unfair to allow Reilly-Benton to designate him as its sole corporate representative.

## IV.  REILLY-BENTON COMPANY, INC.'S DOCUMENTS

On July 11, 2022, Reilly-Benton produced documents in response to the subpoena served upon it by the Roussel & Clement Creditors. Reilly-Benton's response consisted of a single page formal response[33] that failed to raise any objections, and attached documents that did not include documents responsive to the majority of the Roussel & Clement Creditors' requests. Any person commanded to produce documents under Rule 45 may object in writing to the subpoena.[34] Such objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served."[35]  "In the majority of cases, a person—whether a traditional party (i.e.,

---

[30]*Id.* at *9-10.

[31]*Id.* at *10.

[32]*Id.* at *11, n. 5.

[33]Exhibit 14, <u>Response to Subpoena Duces Tecum</u>.

[34]Fed. R. Civ. P. 45(d)(2)(B).

[35]Fed. R. Civ. P. 45(d)(2)(B).

a plaintiff or defendant) or a non-party—waives objections if he/she/it fails either to serve timely

objections on the party seeking discovery or to file a timely motion with the court."[36]

Reilly-Benton produced the following documents in response to the Roussel & Clement

Creditors' subpoena: 1) Deposition of Warren Watters (09/07/1983); 2) Deposition of Warren

Watters (03/21/1986); 3) Deposition Summary of the Deposition of Warren Watters (03/21/1986);

4) Deposition Summary of the Deposition of Warren Watters (12/18/1990); 5) Deposition of Warren

Watters (12/18/1990); 6) Deposition Summary of the Deposition of Warren Watters (08/22/1994);

7) Deposition of Warren Watters (08/22/1994); 8) Trial Transcript of Warren Watters (01/25/1996);

9) Deposition Summary of the Deposition of Warren Watters (08/2/1996); 10) Deposition of Warren

Watters (08/2/1996); 11) Deposition of Warren Watters (03/13/2006); 12) Facsimile of 05/09/12

from Warren Watters to Taylar Sky attaching Reilly-Benton transactions and Whitney Bank

statements for 2011; 13) Reilly-Benton Company, Inc. Product Data Brochure; 14) Reilly-Benton

Company, Inc. Its Origins and Development Compiled by Walter J. Merwin December 1988; 15)

Purchase Agreement between Warren Watters and John Taylor, and Albert F. Lusch and W.J

Merwin regarding outstanding shares of Reilly-Benton Company, Inc.; 16) Invoice of 10/24/2012

from Perry Dampf Dispute Resolutions re: asbestos-related claims against Reilly-Benton Company,

---

[36]*In re Ex Parte Application of Grupo Mexico SAB de CV for an Order to Obtain Discovery for Use in a Foreign Proceeding*, No. 3:14-MC-0073-G, 2015 WL 12916415, at *3 (N.D. Tex. Mar. 10, 2015), aff'd sub nom *Grupo Mexico SAB de CV v. SAS Asset Recovery, Ltd.*, 821 F.3d 573 (5th Cir. 2016); See also, *In re U.S.*, 864 F.2d 1153, 1156 (5th Cir. 1989) ("[A]s a general rule, when a party fails to object timely to interrogatories, production requests, or other discovery efforts, objections thereto are waived."); *Isenberg v. Chase Bank USA, N.A.*, 661 F. Supp. 2d 627, 629 (N.D. Tex. 2009) ("'The failure to serve written objections to a subpoena within the time specified by [Rule 45(d)(2)(B)] typically constitutes a [*10] waiver of such objections.'" (quoting *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996)).

Inc.; 17) Invoices of 08/23/2012 from Perry Dampf Dispute Resolutions re: asbestos-related claims against Reilly-Benton Company, Inc.; 18) Whitney Bank Statement for 12/01/2011 to 12/31/2011; 19) Whitney Bank Statement for 01/01/2011 to 01/31/2011; 20) Ingalls Shipbuilding letter of 04/08/2011 offering to settle Reilly-Benton's outstanding invoices, and check payable to Reilly-Benton for $19,673.90; 21) Payment Notice of 12/02/2011 from USPS to Reilly-Benton regarding Reilly-Benton's Post Office Box; 22) Ingalls Shipbuilding letter of 04/08/2011 offering to settle Reilly-Benton's outstanding invoices, and check payable to Reilly-Benton for $19,673.90; 23) Statement of Account of 06/08/2022 to Reilly-Benton Holding Inc from Louisiana Department of Revenue; 24) Pelican Boards/Reilly Benton Insulations Brochure; 25) Pelican Boards/Reilly Benton Insulations Brochure; 26) Times Picayune Article entitled "Technology Companies Make the Move to Jeff". Additionally, Reilly-Benton produced a privilege log listing five (5) documents that have been withheld.

Reilly-Benton has failed to provide responsive documents for the vast majority of requests made in the subpoena to produce documents served upon Reilly-Benton, including the following: Item No. 2: Produce all documents regarding Reilly-Benton's relationship with Century Indemnity Company; Item No. 4: Produce all documents regarding Reilly-Benton's relationship with Resolute Management, Inc.; Item No. 5: Produce all documents regarding Reilly-Benton's relationship with National Indemnity Company.; Item No. 6: Produce all documents regarding Reilly-Benton's relationship with Berkshire Hathaway, Inc.; Item No. 7: Produce all documents regarding any contracts and/or agreements between Reilly-Benton and Liberty Mutual Insurance Company regarding asbestos claims; Item No. 8: Produce all documents regarding any contracts and/or agreements between Reilly-Benton and Century Indemnity Company regarding asbestos claims;

10

Item No. 9: Produce all documents regarding any contracts and/or agreements between Reilly-Benton and Pacific Employers Insurance Company regarding asbestos claims; Item No. 10: Produce all documents regarding any contracts and/or agreements between Reilly-Benton and Resolute Management, Inc. regarding asbestos claims; Item No. 11: Produce all documents regarding any contracts and/or agreements between Reilly-Benton and National Indemnity Company regarding asbestos claims; Item No. 12: Produce all documents regarding any contracts and/or agreements between Reilly-Benton and Berkshire Hathaway, Inc. regarding asbestos claims; Item No. 13: Produce all documents regarding Liberty Mutual Insurance Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy; Item No. 14: Produce all documents regarding Century Indemnity Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy; Item No. 15: Produce all documents regarding Pacific Employers Insurance Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy; Item No. 16: Produce all documents regarding Resolute Management, Inc.'s involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy; Item No. 17: Produce all documents regarding National Indemnity Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy; Item No. 18: Produce all documents regarding Berkshire Hathaway, Inc.'s involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy; Item No. 19: Produce all documents regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company; Item No. 20: Produce all documents regarding National Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company; Item No. 21: Produce all documents regarding Berkshire

11

Hathaway, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company; Item No. 22: Produce all documents regarding Century Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company; Item No. 23: Produce all documents regarding Pacific Employers Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company; Item No. 24: Produce all documents regarding the motive behind the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company; Item No. 25: Produce all documents regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company; Item No. 26: Produce all documents regarding National Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company; Item No. 27: Produce all documents regarding Berkshire Hathaway, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company; Item No. 28: Produce all documents regarding Liberty Mutual Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company; Item No. 29: Produce all documents regarding Pacific Employers Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company; Item No. 30: Produce all documents regarding the motive behind the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company; Item No. 31: Produce all documents regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company; Item No. 32: Produce all

12

documents regarding National Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company; Item No. 33: Produce all documents regarding Berkshire Hathaway, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company; Item No. 34: Produce all documents regarding Century Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company; Item No. 35: Produce all documents regarding Liberty Mutual Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company; Item No. 36: Produce all documents regarding the motive behind the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company; Item No. 37: Produce all documents regarding all information considered by Reilly-Benton Company, Inc. and/or Liberty Mutual Insurance Company to arrive at the settlement amount; Item No. 38: Produce all documents regarding all information considered by Reilly-Benton Company, Inc. and/or Century Indemnity Company to arrive at the settlement amount; Item No. 39: Produce all documents regarding all information considered by Reilly-Benton Company, Inc. and/or Pacific Employers Insurance Company to arrive at the settlement amount; Item No. 40: Produce all documents as to payments that have been made by Liberty Mutual Insurance Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products; Item No. 41: Produce all documents as to payments that have been made by Liberty Mutual Insurance Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products; Item No. 42: Produce all

documents as to payments that have been made by Century Indemnity Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products; Item No. 43: Produce all documents as to payments that have been made by Pacific Employers Insurance Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products; Item No. 44: Produce all documents as to asbestos-related claims against Reilly-Benton Company, Inc. for which Liberty Mutual Insurance Company provided insurance coverage; Item No. 45: Produce all documents as to asbestos-related claims against Reilly-Benton Company, Inc. for which Century Indemnity Company provided insurance coverage; Item No. 46: Produce all documents as to asbestos-related claims against Reilly-Benton Company, Inc. for which Pacific Employers Insurance Company provided insurance coverage; Item No. 47: Produce all documents as to any payments made by Century Indemnity Company which contributed to the alleged exhaustion of Century Indemnity Company's coverage obligation owed to Reilly-Benton Company, Inc.; Item No. 48: Produce all documents as to any payments made by Pacific Employers Insurance Company which contributed to the alleged exhaustion of Pacific Employers Insurance Company's coverage obligation owed to Reilly-Benton Company, Inc.; Item No. 49: Produce any and all correspondence and/or documents between Reilly-Benton and Liberty Mutual Insurance Company regarding asbestos-related claims; Item No. 50: Produce any and all correspondence and/or documents between Reilly-Benton and Century Indemnity Company regarding asbestos-related claims; Item No. 51: Produce any and all correspondence and/or documents between Reilly-Benton and Pacific Employers Insurance Company regarding asbestos-related claims; Item No. 52: Produce any and all correspondence and/or

14

documents between Reilly-Benton and Resolute Management, Inc. regarding asbestos-related claims;

Item No. 53: Produce any and all correspondence and/or documents between Reilly-Benton and

National Indemnity Company regarding asbestos-related claims; Item No. 54: Produce any and all

correspondence and/or documents between Reilly-Benton and Berkshire Hathaway, Inc. regarding

asbestos-related claims; Item No. 55: Produce all claim files for those claims which Reilly-Benton

alleges have exhausted the policies issued to it by Liberty Mutual Insurance Company; Item No. 56:

Produce all claim files for those claims which Reilly-Benton alleges have exhausted the policies

issued to it by Century Indemnity Company; Item No. 57: Produce all claim files for those claims

which Reilly-Benton alleges have exhausted the policies issued to it by Pacific Employers Insurance

Company; Item No. 58: Produce all loss runs reports pertaining to payments made under the Liberty

Mutual policies issued to Reilly-Benton as well as all backup documentation for the loss run reports;

Item No. 59: Produce all loss runs reports pertaining to payments made under the Century Indemnity

Company policies issued to Reilly-Benton as well as all backup documentation for the loss run

reports; Item No. 60: Produce all loss runs reports pertaining to payments made under the Pacific

Employers Insurance Company policies issued to Reilly-Benton as well as all backup documentation

for the loss run reports; Item No. 61: Produce all underlying and supporting documents that were

utilized to create the "Reilly Benton-Confirmation of Exhaustion" spreadsheet; Item No. 62: Produce

all documents regarding how the decision was made by Liberty Mutual as to what claims were paid

as "operations" claims, "products" claims, or any other claims and to testify as to the supporting

documentation for those decisions; Item No. 63: Produce all documents regarding how the decision

was made by Century Indemnity Company as to what claims were paid as "operations" claims,

"products" claims, or any other claims and to testify as to the supporting documentation for those

decisions; Item No. 64: Produce all documents regarding how the decision was made by Pacific Employers Insurance Company as to what claims were paid as "operations" claims, "products" claims, or any other claims and to testify as to the supporting documentation for those decisions; Item No. 65: Produce all documents regarding any business plan of Liberty Mutual and/or Resolute discussing the handling and payment of claims and/or settlements regarding claims made against Reilly-Benton and/or Liberty Mutual; Item No. 66: Produce all documents regarding any business plan of Century Indemnity Company and/or Resolute discussing the handling and payment of claims and/or settlements regarding claims made against Reilly-Benton and/or Century Indemnity Company; Item No. 67: Produce all documents regarding any business plan of Pacific Employers Insurance Company and/or Resolute discussing the handling and payment of claims and/or settlements regarding claims made against Reilly-Benton and/or Pacific Employers Insurance Company; Item No. 68: Produce all documents regarding the number of asbestos-related claims currently pending against Reilly-Benton Company, Inc., including the specific asbestos-related diseases that form the basis of those claims; Item No. 69: Produce all documents regarding the identity of the claimants who have currently pending asbestos-related claims against Reilly-Benton Company, Inc., including the specific asbestos-related diseases from which those claimants have brought a claim against Reilly-Benton Company, Inc; Item No. 70: Produce all documents regarding the identity of the law firms representing claimants who have currently pending asbestos-related claims against Reilly-Benton Company, Inc.; Item No. 71: Produce all documents regarding the date all currently pending asbestos-related claims against Reilly-Benton Company, Inc. were filed; Item No. 72: Produce all documents regarding the status of all currently pending asbestos-related claims against Reilly-Benton

16

Company, Inc.; and Item No. 73: Produce all depositions and/or trial testimony given by executive officers and/or employees of Reilly-Benton Company, Inc.

