# UNITED STATES BANKRUPTCY COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | : | CASE NO. 17-12870 |
| | : | |
| REILLY-BENTON COMPANY, INC. | : | SECTION "B" |
| | : | |
| DEBTOR | : | CHAPTER 7 |

## LOUISIANA INSURANCE GUARANTY ASSOCIATION'S
## MOTION TO QUASH OR ALTERNATIVEY, FOR PROTECTIVE ORDER AND INCORPORATED MEMORANDUM IN SUPPORT

NOW INTO COURT, through undersigned counsel, comes the Louisiana Insurance Guaranty Association ("LIGA"), who files this motion seeking an order quashing, or alternatively providing a protective order as to the records and oral deposition notice served on LIGA by the objecting parties represented by the law firm of Roussel & Clement ("Roussel Objectors")[1]. In support of this motion, LIGA respectfully states as follows:

## JURISDICTION AND VENUE

---

[1] The Deposition Notice includes a footnote that "[t]he firm of Roussel & Clement represents claimants who have filed claims against [the Debtor], including Frank James Brazan, Pennie Ann Brazan Kliebert, Shane Anthony Brazen, Jason Joseph Brazan, and Carmel Theresa Brazan Bourg, Mary Patsy Soileau Courville, Mavis Todd Courville, Michael Wade Courville, and Joseph Eric Courville, Joseph Alfred Hedges, Jr. and Renee Hedges Blum, and Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Shetty Tregre Cortez" (collectively, the "Potentially Propounding Persons"). The Deposition Notice does not, however, specify on whose behalf the Deposition Notice is actually propounded. Significantly, Frank James Brazan, Pennie Ann Brazan Kliebert, Shane Anthony Brazen, Jason Joseph Brazan, Carmel Theresa Brazan Bourg, Joseph Alfred Hedges, Jr., Renee Hedges Blum, Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Shetty Tregre Cortez are identified as neither Roussel & Clement Creditors nor Landry & Swarr Creditors in their objections. As such, these individuals are without standing to the Contested Matter and are not entitled to seek the information or documentation sought via the Deposition Notice.

1.     This court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue is proper in this district pursuant to 28 U.S.C. § 1408 and 1409.

2.     The statutory predicates for the relief sought include Fed. R. Civ. P. 26(b) and (c), Fed. R. Civ. P. 30(b)(6), Fed. R. Bankr. P. 7026, 7030, and 9014, and Local Rule 9013-1.

## BACKGROUND AND ARGUMENT

### I.     Settlement Motion and Original Trial Date

3.     The Trustee and LIGA have agreed to settle certain claims, under the terms and conditions set forth in the *Trustee's Motion for an Order Approving Settlement Between the Trustee for Reilly Benton, Inc. and Louisiana Insurance Guaranty Association* (Docket No. 48) ("Settlement Motion"). The Roussel Objectors have filed an objection to the Settlement Motion.

4.     An evidentiary trial on the Settlement Motion was scheduled by this Court for November 3, 4, 5, 7, 8 and 10, 2022. ("Original November Trial Date"). The Original Trial Date was set immediately prior to another evidentiary trial as to the Trustee's settlement with Century Indemnity Company (the "Century Settlement" and "Century"). The Roussel Objectors also objected to the Century Settlement.

### II.     Roussel Objectors Fail to Adequately Respond to Discovery Regarding Barred Claims Against LIGA

5.     LIGA and the Trustee have maintained in numerous pleadings that the Roussel Objectors are barred from receiving any payments or making any claims against LIGA because they failed to make timely claims against LIGA as required in the applicable statutes.[2]

---

[2] For a more detailed discussion of these barred claims, please see *Response by the Trustee and LIGA to Objectors' Motion for Summary Judgment Directed to the Motion for Approval of Settlement with LIGA*, pp 5-10, [Docket No. 145].

6.    LIGA and the Trustee have propounded discovery on the Roussel Objectors seeking admission that they have failed to make timely claims, or in the alternative, seeking any and all facts and documents which show otherwise.

7.    The Roussel Objectors have to date failed to provide adequate responses to the LIGA Discovery.  After objections to the initial discovery, this Court directed the Trustee and LIGA to provide more concise requests, which the Trustee and LIGA provided to the Roussel Objectors on July 29, 2022, a copy of which is attached as **Exhibit "A"** hereto ("LIGA Discovery").  The LIGA Discovery had one simple request for admission that the Roussel Objectors had failed to file a timely claim against LIGA, and if such request was not admitted, the LIGA Discovery requested full background facts, and all related documents, showing otherwise.  The Roussel Objectors denied the request for admission, but have failed provide any adequate requested background facts or documents that form the basis for their denial (See response attached hereto as **Exhibit "B"**).

**III.    30(b)(6) Deposition Request by Roussel Objectors**

8.    Undersigned counsel received a draft notice seeking records and a corporate deposition of LIGA under FRCP 30(b)(6).  Undersigned counsel sent a letter to counsel for the Roussel Objectors with concerns over the scope and breadth covered in the draft notice.  Counsel for the parties met and conferred on August 9, 2022, regarding the draft notice.  Recognizing the exigent time frame imposed by the Original November Trial Date and its related discovery deadline of September 6, 2022, undersigned counsel agreed to provide some type of response for the records request by September 2, 2022, and to an oral deposition on September 15, 2022. Despite the exigent nature of the discovery, the Roussel Objectors did not serve their final notice of records and oral deposition until August 16, 2022 ("Deposition Notice"), a copy of which is

attached hereto as **Exhibit "C"**, allowing LIGA a mere 17 days from the notice to respond.

### IV.    The Original November Trial Date is Rescheduled

9.    After numerous discovery-related motions and disputes related to the Settlement Motion and the Century Settlement, all parties recognized that extensions of the discovery deadlines and trial dates were required.  A consent motion seeking extension was filed on August 26, 2022 [Docket No. 205].

10.    This Court conducted a hearing on the issues presented in such consent motion on August 29, 2022, and rescheduled the trials on the Settlement Motion and the Century Settlement, with the LIGA trial set to begin on February 6, 2022.  The Court also extended the discovery deadlines until December 15, 2022, and the Court is to set a future deadline for dispositive motions.

11.    Following the August 29, 2022 hearing, undersigned counsel contacted counsel for the Roussel Objectors seeking a reasonable extension of the records return date of September 2, 2022, and the related oral deposition date of September 15, 2022.  Undersigned counsel noted that the dates had been agreed to merely to facilitate the Original November Trial Date and its discovery deadlines which were then pressing, and also to facilitate trial schedules of counsel for LIGA and for the Roussel Objectors.

12.    Counsel for the Roussel Objectors has refused to extend the records return date and the oral deposition date.

### V.    The Need to Quash or Alternatively, for a Protective Order

13.    The Deposition Notice should be quashed or the return date and deposition date continued for a reasonable period of time for several reasons.

14.    First, seventeen days' notice is wholly inadequate to properly respond to the overly

broad and burdensome requests and topics contained in the Deposition Notice.   Indeed, the Deposition Notice seeks records in some 30 separate requests, along with an oral deposition on some 34 separate topics, most of which fall outside the scope of any allowed objection to a settlement under Bankruptcy Rule 9019.

15.    LIGA has not had adequate time to gather and review all documents.

16.    In an abundance of caution, and in further demonstration of its continued good faith efforts to proceed as expeditiously as reasonably possible, LIGA has provided responses to the Deposition Notice, containing numerous objections (the "LIGA Objection", a copy of which is attached hereto as **Exhibit "D"**).    In addition, LIGA adopts the arguments of Century in the *Motion of Century and PEIC for Protective Order Regarding or, in the alternative, to Quash*, *Rule 30(b)(6) Deposition Notices*, filed in the captioned matter [Docket No. 168] and further, reserves all rights to other objections to the Deposition Notice.

17.    As is obvious from the objections, there are numerous issues for the parties to work through as to the Deposition Notice.   Further, once these issues are worked out, LIGA and undersigned counsel will need to finalize its own records review to determine responsive documents.

18.    Second, LIGA submits that the Roussel Objectors have no rights against LIGA or any of the proceeds to the LIGA settlement since they are clearly barred by the appliable statutes. Of course, as previously detailed, the Roussel Objectors have failed to adequately respond to the LIGA Discovery regarding these issues.

19.    It is premature, unduly burdensome, and inefficient for LIGA to expend time and resources as to the records and oral deposition sought by the Roussel Objectors.   LIGA submits that with the extra time afforded by the rescheduled trial and dispositive motion date, the most

efficient course of action will be a dispositive motion seeking a ruling by this Court as to whether the Roussel Objectors have any right to object to the Settlement Motion, or indeed any claims at all, against the proceeds of the LIGA settlement.  If not, then there should be no request of records or an oral deposition of LIGA.

20.    Under the provisions of FRCP 26 and Bankruptcy Rule 9019, this Court should either quash the Deposition Notice, or enter a protective order continuing the dates for records and oral deposition of LIGA sought in the Deposition Notice to a time that is more efficient, and less burdensome and expensive.[3]

**WHEREFORE**, LIGA respectfully requests that this Court quash the Deposition Notice in its entirety or, alternatively, enter a protective order continuing the dates to a reasonable time period and limiting the scope of deposition in conformity with Rule 30(b)(6) and Rule 9019, and granting such other and further relief as the Court deems just and proper.

DATED:  September 1, 2022

~Signature Page to Follow~

---

[3]  *Your Preferred Printer, LLC v. United Wholesale, LLC,* 2012 U.S. Dist. LEXIS 82382, at *5 (E.D. La. June 14, 2012), Case No. 11-2954-SSV-SS (unpublished) (Citing *Landry v. Air Line Pilots Ass'n International AFL-CIO,* 901 F.2d 404, 436 (5th Cir. 1990); *Dresser v. MEBA Medical and Benefits Plan,* 08-2662, 2008 U.S. Dist. LEXIS 55356, 2008 WL 2705584 (E.D. La. July 10, 2008).)("Courts in this district are accorded the discretion to stay discovery where the disposition of a motion to dismiss might preclude the need for the discovery entirely"); *Tiberi v. Cigna Ins. Co.,* 40 F.3d 110, 112 n.4 (5th Cir. 1994)(citing Fed.R.Civ.P. 45(c)(3)(A))("On timely motion, the court by which the subpoena was issued shall quash *or* modify the subpoena if it … requires disclosure of … protected matter … or … subjects a person to undue burden."). *Tex. Keystone, Inc. v. Prime Nat. Res., Inc.,* 694 F.3d 548, 554 (5th Cir. 2012)("Under Rule 45 of the Federal Rules of Civil Procedure, 'a court may quash or modify a subpoena if [it] fails to allow a reasonable time for compliance[.]'")

Respectfully submitted,

**STEWART ROBBINS BROWN & ALTAZAN LLC**

By:    */s/ William S. Robbins*
William S. Robbins (#24627)
301 Main Street, Suite 1640
Baton Rouge, Louisiana 70801
225.231.9998 (Telephone)
225.709.9467 (Facsimile)

and

**LAFLEUR & LABORDE**

By:    */s/ Stephanie B. LaBorde*
Stephanie B. LaBorde (#20908)
6160 Perkins Rd., Suite 225
Baton Rouge, LA 70808
225.535-7590 (Telephone)
800.983.3565 (Facsimile)

***Attorneys for Louisiana Insurance Guaranty Association***

## CERTIFICATION PURSUANT TO FED. R. CIV. P. 26(c)(1)

The undersigned counsel for Movants certifies that he has in good faith conferred or attempted to confer with counsel the Roussel Objectors in an effort to resolve the dispute without court action.

*/s/ William S. Robbins*
William S. Robbins

**Exhibit "A"**

**LIGA Discovery**

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

In re:

REILLY-BENTON COMPANY, INC.,

          Debtors.

Case No. 17-12870

Chapter 7

Judge Grabill

## TRUSTEE'S AND LIGA'S REQUEST FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH OF THE OBJECTORS REGARDING OBJECTORS' ALLEGED TIMELY CLAIM AGAINST LIGA

Pursuant to Rules 7033, 7034, 7036 and 9014 of the Federal Rules of Bankruptcy Procedure, Louisiana Insurance Guaranty Association ("LIGA") and David V. Adler, the Chapter 7 Trustee ("Trustee"), hereby request that within the time delays set forth in the Federal Rules of Bankruptcy Procedure that the Objectors (as defined below) (i) admit the truth of the following facts in accordance with Federal Rule of Bankruptcy Procedure 7036; (ii) answer under oath the following interrogatory in accordance with Federal Rule of Bankruptcy Procedure 7033; and (iii) produce the following Documents in accordance with Federal Rule of Bankruptcy Procedure 7034.

