## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| REILLY-BENTON COMPANY, INC. | ) | Case No. 17-12870 |
| | ) | |
| DEBTORS | ) | Section A |
| _____ | ) | |

## MEMORANDUM IN SUPPORT OF MOTION TO COMPEL AND OVERRULE OBJECTIONS OF LOUISIANA INSURANCE GUARANTY ASSOCIATION

**MAY IT PLEASE THE COURT:**

Roussel & Clement Creditors[1] respectfully submit this Memorandum in Support of their Motion to Compel and Overrule Objections of Louisiana Insurance Guaranty ("LIGA"). Counsel for the parties have attempted to resolve this dispute without this Honorable Court's assistance; however, there is a fundamental dispute regarding LIGA's corporate deposition and its production of documents.

Federal Rule of Civil procedure 37(a) allows a party to move for an order compelling discovery from another party. In particular, Rule 37(a)(3)(b)(ii) allows a party seeking discovery to move for an order compelling an answer or production of documents where a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4). Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. . . ." Rule 26(b)(1) specifies that "[i]nformation within the scope of discovery need not be admissible in evidence to be

---

[1]The firm of Roussel & Clement represents claimants who have filed claims against Reilly-Benton Company, Inc., including Frank James Brazan, Pennie Ann Brazan Kliebert, Shane Anthony Brazan, Jason Joseph Brazan, and Carmel Theresa Brazan Bourg, Mary Patsy Soileau Courville, Mavis Todd Courville, Michael Wade Courville, and Joseph Eric Courville, Joseph Alfred Hedges, Jr. and Renee Hedges Blum, and Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Sherry Tregre Cortez.

discovered." The Federal Rules of Civil Procedure take a "demanding attitude toward

objections."[2] The party resisting discovery must show specifically how each request is not

relevant or otherwise objectionable.[3]

If documents are relevant and are sought for good cause they should be enforced unless

the documents are privileged or the subpoenas are unreasonable, oppressive, annoying, or

embarrassing.[4]

I.      **RULE 37 CERTIFICATE**

Roussel & Clement Creditors had hoped to have this discovery issue resolved without the

need for this Honorable Court's assistance, and a meet and confer session was conducted via

telephone on August 9, 2022, during which LIGA's objections to the Roussel & Clement

Creditors' Notice of Deposition and Notice of Records Deposition were discussed.[5] A second

meet and confer session was held on September 1, 2022.[6] Following the Rule 37 Conference,

the Roussel & Clement Creditors revised their Notice of Deposition and Notice of Records

---

[2]*Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, 2015 U.S. Dist. LEXIS 6931, at *30-31 (E.D. La. Jan. 20, 2015) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2173 (2014)).

[3]*McLeod, Alexander, Powel & Apffel, P.C. v. Quarles,* 894 F.2d 1482, 1485 (5th Cir. 1990).

[4]*Covey Oil Co. v Continental Oil Co.* (1965, CA10 Utah) 340 F2d 993, 1965 CCH Trade Cases P 71357, cert den (1965) 380 US 964, 14 L Ed 2d 155, 85 S Ct 1110 and (criticized on other grounds in *De Masi v Weiss* (1982, CA3) 669 F2d 114, 1982-1 CCH Trade Cases P 64452, 33 FR Serv 2d 1) and (criticized on other grounds in *United States v Columbia Broadcasting System, Inc*. (1982, CA9 Cal) 666 F2d 364, 1982-1 CCH Trade Cases P 64492, 33 FR Serv 2d 539) and (ovrld on other grounds as stated in *MDK, Inc. v Mike's Train House* (1994, CA4 NC) 27 F3d 116, 1994-1 CCH Trade Cases P 70620, 29 FR Serv 3d 1472) and (criticized on other grounds in *Bennett v City of Boston* (1995, CA1 Mass) 54 F3d 18, 32 FR Serv 3d 48).

