In re Reilly-Benton Company, Inc.

Kim Heard <kheard@stewartrobbins.com>
Fri 8/5/2022 1:33 PM
To: Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>
Cc: Messina, David <messina@chaffe.com>;Stephanie Laborde <slaborde@lalalawfirm.com>;Will Robbins <wrobbins@stewartrobbins.com>

Kim Heard
Paralegal
Stewart Robbins Brown & Altazan, LLC
301 Main St., Suite 1640
Baton Rouge, LA 70801
Telephone: 225.231.9998
Facsimile: 225.709.9467
kheard@stewartrobbins.com



**Confidentiality Notice:** The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 225-231-9998 and return the original message to us at kheard@stewartrobbins.com.

**IRS Circular 230 Disclosure:** Any tax advice contained in this email including any attachments, was not intended to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code or other law or for the purpose of marketing or recommending to any other party any transaction or other matter.


EXHIBIT 7



William S. Robbins
wrobbins@stewartrobbins.com

301 Main Street, Suite 1640
Baton Rouge, LA 70801
(225) 231-9998

August 5, 2022

**VIA EMAIL**
rcfirm@rousselandclement.com

Benjamin P. Dinehart, Esq.
Roussell & Clement

    Re:    *In re Reilly-Benton Company, Inc.*
              United States Bankruptcy Court – Eastern District of Louisiana
              Case No. 17-12870

Dear Mr. Dinehart:

       As attorney for the Louisiana Insurance Guaranty Association ("LIGA"), I am writing in hopes to meet and confer with you regarding your recent draft of the *Notice of Deposition Pursuant to 30(b)(6), Fed. R. Bankr. P. 7030 and Notice of Records Deposition of LIGA* emailed to my co-counsel, Stephanie Laborde, on July 19, 2022 (the "Draft Notice"). In our review we note that many of the requests made of LIGA in the Draft Notice (the "Requests") are objectionable, irrelevant and not reasonably calculated to lead to discovery of admissible evidence regarding the proposed settlement between LIGA and the Chapter 7 Trustee ("LIGA Settlement"). I believe with some discussion, the Requests may be narrowed to aid in a brief yet productive deposition of LIGA.

       To assist in our discussions, I address both some of the objectionable Requests, as well as some of the non-objectional Requests. Generally, many of the Requests seek information protected by attorney-client privilege, the attorney work-product rule, and the common interest doctrine. Many of the Requests are vague, overbroad, unduly burdensome, and not proportional to the needs of the case, especially when they seek information not reasonably available to LIGA. Finally, and most importantly, many of the Requests are irrelevant to the issues at hand and inquire as to issues outside the scope of LIGA's statutory authority. In addition to the general objections above, more specific objections, based on the several main categories of Requests, are laid out below.

### 1) Requests Regarding LIGA's Relationship with Various Entities

       "Relationship" is vague and ambiguous, making the Requests unduly burdensome, and not proportional to the needs of the case, to the extent that they request information regarding unidentified or unidentifiable persons or entities other than LIGA, and to the extent they request irrelevant documents. The defined term "Relationship" purports to require LIGA to produce documents related to any "affiliation" or "contractual connection" they may have with other parties even if such "affiliations" or "contractual connections" have nothing to do with the issue at hand.

Benjamin P. Dinehart, Esq.
August 5, 2022
Page | 2

### 2) Requests Regarding Correspondence, Documents, and Agréements Between LIGA and Various Entities Regarding Asbestos-Related Claims Involving RBC

The Requests in this category are overbroad, unduly burdensome, and not proportional to the needs of the case. Producing "all documents" relating to correspondence and/or documents, as well as agreements, between LIGA and other entities regarding asbestos-related claims over a period of unlimited years has little relevance to the issues to be tried in November, and it would be unduly burdensome to require LIGA to search for and produce such records. These Requests also seek documents protected by the common interest privilege, attorney-client privilege, and the attorney work product rule. Moreover, the Requests appear to inquire about claims over which LIGA would have no duty or authority.

### 3) Requests as to Pacific Employers Insurance Company, Resolute Management, Inc., National Indemnity Company, and Liberty Mutual Insurance Company

None of the insurers in this category are involved in this bankruptcy case and are certainly not involved in the LIGA Settlement. Requests related to these insurers are irrelevant and not reasonably calculated to lead to discovery of admissible evidence. LIGA's position is that the only insurer relevant to the LIGA Settlement is Reliance.[1] LIGA's obligations and duties relate to insolvent insurers. LIGA has no ongoing relationship with insurers who may be solvent, and it does not keep files or documents as to insurers who may be solvent. It would be unduly burdensome to require LIGA to search and produce these, especially when no specific time period is requested, and since most the requested information is irrelevant to the LIGA Settlement.

Subject to the foregoing and other applicable objections and privileges, rules and doctrines, the Requests may be proper to the extent LIGA has any responsive documents or information related to solvent insurers related to the LIGA Settlement or to claims made against RBC under Reliance policies, and to the extent such information is readily available to LIGA from its RBC and Reliance files.

### 4. Requests as to Century Indemnity Company

Again, the only insurer relevant to the LIGA Settlement is Reliance. Generally, requests pertaining to Century Indemnity Company ("Century") would be subject to the same objections as set forth above. Of course, it is acknowledged that Century is before the Bankruptcy Court on its own settlement with the Trustee ("Century Settlement"). However, the Century Settlement does not change the fact that Century is another solvent insurer, over which LIGA has no authority or ongoing relationship. To the extent that LIGA and Century have conferred on joint or other filings in their common interests, then any information pertaining to that would be subject to common interest and other applicable privileges and doctrines.

---

[1] "Reliance" includes Reliance Insurance Company and United Pacific Insurance Company, a subsidiary which eventually merged into Reliance.

Benjamin P. Dinehart, Esq.
August 5, 2022
Page | 3

### 5) Requests as to Communications between LIGA and the Trustee

As the Trustee and LIGA were aligned and working together toward approval of the LIGA Settlement for much of the case, most of the Requests in this category will be subject to the common interest doctrine and other such principles. Of course, the LIGA Settlement is the result of arms' length negotiations between LIGA and the Trustee that occurred early in this case. To that extent, and subject to other objections and privileges, rules and doctrines, the Requests may be relevant and reasonably calculated to lead to the discovery of admissible evidence.

### 6) Requests Regarding Asbestos Claims Involving RBC

Subject to applicable privileges, rules, doctrines and objections above, we believe Requests in this category would be reasonably calculated to lead to the discovery of admissible evidence to the extent that such claims are made against RBC as to policies issued by Reliance.

The above is not an exhaustive list, but it summarizes many of the issues that are present in the current version of the Requests made of LIGA. I hope that by meeting with you, these issues can be limited, and that the discovery process can be simplified to only concern those unobjectionable Requests that are most reasonably calculated to lead to the discovery of admissible evidence. Please let me know if you would like to meet regarding the Draft Notice or if you would be willing to narrow and revise the Requests, lessening but also specifying the scope of discovery.

Sincerely,

STEWART ROBBINS BROWN & ALTAZAN, LLC

William S. Robbins

WSR/kah