Reilly-Benton Co

## Kim Heard <kheard@stewartrobbins.com>

Thu 9/1/2022 4:01 PM

To: Roussel and Clement Attorney At Law <rcfirm@rousselandclement.com>;Leo Congeni <leo@congenilawfirm.com>

Cc: Will Robbins <wrobbins@stewartrobbins.com>;Plevin, Mark <mplevin@crowell.com>;'ajdiv@derbeslaw.com' <AJDIV@derbeslaw.com>;john.sylvester@klgates.com <john.sylvester@klgates.com>;David J. Messina (messina@chaffe.com) <messina@chaffe.com>;jgarner@shergarner.com <jgarner@shergarner.com>;mcurtis@shergarner.com <mcurtis@shergarner.com>;tvoon@crowell.com <tvoon@crowell.com>;Cacabelos, Kevin <kcacabelos@crowell.com>

Objectors' counsel:

Attached please find Louisiana Insurance Guaranty Association's *Objections to Roussel & Clement Claimant's Notice of Deposition Pursuant to 30(b)(6), Fed. R. Bankr. P. 7030 and 9014 and Notice of Records Deposition of Louisiana Insurance Guaranty Association.*

Please let us know if you have any questions.


Kim Heard
Paralegal
Stewart Robbins Brown & Altazan, LLC
301 Main St., Suite 1640
Baton Rouge, LA 70801
Telephone: 225.231.9998
Facsimile: 225.709.9467
kheard@stewartrobbins.com



**STEWART ROBBINS**
STEWART ROBBINS BROWN & ALTAZAN LLC

**Confidentiality Notice:** The information contained in this email message is protected under the Electronic Communications Privacy Act, 18 U.S.C. 2310-2321, and may also be protected by attorney-client and/or the attorney/work product privileges. It is intended only for the use of the individual named above and the privileges are not waived by virtue of this having been sent by email. If the person actually receiving this email or any other reader of the email is not the named recipient, any use, dissemination, distribution, or copying of the communication is strictly prohibited. If you have received this communication in error, please immediately notify us by telephone at 225-231-9998 and return the original message to us at kheard@stewartrobbins.com.

**IRS Circular 230 Disclosure:** Any tax advice contained in this email including any attachments, was not intended to be used, and cannot be used by you or anyone else, for the purpose of avoiding penalties imposed by the Internal Revenue Code or other law or for the purpose of marketing or recommending to any other party any transaction or other matter.

**EXHIBIT 19**

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| In re | ) | Case No. 17-12870 |
| | ) | |
| **Reilly-Benton Company, Inc.** | ) | |
| | ) | **Chapter 7** |
| Debtor | ) | |
| | ) | |
| | ) | |

## OBJECTIONS TO ROUSSEL & CLEMENT
## CLAIMANTS' NOTICE OF DEPOSITION PURSUANT TO 30(b)(6), FED. R. BANKR. P. 7030 AND 9014, AND NOTICE OF RECORDS DEPOSITION OF LOUISIANA INSURANCE GUARANTY ASSOCIATION

Louisiana Insurance Guaranty Association ("***LIGA***"), a party to that certain contested matter pending before the court as to Docket Nos. 48[1], 50[2], 56[3], 71[4], and 72[5] (the "***Contested Matter***"), hereby responds and objects to the *Notice of Deposition Pursuant to 30(b)(6), Fed. R. Bankr. P. 7030 and 9014, and Notice of Records Deposition of Louisiana Insurance Guaranty Association* (the "***Deposition Notice***") propounded by "the Roussel & Clement Claimants" on August 16, 2022 as follows:

---

[1] *Compromise Motion for an Order Approving Settlement Agreement Between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Louisiana Insurance Guaranty Association* (the "***Compromise Motion***") filed by David V. Adler (the "***Trustee***"), in his capacity as the Chapter 7 trustee for the bankruptcy estate of Reilly Benton Company, Inc. (the "***Debtor***").

[2] *Opposition and Objection to Compromise Motion for an Order Approving Settlement Agreement Between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Louisiana Insurance Guaranty Association* filed by Mary Patsy Soileau Courville, surviving spouse of Nelcome J. Courville, Jr.; Mavis Todd Courville, Michael Wade Courville, Joseph Eric Courville, and children of Nelcome J. Courville, Jr. (collectively, the "***Roussel & Clement Creditors***").

[3] *Compromise Motion for an Order (A) Approving Settlement Agreement and Policy Release Between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Century Parties, (B) Approving Sale of Insurance Policies to the Century Parties Free and Clear of All Interests, and (C) Entering Injunction to Enforce the Free and Clear Aspect of the Sale of the Century Policies* filed by the Trustee.

[4] *Supplemental Opposition and Objection to Compromise Motion for an Order Approving Settlement Agreement Between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Louisiana Insurance Guaranty Association* filed by the Roussel & Clement Creditors.

[5] *Objection to Compromise Motions to Settle, Release and Sell Free and Clear Insurance Policies and Proceeds and for Order Enjoining Claims by Victims Against Nondebtor Insurers* filed by Donald Bridges, Tina Danos, Mary Sanderson, and Frank Tranchina ("***Landry & Swarr Creditors***").

## PRELIMINARY STATEMENTS

1.        These objections (the "*Objections*") to both the deposition topics (the "*Deposition Topics*") and document production (the "*Document Production*") sections of the Deposition Notice are by LIGA only.  These Objections are not made by, and do not concern, any other party or entity.

2.        LIGA is responding to the Deposition Notice only to the extent the requests within the Deposition Topics and Document Production sections (together, the "*Requests*") are related to the Contested Matter. Any Requests which seek to illicit testimony or the production of documents or other information not relevant to any issue properly presented in the certain contested matter pending before the court as to Docket Nos. 48, 50, 56, 71 , and 72, 142, 145 and 152 are improper and have thus been objected to.

3.        LIGA's Objections to the Requests are based on information available to LIGA after a reasonable and diligent investigation, including but not limited to a diligent search of records considered reasonably likely to contain information responsive to the Requests.

