IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| REILLY-BENTON COMPANY, INC. | ) | Case No. 17-12870 |
| | ) | |
| DEBTORS | ) | Section A |
| | ) | |

## MOTION FOR LEAVE TO APPEAL

The Roussel & Clement Creditors[1] move this Honorable Court pursuant to FRBP 8004 and 28 U.S.C. § 158(a) for leave to appeal the rulings of the Honorable Meredith S. Grabill of August 18, 2022, granting the Motion to Compel Reilly-Benton Company, Inc., and of September 20, 2022, denying the Motion for New Trial on Motion to Compel Reilly-Benton Company, Inc. A copy of the Orders are attached as Exhibits 1 and 2.[2] The Order granting the Motion to Compel imposed severe limitations on the 30(b)(6) deposition of the Debtor, Reilly-Benton Company, Inc., which will make it impossible for the Roussel & Clement Creditors to effectively examine the Debtor regarding its alleged 18,645 pending asbestos claims, the status of the alleged claims, the Debtor's records, the Debtor's decision to file for bankruptcy, and the agreements between the Debtor and its insurers regarding its asbestos claims.

---

[1] The firm of Roussel & Clement represents claimants who have filed claims against Reilly-Benton Company, Inc., including, among others, Frank James Brazan, Pennie Ann Brazan Kliebert, Shane Anthony Brazan, Jason Joseph Brazan, and Carmel Theresa Brazan Bourg, Mary Patsy Soileau Courville, Mavis Todd Courville, Michael Wade Courville, and Joseph Eric Courville, Joseph Alfred Hedges, Jr. and Renee Hedges Blum, and Bonnie Ann Tregre Loupe, Lee Ann Tregre Cortez, and Sherry Tregre Cortez.

[2] Exhibit 1, Order Granting Motion to Compel Reilly-Benton Company, Inc.; Exhibit 2, Order Denying the Motion for New Trial on Motion to Compel Reilly-Benton Company, Inc..

I. **BRIEF STATEMENT OF FACTS**

On October 25, 2017, Reilly-Benton Company, Inc. filed a voluntary petition under Chapter 7 of the Bankruptcy Code, Case No. 17-12870.[3]

On July 2, 2020, the Chapter 7 Trustee filed a Motion for an Order Approving Settlement Agreement between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Louisiana Insurance Guaranty Association[4] (the "LIGA Motion").

On July 17, 2020, the Roussel & Clement Creditors filed an opposition and objection to the LIGA Motion.[5]

On July 31, 2020, the Chapter 7 Trustee filed a Motion for an Order (A) Approving Settlement Agreement and Policy Release between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Century Parties, (B) Approving Sale of Insurance Policies to the Century Parties Free and Clear of All Interests, and (C) Entering Injunction to Enforce the Free and Clear Aspect of the Sale of the Century Policies[6] (the "Century Motion").

On August 14, 2020, the Roussel & Clement Creditors filed an objection to the Century Motion.[7] Also on August 14, 2020, the Landry & Swarr Creditors filed an Objection to Trustee's Motions to Settle, Release and Sell Free and Clear Insurance Policies and Proceeds and For Order Enjoining Claims by Victims Against Nondebtor Insurers.[8]

---

[3] R. Doc. 1.
[4] R. Doc. 48.
[5] R. Doc. 50.
[6] R. Doc. 56.
[7] R. Doc. 70 & 71.
[8] R. Doc. 72.

At the status conference held on January 11, 2021, the Court gave the parties an opportunity to provide supplemental briefing on the issue regarding whether the motions regarding the Century Parties and LIGA may be filed as contested matters or must proceed as adversary proceedings. On January 21, 2021, the Roussel & Clement Creditors filed a *Supplemental Brief Regarding the Need for Adversary Proceedings,*[9] and the Landry & Swarr Creditors filed a *Supplemental Brief Regarding The Need for Adversary Proceedings in Connection With Motions For Third Party Releases and Injunctive Relief Filed by The Trustee.*[10] Likewise, the Trustee and the Century Parties[11] and LIGA[12] also filed briefs.

Status Conferences were held on April 1, and April 14, 2022, regarding the LIGA Motion and the Century Motion, during which it was determined that evidentiary hearings would be required regarding both motions, and a scheduling order was entered regarding the evidentiary hearings on the LIGA Motion and the Century Motion.[13]

Reilly-Benton Company, Inc. identified approximately 18,645 claims when it filed its petition for bankruptcy. On information and belief, many if not most of these claims are not viable claims having been resolved, subject to involuntary dismissal, and/or abandoned. Also, as was made apparent by the filing of the aforementioned motions to enjoin existing and future direct-action claims of injured victims against insurers, it is submitted that the Reilly-Benton bankruptcy is being advanced by its insurance carriers for the purpose of facilitating agreements to cap liability when no such cap exists, especially in cases where Reilly-Benton's contracting activities caused the injury.

