**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| IN RE: | § § § | CASE NO: 17-12870 |
| REILLY-BENTON COMPANY, INC., | § § | CHAPTER 7 |
| DEBTOR. | § § § | SECTION A |

**ORDER**

Before the Court is (i) *Landry & Swarr Creditors' Motion To Substitute Creditors* (the "<u>Motion To Substitute</u>"), [ECF Doc. 189], filed by the law firm of Landry & Swarr; (ii) the *Objection by Century and PEIC to Landry & Swarr Creditors' Motion To Substitute Creditors and Motion by Century and PEIC To Strike Objections to the Trustee's Motion Filed by Donald Bridges and Mary Sanderson and Incorporated Memorandum*, [ECF Doc. 192], filed by Century Indemnity Company and Pacific Employers Insurance Company ("<u>Century & PEIC</u>"); (iii) the *Objection by Trustee to Landry & Swarr Creditors' Motion To Substitute Creditors [P-189] and Joinder to Motion by Century and PEIC To Strike Objections to the Trustee's Motion filed by Donald Bridges and Mary Sanderson [P-192] with Incorporated Memorandum*, [ECF Doc. 256], filed by the David V. Adler, the Chapter 7 Trustee appointed in the above-captioned case (the "<u>Trustee</u>"); and (iv) the *Reply in Support of Motion To Substitute and Incorporated Opposition to Century Parties' Motion To Strike*, [ECF Doc. 245], filed by Landry & Swarr.

After considering the record and pleadings as well and applicable law, and for the reasons below, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion To Substitute.

## JURISDICTION AND VENUE

This Court has jurisdiction to grant the relief provided for herein pursuant to 28 U.S.C. § 1334(b). The matter presently before the Court constitutes a core proceeding that this Court may hear and determine on a final basis under 28 U.S.C. § 157(b)(2). The venue of this case is proper under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

Reilly-Benton Company, Inc. ("Reilly-Benton" or, post-petition, the "Debtor") supplied insulation products and materials to customers in the maritime and aerospace industries. [ECF Doc. 48]. But many of Reilly-Benton's products contained asbestos and, over the years, the company was subjected to more than 20,000 personal injury and wrongful death actions by employees and their families associated with contact to asbestos. *Id.* On October 25, 2017, Reilly-Benton filed for bankruptcy relief under chapter 7 of the Bankruptcy Code. [ECF Doc. 1].

Numerous companies insured Reilly-Benton's liability associated with its operations through the years. Those insurers include Century & PEIC. [ECF Doc. 56]. Acknowledging coverage disputes between the parties and the cost of litigating those disputes, the Trustee and Century & PEIC negotiated a settlement which contemplated a sale of certain of the Debtor's insurance policies to Century & PEIC. [ECF Doc. 56]. On July 31, 2020, the Trustee and Century & PEIC filed a motion pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure and § 363 of the Bankruptcy Code requesting Court approval of that proposed settlement (the "9019 Motion") [ECF Doc. 56]. If approved, the 9019 motion would determine Century & PEIC's contribution to the bankruptcy estate and require holders of asbestos-related claims to receive distributions through the bankruptcy process. *Id.*

On August 14, 2020, Landry & Swarr filed an objection to the 9019 motion on behalf of "Donald Bridges, Tina Danos, Mary Sanderson, and Frank Franchina, among others," [ECF Doc. 72], thus initiating a contest matter under Bankruptcy Rule 9014.[1] In its objection, Landry & Swarr dropped a footnote further explaining that it "represents various plaintiffs who have claims or filed lawsuits against Reilly-Benton Company." *Id*. Fast-forward two years, on August 22, 2022, Landry & Swarr filed the Motion To Substitute. [ECF Doc. 189]. Landry & Swarr explain that three of its clients for whom it filed the objection to the 9019 Motion had passed away: Mary Sanderson on November 8, 2019, Donald Bridges on March 20, 2020, and Frank Franchina on August 30, 2020, each due to mesothelioma. Landry & Swarr seeks to substitute those claimants in this bankruptcy proceeding with the heirs of each. *Id*.