The Roussel & Clement Creditors requested these documents in order to prepare for trial in this matter, and to fully respond to the discovery that has been propounded upon the Roussel & Clement Creditors in this matter. If Reilly-Benton contends that it does not have possession of or control of the documents requested, it should formally state so. The Notes of Advisory Committee on 1991 amendments to Federal Rule of Civil Procedure explain "that the person subject to the subpoena is required to produce materials in that person's control whether or not the materials are located within the district or within the territory within which the subpoena can be served."

If Reilly-Benton does not possess or have access to the documents requested by the Roussel & Clement Creditors, then it appears that Reilly-Benton lacks any actual documentation that the 18,645 asbestos claims it listed in its schedules are viable claims that will exhaust the limits of its insurance policies, which is the basis on which Reilly-Benton has sought the protection of this Honorable Court.

**WHEREFORE,** the Roussel & Clement Creditors pray that their Motion to Compel Reilly-Benton Company, Inc. is granted, and that Reilly-Benton Company, Inc. be compelled to provide a date for the deposition of a corporate representative of Reilly-Benton Company, Inc. who has been

prepared to testify as to the topics set forth in the Roussel & Clement Creditors' Notice of Deposition

and to produce the documents requested from Reilly-Benton Company, Inc.

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** on the 26th day of July, 2022, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties participating in the Court's CM/ECF Filing System.


    S/Jonathan B. Clement
    JONATHAN B. CLEMENT

Respectfully submitted,

ROUSSEL & CLEMENT

S/Jonathan B. Clement
GEROLYN P. ROUSSEL - 1134
PERRY J. ROUSSEL, JR. - 20351
JONATHAN B. CLEMENT - 30444
LAUREN R. CLEMENT - 31106
BENJAMIN P. DINEHART - 33096
1550 West Causeway Approach
Mandeville, LA 70471
Telephone: (985) 778-2733
Facsimile: (985) 778-2734
ATTORNEYS FOR
ROUSSEL & CLEMENT CREDITORS

18

## Re: Reilly Benton Status Conference

**Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>**
Thu 6/30/2022 11:40 AM

To: Brittany Ardeneaux <BArdeneaux@derbeslaw.com>

Mr. Dinehart is available on Tuesday, July 5, at 9:30 a.m.

---

**From:** Brittany Ardeneaux <BArdeneaux@derbeslaw.com>
**Sent:** Thursday, June 30, 2022 11:29 AM
**To:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Cc:** Albert J. Derbes IV <AJDIV@derbeslaw.com>
**Subject:** RE: Reilly Benton Status Conference

Good Morning,

Is Mr. Dinehart available 9:30 on Tuesday July 5th?


Kind Regards,

**Brittany Ardeneaux**
The Derbes Law Firm, LLC
Notary Public and
Legal Assistant to Albert J. Derbes, IV
and Patrick S. Garrity
3027 Ridgelake Drive
Metairie, LA 70002
504.207.0922 Direct Voice
504.832.0322 Fax
504.837.1230 Company Main Voice
bardeneaux@DerbesLaw.com
www.DerbesLaw.com

---

**From:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Sent:** Thursday, June 30, 2022 10:52 AM
**To:** Brittany Ardeneaux <BArdeneaux@derbeslaw.com>
**Subject:** Re: Reilly Benton Status Conference

Benjamin needs to participate in the discovery conference.

---

**From:** Brittany Ardeneaux <BArdeneaux@derbeslaw.com>
**Sent:** Thursday, June 30, 2022 10:27 AM
**To:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Subject:** RE: Reilly Benton Status Conference

Good Morning,

   Mr. Derbes would like to know if Ms. Roussel is available to speak with him at 3 o'clock today or such other time this afternoon or tomorrow and if she is not available would Mr. Clement be available?

Kind Regards,

**EXHIBIT**
**1**

**Brittany Ardeneaux**
The Derbes Law Firm, LLC
Notary Public and
Legal Assistant to Albert J. Derbes, IV
and Patrick S. Garrity
3027 Ridgelake Drive
Metairie, LA 70002
504.207.0922 Direct Voice
504.832.0322 Fax
504.837.1230 Company Main Voice
bardeneaux@DerbesLaw.com
www.DerbesLaw.com

**From:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Sent:** Thursday, June 30, 2022 9:24 AM
**To:** Brittany Ardeneaux <BArdeneaux@derbeslaw.com>
**Subject:** Re: Reilly Benton Status Conference

Benjamin is out sick and will not return to the office until Tuesday, July 5.

---

**From:** Brittany Ardeneaux <BArdeneaux@derbeslaw.com>
**Sent:** Thursday, June 30, 2022 8:37 AM
**To:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Cc:** Albert J. Derbes IV <AJDIV@derbeslaw.com>
**Subject:** Reilly Benton Status Conference

Mr. Dinehart,

    Mr. Derbes would like to have a status conference with you at 3 o'clock today or such other time this afternoon or tomorrow that you are available regarding the Subpoena Duces Tecum for Reilly Benton. Please let me know what day and time is best for you.

Kind Regards,

**Brittany Ardeneaux**
The Derbes Law Firm, LLC
Notary Public and
Legal Assistant to Albert J. Derbes, IV
and Patrick S. Garrity
3027 Ridgelake Drive
Metairie, LA 70002
504.207.0922 Direct Voice
504.832.0322 Fax
504.837.1230 Company Main Voice
bardeneaux@DerbesLaw.com
www.DerbesLaw.com

Re: Reilly-Benton deposition

**Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>**
Thu 7/7/2022 1:39 PM
To: Patrick S. Garrity <pgarrity@derbeslaw.com>
Dear Patrick,

This confirms that the oral deposition of Reilly-Benton Company, Inc. scheduled for July 11, 2022 is being postponed. My understanding is that you would be providing what responsive documents exist by July 11, 2022. Furthermore, I have spoken with Gerolyn regarding the possibility of conducting the deposition by written questions, and we feel we will need a live deposition on our topics. As mentioned during our conversation on July 5, 2022, we need the information we are seeking from Reilly-Benton in order to respond to the discovery requests propounded upon us in this matter. If Mr. Watters cannot, then another representative will need to be prepared to testify as Reilly-Benton's corporate representative. Please provide dates for the deposition of Reilly-Benton as soon as possible.


Sincerely,


Benjamin P. Dinehart
Roussel & Clement
1550 West Causeway Approach
Mandeville, LA 70471
985-778-2733

---

**From:** Patrick S. Garrity <pgarrity@derbeslaw.com>
**Sent:** Wednesday, July 6, 2022 4:41 PM
**To:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>; gerolynroussel@icloud.com <gerolynroussel@icloud.com>
**Cc:** Albert J. Derbes IV <AJDIV@derbeslaw.com>; David J. Messina (messina@chaffe.com) <messina@chaffe.com>; slaborde@lalalawfirm.com <slaborde@lalalawfirm.com>; William Robbins (wrobbins@stewartrobbins.com) <wrobbins@stewartrobbins.com>; JAMES M. GARNER (jgarner@shergarner.com) <jgarner@shergarner.com>; Charles Pisano (cpisano@roedelparsons.com) <cpisano@roedelparsons.com>; Mark D. Plevin (mplevin@crowell.com) <mplevin@crowell.com>; Amanda Schenck (aschenck@shergarner.com) <aschenck@shergarner.com>; John M. Sylvester (john.sylvester@klgates.com) <john.sylvester@klgates.com>; Leo Congeni (leo@congenilawfirm.com) <leo@congenilawfirm.com>; Martha Y. Curtis (mcurtis@shergarner.com) <mcurtis@shergarner.com>; Douglas R. Gooding (dgooding@choate.com) <dgooding@choate.com>
**Subject:** Reilly-Benton deposition

Ben:

This email will confirm that the oral deposition of Reilly-Benton through its sole remaining representative, Mr. Warren Watters, will not take place on Monday, July 11, 2022. As we discussed, due to Mr. Watters age (95) and dementia, a deposition by written questions may be more appropriate. We will produce the documents we were able to obtain from Mr. Watters that are responsive to your discovery requests. I am working on a response to the topics listed on the notice of deposition that will provide you an outline of what information Mr. Watters has and what questions he is able to answer. I should be able to send you the response tomorrow.

EXHIBIT
**2**

If you have any questions or if I have misstated our agreement, please advise as soon as possible.

Patrick S. Garrity
*Board Certified Business Bankruptcy Specialist*
3027 Ridgelake Drive
Metairie, LA 70002
pgarrity@derbeslaw.com
Direct Phone: (504) 207-0920
Direct Fax: (504) 684-5507
www.derbeslaw.com





CONFIDENTIALITY NOTICE

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. This e-mail, and any attachments hereto, are intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. Reading, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this e- mail in error, please contact the sender by return e-mail and permanently delete the original and any copy of this e-mail from any computer and destroy any printout thereof. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine. The typewritten signature included with this e-mail is not an electronic signature within the meaning of Electronic Signatures in the Global and National Commerce Act or any other law of similar import, including without limitation, the Uniform Electronic Transactions Act, as the same may be enacted in any State. This communication is not intended to be used, and cannot be used, as an opinion for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

## Deposition of Reilly-Benton Company, Inc.

**Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>**

Wed 4/6/2022 1:44 PM

To: ederbes@derbeslaw.com <ederbes@derbeslaw.com>

Eric,

We would like to take the deposition of Reilly-Benton Company, Inc.  Could you provide us some dates for the deposition?

Thanks,

Benjamin P. Dinehart
Roussel & Clement
1550 West Causeway Approach
Mandeville, LA 70471
985-778-2733

**EXHIBIT**

**3**

### Reilly-Benton Bankruptcy - Deposition Request

**Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>**

Fri 4/8/2022 4:51 PM

To: ederbes@derbeslaw.com <ederbes@derbeslaw.com>

Eric,

Just a reminder that we would like a date for the deposition of your client, Reilly-Benton.

Thanks,

Benjamin P. Dinehart
Roussel & Clement
1550 West Causeway Approach
Mandeville, LA 70471
985-778-2733

**EXHIBIT**

**4**

## Re: Reilly-Benton Bankruptcy - Deposition Request

**Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>**

Wed 4/20/2022 11:20 AM

To: Eric J. Derbes <EDerbes@derbeslaw.com>

📎 1 attachments (85 KB)

Reilly-Benton Draft Notice.pdf;

Eric,

Please find attached a draft notice for the deposition of Reilly-Benton Company, Inc.

Thanks,

Benjamin P. Dinehart
Roussel & Clement
1550 West Causeway Approach
Mandeville, LA 70471
985-778-2733

---

**From:** Eric J. Derbes <EDerbes@derbeslaw.com>
**Sent:** Friday, April 8, 2022 5:03 PM
**To:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Cc:** Tracy M. Whittle <twhittle@derbeslaw.com>
**Subject:** RE: Reilly-Benton Bankruptcy - Deposition Request

I received your email and we are checking.

Eric

**From:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Sent:** Friday, April 8, 2022 4:52 PM
**To:** Eric J. Derbes <EDerbes@derbeslaw.com>
**Subject:** Reilly-Benton Bankruptcy - Deposition Request

Eric,

Just a reminder that we would like a date for the deposition of your client, Reilly-Benton.

Thanks,

Benjamin P. Dinehart
Roussel & Clement
1550 West Causeway Approach
Mandeville, LA 70471
985-778-2733

**EXHIBIT**

**5**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| REILLY-BENTON COMPANY, INC. | ) | Case No. 17-12870 (JAB) |
| | ) | |
| DEBTORS | ) | Section B |
| | ) | |

## NOTICE OF DEPOSITION PURSUANT TO 30(b)(6), FED.R.BANKR.P. 7030 AND 9014, AND NOTICE OF RECORDS DEPOSITION OF REILLY- BENTON COMPANY, INC.