You are requested to furnish all information in your possession and all information available to you, not only such information as you know of your own personal knowledge, but also knowledge that is available to You and Your representatives by reason of inquiry, including inquiry of their representatives.

Pursuant to the Federal Rules of Civil Procedure as incorporated by the Rules of Bankruptcy Procedure, these Requests for Admission, Interrogatories, and Requests for Production of Documents shall be deemed continuing and you are required to supplement your

responses in the event new or additional information is acquired.

## **Definitions**

When used in these requests, the following terms shall have the following meanings:

1.      The terms "all," "any," and "each" shall each be construed as encompassing any and all.  The singular shall include the plural and vice versa, the terms "and" or "or" shall be both conjunctive and disjunctive, and the term "including" means "including without limitation" and "including but not limited to."  The present tense shall be construed to include the past tense, and the past tense shall be construed to include the present tense.

2.      "Bankruptcy Case" means *In re Reilly-Benton Company, Inc.*, Case No. 17-12870 (Bankr. E.D. La.).

3.      "Communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise), including discussions, negotiations, agreements, understandings, meetings, conversations in person, telephone conversations, records of conversations or messages, telegrams, facsimile transmissions, electronic mail transmissions, letters, notes, reports, memoranda, formal statements, press releases, newspaper stories, or other form of verbal, written, mechanical, or electronic disclosure. References to communications with business entities shall be deemed to include all officers, directors, employees, personnel, agents, attorneys, accountants, consultants, independent contractors, or other representatives of such entities.

4.      "Concerning" means relating to, evidencing, supporting, negating, refuting, embodying, containing, memorializing, comprising, reflecting, analyzing, constituting, describing, identifying, referring to, referencing, discussing, indicating, connected with or otherwise

- 2 -

pertaining in any way, in whole or in part, to the subject matter being referenced.

5. "Document" means and includes the original, or in lieu thereof a true, legible and exact copy, regardless of origin or location and whether or not in the physical possession of the Committee, of any written, typed, printed, transcribed, taped, recorded, filmed, punched or graphic matter of any kind, type or nature whatsoever, however produced or reproduced, prepared by the Committee or others, in the possession, custody or control of the Committee, including, but not limited to, a letter or other correspondence, a telex, a telegram, an e-mail, a press release, a written Communication, a check, a canceled check, a diary, a memorandum, notes, minutes, a report, a study, a calculation, a load ticket, a trip ticket, a weight ticket, a bill of lading, an invoice, a photograph, a drawing, a mark sheet, a draft, a spreadsheet or other data compilation (translated into reasonable usable form), and any other tangible thing. Any copy differing in any respect from an original shall be deemed herein to be a separate Document. The term "Document" is intended to have the broadest possible meaning consistent with Rule 34 of the Federal Rules of Civil Procedure. If a Document was prepared in several copies, or if additional copies were thereafter made, and if any such copies are not identical in all respects or are no longer identical by reason of subsequent notation or modification of any kind whatsoever, including notes on the front or back, in the margins, or on any of the pages thereof, then each such non-identical copy is a separate Document and must be produced. When examples of categories or types of Documents are given in a particular Request for Production by use of phrases such as "including," this shall always be interpreted as being for illustrative purposes only (*i.e.*, to be understood as "including without limitation") and in no way limits or narrows the scope of any Request for Production. "Documents" always includes Communications, whether so stated in a particular Request for Production or not.

6.     "Landry Objection" means *Objection To Trustee's Motions To Settle, Release And Sell Free And Clear Insurance Policies And Proceeds And For Order Enjoining Claims By Victims Against Nondebtor Insurers* (ECF No. 72 in the Bankruptcy Case).

7.     "Roussel Objection" means collectively the *Opposition And Objection To Trustee's Motion For An Order Approving Settlement Agreement Between The Chapter 7 Trustee For Reilly-Benton Company, Inc. And Louisiana Insurance Guaranty Association* (ECF No. 50 in the Bankruptcy Case) and the *Supplemental Opposition And Objection To Trustee's Motion For An Order Approving Settlement Agreement Between The Chapter 7 Trustee For Reilly-Benton Company, Inc. And Louisiana Insurance Guaranty Association* (ECF No. 71 in the Bankruptcy Case).

8.     "Objectors" means the parties named as alleged objectors to the Trustee's settlement motion with LIGA in the Landry Objection and in the Roussel Objection, including Donald Bridges, Tina Danos, Mary Sanderson, Frank Tranchina, Joseph F. Brazan, Mary Patsy Soileau Courville, Mavis Todd Courville, Michael Wade Courville, Joseph Eric Courville, Jeanette Richard Dugruise, Terry Joseph Dugruise, Mitchell Joseph Dugruise, Kimberly Dugruise North, Joseph Alfred Hedges, Jr., Renee Hedges Blum, Joseph Alfred Hedges, Sr., Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Sherry Tregre Cortez., both individually and collectively.  By including the persons named above within the definition of Objectors, LIGA does not waive, but rather preserves, their arguments that some or all of such persons did not properly and timely file objections to the Trustee's motion to approve his settlement with LIGA.[1]

9.     "Person" shall mean and include an individual, a firm, a corporation, or

---

[1]     For example, Jeanette Richard Dugruise, Terry Joseph Dugruise, Mitchell Joseph Dugruise, and Kimberly Dugruise North were not identified as objectors in the Roussel & Clement Creditors' objection (ECF No. 70) to the Trustee's motion.

- 4 -

other entity as the context requires.

10. "Reilly-Benton" means Reilly-Benton Company, Inc., the company that is the debtor in the Bankruptcy Case.

11. The terms "You" or "Your" shall mean "the Objectors," both individually and collectively, and any attorneys, representatives, consultants, advisors, or anyone acting on behalf of any single Objector or group of Objectors. For the avoidance of doubt, for those Objectors who assert claims, in whole or in part, on behalf of or through another person, or on account of another person's illness, disease, or death resulting from exposure to asbestos, the terms "You" and "Your" include such other person or persons.

## <u>REQUEST FOR ADMISSION</u>
### (Instructions)

A-1. You are required to admit, in the manner prescribed by Rule 36 of the Federal Rules of Civil Procedure (made applicable by Rule 7036 of the Federal Rules of Bankruptcy Procedure) for purposes of the pending action only, within thirty days after service of these requests for admission, the truth of each of the matters set forth below.

A-2. Each matter of which an admission is requested shall be admitted unless, within thirty days after service of this request, you serve upon LIGA and the Trustee a written answer or objection addressed to the matter, signed by you or your attorney. If objection is made, the reasons therefor shall be stated.

A-3. The answer shall specifically admit or deny the matter or set forth in detail the reasons why you cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that you qualify an answer or deny only part of the matter of which an admission is requested, you shall specify so much of it as true and qualify or deny the remainder.

A-4.    You may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the request.

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, as incorporated by Rule of Bankruptcy Procedure 7036, please admit the truth of the following facts:

**REQUEST FOR ADMISSION NO. 1:**

You did not file a timely proof of claim, notice of claim or any other Document representing a claim for damages or other sums due, arising out of or related to asbestos exposure, or other injury, against Reilly Benton, that gives rise to a timely-filed covered claim against LIGA relating to the insolvency of Reliance Insurance Company, United Pacific Insurance Company, or any affiliate thereof.

**INTERROGATORY**
**(Instructions)**

I-1.    You are required to conduct a thorough investigation and provide all information available to you, including information in the custody or possession of your attorneys, investigators, experts, consultants, agents or other representatives.

I-2.    You are required to answer each interrogatory separately and fully in writing under oath, unless it is objected to.

I-3.    If you object to an interrogatory, you must state the reasons for the objection in lieu of an answer.

I-4.    The answers are to be signed under oath by the person making them and the objections are to be signed by the attorney making them.

I-5.    You are required, pursuant to Rule 33 of the Federal Rules of Civil Procedure, to serve a copy of your answers, and objections, if any, within 30 days after the service of these

interrogatories unless a shorter or longer time for response is directed by the court.  If you are unable to answer the following interrogatory completely, answer to the extent possible, specifically stating the reason for your inability to answer the remainder and stating whatever information or knowledge you have concerning the unanswered portion.

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, as incorporated by Rule of Bankruptcy Procedure 7033, please answer the following interrogatories:

## **INTERROGATORY NO. 1:**

If your response to Request for Admission No. 1 above is not a complete and unqualified admission:

a. state all facts upon which you base your refusal to provide a complete and unqualified admission;

b. state the names, addresses, and telephone numbers of all persons who have knowledge of those facts; and

c. identify all Documents and other tangible things that support your refusal to provide a complete and unqualified admission, and state the name, address, and telephone number of the person who has each Document or thing.

## **REQUESTS FOR PRODUCTION**
### **(Instructions)**

RFP-1. These requests for production of Documents shall be deemed to be requests for all such Documents, whether prepared by or for you or by any other party or any other person, which Documents are in your possession, or in the possession, custody, or control of your attorneys, accountants, investigators, experts, consultants, agents, or other representatives.

RFP-2. You are required, pursuant to Rule 34 of the Federal Rules of Civil Procedure, to serve a written response to these requests for production of Documents and produce the Documents

described below within 30 days after service of this request unless a shorter or longer time for response and production is directed by the court.

RFP-3. You are required to organize and label the Documents you produce to correspond with the categories in these requests.

RFP-4. As required by Fed. R. Civ. P. 26(b)(5), if any Document or portions of a Document called for by a Request is withheld on the grounds of privilege or otherwise, then You shall provide a log with the information required by the Rule 26(b)(5) and Guideline 9(c), including without limitation the following: (i) title or description (*e.g.*, memorandum, letter, notes, etc.); (ii) the date of the Document, or if no date appears thereon, the approximate date the Document was prepared; (iii) the identity of the author; (iv) the identity of the Person to whom the Document is addressed; (v) the identity of any other recipients of the Document that appear on the Document as having received a copy (e.g., as "cc" or "bcc"); (vi) the identity of any attachments to the Documents and whether the attachments have been produced; (vii) number of pages; (viii) subject matter; and (ix) the specific grounds for withholding the Document.

## DOCUMENTS TO BE PRODUCED

If your response to Request for Admission No. 1 above is not a complete and unqualified admission, then respond to the following Requests for Production in accordance with the Instructions provided above.

## REQUEST FOR PRODUCTION NO. 1:

All Documents which support your failure to unequivocally admit Request for Admission No. 1 above.

## REQUEST FOR PRODUCTION NO. 2:

All Documents identified, referred to or utilized in any manner in responding to Request

for Admission No. 1 above and/or Interrogatory No. 1 above.

**REQUEST FOR PRODUCTION NO. 3:**

All Documents you rely on as evidence of a timely-filed covered claim against LIGA relating to the insolvency of Reliance Insurance Company, United Pacific Insurance Company, or any affiliate thereof.

DATED:  July 29, 2022                                 Respectfully submitted:

|  |  |
|---|---|
|  | **CHAFFE McCALL, LLP**<br>2300 Energy Center, 1100 Poydras St.<br>New Orleans, LA 70163-2300<br>Telephone: (504) 585-7000 |
| By: | */s/ David J. Messina*_____<br>David J. Messina (LA #18341)<br>Fernand L. Laudumiey, IV (LA #24518)<br>messina@chaffe.com<br>laudumiey@chaffer.com<br>***General Counsel for David V. Adler, Trustee*** |
|  | **STEWART ROBBINS BROWN & ALTAZAN**<br>301 Main St., Suite 1600<br>Baton Rouge, LA 70801<br>Telephone: (225) 231-9998 |
| By: | */s/ William S. Robbins*_____<br>William S. Robbins (La. #24627)<br>wrobbins@stewartrobbins.com<br>Brandon A. Brown (La. #25592)<br>bbrown@stewartrobbins.com<br>***Counsel to Louisiana Insurance Guaranty Association*** |
|  | **LaFLEUR & LABORDE, LLC**<br>6160 Perkins Rd., Suite 225<br>Baton Rouge, LA 70808<br>Telephone: (225) 535-7590<br>Direct Dial: (225) 230-0484 |
| By: | */s/ Stephanie B. Laborde*_____<br>Stephanie B. Laborde (LA #20908)<br>slaborde@lalalawfirm.com<br>***Counsel to Louisiana Insurance Guaranty Association*** |

- 9 -

**Certificate of Service**

I do hereby certify that a copy of the above and foregoing *Trustee's and LIGA's Request For Admission, Interrogatories, and Requests For Production of Documents To Each of The Objectors Regarding Objectors' Alleged Timely Claim Against LIGA* was served on this 29th day of July 2022, via electronic mail at the email addresses indicated below, to counsel of record for Donald Bridges, Tina Danos, Mary Sanderson, Frank Tranchina, Joseph F. Brazan, Mary Patsy Soileau Courville, Mavis Todd Courville, Michael Wade Courville, Joseph Eric Courville, Jeanette Richard Dugruise, Terry Joseph Dugruise, Mitchell Joseph Dugruise, Kimberly Dugruise North, Joseph Alfred Hedges, Jr., Renee Hedges Blum, Joseph Alfred Hedges, Sr., Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Sherry Tregre Cortez.