[5]Exhibit 1, E-Mail of August 9, 2022 Scheduling Meet and Confer.

[6]Exhibit 18, E-Mail of September 1, 2022.

Deposition to address LIGA's objections, and sent out the revised Notice of Deposition and

Notice of Records Deposition, scheduling the records deposition and corporate deposition of

LIGA on dates that had been agreed upon by the parties.

## II.  FACTUAL BACKGROUND

The Roussel & Clement Creditors first requested a date for the deposition of LIGA on

April 8, 2022.[7]  The Roussel & Clement Creditors again requested a date for the deposition of

LIGA on July 19, 2022.[8]  In response to a request for the same, the Roussel & Clement Creditors

also provided a draft Notice of Deposition and Records Deposition on July 19, 2022.[9]  Following

receipt of the draft Notice of Deposition and Records Deposition, LIGA's counsel, Stephanie

Laborde, informed the Roussel & Clement Creditors that the likely designated representative

would be Malcolm Twiner, Jr., who was then on vacation, and that available dates would be

provided for LIGA's deposition after he returned.[10]

On July 25, 2022, LIGA's counsel provided possible dates for the deposition of LIGA,

and informed the Roussel & Clement Creditors that the dates would also be sent to the counsel

for the Trustee, and LIGA's additional counsel, Will Robbins, to check for conflicts.[11]  On

August 5, 2022, Mr. Robbins sent a letter regarding LIGA's objections to the Notice of

Deposition and Records Deposition.[12]  On August 9, 2022, counsel for the Roussel & Clement

---

[7]Exhibit 2, <u>E-Mail of April 8, 2022</u>.
[8]Exhibit 3, <u>E-Mail of July 19, 2022 from Roussel & Clement Creditors' Counsel</u>.
[9]Exhibit 4, <u>E-Mail of July 19, 2022 attaching Draft Notice of Deposition and Records
Deposition</u>.
[10]Exhibit 5, <u>E-Mail of July 19, 2022 from LIGA's Counsel</u>.
[11]Exhibit 6, <u>E-Mail of July 25, 2022.</u>
[12]Exhibit 7, <u>E-Mail of August 5, 2022.</u>

Creditors responded with dates they would be available to meet and confer with LIGA's counsel regarding the Notice of Deposition and Records Deposition.[13] During the meet and confer session, LIGA's objections were discussed, and the Roussel & Clement Creditors agreed to revise the Notice of Deposition and Records Deposition to address LIGA's objections, and dates were agreed upon for the records deposition and corporate deposition of LIGA.

On August 10, 2022, counsel for LIGA requesting an update on the revised Notice of Deposition and Records Deposition.[14] Counsel for the Roussel & Clement Creditors responded that the revised Notice of Deposition and Records Deposition would be sent out, but noted that the dates agree upon by the parties would be beyond the discovery deadline originally set in this matter, and informing LIGA's counsel that the Roussel & Clement Creditors would be seeking a continuance of that deadline, and inquiring whether LIGA would be willing to join in that request.[15] On August 15, 2022, LIGA requested an update on the revised Notice of Deposition and Records Deposition, noting that delays would make the "agreed upon return date and deposition more difficult."[16] Accordingly, the Roussel & Clement Creditors circulated a revised Notice of Deposition and Records Deposition for the dates agreed upon by the Roussel & Clement Creditors and LIGA.[17]

On August 29, 2022, Mr. Robbins sent an e-mail stating that he had discussed a possible settlement with counsel for the Landry & Swarr Creditors, and requesting that the agreed upon

---

[13]Exhibit 8, <u>E-Mail of August 9, 2022 Offering Dates to Meet and Confer</u>.

[14]Exhibit 9, <u>E-Mail of August 10, 2022 from LIGA's Counsel</u>.

[15]Exhibit 10, <u>E-Mail of August 10, 2022 from Roussel & Clement Creditors' Counsel.</u>

[16]Exhibit 11, <u>E-Mail of August 15, 2022</u>.