4.        The Deposition Notice includes a footnote that "[t]he firm of Roussel & Clement represents claimants who have filed claims against [the Debtor], including Frank James Brazan, Pennie Ann Brazan Kliebert, Shane Anthony Brazen, Jason Joseph Brazan, and Carmel Theresa Brazan Bourg, Mary Patsy Soileau Courville, Mavis Todd Courville, Michael Wade Courville, and Joseph Eric Courville, Joseph Alfred Hedges, Jr. and Renee Hedges Blum, and Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Shetty Tregre Cortez" (collectively, the "*Potentially Propounding Persons*").  The Deposition Notice does not, however, specify on whose behalf the Deposition Notice is actually propounded.  Significantly, of the Potentially Propounding Persons, Frank James Brazan, Pennie Ann Brazan Kliebert, Shane Anthony Brazen, Jason Joseph Brazan,

Carmel Theresa Brazan Bourg, Joseph Alfred Hedges, Jr., Renee Hedges Blum, Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Shetty Tregre Cortez are identified as neither Roussel & Clement Creditors nor Landry & Swarr Creditors in the objections to the Compromise Motion.[6] As such, these individuals are without standing to the Contested Matter and are not entitled to seek the information or documentation sought via the Requests. Discovery may not be propounded by persons not a party to the Contested Matter. As such, LIGA is not obligated to produce any information or documents in response to the Requests.

5.     LIGA has given the most complete Objections it can at this time and reserves the right to amend or supplement its Objections if, and to the extent, it learns of additional or different information. Without limiting the foregoing, LIGA specifically reserves the right to amend or supplement these Objections based on information learned as discovery and its own investigation of the facts proceeds.

6.     Unless otherwise specified, LIGA's Objections to each of the Requests apply to the entire Request, including each and every subsection and subpart thereof.

## GENERAL OBJECTIONS

LIGA objects generally to each and every Request on the following grounds (the "*General Objections*"). These General Objections are set forth here to avoid excessive duplication and are incorporated by reference into each and every one of LIGA's Objections herein.

1.     LIGA objects to the Requests in their entirety based upon a lack of sufficient time to adequately prepare responses.

---

[6] Doc. Nos. 50, 72.

2.      LIGA Objects to the Requests in their entirety in that the Potentially Propounding Persons are barred from making claims against LIGA or any proceeds from LIGA under applicable law.

3.      LIGA objects to the Requests in their entirety to the extent they are propounded by individuals or entities without standing in the Contested Matter. While the Deposition Notice includes a footnote that identifies the Potentially Propounding Persons as claimants represented by the firm of Roussel & Clement who have filed claims against the Debtor, the Deposition Notice does not specify on whose behalf the Deposition Notice is propounded. Significantly, of the Potentially Propounding Persons, Frank James Brazan, Pennie Ann Brazan Kliebert, Shane Anthony Brazen, Jason Joseph Brazan, Carmel Theresa Brazan Bourg, Joseph Alfred Hedges, Jr., Renee Hedges Blum, Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Shetty Tregre Cortez are identified as neither Roussel & Clement Creditors nor Landry & Swarr Creditors in the objections to the Compromise Motion.[7] As such, these individuals are not parties to the Contested Matter. Without standing to the Contested Matter, they are not entitled to receive the information or documentation sought via the Requests. Based upon the foregoing, LIGA is not obligated to produce any information or documents in response to the Requests.

4.      LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents protected by attorney-client privilege, the attorney work-product rule, the common interest/joint defense privileges, or any other judicially recognized privilege or protection. In responding to these Requests, LIGA does not waive or intend to waive, but rather intends to preserve and is preserving, all of its rights under such privileges and protections with respect to all information and documents subject thereto.

---

[7] Doc. Nos. 50, 72.

4

5.     LIGA objects to each Request to the extent that it seeks the disclosure of information or production of documents concerning legal contentions and supporting facts not reasonably ascertainable or available at this state of the proceedings, on the ground that each such Request is overbroad, unduly burdensome, harassing, oppressive, and premature.

6.     LIGA objects to each Request to the extent that it seeks the disclosure of information or production of documents of the mental impressions, opinions, conclusions, or legal theories of LIGA, or its counsel or other representatives, or other counsel with whom LIGA and its counsel have a common or joint legal interest.

7.     LIGA objects to each Request as overbroad, unduly burdensome, harassing, and oppressive.

8.     LIGA objects to each Request to the extent it is vague, ambiguous, confusing, or contrary to the plain meaning of the terms involved.

9.     LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents not reasonably available to LIGA nor within its possession, custody, or control.

10.     LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents in the possession, custody, or control of third parties or concerning third parties which may invade such third parties' right to privacy.

11.     LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents which is duplicative of document requests or subpoenas served by or upon other parties in the Contested Matter.

12.     LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents neither relevant to the Contested Matter nor reasonably calculated to

lead to the discovery of admissible evidence, or otherwise not proportional to the needs of the Contested Matter.

13.     LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents equally available to the Potentially Propounding Persons from other sources or which calls for factual contentions known or asserted by the Potentially Propounding Persons.

14.     LIGA objects to each Request to the extent it calls for speculation.

15.     LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents concerning a time period other than the one appropriate to the Contested Matter on the grounds that it is overbroad, unduly burdensome, harassing, oppressive, not proportional to the needs of the Contested Matter, and seeks information neither relevant to the subject matter of the Contested Matter nor reasonably calculated to lead to the discovery of admissible evidence.

16.     LIGA objects to each Request that specifies no time period on the grounds that each such Request is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the Contested Matter.

17.     LIGA objects to each Request to the extent it seeks to impose burdens and obligations exceeding those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, the Local Rules of this Court, or any other applicable statute, rule, or order. LIGA will respond to these Requests according to the requirements of these rules, statutes and orders, subject to all applicable objections and protections.

18.     LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents concerning trade secrets or proprietary or other confidential business

6

information, as well as information that LIGA is bound to keep confidential under LA R.S. § 22:2056(C)(2)(c), § 22:2061.1(D), and other applicable law. The inadvertent disclosure of any document or information subject to any such protection is not intended to relinquish any protection and shall not be deemed to be a waiver thereof.

19. LIGA objects to each Request to the extent it purports to seek "any" or "all" document(s), information, communication(s), correspondence(s), file(s), material(s), agreement(s) or similar terms on the ground that such Requests seek to require LIGA to use more than reasonable diligence to locate responsive information as this type of Request is vague, ambiguous, overbroad, unduly burdensome, and disproportionate to the needs of the Contested Matter.

20. LIGA objects to each Request purporting to describe LIGA's contentions or positions to the extent that such Request misstates or mischaracterizes LIGA's contentions or positions, on the grounds that each such Request is vague, ambiguous, harassing, and oppressive.

21. LIGA objects to each Request to the extent it seeks the disclosure of information or production of documents that would violate any constitutional, statutory, or common law privacy interest of any current or former employee or representative of LIGA, any current or former policyholder of LIGA, or any other person or entity.

22. No objection or limitation, or lack thereof, or statement that LIGA will produce documents made in these Objections constitutes an admission as to the existence or nonexistence of documents or information by LIGA.