---

[9] R. Doc. 98.
[10] R. Doc. 97.
[11] R. Doc. 99.
[12] R. Doc. 100.
[13] R. Doc. 121.

3

Reilly-Benton Company, Inc. is an inactive company.[14] Reilly-Benton Company, Inc. filed its Voluntary Petition for Bankruptcy on October 25, 2017, staying the pending cases as to Reilly-Benton Company, Inc. On May 27, 2020, the Louisiana Fourth Circuit Court of Appeal in the case of *Courville v. Lamorak Ins. Co.*[15] held with regard to Liberty Mutual Insurance Company (another insurer of Reilly-Benton Company, Inc.) that it was inappropriate under Louisiana law to hold a settlement binding against injured victims who were not parties to the settlement. Thereafter, on July 2, 2020, (after the May 27, 2020, decision by the Louisiana Fourth Circuit in *Courville*[16] stating such agreements were not valid as to injured victims), the Trustee filed the pending motion seeking an order approving a settlement agreement between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and LIGA and, thereafter, filed a similar motion with The Century Parties. Evidentiary hearings are now scheduled regarding both motions.

In an effort to prepare for the evidentiary hearings, the Roussel & Clement Creditors repeatedly requested dates for the deposition of the Debtor, Reilly-Benton Company, Inc. The Debtor, however, refused to provide a date for its deposition citing health and memory concerns regarding its corporate representative, Warren Watters.[17] On June 22, 2022, having not received a date for the deposition, the Roussel & Clement Creditors issued a notice of deposition and records deposition, and subpoenas to testify at a deposition and produce documents to Reilly-Benton,

---

[14]Exhibit 3, <u>Louisiana Secretary of State Record Regarding Reilly-Benton Company, Inc.</u>

[15]*Courville v. Lamorak Ins. Co.*, 2020-0073 (La.App. 4 Cir. 05/27/20), 301 So.3d 557, *writ denied*, 20-791 (La. 10/14/20), 302 So.3d 1121.

[16]*Courville v. Lamorak Ins. Co.*, 2020-0073 (La.App. 4 Cir. 05/27/20), 301 So.3d 557, *writ denied*, 20-791 (La. 10/14/20), 302 So.3d 1121.

[17]R. Doc. 161; Reilly-Benton Company, Inc. has claimed that Warren Watters "has medical limitations, including cognitive decline," and could not testify "due to physical and mental deficits." R. Doc. 177 at pp. 1-2.

scheduling Reilly-Benton's deposition for July 11, 2022.[18] Counsel for the Debtors and the Roussel & Clement Creditors conferred via telephone on July 5, 2022, and agreed that the Debtor would produce its documents on July 11, 2022, and that the corporate deposition would be postponed while the Roussel & Clement Creditors reviewed the documents produced.[19] Very few documents were produced, and on July 7, 2022, the Roussel & Clement Creditors informed the Debtor that an oral deposition would be necessary, and again requested a date for the deposition of the Debtor.[20] No date was provided.

Subsequently, on July 26, 2022, the Roussel & Clement Creditors file a Motion to Compel Reilly-Benton Company, Inc.**[21]** Reilly-Benton Company, Inc. filed an opposition on August 10, 2022, in which Reilly-Benton Company, Inc. claimed that Warren Watters "has medical limitations, including cognitive decline," and could not testify "due to physical and mental deficits."[22] The Roussel & Clement Creditors' motion was heard on August 17, 2022. While the Bankruptcy Court for the Eastern District of Louisiana granted the motion to compel, the Order granting the motion to compel imposed the following limitations: First, the Roussel & Clement Creditors were allowed to "depose Warren Watters in his role as the corporate representative for the Debtor." Second, "the deposition is limited to thirty (30) minutes".[23] Third, "counsel is limited to four questions: • How many currently pending asbestos claims against Reilly-Benton are you aware of and what is the status of those claims? • Are you in possession of or do you know the location of any books and

---

[18] R. Doc. 161 at Exhibit 9, <u>E-Mail of June 22, 2022 with Subpoenas to Reilly-Benton</u>.
[19] R. Doc. 161 at Exhibit 11, <u>E-Mail of July 6, 2022</u>.
[20] R. Doc. 161 at Exhibit 2, <u>E-Mail of July 7, 2022</u>.
[21] R. Doc. 161.
[22] R. Doc. 177 at pp. 1-2.
[23] R. Doc. 187 at p. 2.