Century & PEIC object to the substitution of the heirs of Mary Sanderson and Donald Bridges under Rule 25 of the Federal Rules of Civil Procedure because those plaintiffs predeceased the objection to the 9019 Motion that Landry & Swarr filed on their behalf; therefore, Century & PEIC content, the objection is a legal nullity. [ECF Doc. 192 (citing Mizukami v. Buras, 419 F.2d 1319, 1320 (5th Cir. 1969); *Campbell v. Travelers Ins.*, No. 06-9068, 2008 WL 145048, *1 (E.D. La. Jan. 14, 2008))].[2] In response, Landry & Swarr assert that substitution here is proper as Century & PEIC had actual notice of Mary Sanderson's death as Landry & Swarr was granted leave by the court in Sanderson's prepetition state court action against Reilly-Benton and its insurers to substitute Sanderson's heirs as the proper party in interest upon Sanderson's death. [ECF Doc. 256]. Landry & Swarr further argues that the parties in this bankruptcy proceeding had already

---

[1] Bankruptcy Rule 9014 provides that certain of the Federal Rules of Bankruptcy Procedure governing adversary proceedings apply to contested matters, including Bankruptcy Rules 7017 and 7025. Those rules apply Federal Rules of Civil Procedure 17 and 25 to bankruptcy proceedings.

[2] Century & PEIC do not oppose the substitution of Frank Franchina's heirs as the real party in interest in this contested matter.

agreed to limit formal notice when the Court approved the Trustee's *Motion To Approve Certain Notice Procedures for Asbestos Claimants and Other Parties in Case* ("Motion To Limit Notice") in the early months of the case and granted with no objection. [ECF Docs. 32 & 45]. Lastly, Landry & Swarr assert that Federal Rule of Civil Procedure 17(a)(3), not Rule 25, permits the substitution of parties here. *Id.*

## DISCUSSION

### A. Louisiana Law Bars the Substitution of Heirs as Proper Parties for Mary Sanderson and Donald Bridges

The "[c]apacity to sue or be sued . . . for an individual who is not acting in a representative capacity" is determined by "the law of the individual's domicile." FED. R. CIV. P. 17(b). Federal law, therefore, relies on state law to determine here if claimants Sanderson and Bridges may litigate the contested matter before this Court. "Louisiana law does not allow suits by or against the deceased." *See Campbell v. Travelers Ins.*, No. 06-9068, 2008 WL 145048, at *1 (E.D. La. 2008) (citing *Magee v. Stacey*, 223 So.2d 194, 195 (La. App. 3d Cir. 1969)). Although Rule 25(a)(1) allows a court to order substitution of the proper party when a party dies and the claim is not extinguished, that rule "is inapplicable when the deceased party predeceased the initiation of the litigation." *Id.* (citing *Mizukami v. Buras*, 419 F.2d 1319, 1320 (5th Cir. 1969)).

Here, both Sanderson and Bridges passed away prior to Landry & Swarr's filing of the objection to the 9019 Motion initiating the contested matter. Accordingly, Century & PEIC are correct that Landry & Swarr cannot now substitute Sanderson's and Bridges' heirs as proper parties in the contested matter before the Court.

### B. Rule 25 and Rule 17(a)(3) Allow Landry & Swarr To Substitute Franchina's Heir as the Real Party in Interest in the Contested Matter

As discussed above, Rule 25(a)(1) allows a court to order substitution of the proper party when a party dies and the claim is not extinguished. Franchina was the proper party to file the objection to the 9019 Motion when Landry & Swarr filed the objection on August 14, 2020, and no argument has been made to the Court that the basis for the objection has been extinguished. Thus, the Court finds that Franchina's heir may be substituted as the proper party in this contested matter under Rules 25.