TO:    **ALL COUNSEL OF RECORD**

   **PLEASE TAKE NOTICE** that the undersigned counsel for the Roussel & Clement Claimants[1] will take the deposition of **REILLY-BENTON COMPANY, INC.,** in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, and Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, through one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf concerning the matters listed with particularity herein below. This deposition shall be taken for all purposes permitted under the Federal Rules of Civil Procedure, and Federal Rules of Bankruptcy Procedure on <> beginning at <> (and continuing from day to day until completed) at the offices of <>, before a duly qualified court reporter or other person authorized by law to administer oaths. **REILLY-BENTON COMPANY, INC.** is called upon to

---

[1] The firm of Roussel & Clement represents claimants who have filed claims against Reilly-Benton Company, Inc., including, among others, Joseph F. Brazan, Mary Patsy Soileau Courville, surviving spouse of Nelcome J. Courville, Jr., Mavis Todd Courville, Michael Wade Courville, and Joseph Eric Courville, children of Nelcome J. Courville, Jr., Jeanette Richard Dugruise, surviving spouse of Orelie Joseph Dugruise, III, and Terry Joseph Dugruise, Mitchell Joseph Dugruise, and Kimberly Dugruise North, children of Orelie Joseph Dugruise, III, Joseph Alfred Hedges, Jr. and Renee Hedges Blum, individually and as agents and mandataries for Joseph Alfred Hedges, Sr., and  Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Sherry Tregre Cortez.

-1-

designate and to make available for deposition at the stated time and place one or more officers,

directors, or managing agents, or other persons who consent to testify on its behalf, and to specify

for each such person so designated to which of the matters listed below that person has consented

to testify.

In addition, plaintiffs will take the records deposition of **REILLY-BENTON COMPANY,**

**INC.** on <> beginning at <> (and continuing from day to day until completed) at the offices of <>,

for the purpose of obtaining all records and documents identified in Attachment "A" attached hereto

and (1) to make a formal return on the subpoena duces tecum served on , which documents are

described in Attachment "A;" (2) to discuss the search undertaken (and to identify by whom the

search was undertaken) to locate the documents subpoenaed; and (3) to discuss the documents

produced and where they were located. **THIS PORTION OF THE NOTICE IS FOR THE**

**PURPOSE OF THE PRODUCTION OF RECORDS ONLY, AND IT MAY BE SATISFIED**

**BY PROVIDING THE REQUESTED DOCUMENTS AND/OR INFORMATION TO**

**ROUSSEL AND CLEMENT AT 1550 WEST CAUSEWAY APPROACH, MANDEVILLE,**

**LOUISIANA 70471, PRIOR TO** <>

### DEFINITIONS

The words "**Reilly-Benton**" or "defendant" or "you" as used in this Notice and accompanying Attachment "A" are intended to refer to Reilly-Benton Company, Inc., and any and all predecessor and/or successor entities and/or divisions and/or subsidiaries of Reilly-Benton Company, Inc.

"Documents" shall mean, unless otherwise indicated, letters, papers, tests, reports, publications, studies, evaluations, correspondence, telegrams, memoranda, records, books of account, ledgers, accounts, balance sheets, journals, minutes, contracts, payroll records, assignment sheets, memoranda of records of telephone or personal conversations or conferences, inter-office

communications, microfilm, tape, disc, or other data recordings, bulletins, circulars, schedules, guides, pamphlets, studies, surveys, notices, summaries, reports, analysis, teletype messages, work sheets, price sheets, catalogues, invoices, credit memoranda, checks, vouchers, newspaper clippings or magazine clippings, desk calendar, telephone toll records, and all writings or recordings of any nature whatsoever. Where originals are not available, copies of such documents may be produced.

"All documents" shall mean every document, whether the original or copy, within a stated category, either known to the deponent or reasonable subject to identification, or that can be designated or located by the use of reasonable diligence.

Topic A:
> To make a formal return on the documents and items described in Attachment "A."

Topic B:
> To discuss the search undertaken (and to identify by whom the search was undertaken) to locate the documents and items described in Attachment "A."

Topic C:
> To discuss the documents and items produced pursuant to Attachment "A" and where they were located as well as the document retention policies of Reilly-Benton.

Topic No. 1:
> To testify regarding Reilly-Benton's relationship with Liberty Mutual Insurance Company.

Topic No. 2:
> To testify regarding Reilly-Benton's relationship with Century Indemnity Company.

Topic No. 3:
> To testify regarding Reilly-Benton's relationship with and Pacific Employers Insurance Company.

Topic No. 4:
> To testify regarding Reilly-Benton's relationship with Resolute Management, Inc.

Topic No. 5:
> To testify regarding Reilly-Benton's relationship with National Indemnity Company.

Topic No. 6:
> To testify regarding Reilly-Benton's relationship with Berkshire Hathaway, Inc.

Topic No. 7:

To testify regarding any contracts and/or agreements between Reilly-Benton and Liberty Mutual Insurance Company regarding asbestos claims.

<u>Topic No. 8:</u>
To testify regarding any contracts and/or agreements between Reilly-Benton and Century Indemnity Company regarding asbestos claims.

<u>Topic No. 9:</u>
To testify regarding any contracts and/or agreements between Reilly-Benton and Pacific Employers Insurance Company regarding asbestos claims.

<u>Topic No. 10:</u>
To testify regarding any contracts and/or agreements between Reilly-Benton and Resolute Management, Inc. regarding asbestos claims.

<u>Topic No. 11:</u>
To testify regarding any contracts and/or agreements between Reilly-Benton and National Indemnity Company regarding asbestos claims.

<u>Topic No. 12:</u>
To testify regarding any contracts and/or agreements between Reilly-Benton and Berkshire Hathaway, Inc. regarding asbestos claims.

<u>Topic No. 13:</u>
To testify regarding Liberty Mutual Insurance Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Topic No. 14:</u>
To testify regarding Century Indemnity Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Topic No. 15:</u>
To testify regarding Pacific Employers Insurance Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Topic No. 16:</u>
To testify regarding Resolute Management, Inc.'s involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Topic No. 17:</u>
To testify regarding National Indemnity Company's involvement with the Reilly-Benton

Company, Inc.'s decision to file for bankruptcy.

Topic No. 18:
       To testify regarding Berkshire Hathaway, Inc.'s involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

Topic No. 19:
       To testify regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

Topic No. 20:
       To testify regarding National Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

Topic No. 21:
       To testify regarding Berkshire Hathaway, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

Topic No. 22:
       To testify regarding Century Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

Topic No. 23:
       To testify regarding Pacific Employers Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

Topic No. 24:
       To testify regarding the motive behind the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

Topic No. 25:
       To testify regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

Topic No. 26:
       To testify regarding National Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

Topic No. 27:

To testify regarding Berkshire Hathaway, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

Topic No. 28:

To testify regarding Liberty Mutual Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

Topic No. 29:

To testify regarding Pacific Employers Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

Topic No. 30:

To testify regarding the motive behind the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

Topic No. 31:

To testify regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

Topic No. 32:

To testify regarding National Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

Topic No. 33:

To testify regarding Berkshire Hathaway, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

Topic No. 34:

To testify regarding Century Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

Topic No. 35:

To testify regarding Liberty Mutual Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

Topic No. 36:

To testify regarding the motive behind the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

Topic No. 37:

To testify regarding all information considered by Reilly-Benton Company, Inc. and/or Liberty Mutual Insurance Company to arrive at the settlement amount.

Topic No. 38:
　　　　To testify regarding all information considered by Reilly-Benton Company, Inc. and/or Century Indemnity Company to arrive at the settlement amount.

Topic No. 39:
　　　　To testify regarding all information considered by Reilly-Benton Company, Inc. and/or Pacific Employers Insurance Company to arrive at the settlement amount.

Topic No. 40:
　　　　To testify as to payments that have been made by Liberty Mutual Insurance Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products.

Topic No. 41:
　　　　To testify as to payments that have been made by Liberty Mutual Insurance Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products.

Topic No. 42:
　　　　To testify as to payments that have been made by Century Indemnity Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products.

Topic No. 43:
　　　　To testify as to payments that have been made by Pacific Employers Insurance Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products.

Topic No. 44:
　　　　To testify as to asbestos-related claims against Reilly-Benton Company, Inc. for which Liberty Mutual Insurance Company provided insurance coverage.

Topic No. 45:
　　　　To testify as to asbestos-related claims against Reilly-Benton Company, Inc. for which Century Indemnity Company provided insurance coverage.

Topic No. 46:
　　　　To testify as to asbestos-related claims against Reilly-Benton Company, Inc. for which Pacific Employers Insurance Company provided insurance coverage.

Topic No. 47:
　　　　To testify as to any payments made by Century Indemnity Company which contributed to the alleged exhaustion of Century Indemnity Company's coverage obligation owed to Reilly-

Benton Company, Inc.

Topic No. 48:
    To testify as to any payments made by Pacific Employers Insurance Company which contributed to the alleged exhaustion of Pacific Employers Insurance Company's coverage obligation owed to Reilly-Benton Company, Inc.

Topic No. 49:
    To testify as to any and all correspondence and/or documents between Reilly-Benton and Liberty Mutual Insurance Company regarding asbestos-related claims.

Topic No. 50:
    To testify as to any and all correspondence and/or documents between Reilly-Benton and Century Indemnity Company regarding asbestos-related claims.

Topic No. 51:
    To testify as to any and all correspondence and/or documents between Reilly-Benton and Pacific Employers Insurance Company regarding asbestos-related claims.

Topic No. 52:
    To testify as to any and all correspondence and/or documents between Reilly-Benton and Resolute Management, Inc. regarding asbestos-related claims.

Topic No. 53:
    To testify as to any and all correspondence and/or documents between Reilly-Benton and National Indemnity Company regarding asbestos-related claims.

Topic No. 54:
    To testify as to any and all correspondence and/or documents between Reilly-Benton and Berkshire Hathaway, Inc. regarding asbestos-related claims.

Topic No. 55:
    To testify as to all claim files for those claims which Reilly-Benton alleges have exhausted the policies issued to it by Liberty Mutual Insurance Company.

Topic No. 56:
    To testify as to all claim files for those claims which Reilly-Benton alleges have exhausted the policies issued to it by Century Indemnity Company.

Topic No. 57:
    To testify as to all claim files for those claims which Reilly-Benton alleges have exhausted the policies issued to it by Pacific Employers Insurance Company.

Topic No. 58:
      To testify as to all loss runs reports pertaining to payments made under the Liberty Mutual policies issued to Reilly-Benton as well as all backup documentation for the loss run reports.

Topic No. 59:
      To testify as to all loss runs reports pertaining to payments made under the Century Indemnity Company policies issued to Reilly-Benton as well as all backup documentation for the loss run reports.

Topic No. 60:
      To testify as to all loss runs reports pertaining to payments made under the Pacific Employers Insurance Company policies issued to Reilly-Benton as well as all backup documentation for the loss run reports.

Topic No. 61:
      To testify as to all underlying and supporting documents that were utilized to create the "ReillyBenton -Confirmation of Exhaustion" spreadsheet.

Topic No. 62:
      To testify as to how the decision was made by Liberty Mutual as to what claims were paid as "operations" claims, "products" claims, or any other claims and to testify as to the supporting documentation for those decisions.

Topic No. 63:
      To testify as to how the decision was made by Century Indemnity Company as to what claims were paid as "operations" claims, "products" claims, or any other claims and to testify as to the supporting documentation for those decisions

Topic No. 64:
      To testify as to how the decision was made by Pacific Employers Insurance Company as to what claims were paid as "operations" claims, "products" claims, or any other claims and to testify as to the supporting documentation for those decisions

Topic No. 65:
      To testify as to any business plan of Liberty Mutual and/or Resolute discussing the handling and payment of claims and/or settlements regarding claims made against Reilly-Benton and/or Liberty Mutual.

Topic No. 66:
      To testify as to any business plan of Century Indemnity Company and/or Resolute discussing the handling and payment of claims and/or settlements regarding claims made against

Reilly-Benton and/or Century Indemnity Company.

Topic No. 67:
      To testify as to any business plan of Pacific Employers Insurance Company and/or Resolute discussing the handling and payment of claims and/or settlements regarding claims made against Reilly-Benton and/or Pacific Employers Insurance Company.

Topic No. 68:
      To testify as to the number of asbestos-related claims currently pending against Reilly-Benton Company, Inc., including the specific asbestos-related diseases that form the basis of those claims.

Topic No. 69:
      To testify as to the identity of the claimants who have currently pending asbestos-related claims against Reilly-Benton Company, Inc., including the specific asbestos-related diseases from which those claimants have brought a claim against Reilly-Benton Company, Inc.

Topic No. 70:
      To testify as to the identity of the law firms representing claimants who have currently pending asbestos-related claims against Reilly-Benton Company, Inc.

Topic No. 71:
      To testify as to the date all currently pending asbestos-related claims against Reilly-Benton Company, Inc. were filed.

Topic No. 72:
      To testify as to the status of all currently pending asbestos-related claims against Reilly-Benton Company, Inc.