ROUSSEL & CLEMENT
Gerolyn P. Roussel
Perry J. Roussel, Jr.
Jonathan B. Clement
Lauren R. Clement
Benjamin P. Dinehart
1550 West Causeway Approach
Mandeville, LA 70471
rcfirm@rousselandclement.com
Attorneys for Roussel & Clement Creditors

CONGENI LAW FIRM, LLC
Leo D. Congeni
650 Poydras Street, Suite 2750
New Orleans, LA 70130
Email: leo@congenilawfirm.com
Attorneys for Landry & Swarr Creditors

LANDRY & SWARR, L.L.C.
Mickey Landry
1100 Poydras Street
Energy Centre - Suite 2000
New Orleans, Louisiana 70163
Email: mlandry@landryswarr.com
Email: scorcoran@landryswarr.com
Attorneys for Landry & Swarr Creditors

this 29th day of July 2022 at New Orleans, Louisiana.

*/s/ David J. Messina*
David J. Messina (LA #18341)

- 10 -

**Exhibit "B"**

**Responses to LIGA Discovery**

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RE:** | ) | **Chapter 7** |
| | ) | |
| **REILLY-BENTON COMPANY, INC.** | ) | **Case No. 17-12870** |
| | ) | |
| **DEBTORS** | ) | **Judge Grabill** |
| _____ | ) | |

## ROUSSEL & CLEMENT CREDITORS' RESPONSES TO TRUSTEE'S AND LIGA'S REQUEST FOR ADMISSION, INTERROGATORIES, AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO EACH OF THE OBJECTORS REGARDING OBJECTORS' ALLEGED TIMELY CLAIM AGAINST LIGA

NOW INTO COURT, through  undersigned counsel, come the Roussel & Clement

Creditors[1], who respond as follows to the Request for Admission, Interrogatories, and Requests

for Production of Documents propounded by the Chapter 7 Trustee, David V. Adler ("Trustee")

and Louisiana Insurance Guaranty Association ("LIGA"):

## PRELIMINARY STATEMENT

The Roussel & Clement Creditors expressly reserve the right to amend, add to, delete

from, and/or otherwise modify or supplement each and every response to these and any other

discovery requests propounded upon them throughout the discovery process, and to make such

claims and contentions as may be appropriate when the Roussel & Clement Creditors have

concluded all discovery and have ascertained all relevant facts. To the extent that any

Interrogatory or Request for information prepared in anticipation of litigation or trial, or which is

otherwise protected from disclosure by the work product doctrine, the attorney-client privilege,

or any other privilege, the Roussel & Clement Creditors will not supply or render information

protected from discovery by virtue of such doctrine or privileges. Responses herein are not, nor

---

[1]The firm of Roussel & Clement represents claimants who have filed claims against Reilly-Benton Company, Inc., including, among others, Frank James Brazan, Pennie Ann Brazan Kliebert, Shane Anthony Brazan, Jason Joseph Brazan, and Carmel Theresa Brazan Bourg, Mary Patsy Soileau Courville, Mavis Todd Courville, Michael Wade Courville, and Joseph Eric Courville, Joseph Alfred Hedges, Jr. and Renee Hedges Blum, and  Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Sherry Tregre Cortez.

1

should be construed to be, waiver of the protections afforded by such doctrine and privilege. The responses herein are not, nor should be construed to be, waiver of any argument regarding proper service. The responses herein are not, nor should be construed to be, waiver of any arguments set forth in the Roussel & Clement Creditors' Motion for Summary Judgment.

### GENERAL OBJECTIONS

The Roussel & Clement Creditors make the following objections that are applicable to each of these Interrogatories and/or Requests for Production of Documents (hereinafter referred to as Discovery Requests):

1. The Roussel & Clement Creditors object, generally, to any extent that the propounded discovery requests seek disclosure of information and documents exempt from discovery on the following, privileged grounds:

   a. Seeks attorney work product or subject to attorney-client privilege;

   b. Seeks the identity, mental impressions or opinions of non-testifying experts whose opinions or mental impressions have not been reviewed by a testifying expert; AND

   c. Seeks privileged party communications.

2. The Roussel & Clement Creditors further assert that any inadvertent production of any documents, which are privileged under these or any other privilege, is unintentional and shall constitute no waiver of any privilege or any other applicable objection to the production of any such document, the subject matter thereof, or information contained therein, nor shall it constitute waiver of the right of the Roussel & Clement Creditors to object to the use of any such document, or its contents, during subsequent proceedings in this matter.

4. Additionally, Trustee and LIGA have requested information of the Roussel & Clement Creditors attorneys and, by extension, the Roussel & Clement Creditors attorney's law firm, which is improper and contrary to the parameters of

2

discovery. Counsel is not a party to this litigation, and any discovery requests

directed toward them are improper.

## REQUESTS FOR ADMISSION

### REQUEST FOR ADMISSION NO. 1:
You did not file a timely proof of claim, notice of claim or any other Document representing a claim for damages or other sums due, arising out of or related to asbestos exposure, or other injury, against Reilly Benton, that gives rise to a timely-filed covered claim against LIGA relating to the insolvency of Reliance Insurance Company, United Pacific Insurance Company, or any affiliate thereof.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:
Denied.

## INTERROGATORIES

### INTERROGATORY NO. 1:
If your response to Request for Admission No. 1 above is not a complete and unqualified admission:
a.  state all facts upon which you base your refusal to provide a complete and unqualified admission;
b.  state the names, addresses, and telephone numbers of all persons who have knowledge of those facts; and
c.  identify all Documents and other tangible things that support your refusal to provide a complete and unqualified admission, and state the name, address, and telephone number of the person who has each Document or thing.

### RESPONSE TO INTERROGATORY NO. 1:
See Preliminary Statement and General Objections. The Roussel & Clement Creditors object on the basis that this interrogatory is overly broad, unduly burdensome, harassing, will cause unnecessary expense, and calls for information which is not proportional to the needs of the case. Furthermore, the Roussel & Clement Creditors have issued a Notice of Deposition and Records Deposition to LIGA setting a document production date of September 2, 2022, and the deposition of LIGA for September 15, 2022. Without waiving these requests but in an effort to cooperate, the Roussel & Clement Creditors refer Trustee and LIGA to their Petitions for Damages previously produced to the Trustee and LIGA.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:
All Documents which support your failure to unequivocally admit Request for Admission No. 1 above.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:
See Preliminary Statement and General Objections. The Roussel & Clement Creditors object on the basis that this request is overly broad, unduly burdensome, harassing, will cause unnecessary expense, and calls for information which is not proportional to the needs of the case. Furthermore, the Roussel & Clement Creditors have issued a Notice of Deposition and Records Deposition to LIGA setting a document production date of September 2, 2022, and the deposition

3

of LIGA for September 15, 2022. Without waiving these requests but in an effort to cooperate, the Roussel & Clement Creditors refer Trustee and LIGA to their Petitions for Damages previously produced to the Trustee and LIGA.

**REQUEST FOR PRODUCTION NO. 2:**
    All Documents identified, referred to or utilized in any manner in responding to Request for Admission No. 1 above and/or Interrogatory No. 1 above.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**
    See Preliminary Statement and General Objections. The Roussel & Clement Creditors object on the basis that this request is overly broad, unduly burdensome, harassing, will cause unnecessary expense, and calls for information which is not proportional to the needs of the case. Furthermore, the Roussel & Clement Creditors have issued a Notice of Deposition and Records Deposition to LIGA setting a document production date of September 2, 2022, and the deposition of LIGA for September 15, 2022. Without waiving these requests but in an effort to cooperate, the Roussel & Clement Creditors refer Trustee and LIGA to their Petitions for Damages previously produced to the Trustee and LIGA.

**REQUEST FOR PRODUCTION NO. 3:**
    All Documents you rely on as evidence of a timely-filed covered claim against LIGA relating to the insolvency of Reliance Insurance Company, United Pacific Insurance Company, or any affiliate thereof.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**
    See Preliminary Statement and General Objections. The Roussel & Clement Creditors object on the basis that this request is overly broad, unduly burdensome, harassing, will cause unnecessary expense, and calls for information which is not proportional to the needs of the case. Furthermore, the Roussel & Clement Creditors have issued a Notice of Deposition and Records Deposition to LIGA setting a document production date of September 2, 2022, and the deposition of LIGA for September 15, 2022. Without waiving these requests but in an effort to cooperate, the Roussel & Clement Creditors refer Trustee and LIGA to their Petitions for Damages previously produced to the Trustee and LIGA.

**CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing pleading has been served upon counsel for the Trustee, LIGA and all other parties via e-mail on this 26th day of August, 2022.

Respectfully submitted,

ROUSSEL & CLEMENT

_____
GEROLYN P. ROUSSEL #1134
PERRY J. ROUSSEL, JR. #20351
JONATHAN B. CLEMENT #30444
LAUREN R. CLEMENT #31106
BENJAMIN P. DINEHART #33096
1550 West Causeway Approach
Mandeville, Louisiana 70471
Telephone: (985) 778-2733
Facsimile: (985) 778-2734
ATTORNEYS FOR
ROUSSEL & CLEMENT CREDITORS

_____
BENJAMIN P. DINEHART

**Exhibit "C"**

**Deposition Notice**

## IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **IN RE:** | ) | **Chapter 7** |
| | ) | |
| **REILLY-BENTON COMPANY, INC.** | ) | **Case No. 17-12870 (JAB)** |
| | ) | |
| **DEBTORS** | ) | **Section B** |
| _____ | ) | |

### NOTICE OF DEPOSITION PURSUANT TO 30(b)(6), FED.R.BANKR.P. 7030 AND 9014, AND NOTICE OF RECORDS DEPOSITION OF LOUISIANA INSURANCE GUARANTY ASSOCIATION

TO:   **ALL COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that the undersigned counsel for the Roussel & Clement Claimants[1] will take the deposition of **LOUISIANA INSURANCE GUARANTY ASSOCIATION,** in accordance with Rule 30(b)(6) of the Federal Rules of Civil Procedure, and Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure, through one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf concerning the matters listed with particularity herein below.  This deposition shall be taken for all purposes permitted under the Federal Rules of Civil Procedure, and Federal Rules of Bankruptcy Procedure on **September 15, 2022** beginning at **9:30 a.m. (Central Time)** (and continuing from day to day until completed) at the offices of **LaFleur & Laborde, LLC, 6160 Perkins Road, Suite 225, Baton**

---

[1] The firm of Roussel & Clement represents claimants who have filed claims against Reilly-Benton Company, Inc., including Frank James Brazan, Pennie Ann Brazan Kliebert, Shane Anthony Brazan, Jason Joseph Brazan, and Carmel Theresa Brazan Bourg, Mary Patsy Soileau Courville, Mavis Todd Courville, Michael Wade Courville, and Joseph Eric Courville, Joseph Alfred Hedges, Jr. and Renee Hedges Blum, and  Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Sherry Tregre Cortez.

-1-

**Rouge, LA 70808,** before a duly qualified court reporter or other person authorized by law to administer oaths. **LOUISIANA INSURANCE GUARANTY ASSOCIATION** is called upon to designate and to make available for deposition at the stated time and place one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and to specify for each such person so designated to which of the matters listed below that person has consented to testify.