[17]Exhibit 12, <u>E-Mail of August 16, 2022 with Notice of Deposition and Records Deposition</u>.

dates for the records deposition and corporate deposition be pushed in light of the discovery deadline extension and to allow for settlement discussions.[18] Also on August 29, 2022, the Roussel & Clement Creditors respond that they intended to move forward with the records deposition and corporate deposition on the dates provided.[19] On August 30, 2022, LIGA responded that the dates it had previously agreed to were made in light of the previous discovery deadline, and that LIGA may need to take other measures to protect its interests.[20] On August 31, 2022, LIGA again e-mailed stating that it would need to file a motion for protective order or to quash, and asking if the Roussel & Clement Creditors would like to meet and confer prior to the filing of the same.[21] Also on August 31, 2022, counsel for the Roussel & Clement Creditors responded that they would be willing to have a second meet and confer session, and that their understanding from the previous meet and confer session was that LIGA's objections had been resolved, and that the dates agreed upon were dates that LIGA would be available for the records deposition and corporate.[22] A second meet and confer session was held on September 1, 2022 at 10:00 a.m.[23] Unfortunately, LIGA and the Roussel & Clement Creditors were unable to resolve their disagreement regarding the records deposition and corporate deposition during the second meet and confer session, and LIGA subsequently filed a Motion for Protective Order, and afterwards sent a new set of objections to the Notice of Deposition and Records Deposition.[24]

---

[18]Exhibit 13, E-Mail of August 29, 2022 from LIGA's Counsel.

[19]Exhibit 14, E-Mail of August 29, 2022 from Roussel & Clement Creditors' Counsel.

[20]Exhibit 15, E-Mail of August 30, 2022.

[21]Exhibit 16, E-Mail of August 31, 2022 from LIGA's Counsel.

[22]Exhibit 17, E-Mail of August 31, 2022 from the Roussel & Clement Creditors' Counsel.

[23]Exhibit 18, E-Mail of September 1, 2022.

[24]Exhibit 19, LIGA's Objections to the Notice of Deposition and Records Deposition.

### III.   LIGA'S GENERAL OBJECTIONS

First, LIGA objects to the request upon a lack of sufficient times to adequately prepare responses; however, as shown above, the dates for the records deposition and corporate deposition of LIGA were selected during the first meet and confer session, and were dates agreed upon by LIGA.

Second, LIGA objects that the Roussel & Clement Creditors are barred from making claims against LIGA or any proceeds from LIGA under applicable law.  The Roussel & Clement Creditors are the surviving family members of persons who were exposed to asbestos by the Reilly-Benton Company, Inc.  As such, under Louisiana Civil Code Articles 2315.1 and 2315.2, they have the right to pursue survival and wrongful death claims against Reilly-Benton Company, Inc., its insurers, and LIGA for those insurers who have become insolvent.

Third, LIGA objects that the Roussel & Clement Creditors lack standing in regards to the "Contested Matter". LIGA further objects that Notice of Deposition and Records fail to specify on whose behalf the deposition notice is actually propounded.  First, as admitted by LIGA, the notice itself contained a footnote listing claimants represented by Roussel & Clement.[25] Second, the Roussel & Clement Creditors have not only been identified by name in this motion to compel, but have also supplemented their earlier discovery responses to LIGA providing additional information and documents, identifying by name the specific individuals that make up the Roussel & Clement Creditors who are objecting to the proposed settlement of the Century Parties, and providing signed verifications of the discovery responses by the Roussel & Clement

---

[25]Exhibit 19, LIGA's Objections to the Notice of Deposition and Records Deposition at p. 2.