23. The Contested Matter to which the Requests relate is the Compromise Motion, brought under Bankruptcy Rule 9019. In connection therewith, the Court must determine that a proposed settlement is "'fair and equitable and in the best interest of the estate.'" To evaluate the probability of success in litigation, the Court should not conduct a mini-trial. Rather, the

bankruptcy judge should "only apprise himself of the relevant facts and law so that he can make an informed and intelligent decision." When a trustee seeks approval to settle a claim, the court need not "'establish[ ] as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable.'" Rather, it should "'canvass the issues' and determine whether the settlement falls 'below the lowest point in the range of reasonableness.'" LIGA objects to the Requests on the grounds that they are overbroad, unduly burdensome, and not proportional to the needs of the Contested Matter, to the extent that the Requests seek testimony and the production of documents that might be relevant were the parties litigating the merits of the claims that the Trustee is seeking to settle, but which are not needed for, or relevant to, the limited exploration of issues authorized in the Contested Matter under Rule 9019.

24.     In providing these Objections, LIGA does not waive or intend to waive, but rather intends to preserve and is preserving, each of the following: (a) all Objections to competency, relevancy, materiality, authenticity, and admissibility of any information, including, but not limited to, information provided herein and any documents produced in response to the Requests; (b) all rights to object on any ground to the use, in any proceedings, in this bankruptcy case or otherwise, of any information, including, but not limited to, information provided herein and any documents produced in response to the Requests; and (c) all rights to object on any grounds to any further requests for production, or other discovery requests.

25.     No Objection by LIGA shall be construed as: (i) an admission as to the relevance, admissibility, or materiality of any such documents or their subject matter; (ii) a waiver or abridgment of any applicable privilege; or (iii) an agreement that requests for similar documents will be treated similarly.

26.    LIGA objects to the Deposition Notice in its entirety to the extent that (a) the documents sought by any Request is unreasonably cumulative or duplicative, or is obtainable from another source that is more convenient, less burdensome, or less expensive; (b) the requested documents were previously produced by another party; (c) Potentially Propounding Persons have obtained the material sought by any request or demand in any other proceeding or pursuant to any other means; (d) the documents are a matter of public record or could be obtained from Potentially Propounding Persons or their counsel's files; or (e) the burden or expense of any demand outweighs its likely benefit.

27.    LIGA reserves all rights to amend or supplement these Objections.

## SPECIFIC OBJECTIONS

### A.  Specific Objections to Deposition Topics

LIGA incorporates the foregoing General Objections into each of the following Objections, and into each amendment, supplement, or modification to these Objections. By making these separate Objections, LIGA does not waive or intend to waive any of its General Objections, but rather intends to preserve and assert each of its General Objections.

**DEPOSITION TOPIC A:**
**To make a formal return on the documents and items described in Attachment "A."**
> *Objection to Deposition Topic A:*
> LIGA incorporates herein each and every Objection to Document Production Nos. 1 through 30 set forth below, and objects to Deposition Topic A on such basis. LIGA further objects to Deposition Topic A as vague, ambiguous, and confusing.

**DEPOSITION TOPIC B:**
**To discuss the search undertaken (and to identify by whom the search was undertaken) to locate the documents and items described in Attachment "A."**
> *Objection to Deposition Topic B:*
> LIGA incorporates herein each and every Objection to Document Production Nos. 1 through 30 set forth below, and objects to Deposition Topic B on such basis. LIGA objects to Deposition Topic B to the extent it seeks the disclosure of confidential information or information protected by attorney-client privilege, the attorney work-product rule, the common interest/joint defense privilege, or any other recognized privilege or protection.

LIGA further objects to Deposition Topic B as vague, ambiguous, overbroad, and neither relevant to the Contested Matter nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, LIGA objects to Deposition Topic B to the extent it imposes burdens and obligations exceeding those imposed by applicable, rules, law, or order.

## DEPOSITION TOPIC C:
**To discuss the documents and items produced pursuant to Attachment "A" and where they were located as well as the document retention policies of LIGA.**
> *Objection to Deposition Topic C:*
LIGA incorporates herein each and every Objection to Document Production Nos. 1 through 30 set forth below, and objects to Deposition Topic C on such basis. LIGA further objects to Deposition Topic C as duplicative, vague, ambiguous, and overbroad. LIGA objects to Deposition Topic C to the extent it seeks the disclosure of private or confidential information or information protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or any other recognized privilege or protection. LIGA further objects to Deposition Topic C as neither relevant to the subject matter of the Contested Matter nor reasonably calculated to lead to the discovery of admissible evidence. Moreover, LIGA objects to Deposition Topic C to the extent it imposes burdens and obligations exceeding those imposed by applicable, rules, law, or order.

## DEPOSITION TOPIC NO. 1:
**To testify regarding LIGA's relationship with Reilly-Benton.**
> *Objection to Deposition Topic No. 1:*
LIGA incorporates herein its Objection to Document Production No. 1 set forth below, and objects to Deposition Topic No. 1 on such basis. LIGA further objects to Deposition Topic No. 1 as duplicative, unduly burdensome, overbroad, vague, and ambiguous. Moreover, LIGA objects to Deposition Topic No. 1 on the basis that the term "Relationship," as defined in the Deposition Notice, is vague, ambiguous, unduly burdensome, harassing, oppressive, and not proportional to the needs of the Contested Matter to the extent that it requests testimony irrelevant to the Compromise Motion; in particular, the defined term purports to require LIGA to testify related to any "affiliation" or "contractual connection," but these terms are undefined and unlimited in scope. LIGA further objects to Deposition Topic No. 1 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (iv) is a matter of public record; and (v) has been previously produced by another party.

## DEPOSITION TOPIC NO. 2:
**To testify regarding LIGA's relationship with Pacific Employers Insurance Company related to Reilly-Benton.**
> *Objection to Deposition Topic No. 2:*

LIGA incorporates herein its Objection to Document Production No. 2 set forth below, and objects to Deposition Topic No. 2 on such basis. LIGA further objects to Deposition Topic No. 2 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. Moreover, LIGA objects to Deposition Topic No. 2 on the basis that the term "Relationship," as defined in the Deposition Notice, is vague, ambiguous, unduly burdensome, harassing, oppressive, and not proportional to the needs of the Contested Matter to the extent that it requests testimony irrelevant to the Compromise Motion; in particular, the defined term purports to require LIGA to testify related to any "affiliation" or "contractual connection," but these terms are undefined and unlimited in scope. LIGA further objects to Deposition Topic No. 2 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (iv) is a matter of public record; and (v) has been previously produced by another party.