5

records belonging to Reilly-Benton? • What was your motivation for placing Reilly-Benton into chapter 7 bankruptcy? • Did you have prepetition agreements or arrangements with Reilly-Benton's insurers regarding the treatment of claims or the filing of Reilly-Benton's bankruptcy case?"[24]

On August 30, 2022, the Roussel & Clement Creditors filed a Motion for New Trial on Motion to Compel Reilly-Benton Company, Inc.[25], which was heard on September 14, 2022, and which was denied by the Bankruptcy Court for the Eastern District of Louisiana.[26]

## II. STATEMENT OF QUESTIONS TO BE PRESENTED BY APPEAL

1. Whether the Bankruptcy Court erred in limiting the 30(b)(6) deposition of the Debtor, Reilly-Benton Company, Inc., to 30 minutes and only four questions?

## III. RELIEF SOUGHT

The Roussel & Clement Creditors seek an Order that Reilly-Benton Company, Inc. provide a 30(b)(6) representative to testify at a deposition regarding the topics set forth in the notice of deposition of Reilly-Benton Company, Inc. issued by the Roussel & Clement Creditors, which Order will not limit the deposition to 30 minutes and only four questions.

---

[24] R. Doc. 187 at p. 2.
[25] R. Doc. 213.
[26] R. Doc. 304.

## IV. REASONS WHY LEAVE TO APPEAL SHOULD BE GRANTED

### A. Standard for Granting Leave to Appeal

District Courts have discretion to grant leave to appeal interlocutory orders of Bankruptcy Courts.[27] The Fifth Circuit has declined to adopt a hard and fast rule for granting leave to appeal.[28] The Fifth Circuit has provided the following direction:

> Section 158(a) authorizes a district court to grant leave to appeal an interlocutory order from a bankruptcy court, but does not indicate the standard a district court should use in determining whether to grant leave to appeal. Nonetheless, the vast majority of district courts faced with the problem have adopted the standard under 28 U.S.C. § 1292(b) for interlocutory appeals from the district court orders. This standard consists of three elements: (1) a controlling issue of law must be involved; (2) the question must be one where there is substantial ground for difference of opinion; and (3) an immediate appeal must materially advance the ultimate termination of the litigation.[29]

District Courts within the Fifth Circuit use these elements as guiding factors in determining whether to grant leave to appeal.[30] The decision of the Bankruptcy Court for the Eastern District of Louisiana to severely limit the taking of the Debtor's deposition under Federal Rule of Civil Procedure 30(b)(6) creates substantial grounds of difference of opinion, is the controlling issue of law, and controls the advancement of this litigation as called for under 28 U.S.C. § 1292(b).

---

[27] 28 U.S.C § 158(a)(3); Fed. R. Bankr. P. 8001.
[28] See *In re Ichinose,* 946 F.2d 1169, 1177 (5th Cir. 1991); *accord, Barkley v. U.S.,* 2007 U.S. Dist. LEXIS 84466, at *7-8 (W.D. La. Nov. 13, 2007).
[29] *In re Ichinose*, 946 F.2d at 1177 (citations omitted).
[30] See, e.g., *Saddle Creek Energy Dev. V. Eagle Domestic Drilling Operations,* 2007 U.S. Dist. LEXIS 42492, at *8 (S.D. Tex. Jun e12, 2007)(Miller, J.)(quoting *In re MCorp Fin., Inc.*, 139 B.R. 820, 823 (S.D. Tex. 1992)).

1. **Controlling Issues of Law**

A court may grant leave to appeal when "a controlling question of law as to which there is substantial ground for difference of opinion" exists.[31] A controlling question of law "might be called one of 'pure law'" that can be reviewed "quickly and cleanly without having to study the record."[32] "The legal question must be stated at a high enough level of abstraction to lift the question out of the details of the evidence or facts of a particular case and give it general relevance to other cases in the same area of law."[33] Thus, "a question is controlling not because it determines the case at issue, but it must also dispose of a wide spectrum of cases."[34]

A controlling question of law exists with regard to the Order limiting the deposition of the Debtor to 30 minutes and only four questions as such severe limitations regarding a deposition make it impossible to effectively examine a corporate entity pursuant to Federal Rule of Procedure 30(b)(6).