Alternatively, Rule 17, governing the capacity of plaintiffs and defendants, requires generally that every "action must be prosecuted in the name of the real party in interest." FED. R. CIV. P. 17(a). "The real party in interest is the person holding the substantive right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery." *Wieburg v. GTE Sw. Inc.*, 272 F.3d 302, 306 (5th Cir. 2001) (internal quotations and citation omitted). "The purpose of this provision is to assure a defendant that a judgment will be final and that res judicata will protect it from having to twice defend an action, once against an ultimate beneficiary of a right and then against the actual holder of the substantive right." *Id.* (internal quotations and citation omitted).

In the event that a court finds that the prosecution of the suit has not been brought by the real party in interest, the court may not dismiss the action; rather, "after an objection [and] a reasonable time has been allowed for the real party in interest to ratify, join or be substituted into the action," the action proceeds as if it had been originally commenced by the real party in interest. FED. R. CIV. P. 17(a)(3). Rule 17 is a mechanism to cure issues regarding the real-party-in-interest, but application of Rule 17 cannot cure a standing or subject-matter jurisdiction defect. *See, e.g.,*

*House v. Mitra QSR KNE LLC*, 796 F. App'x 783, 789–91 (4th Cir. 2019); *Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411, 423–24 (2d Cir. 2015).

As a claimant in this bankruptcy case, Franchina had standing to file the objection to the 9019 Motion on August 14, 2020. He died two weeks later. Thus, the question before the Court is merely whether his heir can be substituted as the real party in interest in this contested matter. Fifth Circuit caselaw instructs this Court in its analysis. In *Magallon v. Livingston*, the court explained that "a plaintiff must have a reasonable basis for naming the wrong party to be entitled to . . . substitution." 453 F.3d 268, 273 (5th Cir. 2006). Likewise, in *Rideau v. Keller Independent School District*, the Fifth Circuit reasoned that "ratification does not depend on the absence of any mistake; rather, ratification is proper when the mistake is understandable." 819 F.3d 155, 168 (5th Cir. 2016). Finally, in *RLB Contracting v. Genesis Energy, L.P. (In re RLB Contracting, Inc.*), the court held that a good-faith, understandable mistake compels substitution. 854 F. App'x 614, 615 (5th Cir. 2021) (citations omitted). The Advisory Committee note to Rule 17 also provide guidance, explaining that Rule 17 "is intended to prevent forfeiture when determination of the proper party to sue is difficult or when an understandable mistake has been made." FED. R. CIV. P. 17(a) advisory committee's note. The rule was "added simply in the interests of justice." *Id.*

Given this Court's Order limiting notice of motions filed in this case to attorneys for holders of asbestos-related claims, the Court finds it understandable that Landry & Swarr did not move to substitute Franchina's heir as the real party in interest in this contested matter immediately upon Franchina's death. No dispute exists among the parties that Franchina's heir is in fact the real party in interest here; Century & PEIC will suffer no prejudice by allowing the substitution.

Thus, for the aforementioned reasons,

**IT IS ORDERED** that the Motion To Substitute is **GRANTED IN PART** and **DENIED IN PART**;

**IT IS FURTHER ORDERED** that Landry & Swarr is permitted to substitute Kevin Franchina for Frank Franchina as the real party in interest in this contested matter;

**IT IS FURTHER ORDERED** that Landry & Swarr is not permitted to substitute heirs of Mary Sanderson or Donald Bridges as proper parties in this contested matter;

**IT IS FURTHER ORDERED** that Landry & Swarr serve this Order via first-class U.S. Mail on all parties who will not receive electronic notice via this Court's CM/ECF system pursuant to the Federal Rules of Bankruptcy Procedure, this Court's Local Rules, and any Orders of this Court limiting notice in this case and file a certificate of service within three (3) days.

New Orleans, Louisiana, this 31st day of October, 2022.

_____
MEREDITH S. GRABILL
UNITED STATES BANKRUPTCY JUDGE