**CERTIFICATE OF SERVICE**

      **I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon counsel for all parties by hand delivery, facsimile, or by depositing same in the U.S. mail, postage prepaid and properly addressed, this <> day of <>, 2022.

_____
      BENJAMIN P. DINEHART

Respectfully submitted,
**ROUSSEL & CLEMENT**

_____
GEROLYN P. ROUSSEL - 1134
PERRY J. ROUSSEL, JR. - 20351
JONATHAN B. CLEMENT - 30444
LAUREN R. CLEMENT - 31106
BENJAMIN P. DINEHART - 33096
1550 West Causeway Approach
Mandeville, LA 70471
Telephone: (985) 778-2733
Facsimile: (985) 778-2734

ATTORNEYS FOR PLAINTIFFS

**REILLY-BENTON COMPANY, INC.**

**ATTACHMENT " A "**

Pursuant to the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy

Procedure, the Roussel & Clement Creditors requests that the deponent, **Reilly-Benton**

**Company, Inc.**, produce the following at the deposition on the date and time noted in the Notice

of Records Deposition and in the subpoena.

**I.**

**DEFINITIONS**

The following definitions shall apply for the purposes of this subpoena:

A. "Documents" shall mean, unless otherwise indicated, letters, papers, tests, reports, publications, studies, evaluations, correspondence, telegrams, memoranda, records, books of account, ledgers, accounts, balance sheets, journals, minutes, contracts, payroll records, employee assignment sheets, memoranda of records of telephone or personal conversations or conferences, inter-office communications, microfilm, tape, disc, or other data recordings, bulletins, circulares, schedules, guides, pamphlets, studies, surveys, notices, summaries, reports, analysis, teletype messages, work sheets, price sheets, catalogues, invoices, credit memoranda, checks, vouchers, newspaper clippings or magazine clippings, desk calendar, telephone toll records, and all writings or recordings of any nature whatsoever. Where originals are not available, copies of such documents may be produced.

B. "All documents" shall mean every document, whether the original or copy, within a stated category, either known to the deponent or reasonable subject to identification, or that can be designated or located by the use of reasonable diligence.

**II.**

**THINGS, DOCUMENTS AND CATEGORIES OF DOCUMENTS TO BE PRODUCED**

Item No. 1:
Produce all documents regarding Reilly-Benton's relationship with Liberty Mutual Insurance Company.

Item No. 2:
Produce all documents regarding Reilly-Benton's relationship with Century Indemnity

Company.

<u>Item No. 3:</u>
     Produce all documents regarding Reilly-Benton's relationship with and Pacific Employers Insurance Company.

<u>Item No. 4:</u>
     Produce all documents regarding Reilly-Benton's relationship with Resolute Management, Inc.

<u>Item No. 5:</u>
     Produce all documents regarding Reilly-Benton's relationship with National Indemnity Company.

<u>Item No. 6:</u>
     Produce all documents regarding Reilly-Benton's relationship with Berkshire Hathaway, Inc.

<u>Item No. 7:</u>
     Produce all documents regarding any contracts and/or agreements between Reilly-Benton and Liberty Mutual Insurance Company regarding asbestos claims.

<u>Item No. 8:</u>
     Produce all documents regarding any contracts and/or agreements between Reilly-Benton and Century Indemnity Company regarding asbestos claims.

<u>Item No. 9:</u>
     Produce all documents regarding any contracts and/or agreements between Reilly-Benton and Pacific Employers Insurance Company regarding asbestos claims.

<u>Item No. 10:</u>
     Produce all documents regarding any contracts and/or agreements between Reilly-Benton and Resolute Management, Inc. regarding asbestos claims.

<u>Item No. 11:</u>
     Produce all documents regarding any contracts and/or agreements between Reilly-Benton and National Indemnity Company regarding asbestos claims.

<u>Item No. 12:</u>
     Produce all documents regarding any contracts and/or agreements between Reilly-Benton and Berkshire Hathaway, Inc. regarding asbestos claims.

<u>Item No. 13:</u>
    Produce all documents regarding Liberty Mutual Insurance Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Item No. 14:</u>
    Produce all documents regarding Century Indemnity Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Item No. 15:</u>
    Produce all documents regarding Pacific Employers Insurance Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Item No. 16:</u>
    Produce all documents regarding Resolute Management, Inc.'s involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Item No. 17:</u>
    Produce all documents regarding National Indemnity Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Item No. 18:</u>
    Produce all documents regarding Berkshire Hathaway, Inc.'s involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Item No. 19:</u>
    Produce all documents regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

<u>Item No. 20:</u>
    Produce all documents regarding National Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

<u>Item No. 21:</u>
    Produce all documents regarding Berkshire Hathaway, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

<u>Item No. 22:</u>
    Produce all documents regarding Century Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

-4-

<u>Item No. 23</u>:
　　　Produce all documents regarding Pacific Employers Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

<u>Item No. 24</u>:
　　　Produce all documents regarding the motive behind the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

<u>Item No. 25</u>:
　　　Produce all documents regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

<u>Item No. 26</u>:
　　　Produce all documents regarding National Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

<u>Item No. 27</u>:
　　　Produce all documents regarding Berkshire Hathaway, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

<u>Item No. 28</u>:
　　　Produce all documents regarding Liberty Mutual Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

<u>Item No. 29</u>:
　　　Produce all documents regarding Pacific Employers Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

<u>Item No. 30</u>:
　　　Produce all documents regarding the motive behind the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

<u>Item No. 31</u>:
　　　Produce all documents regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

<u>Item No. 32</u>:
　　　Produce all documents regarding National Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance

Company.

<u>Item No. 33:</u>
  Produce all documents regarding Berkshire Hathaway, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

<u>Item No. 34:</u>
  Produce all documents regarding Century Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

<u>Item No. 35:</u>
  Produce all documents regarding Liberty Mutual Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

<u>Item No. 36:</u>
  Produce all documents regarding the motive behind the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

<u>Item No. 37:</u>
  Produce all documents regarding all information considered by Reilly-Benton Company, Inc. and/or Liberty Mutual Insurance Company to arrive at the settlement amount.

<u>Item No. 38:</u>
  Produce all documents regarding all information considered by Reilly-Benton Company, Inc. and/or Century Indemnity Company to arrive at the settlement amount.

<u>Item No. 39:</u>
  Produce all documents regarding all information considered by Reilly-Benton Company, Inc. and/or Pacific Employers Insurance Company to arrive at the settlement amount.

<u>Item No. 40:</u>
  Produce all documents as to payments that have been made by Liberty Mutual Insurance Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products.

<u>Item No. 41:</u>
  Produce all documents as to payments that have been made by Liberty Mutual Insurance Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products.

Item No. 42:
      Produce all documents as to payments that have been made by Century Indemnity Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products.

Item No. 43:
      Produce all documents as to payments that have been made by Pacific Employers Insurance Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products.

Item No. 44:
      Produce all documents as to asbestos-related claims against Reilly-Benton Company, Inc. for which Liberty Mutual Insurance Company provided insurance coverage.

Item No. 45:
      Produce all documents as to asbestos-related claims against Reilly-Benton Company, Inc. for which Century Indemnity Company provided insurance coverage.

Item No. 46:
      Produce all documents as to asbestos-related claims against Reilly-Benton Company, Inc. for which Pacific Employers Insurance Company provided insurance coverage.

Item No. 47:
      Produce all documents as to any payments made by Century Indemnity Company which contributed to the alleged exhaustion of Century Indemnity Company's coverage obligation owed to Reilly-Benton Company, Inc.

Item No. 48:
      Produce all documents as to any payments made by Pacific Employers Insurance Company which contributed to the alleged exhaustion of Pacific Employers Insurance Company's coverage obligation owed to Reilly-Benton Company, Inc.

Item No. 49:
      Produce any and all correspondence and/or documents between Reilly-Benton and Liberty Mutual Insurance Company regarding asbestos-related claims.

Item No. 50:
      Produce any and all correspondence and/or documents between Reilly-Benton and Century Indemnity Company regarding asbestos-related claims.

Item No. 51:
      Produce any and all correspondence and/or documents between Reilly-Benton and Pacific

Employers Insurance Company regarding asbestos-related claims.

Item No. 52:
     Produce any and all correspondence and/or documents between Reilly-Benton and Resolute Management, Inc. regarding asbestos-related claims.

Item No. 53:
     Produce any and all correspondence and/or documents between Reilly-Benton and National Indemnity Company regarding asbestos-related claims.

Item No. 54:
     Produce any and all correspondence and/or documents between Reilly-Benton and Berkshire Hathaway, Inc. regarding asbestos-related claims.

Item No. 55:
     Produce all claim files for those claims which Reilly-Benton alleges have exhausted the policies issued to it by Liberty Mutual Insurance Company.

Item No. 56:
     Produce all claim files for those claims which Reilly-Benton alleges have exhausted the policies issued to it by Century Indemnity Company.

Item No. 57:
     Produce all claim files for those claims which Reilly-Benton alleges have exhausted the policies issued to it by Pacific Employers Insurance Company.

Item No. 58:
     Produce all loss runs reports pertaining to payments made under the Liberty Mutual policies issued to Reilly-Benton as well as all backup documentation for the loss run reports.

Item No. 59
     Produce all loss runs reports pertaining to payments made under the Century Indemnity Company policies issued to Reilly-Benton as well as all backup documentation for the loss run reports.

Item No. 60:
     Produce all loss runs reports pertaining to payments made under the Pacific Employers Insurance Company policies issued to Reilly-Benton as well as all backup documentation for the loss run reports.

Item No. 61:
     Produce all underlying and supporting documents that were utilized to create the "ReillyBenton -Confirmation of Exhaustion" spreadsheet.

-8-

Item No. 62:

      Produce all documents regarding how the decision was made by Liberty Mutual as to what claims were paid as "operations" claims, "products" claims, or any other claims and to testify as to the supporting documentation for those decisions.

Item No. 63:

      Produce all documents regarding how the decision was made by Century Indemnity Company as to what claims were paid as "operations" claims, "products" claims, or any other claims and to testify as to the supporting documentation for those decisions

Item No. 64:

      Produce all documents regarding how the decision was made by Pacific Employers Insurance Company as to what claims were paid as "operations" claims, "products" claims, or any other claims and to testify as to the supporting documentation for those decisions

Item No. 65:

      Produce all documents regarding any business plan of Liberty Mutual and/or Resolute discussing the handling and payment of claims and/or settlements regarding claims made against Reilly-Benton and/or Liberty Mutual.

Item No. 66:

      Produce all documents regarding any business plan of Century Indemnity Company and/or Resolute discussing the handling and payment of claims and/or settlements regarding claims made against Reilly-Benton and/or Century Indemnity Company.

Item No. 67:

      Produce all documents regarding any business plan of Pacific Employers Insurance Company and/or Resolute discussing the handling and payment of claims and/or settlements regarding claims made against Reilly-Benton and/or Pacific Employers Insurance Company.

Item No. 68:

      Produce all documents regarding the number of asbestos-related claims currently pending against Reilly-Benton Company, Inc., including the specific asbestos-related diseases that form the basis of those claims.

Item No. 69:

      Produce all documents regarding the identity of the claimants who have currently pending asbestos-related claims against Reilly-Benton Company, Inc., including the specific asbestos-related diseases from which those claimants have brought a claim against Reilly-Benton Company, Inc.

Item No. 70:

      Produce all documents regarding the identity of the law firms representing claimants who

have currently pending asbestos-related claims against Reilly-Benton Company, Inc.

Item No. 71:
    Produce all documents regarding the date all currently pending asbestos-related claims against Reilly-Benton Company, Inc. were filed.

Item No. 72:
    Produce all documents regarding the status of all currently pending asbestos-related claims against Reilly-Benton Company, Inc.

Re: Reilly-Benton Bankruptcy - Deposition Request

**Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>**
Wed 5/18/2022 4:56 PM
To: Eric J. Derbes <EDerbes@derbeslaw.com>

Eric,

We still have not received a date for the deposition of Reilly-Benton Company, Inc. Please let me know when you would be available to meet and confer this week regarding the draft notice we sent and dates for Reilly-Benton's deposition.

Thanks,

Benjamin P. Dinehart
Roussel & Clement
1550 West Causeway Approach
Mandeville, LA 70471
985-778-2733

---

**From:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Sent:** Wednesday, April 20, 2022 11:20 AM
**To:** Eric J. Derbes <EDerbes@derbeslaw.com>
**Subject:** Re: Reilly-Benton Bankruptcy - Deposition Request

Eric,

Please find attached a draft notice for the deposition of Reilly-Benton Company, Inc.