In addition, plaintiffs will take the records deposition of **LOUISIANA INSURANCE GUARANTY ASSOCIATION** on **September 2, 2022** beginning at **9:30 a.m.** (and continuing from day to day until completed) at the offices of **LaFleur & Laborde, LLC, 6160 Perkins Road, Suite 225, Baton Rouge, LA 70808,** for the purpose of obtaining all records and documents identified in Attachment "A" attached hereto and (1) to make a formal return on the subpoena duces tecum served on , which documents are described in Attachment "A;" (2) to discuss the search undertaken (and to identify by whom the search was undertaken) to locate the documents subpoenaed; and (3) to discuss the documents produced and where they were located. **THIS PORTION OF THE NOTICE IS FOR THE PURPOSE OF THE PRODUCTION OF RECORDS ONLY, AND IT MAY BE SATISFIED BY PROVIDING THE REQUESTED DOCUMENTS AND/OR INFORMATION TO ROUSSEL AND CLEMENT AT 1550 WEST CAUSEWAY APPROACH, MANDEVILLE, LOUISIANA 70471, PRIOR TO SEPTEMBER 2, 2022.**

<u>**DEFINITIONS**</u>

The words "LIGA," "Louisiana Insurance Guaranty Association," or "you" as used in this Notice and accompanying Attachment "A" are intended to refer to Louisiana Insurance Guaranty Association, and any and all predecessor and/or successor entities of Louisiana Insurance Guaranty

-2-

Association.

The words "Reilly-Benton" as used in this Notice and accompanying Attachment "A" are intended to refer to Reilly-Benton Company, Inc., and any and all predecessor and/or successor entities and/or divisions and/or subsidiaries of Reilly-Benton Company, Inc.

"Documents" shall mean, unless otherwise indicated, letters, papers, tests, reports, publications, studies, evaluations, correspondence, telegrams, memoranda, records, books of account, ledgers, accounts, balance sheets, journals, minutes, contracts, payroll records, assignment sheets, memoranda of records of telephone or personal conversations or conferences, inter-office communications, microfilm, tape, disc, or other data recordings, bulletins, circulars, schedules, guides, pamphlets, studies, surveys, notices, summaries, reports, analysis, teletype messages, work sheets, price sheets, catalogues, invoices, credit memoranda, checks, vouchers, newspaper clippings or magazine clippings, desk calendar, telephone toll records, and all writings or recordings of any nature whatsoever. Where originals are not available, copies of such documents may be produced.

"All documents" shall mean every document, whether the original or copy, within a stated category, either known to the deponent or reasonable subject to identification, or that can be designated or located by the use of reasonable diligence.

"Relationship" shall mean any affiliation or contractual connection between the entities in question.

Topic A:
    To make a formal return on the documents and items described in Attachment "A."

Topic B:
    To discuss the search undertaken (and to identify by whom the search was undertaken) to locate the documents and items described in Attachment "A."

Topic C:
    To discuss the documents and items produced pursuant to Attachment "A" and where they were located as well as the document retention policies of LIGA

Topic No. 1:
    To testify regarding LIGA's relationship with Reilly-Benton.

Topic No. 2:
    To testify regarding LIGA's relationship with Pacific Employers Insurance Company related to Reilly-Benton.

-3-

<u>Topic No. 3:</u>

 To testify regarding LIGA's relationship with Century Indemnity Company related to Reilly-Benton.

<u>Topic No. 4:</u>

 To testify regarding LIGA's relationship with Resolute Management, Inc.

<u>Topic No. 5:</u>

 To testify regarding LIGA's relationship with National Indemnity Company related to Reilly-Benton.

<u>Topic No. 6:</u>

 To testify regarding LIGA's relationship with Liberty Mutual Insurance Company related to Reilly-Benton.

<u>Topic No. 7:</u>

 To testify regarding any agreements between LIGA and Reilly-Benton regarding asbestos claims.

<u>Topic No. 8:</u>

 To testify regarding any agreements between LIGA and Pacific Employers Insurance Company regarding asbestos claims involving Reilly-Benton Company, Inc.

<u>Topic No. 9:</u>

 To testify regarding any agreements between LIGA and Century Indemnity Company regarding asbestos claims involving Reilly-Benton Company, Inc.

<u>Topic No. 10:</u>

 To testify regarding any agreements between LIGA and Resolute Management, Inc. regarding asbestos claims involving Reilly-Benton Company, Inc.

<u>Topic No. 11:</u>

 To testify regarding any agreements between LIGA and National Indemnity Company regarding asbestos claims involving Reilly-Benton Company, Inc.

<u>Topic No. 12:</u>

 To testify regarding any agreements between LIGA and Liberty Mutual Insurance Company regarding asbestos claims involving Reilly-Benton Company, Inc.

<u>Topic No. 13:</u>

 To testify regarding LIGA's involvement with the Reilly-Benton Company, Inc.'s decision

-4-

to file for bankruptcy.

Topic No. 14:
      To testify regarding Century Indemnity Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.

Topic No. 15:
      To testify regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.

Topic No. 16:
      To testify regarding National Indemnity Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.

Topic No. 17:
      To testify regarding Liberty Mutual Insurance Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.

Topic No. 18:
      To testify regarding Pacific Employers Insurance Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.

Topic No. 19:
      To testify regarding all information considered by LIGA to arrive at the settlement amount.

Topic No. 20:
      To testify as to asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay.

Topic No. 21:
      To testify as to any and all correspondence and/or documents between Reilly-Benton and LIGA regarding asbestos-related claims.

Topic No. 22:
      To testify as to any and all correspondence and/or documents between the Trustee for the bankruptcy estate of Reilly-Benton and LIGA regarding asbestos-related claims.

Topic No. 23:
      To testify as to any and all correspondence and/or documents between LIGA and Resolute Management, Inc. regarding asbestos-related claims involving Reilly-Benton Company, Inc.

Topic No. 24:

 To testify as to any and all correspondence and/or documents between LIGA and National Indemnity Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.

Topic No. 25:

 To testify as to any and all correspondence and/or documents between LIGA and Century Indemnity Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.

Topic No. 26:

 To testify as to any and all correspondence and/or documents between LIGA and Pacific Employers Insurance Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.

Topic No. 27:

 To testify as to any and all correspondence and/or documents between LIGA and Liberty Mutual Insurance Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.

Topic No. 28:

 To testify as to the number of asbestos-related claims currently pending against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay, including the specific asbestos-related diseases that form the basis of those claims.

Topic No. 29:

 To testify as to the identity of the claimants who have currently pending asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay, including the specific asbestos-related diseases from which those claimants have brought a claim.

Topic No. 30:

 To testify as to the identity of the law firms representing claimants who have currently pending asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay.

Topic No. 31:

 To testify as to the date all currently pending asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay were filed.

Topic No. 32:

 To testify as to the status of all currently pending asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay.

Topic No. 33:

To testify as to any and all correspondence and/or documents between the Trustee for the bankruptcy estate of Reilly-Benton and LIGA.

Topic No. 34:

To testify as to any and all correspondence and/or documents between representatives of the Trustee for the bankruptcy estate of Reilly-Benton and LIGA.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a copy of the above and foregoing has been served upon all parties who have requested notice via e-mail, hand delivery, facsimile, or by depositing same in the U.S. mail, postage prepaid and properly addressed, this 16th day of August, 2022.

_____
BENJAMIN P. DINEHART

Respectfully submitted,
**ROUSSEL & CLEMENT**

_____
GEROLYN P. ROUSSEL - 1134
PERRY J. ROUSSEL, JR. - 20351
JONATHAN B. CLEMENT - 30444
LAUREN R. CLEMENT - 31106
BENJAMIN P. DINEHART - 33096
1550 West Causeway Approach
Mandeville, LA 70471
Telephone: (985) 778-2733
Facsimile: (985) 778-2734
ATTORNEYS FOR PLAINTIFFS

-7-

## LOUISIANA INSURANCE GUARANTY ASSOCIATION

### ATTACHMENT " A "

Pursuant to the Federal Rules of Civil Procedure and Federal Rules of Bankruptcy Procedure, the Roussel & Clement Creditors requests that the deponent, **Louisiana Insurance Guaranty Association,** produce the following at the deposition on the date and time noted in the Notice of Records Deposition and in the subpoena.

### I.

### DEFINITIONS

The following definitions shall apply for the purposes of this subpoena:

A."Documents" shall mean, unless otherwise indicated, letters, papers, tests, reports, publications, studies, evaluations, correspondence, telegrams, memoranda, records, books of account, ledgers, accounts, balance sheets, journals, minutes, contracts, payroll records, employee assignment sheets, memoranda of records of telephone or personal conversations or conferences, inter-office communications, microfilm, tape, disc, or other data recordings, bulletins, circulares, schedules, guides, pamphlets, studies, surveys, notices, summaries, reports, analysis, teletype messages, work sheets, price sheets, catalogues, invoices, credit memoranda, checks, vouchers, newspaper clippings or magazine clippings, desk calendar, telephone toll records, and all writings or recordings of any nature whatsoever. Where originals are not available, copies of such documents may be produced.

B."All documents" shall mean every document, whether the original or copy, within a stated category, either known to the deponent or reasonable subject to identification, or that can be designated or located by the use of reasonable diligence.

C. "Relationship" shall mean any affiliation or contractual connection between the entities in question.

### II.

### THINGS, DOCUMENTS AND CATEGORIES OF DOCUMENTS TO BE PRODUCED

Item No. 1:
Produce all documents regarding LIGA's relationship with Reilly-Benton.

-8-

<u>Item No. 2:</u>

Produce all documents regarding LIGA's relationship with Pacific Employers Insurance Company related to Reilly-Benton.

<u>Item No. 3:</u>

Produce all documents regarding LIGA's relationship with Century Indemnity Company related to Reilly-Benton.

<u>Item No. 4:</u>

Produce all documents regarding LIGA's relationship with Resolute Management, Inc.

<u>Item No. 5:</u>

Produce all documents regarding LIGA's relationship with National Indemnity Company related to Reilly-Benton.

<u>Item No. 6:</u>

Produce all documents regarding LIGA's relationship with Liberty Mutual Insurance Company related to Reilly-Benton.

<u>Item No. 7:</u>

Produce all documents regarding any agreements between LIGA and Reilly-Benton regarding asbestos claims.

<u>Item No. 8:</u>

Produce all documents regarding any agreements between LIGA and Pacific Employers Insurance Company regarding asbestos claims involving Reilly-Benton Company, Inc.

<u>Item No. 9:</u>

Produce all documents regarding any agreements between LIGA and Century Indemnity Company regarding asbestos claims involving Reilly-Benton Company, Inc.

<u>Item No. 10:</u>

Produce all documents regarding any agreements between LIGA and Resolute Management, Inc. regarding asbestos claims involving Reilly-Benton Company, Inc.

<u>Item No. 11:</u>

Produce all documents regarding any agreements between LIGA and National Indemnity Company regarding asbestos claims involving Reilly-Benton Company, Inc.

<u>Item No. 12:</u>

Produce all documents regarding any agreements between LIGA and Liberty Mutual Insurance Company regarding asbestos claims involving Reilly-Benton Company, Inc.

Item No. 13:

Produce all documents regarding LIGA's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.

Item No. 14:

Produce all documents regarding Century Indemnity Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.

Item No. 15:

Produce all documents regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.

Item No. 16:

Produce all documents regarding National Indemnity Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.

Item No. 17:

Produce all documents regarding Liberty Mutual Insurance Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.

Item No. 18:

Produce all documents regarding Pacific Employers Insurance Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.

Item No. 19:

Produce all documents considered by LIGA to arrive at the settlement amount.

Item No. 20:

Produce all documents as to asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay.

Item No. 21:

Produce all correspondence and/or documents between Reilly-Benton and LIGA regarding asbestos-related claims.

Item No. 22:

Produce all correspondence and/or documents between the Trustee for the bankruptcy estate of Reilly-Benton and LIGA regarding asbestos-related claims.

<u>Item No. 23:</u>

Produce all correspondence and/or documents between LIGA and Resolute Management, Inc. regarding asbestos-related claims involving Reilly-Benton Company, Inc.

<u>Item No. 24:</u>

Produce all correspondence and/or documents between LIGA and National Indemnity Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.

<u>Item No. 25:</u>

Produce all correspondence and/or documents between LIGA and Century Indemnity Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.

<u>Item No. 26:</u>

Produce all correspondence and/or documents between LIGA and Pacific Employers Insurance Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.

<u>Item No. 27:</u>

Produce all correspondence and/or documents between LIGA and Liberty Mutual Insurance Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.

<u>Item No. 28:</u>

Produce all documents regarding claims currently pending against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay, including the specific asbestos-related diseases that form the basis of those claims.

<u>Item No. 29:</u>

Produce all correspondence and/or documents between the Trustee for the bankruptcy estate of Reilly-Benton and LIGA.