Creditors. Third, discovery in this matter is not limited to the motion to approve settlement with

the Century Parties filed by the Trustee, but also includes discovery into the factual issues raised

in the Motion for Summary Judgment Dismissing with Prejudice Motions for Approval of

Settlement Between the Trustee and LIGA and Between the Trustee and Century Indemnity

Company and Pacific Employers Insurance Company,[26] which was denied without prejudice by

Your Honor with the understanding that the motion for summary judgment could be urged after

discovery had taken place "on the presence of bad faith and contracting claims...on the policy

coverage and limits."[27] The Roussel & Clement Creditors notice were tailored to seek

information and documents relevant to these issues.

Fourth, LIGA objects to the extent that the requests seek privileged information or

documents. Federal Rule of Civil Procedure 26(b)(5)(A) provides that:

> When a party withholds information otherwise discoverable by claiming
> that the information is privileged or subject to protection as trial-preparation
> material, the party must:
> (i)      expressly make the claim; and
> (ii)     describe the nature of the documents, communications, or tangible
>          things not produced or disclosed—and do so in a manner that,
>          without revealing information itself privileged or protected, will
>          enable other parties to assess the claim.

In the case of *United States v. Bollinger Shipyards, Inc.*, the Court stated:

> "The party resisting discovery by asserting a privilege bears the burden of proof
> sufficient to substantiate its privilege claim and cannot rely on a blanket assertion
> of privilege." *Woodard v. Andrus*, Civ. A. Nos. 03-2098, 06-0257, 2008 U.S. Dist.
> LEXIS 122611, 2008 WL 2540600, at *3 (W.D. La. June 20, 2008) (citations
> omitted). To claim the protection of either attorney-client or the work-product
> privileges, "a privilege log must contain sufficient information to allow the court

---

[26]R. Doc. 117.

[27]Exhibit 20, <u>Transcript of Hearing of June 22, 2022</u> at p. 78.

7

or the opposing party to assess the applicability of the privilege." *Taylor Energy Co., L.L.C. v. Underwriters at Lloyd's London Subscribing to Ins. Coverage Evidence by Policy No. HJ109303*, Civ. A. No. 09-6383, 2010 U.S. Dist. LEXIS 111458, 2010 WL 3952208, at *1 (E.D. La. Oct. 7, 2010). Accordingly, a privilege log should provide "a specific explanation of why the document is privileged." *Allendale Mut. Ins. Co. v. Bull Data Sys., Inc.*, 145 F.R.D. 84, 88 (N.D. Ill. 1992).[28]

LIGA's objection has failed to described the nature of the documents in question, or provide sufficient information to allow this Honorable Court or the Roussel & Creditors to assess the applicability of the privileges upon which it is relying. Furthermore, the Fifth Circuit has stated that the burden of demonstrating the applicability of both the attorney-client privilege and the work-product privilege rests on the party who invokes those privileges.[29] Nevertheless, the Roussel & Clement Creditors are not seeking privileged documents from LIGA. However, to the extent that LIGA seeks to withhold any such document, such must be identified in a Privilege Log containing "sufficient information to allow the court [and] the opposing party to assess the applicability of the privilege."[30]

Fifth, LIGA objects to the extent that the request seek disclose or information or documents concerning legal contentions and supporting facts not reasonably ascertainable or available. The Roussel & Clement Creditors are only seeking information and documents that are in the possession fo LIGA.

---

[28]*United States v. Bollinger Shipyards, Inc.*, 2015 U.S. Dist. LEXIS 48175, at *8-9 (E.D. La. Apr. 13, 2015).

[29]*Hodges, Grant & Kaufmann v. United States*, 768 F.2d 719, 721 (5th Cir. 1985).

[30]*Taylor Energy Co., L.L.C. v. Underwriters at Lloyd's London Subscribing to Ins. Coverage Evidence by Policy No. HJ109303*, Civ. A. No. 09-6383, 2010 U.S. Dist. LEXIS 111458, 2010 WL 3952208, at *1 (E.D. La. Oct. 7, 2010).