**DEPOSITION TOPIC NO. 3:**
**To testify regarding LIGA's relationship with Century Indemnity Company related to Reilly-Benton.**
   *Objection to Deposition Topic No. 3:*
   LIGA incorporates herein its Objection to Document Production No. 3 set forth below, and objects to Deposition Topic No. 3 on such basis. LIGA further objects to Deposition Topic No. 3 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. Moreover, LIGA objects to Deposition Topic No. 3 on the basis that the term "Relationship," as defined in the Deposition Notice, is vague, ambiguous, unduly burdensome, harassing, oppressive, and not proportional to the needs of the Contested Matter to the extent that it requests testimony irrelevant to the Compromise Motion; in particular, the defined term purports to require LIGA to testify related to any "affiliation" or "contractual connection," but these terms are undefined and unlimited in scope. LIGA further objects to Deposition Topic No. 3 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) is equally available to the Potentially Propounding Persons from other sources, including other parties to the Contested Matter, that are more convenient, less burdensome, or less expensive; (iv) is a matter of public record; and (v) has been previously produced by another party.

**DEPOSITION TOPIC NO. 4:**
**To testify regarding LIGA's relationship with Resolute Management, Inc.**
   *Objection to Deposition Topic No. 4:*
   LIGA incorporates herein its Objection to Document Production No. 4 set forth below, and objects to Deposition Topic No. 4 on such basis. LIGA further objects to Deposition Topic No. 4 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. Moreover, LIGA objects to Deposition Topic No. 4 on the basis that the term "Relationship," as defined in the Deposition Notice, is vague, ambiguous, unduly burdensome, harassing,

11

oppressive, and not proportional to the needs of the Contested Matter to the extent that it requests testimony irrelevant to the Compromise Motion; in particular, the defined term purports to require LIGA to testify related to any "affiliation" or "contractual connection," but these terms are undefined and unlimited in scope. LIGA further objects to Deposition Topic No. 4 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (iv) is a matter of public record; and (v) has been previously produced by another party.

**DEPOSITION TOPIC NO. 5:**
**To testify regarding LIGA's relationship with National Indemnity Company related to Reilly-Benton.**

*Objection to Deposition Topic No. 5:*
LIGA incorporates herein its Objection to Document Production No. 5 set forth below, and objects to Deposition Topic No. 5 on such basis. LIGA further objects to Deposition Topic No. 5 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. Moreover, LIGA objects to Deposition Topic No. 5 on the basis that the term "Relationship," as defined in the Deposition Notice, is vague, ambiguous, unduly burdensome, harassing, oppressive, and not proportional to the needs of the Contested Matter to the extent that it requests testimony irrelevant to the Compromise Motion; in particular, the defined term purports to require LIGA to testify related to any "affiliation" or "contractual connection," but these terms are undefined and unlimited in scope. LIGA further objects to Deposition Topic No. 5 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (iv) is a matter of public record; and (v) has been previously produced by another party.

**DEPOSITION TOPIC NO. 6:**
**To testify regarding LIGA's relationship with Liberty Mutual Insurance Company related to Reilly-Benton.**

*Objection to Deposition Topic No. 6:*
LIGA incorporates herein its Objection to Document Production No. 6 set forth below, and objects to Deposition Topic No. 6 on such basis. LIGA further objects to Deposition Topic No. 6 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. Moreover, LIGA objects to Deposition Topic No. 6 on the basis that the term "Relationship," as defined in the Deposition Notice, is vague, ambiguous, unduly burdensome, harassing, oppressive, and not proportional to the needs of the Contested Matter to the extent that it requests testimony irrelevant to the Compromise Motion; in particular, the defined term purports to require LIGA to testify related to any "affiliation" or "contractual connection," but these terms are undefined and unlimited in scope. LIGA further objects to Deposition

Topic No. 6 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (iv) is a matter of public record; and (v) has been previously produced by another party.

## DEPOSITION TOPIC NO. 7:

**To testify regarding any agreements between LIGA and Reilly-Benton regarding asbestos claims.**

> *Objection to Deposition Topic No. 7:*
> LIGA incorporates herein its Objection to Document Production No. 7 set forth below, and objects to Deposition Topic No. 7 on such basis. LIGA further objects to Deposition Topic No. 7 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 7 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion, to the extent it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any agreements," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders, and requires LIGA to speculate as to what constitutes an agreement. Moreover, LIGA objects to Deposition Topic No. 7 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

## DEPOSITION TOPIC NO. 8:

**To testify regarding any agreements between LIGA and Pacific Employers Insurance Company regarding asbestos claims involving Reilly-Benton Company, Inc.**

> *Objection to Deposition Topic No. 8:*
> LIGA incorporates herein its Objection to Document Production No. 8 set forth below, and objects to Deposition Topic No. 8 on such basis. LIGA further objects to Deposition Topic No. 8 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 8 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion, to the extent it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any agreements," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders, and requires LIGA to

speculate as to what constitutes an agreement. Moreover, LIGA objects to Deposition Topic No. 8 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 9:**

**To testify regarding any agreements between LIGA and Century Indemnity Company regarding asbestos claims involving Reilly-Benton Company, Inc.**

*Objection to Deposition Topic No. 9:*

LIGA incorporates herein its Objection to Document Production No. 9 set forth below, and objects to Deposition Topic No. 9 on such basis. LIGA further objects to Deposition Topic No. 9 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 9 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion, to the extent it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any agreements," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders, and requires LIGA to speculate as to what constitutes an agreement. Moreover, LIGA objects to Deposition Topic No. 9 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 10:**

**To testify regarding any agreements between LIGA and Resolute Management, Inc. regarding asbestos claims involving Reilly-Benton Company, Inc.**

*Objection to Deposition Topic No. 10:*

LIGA incorporates herein its Objection to Document Production No. 10 set forth below, and objects to Deposition Topic No. 10 on such basis. LIGA further objects to Deposition Topic No. 10 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 10 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion, to the extent it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any agreements," seeks to require LIGA to use

14

more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders, and requires LIGA to speculate as to what constitutes an agreement. Moreover, LIGA objects to Deposition Topic No. 10 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

## DEPOSITION TOPIC NO. 11:

**To testify regarding any agreements between LIGA and National Indemnity Company regarding asbestos claims involving Reilly-Benton Company, Inc.**

*Objection to Deposition Topic No. 11:*

LIGA incorporates herein its Objection to Document Production No. 11 set forth below, and objects to Deposition Topic No. 11 on such basis. LIGA further objects to Deposition Topic No. 11 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 11 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion, to the extent it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any agreements," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders, and requires LIGA to speculate as to what constitutes an agreement. Moreover, LIGA objects to Deposition Topic No. 11 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

## DEPOSITION TOPIC NO. 12:

**To testify regarding any agreements between LIGA and Liberty Mutual Insurance Company regarding asbestos claims involving Reilly-Benton Company, Inc.**