2. **Substantial Grounds for Difference of Opinion**

While the Bankruptcy Court for the Eastern District of Louisiana was evidently attempting to safeguard the health of Warren Watters, the Debtors' designated corporate representative, other Courts have recognized that allowing a party to name a corporate representative who suffers from dementia and cannot be effectively deposed is unfair to the deposing party, and does not fulfill a party's obligations under Federal Rule of Civil Procedure 30(b)(6).[35] In *Cabrera v. Am. Diversified*

---

[31]*In re Schepps Food Stores, Inc.*, 148 B.R. 27, 29 (Bankr S.D. Tex. 1992)(quoting 28 U.S.C. § 1292(B)).
[32]*McFarling v. Conseco Servs., LLC*, 381 F.3d 1251, 1258 (11th Cir. 2004)
[33]*Id*. at 1259; accord, e.g., *In re Pac. Forest Prods*., 335 B.R. 910, 919 (S.D. Fla. 2005).
[34]*In re Pac. Forest Prods.*, 335 B.R. at 919 (citing Auto Dealer Servs., 81 B.R. at 96).
[35]*Cabrera v. Am. Diversified Servs. Corp.,* 2012 U.S. Dist. LEXIS 147910 (M.D. Fla. Oct. 15, 2012).

8

*Servs. Corp.,* a defendant determined that its corporate representative would have to be another defendant, Hazem Sabry, who allegedly suffered from dementia and other health issues.[36] The *Cabrera* defendants, much like Reilly-Benton herein, took the position that the designated corporate representative was the only possible corporate representative.[37] The court noted that "even if the Court were to accept the unsupported argument that Sabry is the only conceivable 30(b)(6) witness, because Sabry's health could be jeopardized by participation in litigation, Defendants could indefinitely fail to comply with Plaintiff's discovery demands."[38] Furthermore, the court stated that "it would be unfair to Plaintiff to permit Defendants to name a corporate representative as the only possible 30(b)(6) deponent if his participation in discovery can trigger serious medical consequences and be delayed at any time."[39]

### 3. Material Advancement of the Litigation

Leave to appeal is appropriate where "an immediate appeal of the interlocutory order would materially advance the ultimate termination of the bankruptcy case."[40] This analysis requires the Court to "also evaluate the stage of litigation and weigh the disruptive effect of an appeal on the Bankruptcy Court proceedings against the probability that resource will be wasted in allowing those proceedings to go forward."[41]

---

[36] *Id.* at *6-7.
[37] *Id.* at *9-10.
[38] *Id.* at *10.
[39] *Id.* at *11, n. 5.
[40] *Sunbelt Works, Inc. v. Sommers*, 2007 U.S. Dist. LEXIS 22893, at *3 (S.D. Tex. Mar.29, 2007)(citing *Ichinose*, 946 F.2d at 1177).
[41] *Pac. Forest Prods.,* 335 B.R. at 924 (citing *McFarlin,* 381 F.3d at 1262; *Auto Dealer Servs.,* 81 B.R. at 97).

Here, a determination regarding the limitations that can be imposed upon a 30(b)(6) deposition of the Debtor in a bankruptcy case will materially advance the termination of this case, because it will clarify the scope of discovery regarding the Debtor in this matter, and will avoid the need to depose multiple corporate representatives. Furthermore, it will not have a disruptive effect on the Bankruptcy Court proceedings as the Debtor's deposition has not yet been scheduled.

### V. CONCLUSION

**WHEREFORE**, the Roussel & Clement Creditors respectfully request that they be granted leave to appeal the ruling of August 18, 2022, granting the Motion to Compel Reilly-Benton Company, Inc., and of September 20, 2022 denying the Motion for New Trial on Motion to Compel Reilly-Benton Company, Inc.

Dated: October 4, 2022

        Respectfully submitted,

        ROUSSEL & CLEMENT

        S/Gerolyn P. Roussel
        GEROLYN P. ROUSSEL - 1134
        PERRY J. ROUSSEL, JR. - 20351
        JONATHAN B. CLEMENT - 30444
        LAUREN R. CLEMENT - 31106
        BENJAMIN P. DINEHART - 33096
        1550 West Causeway Approach
        Mandeville, LA  70471
        Telephone:  (985) 778-2733
        Facsimile:   (985) 778-2734
        ATTORNEYS FOR ROUSSEL
         & CLEMENT CREDITORS

**CERTIFICATE OF SERVICE**

  **I HEREBY CERTIFY** on the 4th day of October, 2022, the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all parties participating in the Court's CM/ECF Filing System, listed below.