Thanks,

Benjamin P. Dinehart
Roussel & Clement
1550  West Causeway Approach
Mandeville, LA 70471
985-778-2733

---

**From:** Eric J. Derbes <EDerbes@derbeslaw.com>
**Sent:** Friday, April 8, 2022 5:03 PM
**To:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Cc:** Tracy M. Whittle <twhittle@derbeslaw.com>
**Subject:** RE: Reilly-Benton Bankruptcy - Deposition Request

I received your email and we are checking.

Eric

**From:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Sent:** Friday, April 8, 2022 4:52 PM



EXHIBIT
6

**To:** Eric J. Derbes <EDerbes@derbeslaw.com>
**Subject:** Reilly-Benton Bankruptcy - Deposition Request

Eric,

Just a reminder that we would like a date for the deposition of your client, Reilly-Benton.

Thanks,

Benjamin P. Dinehart
Roussel & Clement
1550 West Causeway Approach
Mandeville, LA 70471
985-778-2733

## RE: Reilly-Benton Bankruptcy - Deposition Request

Eric J. Derbes <EDerbes@derbeslaw.com>
Wed 5/18/2022 5:19 PM
To: Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
Cc: Annette Arciniegas <aarciniegas@derbeslaw.com>

Benjamin,

I have spoken with Reilly Benton's sole remaining representative. Mr. Watters is 90 years old, his memory is failing, and he is in bad health. Moreover, he has little, if any, documents responsive to the information that you listed. I understand that you have deposed him several times in the past. Since there will be nothing meaningful that you will be able to get from the proposed deposition, please let me know if you will reconsider this overly expansive request.

Eric Derbes

---

**From:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Sent:** Wednesday, May 18, 2022 4:57 PM
**To:** Eric J. Derbes <EDerbes@derbeslaw.com>
**Subject:** Re: Reilly-Benton Bankruptcy - Deposition Request

Eric,

We still have not received a date for the deposition of Reilly-Benton Company, Inc.  Please let me know when you would be available to meet and confer this week regarding the draft notice we sent and dates for Reilly-Benton's deposition.

Thanks,

Benjamin P. Dinehart
Roussel & Clement
1550 West Causeway Approach
Mandeville, LA 70471
985-778-2733

---

**From:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Sent:** Wednesday, April 20, 2022 11:20 AM
**To:** Eric J. Derbes <EDerbes@derbeslaw.com>
**Subject:** Re: Reilly-Benton Bankruptcy - Deposition Request

Eric,

Please find attached a draft notice for the deposition of Reilly-Benton Company, Inc.

Thanks,

Benjamin P. Dinehart
Roussel & Clement
1550  West Causeway Approach
Mandeville, LA 70471



EXHIBIT

7

985-778-2733

---

**From:** Eric J. Derbes <EDerbes@derbeslaw.com>
**Sent:** Friday, April 8, 2022 5:03 PM
**To:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Cc:** Tracy M. Whittle <twhittle@derbeslaw.com>
**Subject:** RE: Reilly-Benton Bankruptcy - Deposition Request

I received your email and we are checking.

Eric

**From:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Sent:** Friday, April 8, 2022 4:52 PM
**To:** Eric J. Derbes <EDerbes@derbeslaw.com>
**Subject:** Reilly-Benton Bankruptcy - Deposition Request

Eric,

Just a reminder that we would like a date for the deposition of your client, Reilly-Benton.

Thanks,

Benjamin P. Dinehart
Roussel & Clement
1550 West Causeway Approach
Mandeville, LA 70471
985-778-2733

## Re: Reilly-Benton Bankruptcy - Deposition Request

**Roussel and Clement Attorney At Law** <rcfirm@rousselandclement.com>
Thu 5/19/2022 1:42 PM

To: Eric J. Derbes <EDerbes@derbeslaw.com>

Eric,

While we have deposed Mr. Watters in the past, we have not deposed him regarding the topics in our notice. If there are no information or documents responsive to any of our topics or items then it can be simply stated that Reilly-Benton Company is not in possession of the requested information or documents. Furthermore, if there is little information or documents available, then the deposition should be relatively short.

We need the information and documents requested in our notice in order to respond to discovery propounded in this matter. Please let me know by the close of business on Friday whether a date for Reilly-Benton Company, Inc.'s deposition will be provided, or whether we may need to seek the Court's assistance in this regard.

Sincerely,

Benjamin P. Dinehart
Roussel & Clement
1550 West Causeway Approach
Mandeville, LA 70471
985-778-2733

---

**From:** Eric J. Derbes <EDerbes@derbeslaw.com>
**Sent:** Wednesday, May 18, 2022 5:19 PM
**To:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Cc:** Annette Arciniegas <aarciniegas@derbeslaw.com>
**Subject:** RE: Reilly-Benton Bankruptcy - Deposition Request

Benjamin,

I have spoken with Reilly Benton's sole remaining representative. Mr. Watters is 90 years old, his memory is failing, and he is in bad health. Moreover, he has little, if any, documents responsive to the information that you listed. I understand that you have deposed him several times in the past. Since there will be nothing meaningful that you will be able to get from the proposed deposition, please let me know if you will reconsider this overly expansive request.

Eric Derbes

---

**From:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Sent:** Wednesday, May 18, 2022 4:57 PM
**To:** Eric J. Derbes <EDerbes@derbeslaw.com>
**Subject:** Re: Reilly-Benton Bankruptcy - Deposition Request

Eric,

We still have not received a date for the deposition of Reilly-Benton Company, Inc. Please let me know

EXHIBIT

8

when you would be available to meet and confer this week regarding the draft notice we sent and dates for Reilly-Benton's deposition.

Thanks,

Benjamin P. Dinehart
Roussel & Clement
1550 West Causeway Approach
Mandeville, LA 70471
985-778-2733

---

**From:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Sent:** Wednesday, April 20, 2022 11:20 AM
**To:** Eric J. Derbes <EDerbes@derbeslaw.com>
**Subject:** Re: Reilly-Benton Bankruptcy - Deposition Request

Eric,

Please find attached a draft notice for the deposition of Reilly-Benton Company, Inc.

Thanks,

Benjamin P. Dinehart
Roussel & Clement
1550  West Causeway Approach
Mandeville, LA 70471
985-778-2733

---

**From:** Eric J. Derbes <EDerbes@derbeslaw.com>
**Sent:** Friday, April 8, 2022 5:03 PM
**To:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Cc:** Tracy M. Whittle <twhittle@derbeslaw.com>
**Subject:** RE: Reilly-Benton Bankruptcy - Deposition Request

I received your email and we are checking.

Eric

---

**From:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Sent:** Friday, April 8, 2022 4:52 PM
**To:** Eric J. Derbes <EDerbes@derbeslaw.com>
**Subject:** Reilly-Benton Bankruptcy - Deposition Request

Eric,

Just a reminder that we would like a date for the deposition of your client, Reilly-Benton.

Thanks,

Benjamin P. Dinehart
Roussel & Clement

1550 West Causeway Approach
Mandeville, LA 70471
985-778-2733

Reilly-Benton Company, Inc. Bankruptcy

Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
Wed 6/22/2022 5:17 PM

To: adler_d@bellsouth.net <adler_d@bellsouth.net>;LA26@ecfcbis.com
<LA26@ecfcbis.com>;fbunol@derbeslaw.com <fbunol@derbeslaw.com>;derbespacer@gmail.com
<derbespacer@gmail.com>;derbeser72443@notify.bestcase.com <derbeser72443@notify.bestcase.com>;Leo
Congeni <leo@congenilawfirm.com>;michelle@congenilawfirm.com
<michelle@congenilawfirm.com>;Martha Y. Curtis (mcurtis@shergarner.com)
<mcurtis@shergarner.com>;derbespacer@gmail.com
<derbespacer@gmail.com>;derbeser72443@notify.bestcase.com
<derbeser72443@notify.bestcase.com>;James Garner
<jgarner@shergarner.com>;jchocheles@shergarner.com
<jchocheles@shergarner.com>;jstockstill@shergarner.com <jstockstill@shergarner.com>;katz@chaffe.com
<katz@chaffe.com>;Stephanie Laborde <slaborde@lalalawfirm.com>;Mary.Langston@usdoj.gov
<Mary.Langston@usdoj.gov>;tmadden@kingjurgens.com
<tmadden@kingjurgens.com>;tmadigan@shergarner.com <tmadigan@shergarner.com>;DAVID J. MESSINA
(messina@chaffe.com) <messina@chaffe.com>;bankruptcy@chaffe.com <bankruptcy@chaffe.com>

Dear Counselors:

Because we have been requesting dates for the deposition of Reilly-Benton Company, Inc., since April 6,
2022, but have not been offered a date for the same, we are noticing the deposition of Reilly-Benton
Company, Inc. for July 11, 2022 at 9:00 a.m. (Central Time). Please find attached a copy of the Notice of
Deposition, as well as subpoenas to be served upon Reilly-Benton Company, Inc. regarding the same.

Sincerely,

Benjamin P. Dinehart
Roussel & Clement
1550 West Causeway Approach
Mandeville, LA 70471
985-778-2733


EXHIBIT
9

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| REILLY-BENTON COMPANY, INC. | ) | Case No. 17-12870 |
| | ) | |
| DEBTORS | ) | Section A |
| ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ | ) | |

**NOTICE OF DEPOSITION PURSUANT TO 30(b)(6), FED.R.BANKR.P. 7030 AND 9014, AND NOTICE OF RECORDS DEPOSITION OF REILLY-BENTON COMPANY, INC.**

TO:   **ALL COUNSEL OF RECORD**

PLEASE TAKE NOTICE that the undersigned counsel for the Roussel & Clement Claimants[1] will take the deposition of **REILLY-BENTON COMPANY, INC.,** in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, and Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, through one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf concerning the matters listed with particularity herein below. This deposition shall be taken for all purposes permitted under the Federal Rules of Civil Procedure, and Federal Rules of Bankruptcy Procedure on **July 11, 2022,** beginning at **9:00 a.m. (Central Time)** (and continuing from day to day until completed) at the offices of **Roussel & Clement, 1550 West Causeway Approach, Mandeville, LA 70471,** before a duly qualified court

---

[1] The firm of Roussel & Clement represents claimants who have filed claims against Reilly-Benton Company, Inc., including, among others, Joseph F. Brazan, Mary Patsy Soileau Courville, surviving spouse of Nelcome J. Courville, Jr., Mavis Todd Courville, Michael Wade Courville, and Joseph Eric Courville, children of Nelcome J. Courville, Jr., Jeanette Richard Dugruise, surviving spouse of Orelie Joseph Dugruise, III, and Terry Joseph Dugruise, Mitchell Joseph Dugruise, and Kimberly Dugruise North, children of Orelie Joseph Dugruise, III, Joseph Alfred Hedges, Jr. and Renee Hedges Blum, individually and as agents and mandataries for Joseph Alfred Hedges, Sr., and  Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Sherry Tregre Cortez.

-1-

reporter or other person authorized by law to administer oaths. **REILLY-BENTON COMPANY, INC.** is called upon to designate and to make available for deposition at the stated time and place one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and to specify for each such person so designated to which of the matters listed below that person has consented to testify.

In addition, plaintiffs will take the records deposition of **REILLY-BENTON COMPANY, INC.** on **July 11, 2022,** beginning at **9:00 a.m. (Central Time)** (and continuing from day to day until completed) at the offices of **Roussel & Clement, 1550 West Causeway Approach, Mandeville, LA 70471,** for the purpose of obtaining all records and documents identified in Attachment "A" attached hereto and (1) to make a formal return on the subpoena duces tecum served on , which documents are described in Attachment "A;" (2) to discuss the search undertaken (and to identify by whom the search was undertaken) to locate the documents subpoenaed; and (3) to discuss the documents produced and where they were located. **THIS PORTION OF THE NOTICE IS FOR THE PURPOSE OF THE PRODUCTION OF RECORDS ONLY, AND IT MAY BE SATISFIED BY PROVIDING THE REQUESTED DOCUMENTS AND/OR INFORMATION TO ROUSSEL AND CLEMENT AT 1550 WEST CAUSEWAY APPROACH, MANDEVILLE, LOUISIANA 70471, PRIOR TO JULY 11, 2022.**

## DEFINITIONS

The words "Reilly-Benton" as used in this Notice and accompanying Attachment "A" are intended to refer to Reilly-Benton Company, Inc., and any and all predecessor and/or successor entities and/or divisions and/or subsidiaries of Reilly-Benton Company, Inc.

"Documents" shall mean, unless otherwise indicated, letters, papers, tests, reports,

-2-

publications, studies, evaluations, correspondence, telegrams, memoranda, records, books of account, ledgers, accounts, balance sheets, journals, minutes, contracts, payroll records, assignment sheets, memoranda of records of telephone or personal conversations or conferences, inter-office communications, microfilm, tape, disc, or other data recordings, bulletins, circulars, schedules, guides, pamphlets, studies, surveys, notices, summaries, reports, analysis, teletype messages, work sheets, price sheets, catalogues, invoices, credit memoranda, checks, vouchers, newspaper clippings or magazine clippings, desk calendar, telephone toll records, and all writings or recordings of any nature whatsoever. Where originals are not available, copies of such documents may be produced.