<u>Item No. 30:</u>

Prdouce all correspondence and/or documents between representatives of the Trustee for the bankruptcy estate of Reilly-Benton and LIGA.

**Exhibit "D"**

**LIGA Objection**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| In re | ) | Case No. 17-12870 |
| | ) | |
| **Reilly-Benton Company, Inc.** | ) | |
| | ) | **Chapter 7** |
| Debtor | ) | |
| | ) | |
| | ) | |

**OBJECTIONS TO ROUSSEL & CLEMENT**
**CLAIMANTS' NOTICE OF DEPOSITION PURSUANT TO 30(b)(6), FED. R. BANKR.**
**P. 7030 AND 9014, AND NOTICE OF RECORDS DEPOSITION OF LOUISIANA**
**INSURANCE GUARANTY ASSOCIATION**

Louisiana Insurance Guaranty Association ("***LIGA***"), a party to that certain contested matter pending before the court as to Docket Nos. 48[1], 50[2], 56[3], 71[4], and 72[5] (the "***Contested Matter***"), hereby responds and objects to the *Notice of Deposition Pursuant to 30(b)(6), Fed. R. Bankr. P. 7030 and 9014, and Notice of Records Deposition of Louisiana Insurance Guaranty Association* (the "***Deposition Notice***") propounded by "the Roussel & Clement Claimants" on August 16, 2022 as follows:

---

[1] *Compromise Motion for an Order Approving Settlement Agreement Between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Louisiana Insurance Guaranty Association* (the "***Compromise Motion***") filed by David V. Adler (the "***Trustee***"), in his capacity as the Chapter 7 trustee for the bankruptcy estate of Reilly Benton Company, Inc. (the "***Debtor***").

[2] *Opposition and Objection to Compromise Motion for an Order Approving Settlement Agreement Between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Louisiana Insurance Guaranty Association* filed by Mary Patsy Soileau Courville, surviving spouse of Nelcome J. Courville, Jr.; Mavis Todd Courville, Michael Wade Courville, Joseph Eric Courville, and children of Nelcome J. Courville, Jr. (collectively, the "***Roussel & Clement Creditors***").

[3] *Compromise Motion for an Order (A) Approving Settlement Agreement and Policy Release Between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Century Parties, (B) Approving Sale of Insurance Policies to the Century Parties Free and Clear of All Interests, and (C) Entering Injunction to Enforce the Free and Clear Aspect of the Sale of the Century Policies* filed by the Trustee.

[4] *Supplemental Opposition and Objection to Compromise Motion for an Order Approving Settlement Agreement Between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Louisiana Insurance Guaranty Association* filed by the Roussel & Clement Creditors.

[5] *Objection to Compromise Motions to Settle, Release and Sell Free and Clear Insurance Policies and Proceeds and for Order Enjoining Claims by Victims Against Nondebtor Insurers* filed by Donald Bridges, Tina Danos, Mary Sanderson, and Frank Tranchina ("***Landry & Swarr Creditors***").

## PRELIMINARY STATEMENTS

1.      These objections (the "***Objections***") to both the deposition topics (the "***Deposition Topics***") and document production (the "***Document Production***") sections of the Deposition Notice are by LIGA only.  These Objections are not made by, and do not concern, any other party or entity.

2.      LIGA is responding to the Deposition Notice only to the extent the requests within the Deposition Topics and Document Production sections (together, the "***Requests***") are related to the Contested Matter. Any Requests which seek to illicit testimony or the production of documents or other information not relevant to any issue properly presented in the certain contested matter pending before the court as to Docket Nos. 48, 50, 56, 71 , and 72, 142, 145 and 152 are improper and have thus been objected to.

3.      LIGA's Objections to the Requests are based on information available to LIGA after a reasonable and diligent investigation, including but not limited to a diligent search of records considered reasonably likely to contain information responsive to the Requests.

4.      The Deposition Notice includes a footnote that "[t]he firm of Roussel & Clement represents claimants who have filed claims against [the Debtor], including Frank James Brazan, Pennie Ann Brazan Kliebert, Shane Anthony Brazen, Jason Joseph Brazan, and Carmel Theresa Brazan Bourg, Mary Patsy Soileau Courville, Mavis Todd Courville, Michael Wade Courville, and Joseph Eric Courville, Joseph Alfred Hedges, Jr. and Renee Hedges Blum, and Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Shetty Tregre Cortez" (collectively, the "***Potentially Propounding Persons***").  The Deposition Notice does not, however, specify on whose behalf the Deposition Notice is actually propounded.  Significantly, of the Potentially Propounding Persons, Frank James Brazan, Pennie Ann Brazan Kliebert, Shane Anthony Brazen, Jason Joseph Brazan,

Carmel Theresa Brazan Bourg, Joseph Alfred Hedges, Jr., Renee Hedges Blum, Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Shetty Tregre Cortez are identified as neither Roussel & Clement Creditors nor Landry & Swarr Creditors in the objections to the Compromise Motion.[6] As such, these individuals are without standing to the Contested Matter and are not entitled to seek the information or documentation sought via the Requests. Discovery may not be propounded by persons not a party to the Contested Matter. As such, LIGA is not obligated to produce any information or documents in response to the Requests.

5.     LIGA has given the most complete Objections it can at this time and reserves the right to amend or supplement its Objections if, and to the extent, it learns of additional or different information. Without limiting the foregoing, LIGA specifically reserves the right to amend or supplement these Objections based on information learned as discovery and its own investigation of the facts proceeds.

6.     Unless otherwise specified, LIGA's Objections to each of the Requests apply to the entire Request, including each and every subsection and subpart thereof.

## **GENERAL OBJECTIONS**

LIGA objects generally to each and every Request on the following grounds (the "***General Objections***"). These General Objections are set forth here to avoid excessive duplication and are incorporated by reference into each and every one of LIGA's Objections herein.

1.     LIGA objects to the Requests in their entirety based upon a lack of sufficient time to adequately prepare responses.

---

[6] Doc. Nos. 50, 72.

2.      LIGA Objects to the Requests in their entirety in that the Potentially Propounding Persons are barred from making claims against LIGA or any proceeds from LIGA under applicable law.

3.      LIGA objects to the Requests in their entirety to the extent they are propounded by individuals or entities without standing in the Contested Matter.   While the Deposition Notice includes a footnote that identifies the Potentially Propounding Persons as claimants represented by the firm of Roussel & Clement who have filed claims against the Debtor, the Deposition Notice does not specify on whose behalf the Deposition Notice is propounded.   Significantly, of the Potentially Propounding Persons, Frank James Brazan, Pennie Ann Brazan Kliebert, Shane Anthony Brazen, Jason Joseph Brazan, Carmel Theresa Brazan Bourg, Joseph Alfred Hedges, Jr., Renee Hedges Blum, Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Shetty Tregre Cortez are identified as neither Roussel & Clement Creditors nor Landry & Swarr Creditors in the objections to the Compromise Motion.[7]   As such, these individuals are not parties to the Contested Matter.   Without standing to the Contested Matter, they are not entitled to receive the information or documentation sought via the Requests.   Based upon the foregoing, LIGA is not obligated to produce any information or documents in response to the Requests.

4.      LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents protected by attorney-client privilege, the attorney work-product rule, the common interest/joint defense privileges, or any other judicially recognized privilege or protection. In responding to these Requests, LIGA does not waive or intend to waive, but rather intends to preserve and is preserving, all of its rights under such privileges and protections with respect to all information and documents subject thereto.

---

[7] Doc. Nos. 50, 72.

4

5.      LIGA objects to each Request to the extent that it seeks the disclosure of information or production of documents concerning legal contentions and supporting facts not reasonably ascertainable or available at this state of the proceedings, on the ground that each such Request is overbroad, unduly burdensome, harassing, oppressive, and premature.

6.      LIGA objects to each Request to the extent that it seeks the disclosure of information or production of documents of the mental impressions, opinions, conclusions, or legal theories of LIGA, or its counsel or other representatives, or other counsel with whom LIGA and its counsel have a common or joint legal interest.

7.      LIGA objects to each Request as overbroad, unduly burdensome, harassing, and oppressive.

8.      LIGA objects to each Request to the extent it is vague, ambiguous, confusing, or contrary to the plain meaning of the terms involved.

9.      LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents not reasonably available to LIGA nor within its possession, custody, or control.

10.      LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents in the possession, custody, or control of third parties or concerning third parties which may invade such third parties' right to privacy.

11.      LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents which is duplicative of document requests or subpoenas served by or upon other parties in the Contested Matter.

12.      LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents neither relevant to the Contested Matter nor reasonably calculated to

lead to the discovery of admissible evidence, or otherwise not proportional to the needs of the Contested Matter.

13.     LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents equally available to the Potentially Propounding Persons from other sources or which calls for factual contentions known or asserted by the Potentially Propounding Persons.

14.     LIGA objects to each Request to the extent it calls for speculation.

15.     LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents concerning a time period other than the one appropriate to the Contested Matter on the grounds that it is overbroad, unduly burdensome, harassing, oppressive, not proportional to the needs of the Contested Matter, and seeks information neither relevant to the subject matter of the Contested Matter nor reasonably calculated to lead to the discovery of admissible evidence.

16.     LIGA objects to each Request that specifies no time period on the grounds that each such Request is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the Contested Matter.

17.     LIGA objects to each Request to the extent it seeks to impose burdens and obligations exceeding those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, or any other applicable statute, rule, or order. LIGA will respond to these Requests according to the requirements of these rules, statutes and orders, subject to all applicable objections and protections.

18.     LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents concerning trade secrets or proprietary or other confidential business

information, as well as information that LIGA is bound to keep confidential under LA R.S. § 22:2056(C)(2)(c), § 22:2061.1(D), and other applicable law. The inadvertent disclosure of any document or information subject to any such protection is not intended to relinquish any protection and shall not be deemed to be a waiver thereof.

19.     LIGA objects to each Request to the extent it purports to seek "any" or "all" document(s), information, communication(s), correspondence(s), file(s), material(s), agreement(s) or similar terms on the ground that such Requests seek to require LIGA to use more than reasonable diligence to locate responsive information as this type of Request is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the Contested Matter.

20.     LIGA objects to each Request purporting to describe LIGA's contentions or positions to the extent that such Request misstates or mischaracterizes LIGA's contentions or positions, on the grounds that each such Request is vague, ambiguous, harassing, and oppressive.

21.     LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents that would violate any constitutional, statutory, or common law privacy interest of any current or former employee or representative of LIGA, any current or former policyholder of LIGA, or any other person or entity.

22.     No objection or limitation, or lack thereof, or statement that LIGA will produce documents made in these Objections constitutes an admission as to the existence or nonexistence of documents or information by LIGA.

23.     The Contested Matter to which the Requests relate is the Compromise Motion, brought under Bankruptcy Rule 9019. In connection therewith, the Court must determine that a proposed settlement is "'fair and equitable and in the best interest of the estate.'" To evaluate the probability of success in litigation, the Court should not conduct a mini-trial. Rather, the

bankruptcy judge should "only apprise himself of the relevant facts and law so that he can make an informed and intelligent decision." When a trustee seeks approval to settle a claim, the court need not "'establish[ ] as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable.'" Rather, it should "'canvass the issues' and determine whether the settlement falls 'below the lowest point in the range of reasonableness.'" LIGA objects to the Requests on the grounds that they are overbroad, unduly burdensome, and not proportional to the needs of the Contested Matter, to the extent that the Requests seek testimony and the production of documents that might be relevant were the parties litigating the merits of the claims that the Trustee is seeking to settle, but which are not needed for, or relevant to, the limited exploration of issues authorized in the Contested Matter under Rule 9019.

24.     In providing these Objections, LIGA does not waive or intend to waive, but rather intends to preserve and is preserving, each of the following: (a) all Objections to competency, relevancy, materiality, authenticity, and admissibility of any information, including, but not limited to, information provided herein and any documents produced in response to the Requests; (b) all rights to object on any ground to the use, in any proceedings, in this bankruptcy case or otherwise, of any information, including, but not limited to, information provided herein and any documents produced in response to the Requests; and (c) all rights to object on any grounds to any further requests for production, or other discovery requests.

25.     No Objection by LIGA shall be construed as: (i) an admission as to the relevance, admissibility, or materiality of any such documents or their subject matter; (ii) a waiver or abridgment of any applicable privilege; or (iii) an agreement that requests for similar documents will be treated similarly.