Sixth, LIGA objects to each request to the extent it seeks disclosure of information or

documents regarding the mental impressions, opinions, conclusions or legal theories of LIGA, its

counsel, or other representatives. The Roussel & Clement Creditors are not seeking the mental

impressions, opinions, conclusions or legal theories of LIGA, however, to the extent that LIGA

seeks to withhold any such document, such must be identified in a Privilege Log containing

"sufficient information to allow the court [and] the opposing party to assess the applicability of

the privilege."[31]

Seventh, LIGA and on the grounds that each such request is overbroad, unduly

burdensome, harassing, oppressive and premature. LIGA has failed to provide a description of

how the requests are overboard, unduly burdensome, harassing, oppressive. or premature. The

Federal Rules of Civil Procedure take a "demanding attitude toward objections."[32] The Fifth

Circuit has interpreted the rules to prohibit general, boilerplate objections.[33] An objection to a

discovery request is boilerplate when it merely states the legal grounds for the objection without:

---

[31]*Taylor Energy Co., L.L.C. v. Underwriters at Lloyd's London Subscribing to Ins. Coverage Evidence by Policy No. HJ109303*, Civ. A. No. 09-6383, 2010 U.S. Dist. LEXIS 111458, 2010 WL 3952208, at *1 (E.D. La. Oct. 7, 2010).

[32]*Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, 2015 U.S. Dist. LEXIS 6931, at *30-31 (E.D. La. Jan. 20, 2015) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2173 (2014)).

[33] *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485-86 (5th Cir. 1990)(simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.")

(1) specifying how the discovery request is deficient and (2) specifying how the objecting party

would be harmed if it were forced to respond to the request.[34]

Eighth, LIGA objects to each request insofar as it is vague, ambiguous, confusing or

contrary to the planing meaning of the terms involved.   LIGA has failed to provide a description

of how the requests are vague, ambiguous, confusing or contrary to the planing meaning of the

terms involved. The Federal Rules of Civil Procedure take a "demanding attitude toward

objections."[35]  The Fifth Circuit has interpreted the rules to prohibit general, boilerplate

objections.[36] An objection to a discovery request is boilerplate when it merely states the legal

grounds for the objection without: (1) specifying how the discovery request is deficient and (2)

specifying how the objecting party would be harmed if it were forced to respond to the request.[37]


Ninth, LIGA objects to the extent each request seeks information or documents not in the

possession, custody, or control of LIGA. The Roussel & Clement Creditors are not seeking

information or documents from third parties, but rather the information and documents in

LIGA's possession.

---

[34]*St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 512
(N.D. Iowa 2000).

[35]*Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, 2015 U.S. Dist. LEXIS
6931, at *30-31 (E.D. La. Jan. 20, 2015) (citing 8 C. Wright & A. Miller, Federal Practice and
Procedure: Civil § 2173 (2014)).

[36] *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485-86 (5th Cir.
1990)(simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant,"
without showing "specifically how each [request] is not relevant or how each question is overly
broad, burdensome or oppressive" is inadequate to "voice a successful objection.")

[37]*St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 512
(N.D. Iowa 2000).

Tenth, LIGA objects to the extent each request seeks information or documents in the possession, custody, or control of their parties, or concerning third parties which may invade such third parties' right to privacy. First, the Roussel & Clement Creditors are not seeking information or documents from third parties, but rather the information and documents in LIGA's possession. Furthermore, the Roussel & Clement Creditors are not seeking the disclosure of confidential information from LIGA, which was made clear to LIGA during the original meet and confer session in this matter. Furthermore, the Roussel & Clement Creditors are not seeking the disclosure of confidential information from LIGA, which was made clear to LIGA during the original meet and confer session in this matter.

Eleventh, LIGA objects to each request to the extent it seeks information or documents duplicative of requests or subpoenas served by or upon other parties. First, the Roussel & Clement Creditors have not served other discovery requests upon LIGA. Second, while some of the documents or information in the possession of LIGA may also be in the possession of other parties to whom the Roussel & Clement Creditors have propounded discovery, the Roussel & Clement Creditors are attempting to discovery what information and documents LIGA specifically has that are relevant to this matter.