*Objection to Deposition Topic No. 12:*

LIGA incorporates herein its Objection to Document Production No. 12 set forth below, and objects to Deposition Topic No. 12 on such basis. LIGA further objects to Deposition Topic No. 12 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 12 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion, to the extent it (a) does not specify a time period for which testimony is sought and therefore seeks

information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any agreements," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders, and requires LIGA to speculate as to what constitutes an agreement. Moreover, LIGA objects to Deposition Topic No. 12 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 13:**
**To testify regarding LIGA's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.**
*Objection to Deposition Topic No. 13:*
LIGA incorporates herein its Objection to Document Production No. 13 set forth below, and objects to Deposition Topic No. 13 on such basis. LIGA further objects to Deposition Topic No. 13 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 13 as it requires LIGA to speculate as to what constitutes "involvement." Moreover, LIGA objects to Deposition Topic No. 13 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 14:**
**To testify regarding Century Indemnity Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**
*Objection to Deposition Topic No. 14:*
LIGA incorporates herein its Objection to Document Production No. 14 set forth below, and objects to Deposition Topic No. 14 on such basis. LIGA further objects to Deposition Topic No. 14 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 14 as it requires LIGA to speculate as to what constitutes "involvement." Moreover, LIGA objects to Deposition Topic No. 14 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may

invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 15:**
**To testify regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to Deposition Topic No. 15:*

LIGA incorporates herein its Objection to Document Production No. 15 set forth below, and objects to Deposition Topic No. 15 on such basis. LIGA further objects to Deposition Topic No. 15 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 15 as it requires LIGA to speculate as to what constitutes "involvement." Moreover, LIGA objects to Deposition Topic No. 15 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 16:**
**To testify regarding National Indemnity Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to Deposition Topic No. 16:*

LIGA incorporates herein its Objection to Document Production No. 16 set forth below, and objects to Deposition Topic No. 16 on such basis. LIGA further objects to Deposition Topic No. 16 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 16 as it requires LIGA to speculate as to what constitutes "involvement." Moreover, LIGA objects to Deposition Topic No. 16 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 17:**

**To testify regarding Liberty Mutual Insurance Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to Deposition Topic No. 17:*

LIGA incorporates herein its Objection to Document Production No. 17 set forth below, and objects to Deposition Topic No. 17 on such basis. LIGA further objects to Deposition Topic No. 17 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 17 as it requires LIGA to speculate as to what constitutes "involvement." Moreover, LIGA objects to Deposition Topic No. 17 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 18:**

**To testify regarding Pacific Employers Insurance Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to Deposition Topic No. 18:*

LIGA incorporates herein its Objection to Document Production No. 18 set forth below, and objects to Deposition Topic No. 18 on such basis. LIGA further objects to Deposition Topic No. 18 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Deposition Topic No. 18 as it requires LIGA to speculate as to what constitutes "involvement." Moreover, LIGA objects to Deposition Topic No. 18 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 19:**

**To testify regarding all information considered by LIGA to arrive at the settlement amount.**

*Objection to Deposition Topic No. 19:*

LIGA incorporates herein its Objection to Document Production No. 19 set forth below, and objects to Deposition Topic No. 19 on such basis. LIGA further objects to Deposition Topic No. 19 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 19 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion, to the extent it, in seeking testimony regarding "all information," seeks to require LIGA to use more than

reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders, and requires LIGA to speculate as to what constitutes "information." Moreover, LIGA objects to Deposition Topic No. 19 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

## DEPOSITION TOPIC NO. 20:
**To testify as to asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay.**

*Objection to Deposition Topic No. 20:*

LIGA incorporates herein its Objection to Document Production No. 20 set forth below, and objects to Deposition Topic No. 20 on such basis. LIGA further objects to Deposition Topic No. 20 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 20 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion, to the extent it requires LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 20 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; (vi) has been previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

## DEPOSITION TOPIC NO. 21:
**To testify as to any and all correspondence and/or documents between Reilly-Benton and LIGA regarding asbestos-related claims.**

*Objection to Deposition Topic No. 21:*

LIGA incorporates herein its Objection to Document Production No. 21 set forth below, and objects to Deposition Topic No. 21 on such basis. LIGA further objects to Deposition Topic No. 21 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 21 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any and all correspondence and/or documents," seeks to require LIGA to use more than reasonable diligence to locate responsive information and

imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 21 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 22:**
**To testify as to any and all correspondence and/or documents between the Trustee for the bankruptcy estate of Reilly-Benton and LIGA regarding asbestos-related claims.**
*Objection to Deposition Topic No. 22:*
LIGA incorporates herein its Objection to Document Production No. 22 set forth below, and objects to Deposition Topic No. 22 on such basis. LIGA further objects to Deposition Topic No. 22 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 22 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any and all correspondence and/or documents," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 22 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 23:**
**To testify as to any and all correspondence and/or documents between LIGA and Resolute Management, Inc. regarding asbestos-related claims involving Reilly-Benton Company, Inc.**
*Objection to Deposition Topic No. 23:*
LIGA incorporates herein its Objection to Document Production No. 23 set forth below, and objects to Deposition Topic No. 23 on such basis. LIGA further objects to Deposition Topic No. 23 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 23 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any and all correspondence and/or documents," seeks to require LIGA to use more than reasonable diligence to locate responsive information and

imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 23 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

## DEPOSITION TOPIC NO. 24:

**To testify as to any and all correspondence and/or documents between LIGA and National Indemnity Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.**

*Objection to Deposition Topic No. 24:*

LIGA incorporates herein its Objection to Document Production No. 24 set forth below, and objects to Deposition Topic No. 24 on such basis. LIGA further objects to Deposition Topic No. 24 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 24 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any and all correspondence and/or documents," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 24 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

## DEPOSITION TOPIC NO. 25:

**To testify as to any and all correspondence and/or documents between LIGA and Century Indemnity Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.**

*Objection to Deposition Topic No. 25:*

LIGA incorporates herein its Objection to Document Production No. 25 set forth below, and objects to Deposition Topic No. 25 on such basis. LIGA further objects to Deposition Topic No. 25 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 25 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in

seeking testimony regarding "any and all correspondence and/or documents," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 25 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 26:**
**To testify as to any and all correspondence and/or documents between LIGA and Pacific Employers Insurance Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.**

*Objection to Deposition Topic No. 26:*
LIGA incorporates herein its Objection to Document Production No. 26 set forth below, and objects to Deposition Topic No. 26 on such basis. LIGA further objects to Deposition Topic No. 26 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 26 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it (a) does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any and all correspondence and/or documents," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 26 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 27:**
**To testify as to any and all correspondence and/or documents between LIGA and Liberty Mutual Insurance Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.**

*Objection to Deposition Topic No. 27:*
LIGA incorporates herein its Objection to Document Production No. 27 set forth below, and objects to Deposition Topic No. 27 on such basis. LIGA further objects to Deposition Topic No. 27 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 27 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it (a) does not

specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter; and (b) in seeking testimony regarding "any and all correspondence and/or documents," seeks to require LIGA to use more than reasonable diligence to locate responsive information and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 27 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; and (vi) has been previously produced by another party.