       S/Gerolyn P. Roussel
       GEROLYN P. ROUSSEL

David V. Adler
adler_d@bellsouth.net, LA26@ecfcbis.com

Frederick L. Bunol on behalf of Debtor Reilly-Benton Company, Inc.
fbunol@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Matthew Clark on behalf of Creditor Landry & Swarr Creditors
mclark@landryswarr.com

Jonathan Clement on behalf of Creditor Roussel & Clement Creditors
rcfirm@rousselandclement.com

Jonathan Clement on behalf of Interested Party Bonnie Ann Loupe
rcfirm@rousselandclement.com

Jonathan Clement on behalf of Interested Party Joseph E Courville
rcfirm@rousselandclement.com

Jonathan Clement on behalf of Interested Party Lee Ann Cortez
rcfirm@rousselandclement.com

Jonathan Clement on behalf of Interested Party Mary S Courville
rcfirm@rousselandclement.com

Jonathan Clement on behalf of Interested Party Mavis T Courville
rcfirm@rousselandclement.com

Jonathan Clement on behalf of Interested Party Michael W Courville
rcfirm@rousselandclement.com

Jonathan Clement on behalf of Interested Party Sherry Tregre Cortez
rcfirm@rousselandclement.com

Leo D. Congeni on behalf of Creditor Landry & Swarr Creditors

leo@congenilawfirm.com, michelle@congenilawfirm.com

Leo David Congeni on behalf of Creditor Landry & Swarr Creditors
leo@congenilawfirm.com, michelle@congenilawfirm.com

Martha Y. Curtis on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
mcurtis@shergarner.com

Albert J. Derbes, IV on behalf of Debtor Reilly-Benton Company, Inc.
ajdiv@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Albert J. Derbes, IV on behalf of Trustee David V. Adler
ajdiv@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Benjamin Dinehart on behalf of Creditor Roussel & Clement Creditors
bpdesq@gmail.com

James M. Garner on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
jgarner@shergarner.com, jchocheles@shergarner.com

Patrick S. Garrity on behalf of Debtor Reilly-Benton Company, Inc.
pgarrity@derbeslaw.com, derbeser72443@notify.bestcase.com

Bradley Christopher Guin on behalf of Interested Party Employers Insurance Company of Wausau
bguin@roedelparsons.com

Nicole Celia Katz on behalf of Trustee David V. Adler
katz@chaffe.com

Stephanie B. Laborde on behalf of Interested Party Louisiana Insurance Guaranty Association
slaborde@lalalawfirm.com, 7435683420@filings.docketbird.com

Mickey P. Landry on behalf of Creditor Landry & Swarr Creditors
mlandry@landryswarr.com

Mary S. Langston on behalf of U.S. Trustee Office of the U.S. Trustee
Mary.Langston@usdoj.gov

Timothy S. Madden on behalf of Interested Party Estate of Julian Paul Guidry
tmadden@kingjurgens.com

Timothy S. Madden on behalf of Interested Party Lori Guidry Keating
tmadden@kingjurgens.com

Timothy S. Madden on behalf of Interested Party Paul Guidry
tmadden@kingjurgens.com

Thomas J. Madigan on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
tmadigan@shergarner.com

David J. Messina on behalf of Trustee David V. Adler
messina@chaffe.com, bankruptcy@chaffe.com;laudumiey@chaffe.com

Henry Minor Pipes, III on behalf of Interested Party Liberty Mutual Insurance Company
mpipes@pipesmiles.com, kwooley@pipesmiles.com

Charles M. Pisano on behalf of Interested Party Employers Insurance Company of Wausau
cpisano@roedelparsons.com

Mark D. Plevin on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
mplevin@crowell.com, cromo@crowell.com

William S. Robbins on behalf of Interested Party Louisiana Insurance Guaranty Association
wrobbins@stewartrobbins.com,
wrobbins@ecf.courtdrive.com;kheard@stewartrobbins.com;kheard@ecf.courtdrive.com;gtaylor@stewartrobbins.com;gtaylor@ecf.courtdrive.com

Gerolyn Roussel on behalf of Creditor Roussel & Clement Creditors
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Bonnie Ann Loupe
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Joseph E Courville
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Lee Ann Cortez
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Mary S Courville
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Mavis T Courville
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Michael W Courville
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Sherry Tregre Cortez
gerolynroussel@icloud.com

Perry J. Roussel, Jr. on behalf of Interested Party Bonnie Ann Loupe
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Joseph E Courville
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Lee Ann Cortez
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Mary S Courville
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Mavis T Courville
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Michael W Courville
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Sherry Tregre Cortez
rcfirm@rousselandclement.com

Amanda Russo Schenck on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
aschenck@shergarner.com

Office of the U.S. Trustee
USTPRegion05.NR.ECF@usdoj.gov