"All documents" shall mean every document, whether the original or copy, within a stated category, either known to the deponent or reasonable subject to identification, or that can be designated or located by the use of reasonable diligence.

<u>Topic A:</u>
To make a formal return on the documents and items described in Attachment "A."

<u>Topic B:</u>
To discuss the search undertaken (and to identify by whom the search was undertaken) to locate the documents and items described in Attachment "A."

<u>Topic C:</u>
To discuss the documents and items produced pursuant to Attachment "A" and where they were located as well as the document retention policies of Reilly-Benton Company, Inc..

<u>Topic No. 1:</u>
To testify regarding Reilly-Benton's relationship with Liberty Mutual Insurance Company.

<u>Topic No. 2:</u>
To testify regarding Reilly-Benton's relationship with Century Indemnity Company.

<u>Topic No. 3:</u>
To testify regarding Reilly-Benton's relationship with and Pacific Employers Insurance Company.

<u>Topic No. 4:</u>
To testify regarding Reilly-Benton's relationship with Resolute Management, Inc.

<u>Topic No. 5:</u>
To testify regarding Reilly-Benton's relationship with National Indemnity Company.

<u>Topic No. 6:</u>
      To testify regarding Reilly-Benton's relationship with Berkshire Hathaway, Inc.

<u>Topic No. 7:</u>
      To testify regarding any contracts and/or agreements between Reilly-Benton and Liberty Mutual Insurance Company regarding asbestos claims.

<u>Topic No. 8:</u>
      To testify regarding any contracts and/or agreements between Reilly-Benton and Century Indemnity Company regarding asbestos claims.

<u>Topic No. 9:</u>
      To testify regarding any contracts and/or agreements between Reilly-Benton and Pacific Employers Insurance Company regarding asbestos claims.

<u>Topic No. 10:</u>
      To testify regarding any contracts and/or agreements between Reilly-Benton and Resolute Management, Inc. regarding asbestos claims.

<u>Topic No. 11:</u>
      To testify regarding any contracts and/or agreements between Reilly-Benton and National Indemnity Company regarding asbestos claims.

<u>Topic No. 12:</u>
      To testify regarding any contracts and/or agreements between Reilly-Benton and Berkshire Hathaway, Inc. regarding asbestos claims.

<u>Topic No. 13:</u>
      To testify regarding Liberty Mutual Insurance Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Topic No. 14:</u>
      To testify regarding Century Indemnity Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Topic No. 15:</u>
      To testify regarding Pacific Employers Insurance Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Topic No. 16:</u>
      To testify regarding Resolute Management, Inc.'s involvement with the Reilly-Benton

Company, Inc.'s decision to file for bankruptcy.

Topic No. 17:
    To testify regarding National Indemnity Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

Topic No. 18:
    To testify regarding Berkshire Hathaway, Inc.'s involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

Topic No. 19:
    To testify regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

Topic No. 20:
    To testify regarding National Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

Topic No. 21:
    To testify regarding Berkshire Hathaway, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

Topic No. 22:
    To testify regarding Century Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

Topic No. 23:
    To testify regarding Pacific Employers Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

Topic No. 24:
    To testify regarding the motive behind the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

Topic No. 25:
    To testify regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

Topic No. 26:
    To testify regarding National Indemnity Company's involvement with the Settlement

Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

<u>Topic No. 27</u>:
     To testify regarding Berkshire Hathaway, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

<u>Topic No. 28</u>:
     To testify regarding Liberty Mutual Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

<u>Topic No. 29</u>:
     To testify regarding Pacific Employers Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

<u>Topic No. 30</u>:
     To testify regarding the motive behind the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

<u>Topic No. 31</u>:
     To testify regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

<u>Topic No. 32</u>:
     To testify regarding National Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

<u>Topic No. 33</u>:
     To testify regarding Berkshire Hathaway, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

<u>Topic No. 34</u>:
     To testify regarding Century Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

<u>Topic No. 35</u>:
     To testify regarding Liberty Mutual Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

<u>Topic No. 36</u>:
     To testify regarding the motive behind the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

Topic No. 37:
    To testify regarding all information considered by Reilly-Benton Company, Inc. and/or Liberty Mutual Insurance Company to arrive at the settlement amount.

Topic No. 38:
    To testify regarding all information considered by Reilly-Benton Company, Inc. and/or Century Indemnity Company to arrive at the settlement amount.

Topic No. 39:
    To testify regarding all information considered by Reilly-Benton Company, Inc. and/or Pacific Employers Insurance Company to arrive at the settlement amount.

Topic No. 40:
    To testify as to payments that have been made by Liberty Mutual Insurance Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products.

Topic No. 41:
    To testify as to payments that have been made by Liberty Mutual Insurance Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products.

Topic No. 42:
    To testify as to payments that have been made by Century Indemnity Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products.

Topic No. 43:
    To testify as to payments that have been made by Pacific Employers Insurance Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products.

Topic No. 44:
    To testify as to asbestos-related claims against Reilly-Benton Company, Inc. for which Liberty Mutual Insurance Company provided insurance coverage.

Topic No. 45:
    To testify as to asbestos-related claims against Reilly-Benton Company, Inc. for which Century Indemnity Company provided insurance coverage.

Topic No. 46:
    To testify as to asbestos-related claims against Reilly-Benton Company, Inc. for which Pacific Employers Insurance Company provided insurance coverage.

Topic No. 47:

    To testify as to any payments made by Century Indemnity Company which contributed to the alleged exhaustion of Century Indemnity Company's coverage obligation owed to Reilly-Benton Company, Inc.

Topic No. 48:

    To testify as to any payments made by Pacific Employers Insurance Company which contributed to the alleged exhaustion of Pacific Employers Insurance Company's coverage obligation owed to Reilly-Benton Company, Inc.

Topic No. 49:

    To testify as to any and all correspondence and/or documents between Reilly-Benton and Liberty Mutual Insurance Company regarding asbestos-related claims.

Topic No. 50:

    To testify as to any and all correspondence and/or documents between Reilly-Benton and Century Indemnity Company regarding asbestos-related claims.

Topic No. 51:

    To testify as to any and all correspondence and/or documents between Reilly-Benton and Pacific Employers Insurance Company regarding asbestos-related claims.

Topic No. 52:

    To testify as to any and all correspondence and/or documents between Reilly-Benton and Resolute Management, Inc. regarding asbestos-related claims.

Topic No. 53:

    To testify as to any and all correspondence and/or documents between Reilly-Benton and National Indemnity Company regarding asbestos-related claims.

Topic No. 54:

    To testify as to any and all correspondence and/or documents between Reilly-Benton and Berkshire Hathaway, Inc. regarding asbestos-related claims.

Topic No. 55:

    To testify as to all claim files for those claims which Reilly-Benton alleges have exhausted the policies issued to it by Liberty Mutual Insurance Company.

Topic No. 56:

    To testify as to all claim files for those claims which Reilly-Benton alleges have exhausted the policies issued to it by Century Indemnity Company.

Topic No. 57:

      To testify as to all claim files for those claims which Reilly-Benton alleges have exhausted the policies issued to it by Pacific Employers Insurance Company.

Topic No. 58:

      To testify as to all loss runs reports pertaining to payments made under the Liberty Mutual policies issued to Reilly-Benton as well as all backup documentation for the loss run reports.

Topic No. 59:

      To testify as to all loss runs reports pertaining to payments made under the Century Indemnity Company policies issued to Reilly-Benton as well as all backup documentation for the loss run reports.

Topic No. 60:

      To testify as to all loss runs reports pertaining to payments made under the Pacific Employers Insurance Company policies issued to Reilly-Benton as well as all backup documentation for the loss run reports.

Topic No. 61:

      To testify as to all underlying and supporting documents that were utilized to create the "ReillyBenton -Confirmation of Exhaustion" spreadsheet.

Topic No. 62:

      To testify as to how the decision was made by Liberty Mutual as to what claims were paid as "operations" claims, "products" claims, or any other claims and to testify as to the supporting documentation for those decisions.

Topic No. 63:

      To testify as to how the decision was made by Century Indemnity Company as to what claims were paid as "operations" claims, "products" claims, or any other claims and to testify as to the supporting documentation for those decisions

Topic No. 64:

      To testify as to how the decision was made by Pacific Employers Insurance Company as to what claims were paid as "operations" claims, "products" claims, or any other claims and to testify as to the supporting documentation for those decisions

Topic No. 65:

      To testify as to any business plan of Liberty Mutual and/or Resolute discussing the handling and payment of claims and/or settlements regarding claims made against Reilly-Benton and/or Liberty Mutual.

Topic No. 66:
     To testify as to any business plan of Century Indemnity Company and/or Resolute discussing the handling and payment of claims and/or settlements regarding claims made against Reilly-Benton and/or Century Indemnity Company.

Topic No. 67:
     To testify as to any business plan of Pacific Employers Insurance Company and/or Resolute discussing the handling and payment of claims and/or settlements regarding claims made against Reilly-Benton and/or Pacific Employers Insurance Company.

Topic No. 68:
     To testify as to the number of asbestos-related claims currently pending against Reilly-Benton Company, Inc., including the specific asbestos-related diseases that form the basis of those claims.

Topic No. 69:
     To testify as to the identity of the claimants who have currently pending asbestos-related claims against Reilly-Benton Company, Inc., including the specific asbestos-related diseases from which those claimants have brought a claim against Reilly-Benton Company, Inc.

Topic No. 70:
     To testify as to the identity of the law firms representing claimants who have currently pending asbestos-related claims against Reilly-Benton Company, Inc.

Topic No. 71:
     To testify as to the date all currently pending asbestos-related claims against Reilly-Benton Company, Inc. were filed.

Topic No. 72:
     To testify as to the status of all currently pending asbestos-related claims against Reilly-Benton Company, Inc.

Topic No. 73:

    To testify as to depositions and/or trial testimony given by executive officers and/or employees of Reilly-Benton Company, Inc.

**CERTIFICATE OF SERVICE**

    **I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon counsel for all parties by hand delivery, facsimile, e-mail, or by depositing same in the U.S. mail, postage prepaid and properly addressed, this 22nd day of June, 2022.

_____
BENJAMIN P. DINEHART

Respectfully submitted,
**ROUSSEL & CLEMENT**

_____
GEROLYN P. ROUSSEL - 1134
PERRY J. ROUSSEL, JR. - 20351
JONATHAN B. CLEMENT - 30444
LAUREN R. CLEMENT - 31106
BENJAMIN P. DINEHART - 33096
1550 West Causeway Approach
Mandeville, LA  70471
Telephone:  (985) 778-2733
Facsimile:  (985) 778-2734
ATTORNEYS FOR PLAINTIFFS

-11-

**REILLY-BENTON COMPANY, INC.**

### ATTACHMENT " A "

Pursuant to the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy

Procedure, the Roussel & Clement Creditors requests that the deponent, **Reilly-Benton**

**Company, Inc.,** produce the following at the deposition on the date and time noted in the Notice

of Records Deposition and in the subpoena.

**I.**

### DEFINITIONS

The following definitions shall apply for the purposes of this subpoena:

A. "Documents" shall mean, unless otherwise indicated, letters, papers, tests, reports, publications, studies, evaluations, correspondence, telegrams, memoranda, records, books of account, ledgers, accounts, balance sheets, journals, minutes, contracts, payroll records, employee assignment sheets, memoranda of records of telephone or personal conversations or conferences, inter-office communications, microfilm, tape, disc, or other data recordings, bulletins, circulares, schedules, guides, pamphlets, studies, surveys, notices, summaries, reports, analysis, teletype messages, work sheets, price sheets, catalogues, invoices, credit memoranda, checks, vouchers, newspaper clippings or magazine clippings, desk calendar, telephone toll records, and all writings or recordings of any nature whatsoever. Where originals are not available, copies of such documents may be produced.

B. "All documents" shall mean every document, whether the original or copy, within a stated category, either known to the deponent or reasonable subject to identification, or that can be designated or located by the use of reasonable diligence.

**II.**

### THINGS, DOCUMENTS AND CATEGORIES OF DOCUMENTS TO BE PRODUCED

Item No. 1:
    Produce all documents regarding Reilly-Benton's relationship with Liberty Mutual Insurance Company.

Item No. 2:
    Produce all documents regarding Reilly-Benton's relationship with Century Indemnity

Company.

Item No. 3:
    Produce all documents regarding Reilly-Benton's relationship with and Pacific Employers Insurance Company.