26.    LIGA objects to the Deposition Notice in its entirety to the extent that (a) the documents sought by any Request is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (b) the requested documents were previously produced by another party; (c) Potentially Propounding Persons have obtained the material sought by any request or demand in any other proceeding or pursuant to any other means; (d) the documents are a matter of public record or could be obtained from Potentially Propounding Persons or their counsel's files; or (e) the burden or expense of any demand outweighs its likely benefit.

27.    LIGA reserves all rights to amend or supplement these Objections.

## SPECIFIC OBJECTIONS

### A.  Specific Objections to Deposition Topics

LIGA incorporates the foregoing General Objections into each of the following Objections, and into each amendment, supplement, or modification to these Objections. By making these separate Objections, LIGA does not waive or intend to waive any of its General Objections, but rather intends to preserve and assert each of its General Objections.

**DEPOSITION TOPIC A:**
**To make a formal return on the documents and items described in Attachment "A."**
*Objection to Deposition Topic A:*
LIGA incorporates herein each and every Objection to Document Production Nos. 1 through 30 set forth below, and objects to Deposition Topic A on such basis. LIGA further objects to Deposition Topic A as vague, ambiguous, and confusing.

**DEPOSITION TOPIC B:**
**To discuss the search undertaken (and to identify by whom the search was undertaken) to locate the documents and items described in Attachment "A."**
*Objection to Deposition Topic B:*
LIGA incorporates herein each and every Objection to Document Production Nos. 1 through 30 set forth below, and objects to Deposition Topic B on such basis. LIGA objects to Deposition Topic B to the extent it seeks the disclosure of confidential information or information protected by attorney-client privilege, the attorney work-product rule, the common interest/joint defense privilege, or any other recognized privilege or protection.

LIGA further objects to Deposition Topic B as vague, ambiguous, overbroad, and neither relevant to the Contested Matter nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, LIGA objects to Deposition Topic B to the extent it imposes burdens and obligations exceeding those imposed by applicable, rules, law, or order.

**DEPOSITION TOPIC C:**
**To discuss the documents and items produced pursuant to Attachment "A" and where they were located as well as the document retention policies of LIGA.**
*Objection to Deposition Topic C:*
LIGA incorporates herein each and every Objection to Document Production Nos. 1 through 30 set forth below, and objects to Deposition Topic C on such basis. LIGA further objects to Deposition Topic C as duplicative, vague, ambiguous, and overbroad. LIGA objects to Deposition Topic C to the extent it seeks the disclosure of private or confidential information or information protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or any other recognized privilege or protection. LIGA further objects to Deposition Topic C as neither relevant to the subject matter of the Contested Matter nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, LIGA objects to Deposition Topic C to the extent it imposes burdens and obligations exceeding those imposed by applicable, rules, law, or order.

**DEPOSITION TOPIC NO. 1:**
**To testify regarding LIGA's relationship with Reilly-Benton.**
*Objection to Deposition Topic No. 1:*
LIGA incorporates herein its Objection to Document Production No. 1 set forth below, and objects to Deposition Topic No. 1 on such basis. LIGA further objects to Deposition Topic No. 1 as duplicative, unduly burdensome, overbroad, vague, and ambiguous. Moreover, LIGA objects to Deposition Topic No. 1 on the basis that the term "Relationship," as defined in the Deposition Notice, is vague, ambiguous, unduly burdensome, harassing, oppressive, and not proportional to the needs of the Contested Matter to the extent that it requests testimony irrelevant to the Compromise Motion; in particular, the defined term purports to require LIGA to testify related to any "affiliation" or "contractual connection," but these terms are undefined and unlimited in scope. LIGA further objects to Deposition Topic No. 1 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (iv) is a matter of public record; and (v) has been previously produced by another party.

**DEPOSITION TOPIC NO. 2:**
**To testify regarding LIGA's relationship with Pacific Employers Insurance Company related to Reilly-Benton.**
*Objection to Deposition Topic No. 2:*

LIGA incorporates herein its Objection to Document Production No. 2 set forth below, and objects to Deposition Topic No. 2 on such basis. LIGA further objects to Deposition Topic No. 2 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. Moreover, LIGA objects to Deposition Topic No. 2 on the basis that the term "Relationship," as defined in the Deposition Notice, is vague, ambiguous, unduly burdensome, harassing, oppressive, and not proportional to the needs of the Contested Matter to the extent that it requests testimony irrelevant to the Compromise Motion; in particular, the defined term purports to require LIGA to testify related to any "affiliation" or "contractual connection," but these terms are undefined and unlimited in scope. LIGA further objects to Deposition Topic No. 2 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (iv) is a matter of public record; and (v) has been previously produced by another party.

**DEPOSITION TOPIC NO. 3:**
**To testify regarding LIGA's relationship with Century Indemnity Company related to Reilly-Benton.**
*Objection to Deposition Topic No. 3:*
LIGA incorporates herein its Objection to Document Production No. 3 set forth below, and objects to Deposition Topic No. 3 on such basis. LIGA further objects to Deposition Topic No. 3 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. Moreover, LIGA objects to Deposition Topic No. 3 on the basis that the term "Relationship," as defined in the Deposition Notice, is vague, ambiguous, unduly burdensome, harassing, oppressive, and not proportional to the needs of the Contested Matter to the extent that it requests testimony irrelevant to the Compromise Motion; in particular, the defined term purports to require LIGA to testify related to any "affiliation" or "contractual connection," but these terms are undefined and unlimited in scope. LIGA further objects to Deposition Topic No. 3 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) is equally available to the Potentially Propounding Persons from other sources, including other parties to the Contested Matter, that are more convenient, less burdensome, or less expensive; (iv) is a matter of public record; and (v) has been previously produced by another party.

**DEPOSITION TOPIC NO. 4:**
**To testify regarding LIGA's relationship with Resolute Management, Inc.**
*Objection to Deposition Topic No. 4:*
LIGA incorporates herein its Objection to Document Production No. 4 set forth below, and objects to Deposition Topic No. 4 on such basis. LIGA further objects to Deposition Topic No. 4 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. Moreover, LIGA objects to Deposition Topic No. 4 on the basis that the term "Relationship," as defined in the Deposition Notice, is vague, ambiguous, unduly burdensome, harassing,

oppressive, and not proportional to the needs of the Contested Matter to the extent that it requests testimony irrelevant to the Compromise Motion; in particular, the defined term purports to require LIGA to testify related to any "affiliation" or "contractual connection," but these terms are undefined and unlimited in scope. LIGA further objects to Deposition Topic No. 4 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (iv) is a matter of public record; and (v) has been previously produced by another party.

## DEPOSITION TOPIC NO. 5:
**To testify regarding LIGA's relationship with National Indemnity Company related to Reilly-Benton.**

*Objection to Deposition Topic No. 5:*

LIGA incorporates herein its Objection to Document Production No. 5 set forth below, and objects to Deposition Topic No. 5 on such basis. LIGA further objects to Deposition Topic No. 5 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. Moreover, LIGA objects to Deposition Topic No. 5 on the basis that the term "Relationship," as defined in the Deposition Notice, is vague, ambiguous, unduly burdensome, harassing, oppressive, and not proportional to the needs of the Contested Matter to the extent that it requests testimony irrelevant to the Compromise Motion; in particular, the defined term purports to require LIGA to testify related to any "affiliation" or "contractual connection," but these terms are undefined and unlimited in scope. LIGA further objects to Deposition Topic No. 5 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (iv) is a matter of public record; and (v) has been previously produced by another party.

## DEPOSITION TOPIC NO. 6:
**To testify regarding LIGA's relationship with Liberty Mutual Insurance Company related to Reilly-Benton.**

*Objection to Deposition Topic No. 6:*

LIGA incorporates herein its Objection to Document Production No. 6 set forth below, and objects to Deposition Topic No. 6 on such basis. LIGA further objects to Deposition Topic No. 6 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. Moreover, LIGA objects to Deposition Topic No. 6 on the basis that the term "Relationship," as defined in the Deposition Notice, is vague, ambiguous, unduly burdensome, harassing, oppressive, and not proportional to the needs of the Contested Matter to the extent that it requests testimony irrelevant to the Compromise Motion; in particular, the defined term purports to require LIGA to testify related to any "affiliation" or "contractual connection," but these terms are undefined and unlimited in scope. LIGA further objects to Deposition

12

Topic No. 6 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (iv) is a matter of public record; and (v) has been previously produced by another party.

**DEPOSITION TOPIC NO. 7:**
**To testify regarding any agreements between LIGA and Reilly-Benton regarding asbestos claims.**

*Objection to Deposition Topic No. 7:*

LIGA incorporates herein its Objection to Document Production No. 7 set forth below, and objects to Deposition Topic No. 7 on such basis. LIGA further objects to Deposition Topic No. 7 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 7 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion, to the extent it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any agreements," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders, and requires LIGA to speculate as to what constitutes an agreement. Moreover, LIGA objects to Deposition Topic No. 7 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 8:**
**To testify regarding any agreements between LIGA and Pacific Employers Insurance Company regarding asbestos claims involving Reilly-Benton Company, Inc.**

*Objection to Deposition Topic No. 8:*

LIGA incorporates herein its Objection to Document Production No. 8 set forth below, and objects to Deposition Topic No. 8 on such basis. LIGA further objects to Deposition Topic No. 8 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 8 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion, to the extent it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any agreements," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders, and requires LIGA to

speculate as to what constitutes an agreement. Moreover, LIGA objects to Deposition Topic No. 8 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 9:**
**To testify regarding any agreements between LIGA and Century Indemnity Company regarding asbestos claims involving Reilly-Benton Company, Inc.**

*Objection to Deposition Topic No. 9:*
LIGA incorporates herein its Objection to Document Production No. 9 set forth below, and objects to Deposition Topic No. 9 on such basis. LIGA further objects to Deposition Topic No. 9 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 9 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion, to the extent it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any agreements," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders, and requires LIGA to speculate as to what constitutes an agreement. Moreover, LIGA objects to Deposition Topic No. 9 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 10:**
**To testify regarding any agreements between LIGA and Resolute Management, Inc. regarding asbestos claims involving Reilly-Benton Company, Inc.**

*Objection to Deposition Topic No. 10:*
LIGA incorporates herein its Objection to Document Production No. 10 set forth below, and objects to Deposition Topic No. 10 on such basis. LIGA further objects to Deposition Topic No. 10 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 10 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion, to the extent it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any agreements," seeks to require LIGA to use

14

more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders, and requires LIGA to speculate as to what constitutes an agreement. Moreover, LIGA objects to Deposition Topic No. 10 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 11:**
**To testify regarding any agreements between LIGA and National Indemnity Company regarding asbestos claims involving Reilly-Benton Company, Inc.**
    *Objection to Deposition Topic No. 11:*
LIGA incorporates herein its Objection to Document Production No. 11 set forth below, and objects to Deposition Topic No. 11 on such basis. LIGA further objects to Deposition Topic No. 11 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 11 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion, to the extent it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any agreements," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders, and requires LIGA to speculate as to what constitutes an agreement. Moreover, LIGA objects to Deposition Topic No. 11 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 12:**
**To testify regarding any agreements between LIGA and Liberty Mutual Insurance Company regarding asbestos claims involving Reilly-Benton Company, Inc.**
    *Objection to Deposition Topic No. 12:*
LIGA incorporates herein its Objection to Document Production No. 12 set forth below, and objects to Deposition Topic No. 12 on such basis. LIGA further objects to Deposition Topic No. 12 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 12 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion, to the extent it (a) does not specify a time period for which testimony is sought and therefore seeks

information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any agreements," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders, and requires LIGA to speculate as to what constitutes an agreement. Moreover, LIGA objects to Deposition Topic No. 12 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 13:**
**To testify regarding LIGA's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.**

*Objection to Deposition Topic No. 13:*
LIGA incorporates herein its Objection to Document Production No. 13 set forth below, and objects to Deposition Topic No. 13 on such basis. LIGA further objects to Deposition Topic No. 13 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 13 as it requires LIGA to speculate as to what constitutes "involvement." Moreover, LIGA objects to Deposition Topic No. 13 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 14:**
**To testify regarding Century Indemnity Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to Deposition Topic No. 14:*
LIGA incorporates herein its Objection to Document Production No. 14 set forth below, and objects to Deposition Topic No. 14 on such basis. LIGA further objects to Deposition Topic No. 14 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 14 as it requires LIGA to speculate as to what constitutes "involvement." Moreover, LIGA objects to Deposition Topic No. 14 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may

invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 15:**

**To testify regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to Deposition Topic No. 15:*

LIGA incorporates herein its Objection to Document Production No. 15 set forth below, and objects to Deposition Topic No. 15 on such basis. LIGA further objects to Deposition Topic No. 15 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 15 as it requires LIGA to speculate as to what constitutes "involvement." Moreover, LIGA objects to Deposition Topic No. 15 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 16:**