Twelfth, LIGA objects to the extent the request seek information or documents not relevant to the "Contested Matter". Discovery in this matter is not limited to the motion to approve settlement with the Century Parties filed by the Trustee, but also includes discovery into the factual issues raised in the Motion for Summary Judgment Dismissing with Prejudice Motions for Approval of Settlement Between the Trustee and LIGA and Between the Trustee and

Century Indemnity Company and Pacific Employers Insurance Company,[38] which was denied

without prejudice by Your Honor with the understanding that the motion for summary judgment

could be urged after discovery had taken place "on the presence of bad faith and contracting

claims...on the policy coverage and limits."[39]  The Roussel & Clement Creditors notice were

tailored to seek information and documents relevant to these issues.

Thirteenth, LIGA objects to the requests to the extent they seek information or documents

equally available to the Roussel & Clement Creditors, or which call for contentions known or

asserted by the Roussel & Clement Creditors.  First, LIGA has failed to specify what information

or documents it contends are equally available to the Roussel & Clement Creditors.  Second, the

Roussel & Clement Creditors are attempting to discovery what information and documents LIGA

specifically has that are relevant to this matter.

Fourteenth, LIGA objects to the request to the extent they call for speculation.  LIGA has

failed to provide a description of how the requests call for speculation. The Federal Rules of

Civil Procedure take a "demanding attitude toward objections."[40]  The Fifth Circuit has

interpreted the rules to prohibit general, boilerplate objections.[41] An objection to a discovery

request is boilerplate when it merely states the legal grounds for the objection without: (1)

---

[38]R. Doc. 117.

[39]Exhibit 20, Transcript of Hearing of June 22, 2022 at p. 78.

[40]*Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, 2015 U.S. Dist. LEXIS 6931, at *30-31 (E.D. La. Jan. 20, 2015) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2173 (2014)).

[41] *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485-86 (5th Cir. 1990)(simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.")

specifying how the discovery request is deficient and (2) specifying how the objecting party

would be harmed if it were forced to respond to the request.[42]  Furthermore, the Roussel &

Clement Creditors are not asking LIGA to speculate, but instead to provide what information and

documents are in its possession responsive to the requests.

Fifteenth, LIGA objects to the extent the requests seek information or documents

concerning a time period other than one appropriate to the "Contested Matter", and not relevant

to the "Contested Matter." Discovery in this matter is not limited to the motion to approve

settlement with the Century Parties filed by the Trustee, but also includes discovery into the

factual issues raised in the Motion for Summary Judgment Dismissing with Prejudice Motions

for Approval of Settlement Between the Trustee and LIGA and Between the Trustee and Century

Indemnity Company and Pacific Employers Insurance Company,[43] which was denied without

prejudice by Your Honor with the understanding that the motion for summary judgment could be

urged after discovery had taken place "on the presence of bad faith and contracting claims...on

the policy coverage and limits."[44]  The Roussel & Clement Creditors notice were tailored to seek

information and documents relevant to these issues.

Sixteenth, LIGA objects to each request that specifies no time period on the grounds that

such requests are vague, ambiguous, overbroad, unduly burdensome, and not proportional to the

needs of the contested matter.  Discovery in this matter is not limited to the motion to approve

settlement with the Century Parties filed by the Trustee, but also includes discovery into the

---

[42]*St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 512
(N.D. Iowa 2000).

[43]R. Doc. 117.