**DEPOSITION TOPIC NO. 28:**
**To testify as to the number of asbestos-related claims currently pending against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay, including the specific asbestos-related diseases that form the basis of those claims.**

*Objection to Deposition Topic No. 28:*
LIGA incorporates herein its Objection to Document Production No. 28 set forth below, and objects to Deposition Topic No. 28 on such basis. LIGA further objects to Deposition Topic No. 28 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 28 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 28 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; (vi) has been previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DEPOSITION TOPIC NO. 29:**
**To testify as to the identity of the claimants who have currently pending asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay, including the specific asbestos-related diseases from which those claimants have brought a claim.**

*Objection to Deposition Topic No. 29:*
LIGA incorporates herein its Objection to Document Production No. 29 set forth below, and objects to Deposition Topic No. 29 on such basis. LIGA further objects to Deposition Topic No. 29 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and

ambiguous. LIGA also objects to Deposition Topic No. 29 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 29 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; (vi) has been previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DEPOSITION TOPIC NO. 30:**
**To testify as to the identity of the law firms representing claimants who have currently pending asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay.**

    *Objection to Deposition Topic No. 30:*

    LIGA incorporates herein its Objection to Document Production No. 30 set forth below, and objects to Deposition Topic No. 30 on such basis. LIGA further objects to Deposition Topic No. 30 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 30 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 30 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; (vi) has been previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DEPOSITION TOPIC NO. 31:**
**To testify as to the date all currently pending asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay were filed.**

    *Objection to Deposition Topic No. 31:*

    LIGA incorporates herein its Objection to Document Production No. 31 set forth below, and objects to Deposition Topic No. 31 on such basis. LIGA further objects to Deposition Topic No. 31 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 31 as not proportional to the needs

of the Contested Matter and irrelevant to the Compromise Motion in that it does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 31 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; (vi) has been previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DEPOSITION TOPIC NO. 32:**
**To testify as to the status of all currently pending asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay.**
 *Objection to Deposition Topic No. 32:*
 LIGA incorporates herein its Objection to Document Production No. 32 set forth below, and objects to Deposition Topic No. 32 on such basis. LIGA further objects to Deposition Topic No. 32 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 32 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it does not specify a time period for which testimony is sought and therefore seeks information concerning a time period other than the one relevant to the Contested Matter and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 32 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; (vi) has been previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DEPOSITION TOPIC NO. 33:**
**To testify as to any and all correspondence and/or documents between the Trustee for the bankruptcy estate of Reilly-Benton and LIGA.**
 *Objection to Deposition Topic No. 33:*
 LIGA incorporates herein its Objection to Document Production No. 33 set forth below, and objects to Deposition Topic No. 33 on such basis. LIGA further objects to Deposition Topic No. 33 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 33 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it does not specify a time period or the subject matter for which testimony is sought and therefore seeks

information concerning a time period and subject matter other than the one relevant to the Contested Matter and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 33 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; (vi) has been previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DEPOSITION TOPIC NO. 34:**
**To testify as to any and all correspondence and/or documents between representatives of the Trustee for the bankruptcy estate of Reilly-Benton and LIGA.**

*Objection to Deposition Topic No. 34:*

LIGA incorporates herein its Objection to Document Production No. 34 set forth below, and objects to Deposition Topic No. 34 on such basis. LIGA further objects to Deposition Topic No. 34 as irrelevant, duplicative, unduly burdensome, overbroad, vague, and ambiguous. LIGA also objects to Deposition Topic No. 34 as not proportional to the needs of the Contested Matter and irrelevant to the Compromise Motion in that it does not specify a time period or the subject matter for which testimony is sought and therefore seeks information concerning a time period and subject matter other than the one relevant to the Contested Matter and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. Moreover, LIGA objects to Deposition Topic No. 34 as it seeks information which (i) is protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) is confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) is equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) is a matter of public record; (vi) has been previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

## **Specific Objections to Document Production**

LIGA incorporates the foregoing General Objections into each of the following Objections to individual Requests, and into each amendment, supplement, or modification to these Objections that LIGA may later provide. By making these separate Objections, LIGA does not waive or intend to waive any of its General Objections, but rather intends to preserve and assert each of its General Objections.

**DOCUMENT PRODUCTION ITEM NO. 1:**
**Produce all documents regarding LIGA's relationship with Reilly-Benton.**

*Objection to document Production Item No. 1:*

LIGA objects to Document Production Item No. 1 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 1 as (a) the term "regarding" is vague and/or ambiguous and undefined; and (b) the term "relationship," as defined, is vague, ambiguous, unduly burdensome, harassing, and oppressive given the failure to define or otherwise limit the scope of the therein used terms "affiliation" or "contractual connection." Moreover, LIGA objects to Document Production Item No. 1 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 1 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 1 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 2:**
**Produce all documents regarding LIGA's relationship with Pacific Employers Insurance Company related to Reilly-Benton.**

*Objection to document Production Item No. 2:*

LIGA objects to Document Production Item No. 2 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 2 as (a) the terms "regarding" and "related to" are vague and/or ambiguous and undefined; and (b) the term "relationship," as defined, is vague, ambiguous, unduly burdensome, harassing, and oppressive given the failure to define or otherwise limit the scope of the therein used terms "affiliation" or "contractual connection." Moreover, LIGA objects to Document Production Item No. 2 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 2 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 2 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may

invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

## DOCUMENT PRODUCTION ITEM NO. 3:

**Produce all documents regarding LIGA's relationship with Century Indemnity Company related to Reilly-Benton.**

*Objection to document Production Item No. 3:*

LIGA objects to Document Production Item No. 3 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 3 as (a) the terms "regarding" and "related to" are vague and/or ambiguous and undefined; and (b) the term "relationship," as defined, is vague, ambiguous, unduly burdensome, harassing, and oppressive given the failure to define or otherwise limit the scope of the therein used terms "affiliation" or "contractual connection." Moreover, LIGA objects to Document Production Item No. 3 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 3 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 3 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

## DOCUMENT PRODUCTION ITEM NO. 4:

**Produce all documents regarding LIGA's relationship with Resolute Management, Inc.**

*Objection to document Production Item No. 4:*

LIGA objects to Document Production Item No. 4 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 4 as (a) the term "regarding" is vague and/or ambiguous and undefined; and (b) the term "relationship," as defined, is vague, ambiguous, unduly burdensome, harassing, and oppressive given the failure to define or otherwise limit the scope of the therein used terms "affiliation" or "contractual connection." Moreover, LIGA objects to Document Production Item No. 4 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 4 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by

applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 4 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