Item No. 4:
    Produce all documents regarding Reilly-Benton's relationship with Resolute Management, Inc.

Item No. 5:
    Produce all documents regarding Reilly-Benton's relationship with National Indemnity Company.

Item No. 6:
    Produce all documents regarding Reilly-Benton's relationship with Berkshire Hathaway, Inc.

Item No. 7:
    Produce all documents regarding any contracts and/or agreements between Reilly-Benton and Liberty Mutual Insurance Company regarding asbestos claims.

Item No. 8:
    Produce all documents regarding any contracts and/or agreements between Reilly-Benton and Century Indemnity Company regarding asbestos claims.

Item No. 9:
    Produce all documents regarding any contracts and/or agreements between Reilly-Benton and Pacific Employers Insurance Company regarding asbestos claims.

Item No. 10:
    Produce all documents regarding any contracts and/or agreements between Reilly-Benton and Resolute Management, Inc. regarding asbestos claims.

Item No. 11:
    Produce all documents regarding any contracts and/or agreements between Reilly-Benton and National Indemnity Company regarding asbestos claims.

Item No. 12:
    Produce all documents regarding any contracts and/or agreements between Reilly-Benton and Berkshire Hathaway, Inc. regarding asbestos claims.

<u>Item No. 13:</u>
    Produce all documents regarding Liberty Mutual Insurance Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Item No. 14:</u>
    Produce all documents regarding Century Indemnity Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Item No. 15:</u>
    Produce all documents regarding Pacific Employers Insurance Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Item No. 16:</u>
    Produce all documents regarding Resolute Management, Inc.'s involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Item No. 17:</u>
    Produce all documents regarding National Indemnity Company's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Item No. 18:</u>
    Produce all documents regarding Berkshire Hathaway, Inc.'s involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

<u>Item No. 19:</u>
    Produce all documents regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

<u>Item No. 20:</u>
    Produce all documents regarding National Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

<u>Item No. 21:</u>
    Produce all documents regarding Berkshire Hathaway, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

<u>Item No. 22:</u>
    Produce all documents regarding Century Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

Item No. 23:
     Produce all documents regarding Pacific Employers Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

Item No. 24:
     Produce all documents regarding the motive behind the Settlement Agreement between Reilly-Benton Company, Inc. and Liberty Mutual Insurance Company.

Item No. 25:
     Produce all documents regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

Item No. 26:
     Produce all documents regarding National Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

Item No. 27:
     Produce all documents regarding Berkshire Hathaway, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

Item No. 28:
     Produce all documents regarding Liberty Mutual Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

Item No. 29:
     Produce all documents regarding Pacific Employers Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

Item No. 30:
     Produce all documents regarding the motive behind the Settlement Agreement between Reilly-Benton Company, Inc. and Century Indemnity Company.

Item No. 31:
     Produce all documents regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

Item No. 32:
     Produce all documents regarding National Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance

Company.

Item No. 33:
    Produce all documents regarding Berkshire Hathaway, Inc.'s involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

Item No. 34:
    Produce all documents regarding Century Indemnity Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

Item No. 35:
    Produce all documents regarding Liberty Mutual Insurance Company's involvement with the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

Item No. 36:
    Produce all documents regarding the motive behind the Settlement Agreement between Reilly-Benton Company, Inc. and Pacific Employers Insurance Company.

Item No. 37:
    Produce all documents regarding all information considered by Reilly-Benton Company, Inc. and/or Liberty Mutual Insurance Company to arrive at the settlement amount.

Item No. 38:
    Produce all documents regarding all information considered by Reilly-Benton Company, Inc. and/or Century Indemnity Company to arrive at the settlement amount.

Item No. 39:
    Produce all documents regarding all information considered by Reilly-Benton Company, Inc. and/or Pacific Employers Insurance Company to arrive at the settlement amount.

Item No. 40:
    Produce all documents as to payments that have been made by Liberty Mutual Insurance Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products.

Item No. 41:
    Produce all documents as to payments that have been made by Liberty Mutual Insurance Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products.

-16-

Item No. 42:

      Produce all documents as to payments that have been made by Century Indemnity Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products.

Item No. 43:

      Produce all documents as to payments that have been made by Pacific Employers Insurance Company for bodily injury claims against Reilly-Benton Company, Inc. from contracting claims versus bodily injury claims against Reilly-Benton Company, Inc. from sale of products.

Item No. 44:

      Produce all documents as to asbestos-related claims against Reilly-Benton Company, Inc. for which Liberty Mutual Insurance Company provided insurance coverage.

Item No. 45:

      Produce all documents as to asbestos-related claims against Reilly-Benton Company, Inc. for which Century Indemnity Company provided insurance coverage.

Item No. 46:

      Produce all documents as to asbestos-related claims against Reilly-Benton Company, Inc. for which Pacific Employers Insurance Company provided insurance coverage.

Item No. 47:

      Produce all documents as to any payments made by Century Indemnity Company which contributed to the alleged exhaustion of Century Indemnity Company's coverage obligation owed to Reilly-Benton Company, Inc.

Item No. 48:

      Produce all documents as to any payments made by Pacific Employers Insurance Company which contributed to the alleged exhaustion of Pacific Employers Insurance Company's coverage obligation owed to Reilly-Benton Company, Inc.

Item No. 49:

      Produce any and all correspondence and/or documents between Reilly-Benton and Liberty Mutual Insurance Company regarding asbestos-related claims.

Item No. 50:

      Produce any and all correspondence and/or documents between Reilly-Benton and Century Indemnity Company regarding asbestos-related claims.

Item No. 51:
      Produce any and all correspondence and/or documents between Reilly-Benton and Pacific Employers Insurance Company regarding asbestos-related claims.

Item No. 52:
      Produce any and all correspondence and/or documents between Reilly-Benton and Resolute Management, Inc. regarding asbestos-related claims.

Item No. 53:
      Produce any and all correspondence and/or documents between Reilly-Benton and National Indemnity Company regarding asbestos-related claims.

Item No. 54:
      Produce any and all correspondence and/or documents between Reilly-Benton and Berkshire Hathaway, Inc. regarding asbestos-related claims.

Item No. 55:
      Produce all claim files for those claims which Reilly-Benton alleges have exhausted the policies issued to it by Liberty Mutual Insurance Company.

Item No. 56:
      Produce all claim files for those claims which Reilly-Benton alleges have exhausted the policies issued to it by Century Indemnity Company.

Item No. 57:
      Produce all claim files for those claims which Reilly-Benton alleges have exhausted the policies issued to it by Pacific Employers Insurance Company.

Item No. 58:
      Produce all loss runs reports pertaining to payments made under the Liberty Mutual policies issued to Reilly-Benton as well as all backup documentation for the loss run reports.

Item No. 59
      Produce all loss runs reports pertaining to payments made under the Century Indemnity Company policies issued to Reilly-Benton as well as all backup documentation for the loss run reports.

Item No. 60:
      Produce all loss runs reports pertaining to payments made under the Pacific Employers Insurance Company policies issued to Reilly-Benton as well as all backup documentation for the loss run reports.

-18-

Item No. 61:
     Produce all underlying and supporting documents that were utilized to create the "ReillyBenton -Confirmation of Exhaustion" spreadsheet.

Item No. 62:
     Produce all documents regarding how the decision was made by Liberty Mutual as to what claims were paid as "operations" claims, "products" claims, or any other claims and to testify as to the supporting documentation for those decisions.

Item No. 63:
     Produce all documents regarding how the decision was made by Century Indemnity Company as to what claims were paid as "operations" claims, "products" claims, or any other claims and to testify as to the supporting documentation for those decisions

Item No. 64:
     Produce all documents regarding how the decision was made by Pacific Employers Insurance Company as to what claims were paid as "operations" claims, "products" claims, or any other claims and to testify as to the supporting documentation for those decisions

Item No. 65:
     Produce all documents regarding any business plan of Liberty Mutual and/or Resolute discussing the handling and payment of claims and/or settlements regarding claims made against Reilly-Benton and/or Liberty Mutual.

Item No. 66:
     Produce all documents regarding any business plan of Century Indemnity Company and/or Resolute discussing the handling and payment of claims and/or settlements regarding claims made against Reilly-Benton and/or Century Indemnity Company.

Item No. 67:
     Produce all documents regarding any business plan of Pacific Employers Insurance Company and/or Resolute discussing the handling and payment of claims and/or settlements regarding claims made against Reilly-Benton and/or Pacific Employers Insurance Company.

Item No. 68:
     Produce all documents regarding the number of asbestos-related claims currently pending against Reilly-Benton Company, Inc., including the specific asbestos-related diseases that form the basis of those claims.

Item No. 69:
     Produce all documents regarding the identity of the claimants who have currently pending asbestos-related claims against Reilly-Benton Company, Inc., including the specific asbestos-related diseases from which those claimants have brought a claim against Reilly-Benton

-19-

Company, Inc.

Item No. 70:
    Produce all documents regarding the identity of the law firms representing claimants who have currently pending asbestos-related claims against Reilly-Benton Company, Inc.

Item No. 71:
    Produce all documents regarding the date all currently pending asbestos-related claims against Reilly-Benton Company, Inc. were filed.

Item No. 72:
    Produce all documents regarding the status of all currently pending asbestos-related claims against Reilly-Benton Company, Inc.

Item No. 73:
    Produce all depositions and/or trial testimony given by executive officers and/or employees of Reilly-Benton Company, Inc.

B2560 (Form Subpoena in a Bankruptcy Case or Adversary Proceeding)

# UNITED STATES BANKRUPTCY COURT

_Eastern_     District of _Louisiana_

In re _Reilly Benton Company Inc_
             Debtor

Case No. _17 – 12870_

_(Complete if issued in an adversary proceeding)_

Chapter _7_

_____
Plaintiff
v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _Reilly Benton Company Inc_
                _(Name of person to whom the subpoena is directed)_

☑ _Testimony_: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: _See Notice of Deposition_

| PLACE _Roussel & Clement_ _1550 W. Causeway Approach_ _Mandeville, LA 70171_ | DATE AND TIME _07/11/2022_ _9:00 am_ |
|---|---|

The deposition will be recorded by this method: _____

☐ _Production_: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _6/22/22_

CLERK OF COURT

                      OR _Benjamin P. Rinehart_

_____               _____
_Signature of Clerk or Deputy Clerk_            _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_
_Roussel & Clement Creditor_ who issues or requests this subpoena, are:
_Benjamin Dinehart 1550 W. Causeway Approach Mandeville, LA_
_985-778-2733_ **Notice to the person who issues or requests this subpoena** _rclem@rousseland_
_clement.com_
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form ... Subpoena to Produce Documents, Information, or Objects or to Permit Inspection (Page 3)

# PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Produce Documents, Information, or Objects or to Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 3)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2570 (Form ...)

# UNITED STATES BANKRUPTCY COURT

_Eastern_ District of _Louisiana_

In re _Reilly Benton Company Inc_
Debtor

_(Complete if issued in an adversary proceeding)_

Case No. _17-12870_

Chapter _7_

_____
Plaintiff
v.
_____
Defendant

Adv. Proc. No. _____

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _Reilly Benton Company Inc_
_(Name of person to whom the subpoena is directed)_

☒ _Production_: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: _See Notice of Deposition_

| PLACE _Roussel & Clement_ _1550 W Causeway Approach_ _Mandeville LA 70471_ | DATE AND TIME _07/11/22   9:00am_ |
|---|---|

☐ _Inspection of Premises_: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _6/22/22_

CLERK OF COURT

_____          OR          _Benjamin P. Dinehart_
Signature of Clerk or Deputy Clerk                    _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_ _Roussel & Clement Creditors_ who issues or requests this subpoena, are:
_Benjamin Dinehart, 1550 W Causeway Approach Mandeville LA_
_985-778-2733_          **Notice to the person who issues or requests this subpoena** _rbc.mc@roosseland_ _clement.com_

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2570 (Form ...)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the
witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .


I declare under penalty of perjury that this information is true and correct.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*


Additional information concerning attempted service, etc.:

B2570 (Form...)

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:

(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person, and

(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_Eastern_ _____ District of _Louisiana_

In re _Reilly Benton Company Inc_
_____
Debtor

Case No. _17-12870_

_(Complete if issued in an adversary proceeding)_

Chapter _7_

_____
Plaintiff

v.