**To testify regarding National Indemnity Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to Deposition Topic No. 16:*

LIGA incorporates herein its Objection to Document Production No. 16 set forth below, and objects to Deposition Topic No. 16 on such basis. LIGA further objects to Deposition Topic No. 16 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 16 as it requires LIGA to speculate as to what constitutes "involvement." Moreover, LIGA objects to Deposition Topic No. 16 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 17:**

**To testify regarding Liberty Mutual Insurance Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to Deposition Topic No. 17:*

LIGA incorporates herein its Objection to Document Production No. 17 set forth below, and objects to Deposition Topic No. 17 on such basis. LIGA further objects to Deposition Topic No. 17 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 17 as it requires LIGA to speculate as to what constitutes "involvement." Moreover, LIGA objects to Deposition Topic No. 17 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 18:**

**To testify regarding Pacific Employers Insurance Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to Deposition Topic No. 18:*

LIGA incorporates herein its Objection to Document Production No. 18 set forth below, and objects to Deposition Topic No. 18 on such basis. LIGA further objects to Deposition Topic No. 18 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 18 as it requires LIGA to speculate as to what constitutes "involvement." Moreover, LIGA objects to Deposition Topic No. 18 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 19:**

**To testify regarding all information considered by LIGA to arrive at the settlement amount.**

*Objection to Deposition Topic No. 19:*

LIGA incorporates herein its Objection to Document Production No. 19 set forth below, and objects to Deposition Topic No. 19 on such basis. LIGA further objects to Deposition Topic No. 19 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 19 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion, to the extent it, in seeking testimony regarding "all information," seeks to require LIGA to use more than

reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders, and requires LIGA to speculate as to what constitutes "information." Moreover, LIGA objects to Deposition Topic No. 19 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 20:**
**To testify as to asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay.**

*Objection to Deposition Topic No. 20:*
LIGA incorporates herein its Objection to Document Production No. 20 set forth below, and objects to Deposition Topic No. 20 on such basis. LIGA further objects to Deposition Topic No. 20 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 20 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion, to the extent it requires LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 20 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; (vi) has been previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DEPOSITION TOPIC NO. 21:**
**To testify as to any and all correspondence and/or documents between Reilly-Benton and LIGA regarding asbestos-related claims.**

*Objection to Deposition Topic No. 21:*
LIGA incorporates herein its Objection to Document Production No. 21 set forth below, and objects to Deposition Topic No. 21 on such basis. LIGA further objects to Deposition Topic No. 21 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 21 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any and all correspondence and/or documents," seeks to require LIGA to use more than reasonable diligence to locate responsive information and

imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 21 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 22:**

**To testify as to any and all correspondence and/or documents between the Trustee for the bankruptcy estate of Reilly-Benton and LIGA regarding asbestos-related claims.**

*Objection to Deposition Topic No. 22:*

LIGA incorporates herein its Objection to Document Production No. 22 set forth below, and objects to Deposition Topic No. 22 on such basis. LIGA further objects to Deposition Topic No. 22 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 22 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any and all correspondence and/or documents," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 22 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 23:**

**To testify as to any and all correspondence and/or documents between LIGA and Resolute Management, Inc. regarding asbestos-related claims involving Reilly-Benton Company, Inc.**

*Objection to Deposition Topic No. 23:*

LIGA incorporates herein its Objection to Document Production No. 23 set forth below, and objects to Deposition Topic No. 23 on such basis. LIGA further objects to Deposition Topic No. 23 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 23 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any and all correspondence and/or documents," seeks to require LIGA to use more than reasonable diligence to locate responsive information and

imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 23 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 24:**
**To testify as to any and all correspondence and/or documents between LIGA and National Indemnity Company regarding asbestos-related claims involving Reilly-Benton Company, Inc**.

*Objection to Deposition Topic No. 24:*
LIGA incorporates herein its Objection to Document Production No. 24 set forth below, and objects to Deposition Topic No. 24 on such basis. LIGA further objects to Deposition Topic No. 24 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 24 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any and all correspondence and/or documents," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 24 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 25:**
**To testify as to any and all correspondence and/or documents between LIGA and Century Indemnity Company regarding asbestos-related claims involving Reilly-Benton Company, Inc**.

*Objection to Deposition Topic No. 25:*
LIGA incorporates herein its Objection to Document Production No. 25 set forth below, and objects to Deposition Topic No. 25 on such basis. LIGA further objects to Deposition Topic No. 25 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 25 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in

seeking testimony regarding "any and all correspondence and/or documents," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 25 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 26:**
**To testify as to any and all correspondence and/or documents between LIGA and Pacific Employers Insurance Company regarding asbestos-related claims involving Reilly-Benton Company, Inc**.

*Objection to Deposition Topic No. 26:*
LIGA incorporates herein its Objection to Document Production No. 26 set forth below, and objects to Deposition Topic No. 26 on such basis. LIGA further objects to Deposition Topic No. 26 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 26 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any and all correspondence and/or documents," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 26 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 27:**
**To testify as to any and all correspondence and/or documents between LIGA and Liberty Mutual Insurance Company regarding asbestos-related claims involving Reilly-Benton Company, Inc**.

*Objection to Deposition Topic No. 27:*
LIGA incorporates herein its Objection to Document Production No. 27 set forth below, and objects to Deposition Topic No. 27 on such basis. LIGA further objects to Deposition Topic No. 27 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 27 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it (a) does not

specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any and all correspondence and/or documents," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 27 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 28:**
**To testify as to the number of asbestos-related claims currently pending against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay, including the specific asbestos-related diseases that form the basis of those claims.**

*Objection to Deposition Topic No. 28:*
LIGA incorporates herein its Objection to Document Production No. 28 set forth below, and objects to Deposition Topic No. 28 on such basis. LIGA further objects to Deposition Topic No. 28 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 28 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 28 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; (vi) has been previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DEPOSITION TOPIC NO. 29:**
**To testify as to the identity of the claimants who have currently pending asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay, including the specific asbestos-related diseases from which those claimants have brought a claim.**

*Objection to Deposition Topic No. 29:*
LIGA incorporates herein its Objection to Document Production No. 29 set forth below, and objects to Deposition Topic No. 29 on such basis. LIGA further objects to Deposition Topic No. 29 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and

ambiguous. LIGA also objects to Deposition Topic No. 29 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 29 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; (vi) has been previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DEPOSITION TOPIC NO. 30:**
**To testify as to the identity of the law firms representing claimants who have currently pending asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay.**
*Objection to Deposition Topic No. 30:*
LIGA incorporates herein its Objection to Document Production No. 30 set forth below, and objects to Deposition Topic No. 30 on such basis. LIGA further objects to Deposition Topic No. 30 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 30 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 30 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; (vi) has been previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DEPOSITION TOPIC NO. 31:**
**To testify as to the date all currently pending asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay were filed.**
*Objection to Deposition Topic No. 31:*
LIGA incorporates herein its Objection to Document Production No. 31 set forth below, and objects to Deposition Topic No. 31 on such basis. LIGA further objects to Deposition Topic No. 31 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 31 as not proportional to the needs

of the Contested Matter and irrelevant to the Compromise Motion in that it does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 31 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; (vi) has been previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DEPOSITION TOPIC NO. 32:**

**To testify as to the status of all currently pending asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay.**

*Objection to Deposition Topic No. 32:*

LIGA incorporates herein its Objection to Document Production No. 32 set forth below, and objects to Deposition Topic No. 32 on such basis. LIGA further objects to Deposition Topic No. 32 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 32 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 32 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; (vi) has been previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DEPOSITION TOPIC NO. 33:**

**To testify as to any and all correspondence and/or documents between the Trustee for the bankruptcy estate of Reilly-Benton and LIGA.**

*Objection to Deposition Topic No. 33:*

LIGA incorporates herein its Objection to Document Production No. 33 set forth below, and objects to Deposition Topic No. 33 on such basis. LIGA further objects to Deposition Topic No. 33 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 33 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it does not specify a time period or the subject matter for which testimony is sought and therefore seeks

information concerning a time period and subject matter other than the one relevant to the Contested Matter and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 33 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; (vi) has been previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DEPOSITION TOPIC NO. 34:**
**To testify as to any and all correspondence and/or documents between representatives of the Trustee for the bankruptcy estate of Reilly-Benton and LIGA.**

*Objection to Deposition Topic No. 34:*

LIGA incorporates herein its Objection to Document Production No. 34 set forth below, and objects to Deposition Topic No. 34 on such basis. LIGA further objects to Deposition Topic No. 34 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 34 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it does not specify a time period or the subject matter for which testimony is sought and therefore seeks information concerning a time period and subject matter other than the one relevant to the Contested Matter and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 34 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; (vi) has been previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

<u>**Specific Objections to Document Production**</u>

LIGA incorporates the foregoing General Objections into each of the following Objections to individual Requests, and into each amendment, supplement, or modification to these Objections that LIGA may later provide. By making these separate Objections, LIGA does not waive or intend to waive any of its General Objections, but rather intends to preserve and assert each of its General Objections.

26

**DOCUMENT PRODUCTION ITEM NO. 1:**

**Produce all documents regarding LIGA's relationship with Reilly-Benton.**

    *Objection to document Production Item No. 1:*

    LIGA objects to Document Production Item No. 1 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 1 as (a) the term "regarding" is vague and/or ambiguous and undefined; and (b) the term "relationship," as defined, is vague, ambiguous, unduly burdensome, harassing, and oppressive given the failure to define or otherwise limit the scope of the therein used terms "affiliation" or "contractual connection." Moreover, LIGA objects to Document Production Item No. 1 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 1 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 1 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 2:**

**Produce all documents regarding LIGA's relationship with Pacific Employers Insurance Company related to Reilly-Benton.**

    *Objection to document Production Item No. 2:*

    LIGA objects to Document Production Item No. 2 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 2 as (a) the terms "regarding" and "related to" are vague and/or ambiguous and undefined; and (b) the term "relationship," as defined, is vague, ambiguous, unduly burdensome, harassing, and oppressive given the failure to define or otherwise limit the scope of the therein used terms "affiliation" or "contractual connection." Moreover, LIGA objects to Document Production Item No. 2 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 2 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 2 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may

invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 3:**
**Produce all documents regarding LIGA's relationship with Century Indemnity Company related to Reilly-Benton.**

> *Objection to document Production Item No. 3:*
> LIGA objects to Document Production Item No. 3 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 3 as (a) the terms "regarding" and "related to" are vague and/or ambiguous and undefined; and (b) the term "relationship," as defined, is vague, ambiguous, unduly burdensome, harassing, and oppressive given the failure to define or otherwise limit the scope of the therein used terms "affiliation" or "contractual connection." Moreover, LIGA objects to Document Production Item No. 3 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 3 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 3 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 4:**
**Produce all documents regarding LIGA's relationship with Resolute Management, Inc.**

> *Objection to document Production Item No. 4:*
> LIGA objects to Document Production Item No. 4 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 4 as (a) the term "regarding" is vague and/or ambiguous and undefined; and (b) the term "relationship," as defined, is vague, ambiguous, unduly burdensome, harassing, and oppressive given the failure to define or otherwise limit the scope of the therein used terms "affiliation" or "contractual connection." Moreover, LIGA objects to Document Production Item No. 4 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 4 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by

applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 4 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 5:**
**Produce all documents regarding LIGA's relationship with National Indemnity Company related to Reilly-Benton.**
 *Objection to document Production Item No. 5:*
LIGA objects to Document Production Item No. 5 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 5 as (a) the terms "regarding" and "related to" are vague and/or ambiguous and undefined; and (b) the term "relationship," as defined, is vague, ambiguous, unduly burdensome, harassing, and oppressive given the failure to define or otherwise limit the scope of the therein used terms "affiliation" or "contractual connection." Moreover, LIGA objects to Document Production Item No. 5 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 5 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 5 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 6:**
**Produce all documents regarding LIGA's relationship with Liberty Mutual Insurance Company related to Reilly-Benton.**
 *Objection to document Production Item No. 6:*
LIGA objects to Document Production Item No. 6 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 6 as (a) the terms "regarding" and "related to" are vague and/or ambiguous and undefined; and (b) the term "relationship," as defined, is vague, ambiguous, unduly burdensome, harassing, and oppressive given the failure to define or otherwise limit the scope of the therein used terms "affiliation" or "contractual connection." Moreover, LIGA objects to