[44]Exhibit 20, Transcript of Hearing of June 22, 2022 at p. 78.

factual issues raised in the Motion for Summary Judgment Dismissing with Prejudice Motions

for Approval of Settlement Between the Trustee and LIGA and Between the Trustee and Century

Indemnity Company and Pacific Employers Insurance Company,[45] which was denied without

prejudice by Your Honor with the understanding that the motion for summary judgment could be

urged after discovery had taken place "on the presence of bad faith and contracting claims...on

the policy coverage and limits."[46]  The Roussel & Clement Creditors notice were tailored to seek

information and documents relevant to these issues, and the time period regarding these issues is

not limited to the time period of the "Contested Matter."

Seventeenth, LIGA objects to the requests to the extent they seek to impose burdens and

obligations exceeding those imposed by applicable statutes or rules.  The Federal Rules of Civil

Procedure take a "demanding attitude toward objections."[47]  The Fifth Circuit has interpreted the

rules to prohibit general, boilerplate objections.[48] An objection to a discovery request is

boilerplate when it merely states the legal grounds for the objection without: (1) specifying how

the discovery request is deficient and (2) specifying how the objecting party would be harmed if

it were forced to respond to the request.[49]

---

[45]R. Doc. 117.

[46]Exhibit 20, Transcript of Hearing of June 22, 2022 at p. 78.

[47]*Chevron Midstream Pipelines LLC v. Settoon Towing LLC*, 2015 U.S. Dist. LEXIS 6931, at *30-31 (E.D. La. Jan. 20, 2015) (citing 8 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2173 (2014)).

[48] *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485-86 (5th Cir. 1990)(simply objecting to requests as "overly broad, burdensome, oppressive and irrelevant," without showing "specifically how each [request] is not relevant or how each question is overly broad, burdensome or oppressive" is inadequate to "voice a successful objection.")

[49]*St. Paul Reinsurance Co., Ltd. v. Commercial Financial Corp.*, 198 F.R.D. 508, 512 (N.D. Iowa 2000).

14

Eighteenth, LIGA objects to the extent the request seek information or documents concerning confidential information. This Honorable Court has already entered a protective order regarding confidential information contained in filings made by the Roussel & Clement Creditors, and the Roussel & Clement Creditors would be willing to be bound by a similar protective order.

Nineteenth, LIGA objects to the requests insofar as they seek any or all documents or information. The Roussel & Clement Creditors are not asking LIGA to use more than reasonable diligence in locating responsive information and documents, but instead to provide what information and documents are in its possession responsive to the requests.

Twentieth, LIGA objects to the extent the Request purport to describe LIGA's contentions or positions to the extent that such requests misstate or mischaracterize LIGA's contentions or positions. LIGA has failed to identify what requests misstate or mischaracterize LIGA's contentions. Furthermore, insofar as LIGA feels that its contentions or possessions have been mischaracterized, LIGA can set forth what it believes are accurate statements or its positions and contentions when it responds to the requests.

Twenty-first, LIGA objects to the requests to the extent they seek information or documents that would violate any privacy interest of any current or former employee or representative of LIGA, any policyholder of LIGA, or any other person. This Honorable Court has already entered a protective order regarding confidential information contained in filings made by the Roussel & Clement Creditors, and the Roussel & Clement Creditors would be willing to be bound by a similar protective order.

## IV.    **LIGA'S SPECIFIC OBJECTIONS**

15

LIGA also offers "specific objections" to the topics and items in the Roussel Clement Creditors Notice of Deposition and Records Deposition, however, a review of said specific objections reveal that they reiterate the objections set forth in LIGA's general objections. To avoid duplicate briefing, the Roussel & Clement Creditors will identify what sections of their opposition to the general objections are responsive to the specific objections of LIGA.