## DOCUMENT PRODUCTION ITEM NO. 5:
**Produce all documents regarding LIGA's relationship with National Indemnity Company related to Reilly-Benton.**

*Objection to document Production Item No. 5:*
LIGA objects to Document Production Item No. 5 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 5 as (a) the terms "regarding" and "related to" are vague and/or ambiguous and undefined; and (b) the term "relationship," as defined, is vague, ambiguous, unduly burdensome, harassing, and oppressive given the failure to define or otherwise limit the scope of the therein used terms "affiliation" or "contractual connection." Moreover, LIGA objects to Document Production Item No. 5 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 5 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 5 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

## DOCUMENT PRODUCTION ITEM NO. 6:
**Produce all documents regarding LIGA's relationship with Liberty Mutual Insurance Company related to Reilly-Benton.**

*Objection to document Production Item No. 6:*
LIGA objects to Document Production Item No. 6 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 6 as (a) the terms "regarding" and "related to" are vague and/or ambiguous and undefined; and (b) the term "relationship," as defined, is vague, ambiguous, unduly burdensome, harassing, and oppressive given the failure to define or otherwise limit the scope of the therein used terms "affiliation" or "contractual connection." Moreover, LIGA objects to

29

Document Production Item No. 6 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 6 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 6 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 7:**
**Produce all documents regarding any agreements between LIGA and Reilly-Benton regarding asbestos claims.**
*Objection to document Production Item No. 7:*
LIGA objects to Document Production Item No. 7 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 7 as the terms "regarding," "asbestos claims," and "agreements" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 7 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 7 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 7 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 8:**
**Produce all documents regarding any agreements between LIGA and Pacific Employers Insurance Company regarding asbestos claims involving Reilly-Benton Company, Inc.**
*Objection to document Production Item No. 8:*
LIGA objects to Document Production Item No. 8 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 8 as the terms "regarding," "involving," "asbestos claims," and "agreements" are vague

and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 8 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 8 on that basis that, in seeking "all documents" and "any agreements," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 8 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

## DOCUMENT PRODUCTION ITEM NO. 9:

**Produce all documents regarding any agreements between LIGA and Century Indemnity Company regarding asbestos claims involving Reilly-Benton Company, Inc.**

*Objection to document Production Item No. 9:*

LIGA objects to Document Production Item No. 9 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 9 as the terms "regarding," "involving," "asbestos claims," and "agreements" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 9 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 9 on that basis that, in seeking "all documents" and "any agreements," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 9 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

## DOCUMENT PRODUCTION ITEM NO. 10:

**Produce all documents regarding any agreements between LIGA and Resolute Management, Inc. regarding asbestos claims involving Reilly-Benton Company, Inc.**

*Objection to document Production Item No. 10:*

LIGA objects to Document Production Item No. 10 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 10 as the terms "regarding," "involving," "asbestos claims," and "agreements" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 10 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 10 on that basis that, in seeking "all documents" and "any agreements," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 10 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

## DOCUMENT PRODUCTION ITEM NO. 11:
**Produce all documents regarding any agreements between LIGA and National Indemnity Company regarding asbestos claims involving Reilly-Benton Company, Inc.**
*Objection to document Production Item No. 11:*
LIGA objects to Document Production Item No. 11 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 11 as the terms "regarding," "involving," "asbestos claims," and "agreements" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 11 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 11 on that basis that, in seeking "all documents" and "any agreements," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 11 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

## DOCUMENT PRODUCTION ITEM NO. 12:

**Produce all documents regarding any agreements between LIGA and Liberty Mutual Insurance Company regarding asbestos claims involving Reilly-Benton Company, Inc.**

*Objection to document Production Item No. 12:*

LIGA objects to Document Production Item No. 12 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 12 as the terms "regarding," "involving," "asbestos claims," and "agreements" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 12 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 12 on that basis that, in seeking "all documents" and "any agreements," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 12 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

## DOCUMENT PRODUCTION ITEM NO. 13:

**Produce all documents regarding LIGA's involvement with the Reilly-Benton Company, Inc.'s decision to file for bankruptcy.**

*Objection to document Production Item No. 13:*

LIGA objects to Document Production Item No. 13 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 13 as the terms "regarding" and "involvement" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 13 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period. In a similar vein, LIGA objects to Document Production Item No. 13 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 13 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 14:**

**Produce all documents regarding Century Indemnity Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to document Production Item No. 14:*

LIGA objects to Document Production Item No. 14 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 14 as the terms "regarding," "involvement," and "Settlement Agreement" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 14 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 14 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 14 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 15:**

**Produce all documents regarding Resolute Management, Inc.'s involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to document Production Item No. 15:*

LIGA objects to Document Production Item No. 15 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 15 as the terms "regarding," "involvement," and "Settlement Agreement" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 15 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 15 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 15 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from

other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 16:**
**Produce all documents regarding National Indemnity Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to document Production Item No. 16:*
LIGA objects to Document Production Item No. 16 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 16 as the terms "regarding," "involvement," and "Settlement Agreement" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 16 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 16 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 16 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 17:**
**Produce all documents regarding Liberty Mutual Insurance Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to document Production Item No. 17:*
LIGA objects to Document Production Item No. 17 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 17 as the terms "regarding," "involvement," and "Settlement Agreement" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 17 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 17 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 17 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or §

22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 18:**
**Produce all documents regarding Pacific Employers Insurance Company's involvement with the Settlement Agreement between the Trustee for the bankruptcy estate of Reilly-Benton Company, Inc. and LIGA.**

*Objection to document Production Item No. 18:*
LIGA objects to Document Production Item No. 18 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 18 as the terms "regarding," "involvement," and "Settlement Agreement" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 18 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 18 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 18 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 19:**
**Produce all documents considered by LIGA to arrive at the settlement amount.**

*Objection to document Production Item No. 19:*
LIGA objects to Document Production Item No. 19 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 19 as the terms "considered," "arrive at," and "settlement amount" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 19 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 19 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 19 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or §

22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 20:**
**Produce all documents as to asbestos-related claims against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay.**

    *Objection to document Production Item No. 20:*
LIGA objects to Document Production Item No. 20 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 20 as the terms/phrases "as to," "asbestos-related claims," and "may be obligated to pay" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 20 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 20 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 20 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; (vi) are duplicative of those previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DOCUMENT PRODUCTION ITEM NO. 21:**
**Produce all correspondence and/or documents between Reilly-Benton and LIGA regarding asbestos-related claims.**