Adv. Proc. No. _____

_____
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _Reilly Benton Company Inc_
_____
_(Name of person to whom the subpoena is directed)_

☒ _Production:_ **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: _See Notice of Deposition_

| PLACE _Roussel & Clement_ _1550 W Causeway Approach_ _Mandeville LA 70471_ | DATE AND TIME _07/11/22 9:00am_ |
|---|---|

☐ _Inspection of Premises:_ **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _6/22/22_

CLERK OF COURT

OR

_____
Signature of Clerk or Deputy Clerk

_Benjamin P. Rinehart_
_Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_ _Roussel & Clement Creditors_ who issues or requests this subpoena, are:
_Benjamin Dinehart, 1550 W Causeway Approach Mandeville LA_
_985-778-2733_ **Notice to the person who issues or requests this subpoena** _bdinehart@rousselclement.com_
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

**EXHIBIT 10**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*:  __Reilly Benton Company, Inc.__
on *(date)* June 23, 2022

[X] I served the subpoena by delivering a copy to the named person as follows:  __Chastine Watters__

_____ on *(date)*  June 23, 2022        ; or

[ ] I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _____ .

My fees are $ _____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true and correct.

Date:  June 23, 2022

_____
*Server's signature*

__Marselina Gioia_____
*Printed name and title*

__1550 West Causeway Approach, Mandeville, LA  70471__
*Server's address*

Additional information concerning attempted service, etc.:

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

_Eastern_ District of _Louisiana_

In re _Reilly Benton Company Inc_
_____ Debtor _____

_(Complete if issued in an adversary proceeding)_

Case No. _17 - 12870_

Chapter _7_

_____ Plaintiff _____

v.

Adv. Proc. No. _____

_____ Defendant _____

## SUBPOENA TO TESTIFY AT A DEPOSITION
## IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: _Reilly Benton Company Inc_
_(Name of person to whom the subpoena is directed)_

☑ _Testimony_: **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this bankruptcy case (or adversary proceeding). If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment: _See Notice of Deposition_

| PLACE _Roussel & Clement_ _1550 W. Causeway Approach_ _Mandeville LA 70471_ | DATE AND TIME _07/11/2022 9:00 am_ |

The deposition will be recorded by this method: _____

☐ _Production_: You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _6/22/22_

CLERK OF COURT

OR

_Benjamin P. Dinehart_
_____ Signature of Clerk or Deputy Clerk _____          _Attorney's signature_

The name, address, email address, and telephone number of the attorney representing _(name of party)_ _Roussel & Clement Co.,_ who issues or requests this subpoena, are:
_Benjamin Dinehart 1550 W. Causeway Approach, Mandeville LA_
_985-778-2733_ **Notice to the person who issues or requests this subpoena** _rdm@roussel and clement.com_
If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B2560 (Form 2560 – Subpoena to Testify at a Deposition in a Bankruptcy Case or Adversary Proceeding) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: ___Reilly Benton Company, Inc.___
on *(date)* June 23, 2022

[X] I served the subpoena by delivering a copy to the named person as follows: ___Chastine Watters___

_____ on *(date)* June 23, 2022 ___ ; or

[ ] I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ 84.62 .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true and correct.

Date: June 23, 2022

*Marselina Gioia*
*Server's signature*

Marselina Gioia
*Printed name and title*

1550 West Causeway Approach, Mandeville, LA 70471
*Server's address*

Additional information concerning attempted service, etc.:

**Reilly-Benton deposition**

Patrick S. Garrity <pgarrity@derbeslaw.com>
Wed 7/6/2022 4:41 PM

To: Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>;gerolynroussel@icloud.com <gerolynroussel@icloud.com>

Cc: Albert J. Derbes IV <AJDIV@derbeslaw.com>;David J. Messina (messina@chaffe.com) <messina@chaffe.com>;slaborde@lalalawfirm.com <slaborde@lalalawfirm.com>;William Robbins (wrobbins@stewartrobbins.com) <wrobbins@stewartrobbins.com>;JAMES M. GARNER (jgarner@shergarner.com) <jgarner@shergarner.com>;Charles Pisano (cpisano@roedelparsons.com) <cpisano@roedelparsons.com>;Mark D. Plevin (mplevin@crowell.com) <mplevin@crowell.com>;Amanda Schenck (aschenck@shergarner.com) <aschenck@shergarner.com>;John M. Sylvester (john.sylvester@klgates.com) <john.sylvester@klgates.com>;Leo Congeni (leo@congenilawfirm.com) <leo@congenilawfirm.com>;Martha Y. Curtis (mcurtis@shergarner.com) <mcurtis@shergarner.com>;Douglas R. Gooding (dgooding@choate.com) <dgooding@choate.com>

Ben:

This email will confirm that the oral deposition of Reilly-Benton through its sole remaining representative, Mr. Warren Watters, will not take place on Monday, July 11, 2022. As we discussed, due to Mr. Watters age (95) and dementia, a deposition by written questions may be more appropriate. We will produce the documents we were able to obtain from Mr. Watters that are responsive to your discovery requests. I am working on a response to the topics listed on the notice of deposition that will provide you an outline of what information Mr. Watters has and what questions he is able to answer. I should be able to send you the response tomorrow.

If you have any questions or if I have misstated our agreement, please advise as soon as possible.

Patrick S. Garrity
*Board Certified Business Bankruptcy Specialist*
3027 Ridgelake Drive
Metairie, LA 70002
pgarrity@derbeslaw.com
Direct Phone: (504) 207-0920
Direct Fax: (504) 684-5507
www.derbeslaw.com





EXHIBIT
**11**

CONFIDENTIALITY NOTICE

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. This e-mail, and any attachments hereto, are intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. Reading, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this e- mail in error, please contact the sender by return e-mail and permanently delete the original and any copy of this e-mail from your computer and destroy any printout thereof. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine. The typewritten signature included with this e-mail is not an electronic signature within the meaning of Electronic Signatures in the Global and National Commerce Act or

any other law of similar import, including without limitation, the Uniform Electronic Transactions Act, as the same may be enacted in any State. This communication is not intended to be used, and cannot be used, as an opinion for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

## RE: Reilly-Benton deposition

**Patrick S. Garrity** <pgarrity@derbeslaw.com>

Thu 7/7/2022 1:46 PM

To: Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>

Cc: Albert J. Derbes IV <AJDIV@derbeslaw.com>

Ben:

Thank you for your reply. We will have the responsive documents by July 11. Unfortunately, Mr. Watters is the lone surviving representative of Reilly-Benton. We are not aware of anyone else that would be able to testify on the company's behalf. Please let me know how you wish to proceed.

Patrick S. Garrity

**From:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
**Sent:** Thursday, July 7, 2022 1:40 PM
**To:** Patrick S. Garrity <pgarrity@derbeslaw.com>
**Subject:** Re: Reilly-Benton deposition

Dear Patrick,

This confirms that the oral deposition of Reilly-Benton Company, Inc. scheduled for July 11, 2022 is being postponed. My understanding is that you would be providing what responsive documents exist by July 11, 2022. Furthermore, I have spoken with Gerolyn regarding the possibility of conducting the deposition by written questions, and we feel we will need a live deposition on our topics. As mentioned during our conversation on July 5, 2022, we need the information we are seeking from Reilly-Benton in order to respond to the discovery requests propounded upon us in this matter. If Mr. Watters cannot, then another representative will need to be prepared to testify as Reilly-Benton's corporate representative. Please provide dates for the deposition of Reilly-Benton as soon as possible.

Sincerely,

Benjamin P. Dinehart
Roussel & Clement
1550 West Causeway Approach
Mandeville, LA 70471
985-778-2733

**From:** Patrick S. Garrity <pgarrity@derbeslaw.com>
**Sent:** Wednesday, July 6, 2022 4:41 PM
**To:** Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>; gerolynroussel@icloud.com <gerolynroussel@icloud.com>
**Cc:** Albert J. Derbes IV <AJDIV@derbeslaw.com>; David J. Messina (messina@chaffe.com) <messina@chaffe.com>; slaborde@lalalawfirm.com <slaborde@lalalawfirm.com>; William Robbins (wrobbins@stewartrobbins.com) <wrobbins@stewartrobbins.com>; JAMES M. GARNER (jgarner@shergarner.com) <jgarner@shergarner.com>; Charles Pisano (cpisano@roedelparsons.com) <cpisano@roedelparsons.com>; Mark D. Plevin (mplevin@crowell.com) <mplevin@crowell.com>; Amanda Schenck (aschenck@shergarner.com) <aschenck@shergarner.com>; John M. Sylvester (john.sylvester@klgates.com) <john.sylvester@klgates.com>; Leo Congeni (leo@congenilawfirm.com)

**EXHIBIT**
**12**

<leo@congenilawfirm.com>; Martha Y. Curtis (mcurtis@shergarner.com) <mcurtis@shergarner.com>; Douglas R. Gooding (dgooding@choate.com) <dgooding@choate.com>
**Subject:** Reilly-Benton deposition

Ben:

This email will confirm that the oral deposition of Reilly-Benton through its sole remaining representative, Mr. Warren Watters, will not take place on Monday, July 11, 2022. As we discussed, due to Mr. Watters age (95) and dementia, a deposition by written questions may be more appropriate. We will produce the documents we were able to obtain from Mr. Watters that are responsive to your discovery requests. I am working on a response to the topics listed on the notice of deposition that will provide you an outline of what information Mr. Watters has and what questions he is able to answer. I should be able to send you the response tomorrow.

If you have any questions or if I have misstated our agreement, please advise as soon as possible.

Patrick S. Garrity
*Board Certified Business Bankruptcy Specialist*
3027 Ridgelake Drive
Metairie, LA 70002
pgarrity@derbeslaw.com
Direct Phone: (504) 207-0920
Direct Fax: (504) 684-5507
www.derbeslaw.com





CONFIDENTIALITY NOTICE

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. This e-mail, and any attachments hereto, are intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. Reading, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this e-mail in error, please contact the sender by return e-mail and permanently delete the original and any copy of this e-mail from any computer and destroy any printout thereof. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine. The typewritten signature included with this e-mail is not an electronic signature within the meaning of Electronic Signatures in the Global and National Commerce Act or any other law of similar import, including without limitation, the Uniform Electronic Transactions Act, as the same may be enacted in any State. This communication is not intended to be used, and cannot be used, as an opinion for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

**Reilly-Benton response to SDT**

Patrick S. Garrity <pgarrity@derbeslaw.com>

Mon 7/11/2022 3:06 PM

To: Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>

Cc: Albert J. Derbes IV <AJDIV@derbeslaw.com>

Ben:

Please see attached. A link to the documents is below. Included in the production are copies of prior depositions of Mt. Watters and a privilege log. I have withheld about 10 pages which may be subject to work product or attorney-client privilege. I am trying to determine if any of those documents are privileged. If I produce the documents and later determine that the documents are privileged, it is our agreement that the production of those documents does not constitute a waiver of the attorney-client privilege. If that is not the terms of our agreement, please advise immediately.

https://derbeslaw-my.sharepoint.com/:f:/p/bardeneaux/Empo42sWoCpMp77hUET8y-cB26KK0h18vlXsLzAwn5xc3g?e=Z62sS5

Patrick S. Garrity
*Board Certified Business Bankruptcy Specialist*
3027 Ridgelake Drive

Metairie, LA 70002
pgarrity@derbeslaw.com
Direct Phone: (504) 207-0920
Direct Fax: (504) 684-5507
www.derbeslaw.com



# DERBES
### LAW FIRM LLC

CONFIDENTIALITY NOTICE

This email is covered by the Electronic Communications Privacy Act, 18 U.S.C. Sections 2510-2521. This e-mail, and any attachments hereto, are intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. Reading, retransmission, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited. If you have received this e- mail in error, please contact the sender by return e-mail and permanently delete the original and any copy of this e-mail from your computer and destroy any printout thereof. The receipt by anyone other than the intended recipient does not waive the attorney-client privilege; neither will it constitute a waiver of the work-product doctrine. The typewritten signature included with this e-mail is not an electronic signature within the meaning of Electronic Signatures in the Global and National Commerce Act or any other law of similar import, including without limitation, the Uniform Electronic Transactions Act, as the same may be enacted in any State. This communication is not intended to be used, and cannot be used, as an opinion for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any transaction or matter addressed herein.

EXHIBIT
**13**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re:

REILLY-BENTON COMPANY, INC.,

      Debtors.

Case No. 17-12870

Chapter 7

Judge Grabill

## RESPONSE TO SUBPOENA DUCES TECUM

**NOW INTO COURT,** through undersigned counsel, comes the Debtor, Reilly-Benton Company, Inc., which produces the documents attached as Exhibit "A" in response to the subpoena duces tecum of the Roussel & Clement Claimants.

July 11, 2022

Respectfully Submitted:

*/s/ Patrick S. Garrity*
ALBERT J. DERBES, IV (#20164)
PATRICK S. GARRITY (#23744)
THE DERBES LAW FIRM, LLC
3027 Ridgelake Drive
Metairie, LA 70002
Telephone: (504) 207-0920
Email: pgarrity@derbeslaw.com
*Attorneys for the Debtor*

**EXHIBIT**
**14**