29

Document Production Item No. 6 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 6 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 6 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 7:**
**Produce all documents regarding any agreements between LIGA and Reilly-Benton regarding asbestos claims.**
*Objection to document Production Item No. 7:*
LIGA objects to Document Production Item No. 7 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 7 as the terms "regarding," "asbestos claims," and "agreements" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 7 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 7 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 7 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 8:**
**Produce all documents regarding any agreements between LIGA and Pacific Employers Insurance Company regarding asbestos claims involving Reilly-Benton Company, Inc.**
*Objection to document Production Item No. 8:*
LIGA objects to Document Production Item No. 8 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 8 as the terms "regarding," "involving," "asbestos claims," and "agreements" are vague

and/or ambiguous and undefined.  Moreover, LIGA objects to Document Production Item No. 8 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter.  In a similar vein, LIGA objects to Document Production Item No. 8 on that basis that, in seeking "all documents" and "any agreements," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 8 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 9:**
**Produce all documents regarding any agreements between LIGA and Century Indemnity Company regarding asbestos claims involving Reilly-Benton Company, Inc.**
    *Objection to document Production Item No. 9:*
LIGA objects to Document Production Item No. 9 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous.  LIGA further objects to Document Production Item No. 9 as the terms "regarding," "involving," "asbestos claims," and "agreements" are vague and/or ambiguous and undefined.  Moreover, LIGA objects to Document Production Item No. 9 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter.  In a similar vein, LIGA objects to Document Production Item No. 9 on that basis that, in seeking "all documents" and "any agreements," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 9 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 10:**
**Produce all documents regarding any agreements between LIGA and Resolute Management, Inc. regarding asbestos claims involving Reilly-Benton Company, Inc.**
    *Objection to document Production Item No. 10:*

LIGA objects to Document Production Item No. 10 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous.  LIGA further objects to Document Production Item No. 10 as the terms "regarding," "involving," "asbestos claims," and "agreements" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 10 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 10 on that basis that, in seeking "all documents" and "any agreements," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 10 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 11:**
**Produce all documents regarding any agreements between LIGA and National Indemnity Company regarding asbestos claims involving Reilly-Benton Company, Inc.**
*Objection to document Production Item No. 11:*
LIGA objects to Document Production Item No. 11 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous.  LIGA further objects to Document Production Item No. 11 as the terms "regarding," "involving," "asbestos claims," and "agreements" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 11 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter.  In a similar vein, LIGA objects to Document Production Item No. 11 on that basis that, in seeking "all documents" and "any agreements," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 11 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 12:**

**Produce all documents regarding any agreements between LIGA and Liberty Mutual
Insurance Company regarding asbestos claims involving Reilly-Benton Company, Inc.**

*Objection to document Production Item No. 12:*

LIGA objects to Document Production Item No. 12 as irrelevant, unduly burdensome,
overbroad, vague, and ambiguous.  LIGA further objects to Document Production Item No.
12 as the terms "regarding," "involving," "asbestos claims," and "agreements" are vague
and/or ambiguous and undefined.  Moreover, LIGA objects to Document Production Item
No. 12 on the basis that it requests documents irrelevant to the Compromise Motion and
unproportional to the needs of the Contested Matter in that the documents requested are
not limited in scope to a specific time period or subject matter.  In a similar vein, LIGA
objects to Document Production Item No. 12 on that basis that, in seeking "all documents"
and "any agreements," it seeks to require LIGA to use more than reasonable diligence to
locate responsive documents and imposes burdens and obligations beyond those imposed
by applicable statute, rules, and orders. LIGA also objects to Document Production Item
No. 12 as it seeks documents which (i) are protected by attorney-client privilege, the
attorney work-product rule, the joint defense/common interest privileges, or another
recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. §
22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may
invade such third parties' right to privacy; (iv) are equally available to the Potentially
Propounding Persons from other sources that are more convenient, less burdensome, or
less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously
produced by another party.

## DOCUMENT PRODUCTION ITEM NO. 13:
**Produce all documents regarding LIGA's involvement with the Reilly-Benton Company,
Inc.'s decision to file for bankruptcy.**

*Objection to document Production Item No. 13:*

LIGA objects to Document Production Item No. 13 as irrelevant, unduly burdensome,
overbroad, vague, and ambiguous.  LIGA further objects to Document Production Item No.
13 as the terms "regarding" and "involvement" are vague and/or ambiguous and undefined.
Moreover, LIGA objects to Document Production Item No. 13 on the basis that it requests
documents irrelevant to the Compromise Motion and unproportional to the needs of the
Contested Matter in that the documents requested are not limited in scope to a specific time
period.  In a similar vein, LIGA objects to Document Production Item No. 13 on that basis
that, in seeking "all documents," it seeks to require LIGA to use more than reasonable
diligence to locate responsive documents and imposes burdens and obligations beyond
those imposed by applicable statute, rules, and orders. LIGA also objects to Document
Production Item No. 13 as it seeks documents which (i) are protected by attorney-client
privilege, the attorney work-product rule, the joint defense/common interest privileges, or
another recognized privilege or protection; (ii) are confidential, including pursuant to LA
R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which
may invade such third parties' right to privacy; (iv) are equally available to the Potentially
Propounding Persons from other sources that are more convenient, less burdensome, or
less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously
produced by another party.

33

**DOCUMENT PRODUCTION ITEM NO. 14:**

**Produce all documents regarding Century Indemnity Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to document Production Item No. 14:*

LIGA objects to Document Production Item No. 14 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous.  LIGA further objects to Document Production Item No. 14 as the terms "regarding," "involvement," and "Settlement Agreement" are vague and/or ambiguous and undefined.  Moreover, LIGA objects to Document Production Item No. 14 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter.  In a similar vein, LIGA objects to Document Production Item No. 14 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 14 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 15:**

**Produce all documents regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to document Production Item No. 15:*

LIGA objects to Document Production Item No. 15 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous.  LIGA further objects to Document Production Item No. 15 as the terms "regarding," "involvement," and "Settlement Agreement" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 15 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter.  In a similar vein, LIGA objects to Document Production Item No. 15 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 15 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from

other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 16:**
**Produce all documents regarding National Indemnity Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to document Production Item No. 16:*

LIGA objects to Document Production Item No. 16 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 16 as the terms "regarding," "involvement," and "Settlement Agreement" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 16 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 16 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 16 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 17:**
**Produce all documents regarding Liberty Mutual Insurance Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to document Production Item No. 17:*

LIGA objects to Document Production Item No. 17 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 17 as the terms "regarding," "involvement," and "Settlement Agreement" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 17 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 17 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 17 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or §

22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 18:**
**Produce all documents regarding Pacific Employers Insurance Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to document Production Item No. 18:*

LIGA objects to Document Production Item No. 18 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 18 as the terms "regarding," "involvement," and "Settlement Agreement" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 18 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 18 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 18 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 19:**
**Produce all documents considered by LIGA to arrive at the settlement amount.**

*Objection to document Production Item No. 19:*

LIGA objects to Document Production Item No. 19 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 19 as the terms "considered," "arrive at," and "settlement amount" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 19 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 19 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 19 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or §

22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 20:**
**Produce all documents as to asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay.**

> *Objection to document Production Item No. 20:*
> LIGA objects to Document Production Item No. 20 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 20 as the terms/phrases "as to," "asbestos-related claims," and "may be obligated to pay" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 20 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 20 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 20 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; (vi) are duplicative of those previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DOCUMENT PRODUCTION ITEM NO. 21:**
**Produce all correspondence and/or documents between Reilly-Benton and LIGA regarding asbestos-related claims.**

> *Objection to document Production Item No. 21:*
> LIGA objects to Document Production Item No. 21 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 21 as the terms/phrases "regarding" and "asbestos-related claims" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 21 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 21 on that basis that, in seeking "all correspondence and/or documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 21 as it seeks documents which (i) are protected by attorney-client

privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 22:**
**Produce all correspondence and/or documents between the Trustee for the bankruptcy estate of Reilly-Benton and LIGA regarding asbestos-related claims.**
 *Objection to document Production Item No. 22:*
 LIGA objects to Document Production Item No. 22 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous.  LIGA further objects to Document Production Item No. 22 as the terms/phrases "regarding" and "asbestos-related claims" are vague and/or ambiguous and undefined.  Moreover, LIGA objects to Document Production Item No. 22 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter.  In a similar vein, LIGA objects to Document Production Item No. 22 on that basis that, in seeking "all correspondence and/or documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders.  LIGA also objects to Document Production Item No. 22 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 23:**
**Produce all correspondence and/or documents between LIGA and Resolute Management, Inc. regarding asbestos-related claims involving Reilly-Benton Company, Inc.**
 *Objection to document Production Item No. 23:*
 LIGA objects to Document Production Item No. 23 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous.  LIGA further objects to Document Production Item No. 23 as the terms/phrases "regarding," "asbestos-related claims," and "involving" are vague and/or ambiguous and undefined.  Moreover, LIGA objects to Document Production Item No. 23 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter.  In a similar vein, LIGA objects to Document Production Item No. 23 on that basis that, in seeking "all correspondence and/or documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond

those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 23 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 24:**
**Produce all correspondence and/or documents between LIGA and National Indemnity Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.**
 *Objection to document Production Item No. 24:*
 LIGA objects to Document Production Item No. 24 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 24 as the terms/phrases "regarding," "asbestos-related claims," and "involving" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 24 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 24 on that basis that, in seeking "all correspondence and/or documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 24 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 25:**
**Produce all correspondence and/or documents between LIGA and Century Indemnity Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.**
 *Objection to document Production Item No. 25:*
 LIGA objects to Document Production Item No. 25 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 25 as the terms/phrases "regarding," "asbestos-related claims," and "involving" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 25 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 25 on that basis that, in seeking "all

correspondence and/or documents", it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 25 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 26:**
**Produce all correspondence and/or documents between LIGA and Pacific Employers Insurance Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.**

*Objection to document Production Item No. 26:*
LIGA objects to Document Production Item No. 26 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 26 as the terms/phrases "regarding," "asbestos-related claims," and "involving" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 26 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 26 on that basis that, in seeking "all correspondence and/or documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 26 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 27:**
**Produce all correspondence and/or documents between LIGA and Liberty Mutual Insurance Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.**

*Objection to document Production Item No. 27:*
LIGA objects to Document Production Item No. 27 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 27 as the terms/phrases "regarding," "asbestos-related claims," and "involving" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 27 on the basis that it requests documents irrelevant to the Compromise Motion and

unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 27 on that basis that, in seeking "all correspondence and/or documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 27 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 28:**
**Produce all documents regarding claims currently pending against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay, including the specific asbestos-related diseases that form the basis of those claims.**

*Objection to document Production Item No. 28:*

LIGA objects to Document Production Item No. 28 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 28 as the terms/phrases "regarding," "currently pending," "including," "specific asbestos-related diseases," and "may be obligated to pay" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 28 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 28 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 28 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; (vi) are duplicative of those previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DOCUMENT PRODUCTION ITEM NO. 29:**
**Produce all correspondence and/or documents between the Trustee for the bankruptcy estate of Reilly-Benton and LIGA.**

*Objection to document Production Item No. 29:*

LIGA objects to Document Production Item No. 29 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 29 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 29 on that basis that, in seeking "all correspondence and/or documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 29 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 30:**
**Produce [sic] all correspondence and/or documents between representatives of the Trustee for the bankruptcy estate of Reilly-Benton and LIGA.**
*Objection to document Production Item No. 30:*
LIGA objects to Document Production Item No. 30 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 30 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 30 on that basis that, in seeking "all correspondence and/or documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 30 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

DATED: September 1, 2022

Respectfully submitted,

**STEWART ROBBINS BROWN & ALTAZAN LLC**

/s/ William S. Robbins
William S. Robbins (#24627)
301 Main Street, Suite 1640

42

Baton Rouge, Louisiana 70801
225.231.9998 (Telephone)
225.709.9467 (Facsimile)
**Attorneys for LIGA**