Deposition Topic A: See, Paragraph 8 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic B: See, Paragraphs 3-4, 7-8, 12, 17 and 18 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic C: See, Paragraphs 3-4, 7-8, 11-12, 17 and 18 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 1: See, Paragraphs 3-4, 7-8, 10, 11, 13, and 18 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 2: See, Paragraphs 3-4, 7-8, 10-11, 13, and 18 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 3: See, Paragraphs 3-4, 7-8, 10-11, 13, and 18 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 4: See, Paragraphs 3-4, 7-8, 10-11, 13, and 18 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 5: See, Paragraphs 3-4, 7-8, 10-11, 13, and 18 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 6: See, Paragraphs 3-4, 7-8, 10-11, 13, and 18 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 7: See, Paragraphs 3-4, 7-8, 10-11, and13-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 8: See, Paragraphs 3-4, 7-8, 10-11, and 13-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 9: See, Paragraphs 3-4, 7-8, 10-11, and 13-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 10: See, Paragraphs 3-4, 7-8, 10-11, and 13-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 11: See, Paragraphs 3-4, 7-8, 10-11, and 13-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 12: See, Paragraphs 3-4, 7-8, 10-11, and 13-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 13: See, Paragraphs 3-4, 7-8, 10-11, 13-14, and 18 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 14: See, Paragraphs 3-4, 7-8, 10-11, 13-14, and 18 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 15: See, Paragraphs 3-4, 7-8, 10-11, 13-14, and 18 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 16: See, Paragraphs 3-4, 7-8, 10-11, 13-14, and 18 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 17: See, Paragraphs 3-4, 7-8, 10-11, 13-14, and 18 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 18: See, Paragraphs 3-4, 7-8, 10-11, 13-14, and 18 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 19: See, Paragraphs 3-4, 7-8, 10-14, 16, and 18-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 20: See, Paragraphs 3-4, 7-8, 10-14, 16, and 18-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 21: See, Paragraphs 3-4, 7-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 22: See, Paragraphs 3-4, 7-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 23: See, Paragraphs 3-4, 7-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 24: See, Paragraphs 3-4, 7-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 25: See, Paragraphs 3-4, 7-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 26: See, Paragraphs 3-4, 7-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 27: See, Paragraphs 3-4, 7-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 28: See, Paragraphs 3-8, 10-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections**.**

Deposition Topic No. 29: See, Paragraphs 3-8, 10-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Deposition Topic No. 29: See, Paragraphs 3-8, 10-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections**.**

Deposition Topic No. 30: See, Paragraphs 3-8, 10-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections**.**

Deposition Topic No. 31: See, Paragraphs 3-8, 10-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections**.**

Deposition Topic No. 32: See, Paragraphs 3-8, 10-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections**.**

Deposition Topic No. 33: See, Paragraphs 3-8, 10-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections**.**

Deposition Topic No. 34: See, Paragraphs 3-8, 10-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 1: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 2: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 3: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 4: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 5: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 6: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 7: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 8: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 9: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 10: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 11: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 12: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 13: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 14: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 15: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 16: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 17: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 18: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 19: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 20: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 21: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 22: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 23: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 24: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 25: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 26: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 27: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 28: See, Paragraphs 3-8, 10-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 29: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

Document Production Item No. 30: See, Paragraphs 3-8, 10-13, 15-19 to the Roussel & Clement Creditors' opposition to LIGA's general objections.

**WHEREFORE,** the Roussel & Clement Creditors pray that their Motion to Compel and Overrule Objections of LIGA is granted.

Dated: September 6, 2022.

Respectfully submitted,

**ROUSSEL & CLEMENT**

/s/ Jonathan B. Clement
GEROLYN P. ROUSSEL, T.A. - 01134
PERRY J. ROUSSEL, JR. - 20351
JONATHAN B. CLEMENT - 30444
BENJAMIN P. DINEHART - 33096
1550 West Causeway Approach
Mandeville, LA 70471
Telephone: (985) 778-2733
Facsimile: (985) 778-2734
Attorneys for the Roussel & Clement
Creditors

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 6, 2022, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF System for the United States Bankruptcy Court for the Eastern District of Louisiana and that notice of this filing is being served on the parties participating in this Court's CM/ECF system for this case.

s/ Jonathan B. Clement
JONATHAN B. CLEMENT