    *Objection to document Production Item No. 21:*
LIGA objects to Document Production Item No. 21 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 21 as the terms/phrases "regarding" and "asbestos-related claims" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 21 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 21 on that basis that, in seeking "all correspondence and/or documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 21 as it seeks documents which (i) are protected by attorney-client

privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 22:**
**Produce all correspondence and/or documents between the Trustee for the bankruptcy estate of Reilly-Benton and LIGA regarding asbestos-related claims.**
*Objection to document Production Item No. 22:*
LIGA objects to Document Production Item No. 22 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 22 as the terms/phrases "regarding" and "asbestos-related claims" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 22 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 22 on that basis that, in seeking "all correspondence and/or documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 22 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 23:**
**Produce all correspondence and/or documents between LIGA and Resolute Management, Inc. regarding asbestos-related claims involving Reilly-Benton Company, Inc.**
*Objection to document Production Item No. 23:*
LIGA objects to Document Production Item No. 23 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 23 as the terms/phrases "regarding," "asbestos-related claims," and "involving" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 23 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 23 on that basis that, in seeking "all correspondence and/or documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond

those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 23 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

## DOCUMENT PRODUCTION ITEM NO. 24:
**Produce all correspondence and/or documents between LIGA and National Indemnity Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.**
> *Objection to document Production Item No. 24:*
> LIGA objects to Document Production Item No. 24 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 24 as the terms/phrases "regarding," "asbestos-related claims," and "involving" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 24 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 24 on that basis that, in seeking "all correspondence and/or documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 24 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

## DOCUMENT PRODUCTION ITEM NO. 25:
**Produce all correspondence and/or documents between LIGA and Century Indemnity Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.**
> *Objection to document Production Item No. 25:*
> LIGA objects to Document Production Item No. 25 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 25 as the terms/phrases "regarding," "asbestos-related claims," and "involving" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 25 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 25 on that basis that, in seeking "all

correspondence and/or documents", it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 25 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

## DOCUMENT PRODUCTION ITEM NO. 26:
**Produce all correspondence and/or documents between LIGA and Pacific Employers Insurance Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.**

*Objection to document Production Item No. 26:*
LIGA objects to Document Production Item No. 26 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 26 as the terms/phrases "regarding," "asbestos-related claims," and "involving" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 26 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 26 on that basis that, in seeking "all correspondence and/or documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 26 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

## DOCUMENT PRODUCTION ITEM NO. 27:
**Produce all correspondence and/or documents between LIGA and Liberty Mutual Insurance Company regarding asbestos-related claims involving Reilly-Benton Company, Inc.**
*Objection to document Production Item No. 27:*
LIGA objects to Document Production Item No. 27 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 27 as the terms/phrases "regarding," "asbestos-related claims," and "involving" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 27 on the basis that it requests documents irrelevant to the Compromise Motion and

unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 27 on that basis that, in seeking "all correspondence and/or documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 27 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 28:**
**Produce all documents regarding claims currently pending against Reilly-Benton Company, Inc. for which LIGA may be obligated to pay, including the specific asbestos-related diseases that form the basis of those claims.**

*Objection to document Production Item No. 28:*

LIGA objects to Document Production Item No. 28 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 28 as the terms/phrases "regarding," "currently pending," "including," "specific asbestos-related diseases," and "may be obligated to pay" are vague and/or ambiguous and undefined. Moreover, LIGA objects to Document Production Item No. 28 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 28 on that basis that, in seeking "all documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 28 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; (vi) are duplicative of those previously produced by another party; and (vii) calls for speculation, legal conclusion, and/or expert testimony.

**DOCUMENT PRODUCTION ITEM NO. 29:**
**Produce all correspondence and/or documents between the Trustee for the bankruptcy estate of Reilly-Benton and LIGA.**

*Objection to document Production Item No. 29:*

LIGA objects to Document Production Item No. 29 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 29 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 29 on that basis that, in seeking "all correspondence and/or documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 29 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

**DOCUMENT PRODUCTION ITEM NO. 30:**
**Produce [sic] all correspondence and/or documents between representatives of the Trustee for the bankruptcy estate of Reilly-Benton and LIGA.**
*Objection to document Production Item No. 30:*
LIGA objects to Document Production Item No. 30 as irrelevant, unduly burdensome, overbroad, vague, and ambiguous. LIGA further objects to Document Production Item No. 30 on the basis that it requests documents irrelevant to the Compromise Motion and unproportional to the needs of the Contested Matter in that the documents requested are not limited in scope to a specific time period or subject matter. In a similar vein, LIGA objects to Document Production Item No. 30 on that basis that, in seeking "all correspondence and/or documents," it seeks to require LIGA to use more than reasonable diligence to locate responsive documents and imposes burdens and obligations beyond those imposed by applicable statute, rules, and orders. LIGA also objects to Document Production Item No. 30 as it seeks documents which (i) are protected by attorney-client privilege, the attorney work-product rule, the joint defense/common interest privileges, or another recognized privilege or protection; (ii) are confidential, including pursuant to LA R.S. § 22:2056(C)(2)(c) or § 22:2061.1(D), or sensitive; (iii) concerns third parties, which may invade such third parties' right to privacy; (iv) are equally available to the Potentially Propounding Persons from other sources that are more convenient, less burdensome, or less expensive; (v) are a matter of public record; and (vi) are duplicative of those previously produced by another party.

DATED: September 1, 2022

Respectfully submitted,

**STEWART ROBBINS BROWN & ALTAZAN LLC**

/s/ William S. Robbins
William S. Robbins (#24627)

42

301 Main Street, Suite 1640
Baton Rouge, Louisiana 70801
225.231.9998 (Telephone)
225.709.9467 (Facsimile)
**Attorneys for LIGA**

## Certificate of Service

I do hereby certify that a copy of the above and foregoing Louisiana Insurance Guaranty Association's *Objections to Roussel & Clement Claimant's Notice of Deposition Pursuant to 30(b)(6), Fed. R. Bankr. P. 7030 and 9014 and Notice of Records Deposition of Louisiana Insurance Guaranty Association was* served via electronic mail at the email address indicated below on this 1st day of September 2022 to:


ROUSSEL & CLEMENT
Gerolyn P. Roussel
Perry J. Roussel, Jr.
Jonathan B. Clement
Lauren R. Clement
Benjamin P. Dinehart
1550 West Causeway Approach
Mandeville, LA 70471
rcfirm@rousselandclement.com
Attorneys for Roussel & Clement Creditors

this 1st day of September 2022 at Baton Rouge, Louisiana.


*/s/ William S. Robbins*
William S. Robbins

43