## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO.: 17-12870 |
| | * | |
| REILLY-BENTON COMPANY, INC., | * | SECTION "B" |
| | * | |
| Debtor | * | CHAPTER 7 |
| | * | |

**************************************

### L&S OBJECTORS' MEMORANDUM IN SUPPORT OF MOTION TO COMPEL RESPONSES TO SECOND SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSIONS TO DAVID V. ADLER, TRUSTEE, AND CENTURY INDEMNITY COMPANY

**MAY IT PLEASE THE COURT:**

Landry & Swarr, LLC Objectors[1] ("L&S Objectors") respectfully submit this Memorandum in Support of their Motion to Compel David V. Adler, Trustee ("Trustee"), and Century Indemnity Company ("Century"), the insurer of debtor Reilly-Benton Company, to provide responses to L&S Objectors' Second Set of Interrogatories, Requests for Production, and Requests for Admissions, which were propounded pursuant to Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure.

Century is Reilly-Benton's long-time insurer. L&S Objectors' discovery requests seek information and documents about work performed by Reilly-Benton, which is pertinent to the issue of whether Objectors' claims are "products" claims or "contracting," "operations," and/or "non-products" claims. Yet, instead of simply responding to L&S Objectors' discovery requests, Century lodged pages and pages of improper, boilerplate objections claiming that the requests were not relevant, were unduly burdensome, and sought privileged information. Trustee similarly

---

[1] The firm of Landry & Swarr represents claimants who have filed claims against Reilly-Benton Company, Inc., including Kevin Franchina, Tena Danos, and Josephine Alexander.

refused to respond and filed near-identical objections. Counsel for the parties have attempted to resolve this dispute without this Honorable Court's assistance but were unable to do so given the Trustee's and Century's refusal to provide responses.

L&S Objectors propounded their first set of discovery requests on August 12, 2022.[2] Century and the Trustee waited until the last possible moment before raising objections on September 12, 2022.[3] In response to Century's and the Trustee's objections, L&S Objectors made changes to the requests' definitions and propounded a second set of requests for admissions, interrogatories, and requests for production to the Trustee and Century on September 30, 2022.[4] Other than clarifications to the definitions, the first and second set of discovery requests were nearly identical. Century and the Trustee again waited until the last possible moment before serving boilerplate objections and refusals to respond on October 31, 2022.[5] Therefore, Century and the Trustee have now had more than 60 days to respond to L&S Objectors' discovery requests but have failed to do so. Counsel for all parties held a conference by telephone on Friday, November 4, 2022, at 1:30 p.m. Because Century and the Trustee have refused to provide responses to L&S Objectors' discovery requests, this motion to compel is now necessary.

## Applicable Law and Argument

Discovery is a device "to narrow and clarify the basic issues" and for "ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues." *Dollar v. Long Mfg., N.C., Inc.*, 561 F.2d 613, 616 (5th Cir. 1977) (quoting *Hickman v. Taylor*, 329 U.S.

---

[2] L&S Objectors' First Set of Interrogatories, Requests for Production, and Requests for Admissions (Exhibit A).
[3] Century's and the Trustee's Objections and Responses to the First Set of Interrogatories, Requests for Production, and Requests for Admissions (Exhibit B).
[4] L&S Objectors' Second Set of Interrogatories (Exhibit C), Requests for Production (Exhibit D), and Requests for Admissions (Exhibit E).
[5] Century's Objections and Responses to Second Set of Interrogatories (Exhibit F), Requests for Production (Exhibit G), and Requests for Admissions (Exhibit H). Trustee's Objections and Responses to Second Set of Interrogatories (Exhibit I), Requests for Production (Exhibit J), and Requests for Admissions (Exhibit K).

2

495, 501). Discovery is broad, so that parties can "obtain the fullest possible knowledge of the issues and facts." *Id.* In short, discovery prevents civil litigation from being "carried on in the dark." *Id.* If a party fails to disclose facts in discovery, it cannot rely on those facts and any related arguments in later motions or at trial. *See* Fed. R. Civ. P. 26 and 37.

L&S Objectors' discovery requests are relevant and reasonable. Century's and the Trustee's seven pages of boilerplate objections that the requests are not relevant, are unduly burdensome, and seek disclosure of privileged materials are unsubstantiated and meritless.[6] Mere recitation of generalized objection language, without a more specific showing, is insufficient—and can even result in waiver of the right to object altogether. *See Dollar*, 561 F.2d at 617.

To make a successful objection, a party must *specifically* show how each objected-to request is not relevant, is overly burdensome, or the like. *Id.*; *Roesberg v. Johns-Manville Corp.*, 85 F.R.D. 292, 296 (E.D. Pa. 1980). Century and the Trustee have not raised any valid, specific objections to Objectors' interrogatories, requests for production, and requests for admissions. Instead, they have stonewalled and refused to respond—and even claimed in part that they are not required to respond. But complying with discovery requests is an obligation, notwithstanding that it requires some time and effort. Accordingly, this Honorable Court should grant this motion and compel Century and the Trustee to fully answer each discovery request without objection.

1. **Century's and the Trustee's boilerplate objections lack merit**

    a. ***Objectors' requests are plainly relevant***

"A discovery request is relevant when the request seeks admissible evidence or 'is reasonably calculated to lead to the discovery of admissible evidence.'" *Crosby v. Louisiana Health Serv. & Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011) (quoting *Wiwa v. Royal Dutch*

---

[6] Furthermore, as explained *infra*, some of Century's and the Trustee's objections are also contrary to arguments made previously to this Court in support of Century's and the Trustee's motion to compel.

*Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004)). "Generally, the scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'" *Id.* (quoting Fed. R. Civ. P. 26(b)(1)).

Century and the Trustee seem to misapprehend the test for relevance. L&S Objectors' discovery request are proper because they are reasonably calculated to lead to discovery of admissible evidence relevant to the issue before this Honorable Court of whether L&S Objectors' claims are "products" claims or "operations," "contracting," and/or "non-products" claims. Furthermore, Century and the Trustee cannot credibly object that these requests are not relevant because they previously propounded their own discovery requests as to the identical issue and made arguments to this Court that demonstrated the relevancy of the requests.[7] The same result is warranted here. If it is relevant for Century and the Trustee to seek discovery as to the nature of Objectors' claims, it is equally relevant for Objectors to seek discovery as to the nature of the work that may have given rise to those claims.

    b. ***Objectors' requests are <u>not</u> unduly burdensome***

In addition to being plainly relevant, L&S Objectors' requests are not unduly burdensome. The requests seek information regarding Reilly-Benton's work activities and relevant documents in the possession, custody, or control of the Trustee, Century, and/or their agents and representatives, including counsel for the foregoing. "A party resisting discovery must show specifically how each interrogatory or document request is overly broad, unduly burdensome, or oppressive . . . Failing to do so, as a general matter, makes such an unsupported objection nothing more than unsustainable boilerplate." *Heller v. City of Dallas*, 303 F.R.D. 466, 490 (N.D. Tex. 2014) (citing *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1484-86 (5th

---

[7] Exhibit L. Transcript from Friday, July 15, 2022 hearing (pp. 38-50).

4

Cir. 1990)). Century and the Trustee have failed to adequately show how any request is unduly burdensome. It is difficult to believe that Century, as Reilly-Benton's insurer, lacks any information as to its insured's activities or that it would be overly burdensome for Century to provide such information and produce responsive documents pertaining to work performed by its insured, Reilly-Benton. Furthermore, one of the same law firms that represents Century in this bankruptcy matter, Sher Garner, has previously defended Century in tort cases involving its insured, Reilly-Benton.

### c. Privilege objections are wholly unsupported

Last, to the extent that Century and the Trustee asserts that the L&S Objectors' requests seek information or materials that are confidential or subject to attorney-client privilege, their objections are wholly unsubstantiated because they have made no showing in support. "A party asserting a privilege exemption from discovery bears the burden of demonstrating its applicability." *In re Santa Fe Int'l Corp.*, 272 F.3d 705, 710 (5th Cir. 2001). Often this is done by providing a privilege log or a description of the information or documents allegedly subject to the privilege. *Id.* But the Trustee and Century have not provided a privilege log, nor even a cursory explanation as to how any privilege might apply. Accordingly, any privilege objections are unsustainable.

## 2. Motion to compel should be granted because Century and the Trustee refuse to comply with L&S Objectors' discovery requests

### a. Interrogatories

Century and the Trustee failed to answer L&S Objectors' Interrogatory No. 2 by hiding behind the statement that they are "not Reilly-Benton Company." This non-response ignores the agency principles applicable to discovery and is therefore meritless.[8] Century and the Trustee also

---

[8] Exhibit L. Transcript from Friday, July 15, 2022 hearing. Century's agency argument contained therein (pg. 7).

5

lodged meritless objections to Interrogatory No. 1 and otherwise provided an incomplete response that suggests a limited effort to comply with discovery obligations.

L&S Objectors' Interrogatory No. 1 simply asked for information—for instance, name, address, job title, and years employed by the company—of each person who supplied information used in responding to interrogatories.[9] Both Century and the Trustee stated that its responses were prepared with the assistance of counsel, but otherwise provided no information.[10] Both Century and the Trustee lodged an objection that the interrogatory sought privileged information but did not even attempt to substantiate the objection. Both Century and the Trustee objected that the interrogatory was overbroad and unduly burdensome but, again, failed to adequately show how or why.

The implication—given that Century and the Trustee failed to respond to L&S Objectors' Interrogatory No. 2, see *infra*—is that Century and the Trustee did not seek information from anyone because they did not meaningfully attempt to answer the interrogatories. L&S Objectors' Interrogatory No. 2 sought information about facilities, companies, and locations where Reilly-Benton performed "contracting," "non-products," or "operations" work, including the nature of the work; any known witnesses; documents and other evidence pertaining to that work; and prior testimony or statements of anyone exposed to Reilly-Benton's operations activity.[11] After lodging the same boilerplate objections, Century and the Trustee responded to Interrogatory No. 2 by stating that each "does not have any information to provide in response to this Interrogatory because it is not Reilly Benton Company, Inc."[12] Century and the Trustee's non-response holds no water and is contrary to law.

---

[9] Exhibit C at 4.
[10] Exhibit F at 7-8; Exhibit I at 7-8
[11] Exhibit C at 4.
[12] Exhibit F at 9-10; Exhibit I at 9-10.

6

"Discovery by interrogatory requires candor in responding." *Dollar*, 561 F.2d at 616. The Trustee and Century cannot hide behind the pretext that they are "not Reilly Benton Company." A party responding to interrogatories "is required" to provide responsive, non-privileged information known to the party *and the party's agents and representatives*:

> The answering party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control. The answering party is required to give information available to him, including information available to his agents or representatives whether personally known to the answering party or not. If the answering party lacks necessary information to make a full, fair and specific answer to an interrogatory, it should so state under oath and should set forth in detail the efforts made to obtain the information.

*In re Katrina Canal Breaches Consol. Litig.*, 2007 WL 1852184, at *3 (E.D. La. June 27, 2007). The Trustee and Century have an agency/representative relationship with Reilly-Benton. This agency rule also extends to information known by counsel. *Hickman*, 329 U.S. at 504 ("A party clearly cannot refuse to answer interrogatories on the ground that the information sought is solely within the knowledge of his attorney."). Century made the same agency arguments to this Court as to the discovery requests it sent to L&S Objectors.[13] The rule applies equally here. Century and the Trustee should be compelled to give a fully responsive answer to Interrogatory No. 2.

### b. Requests for Production

Century went even further in response to L&S Objectors' Requests for Production by boldly stating it would not produce any documents, based only on its unsubstantiated, boilerplate objections. But nowhere did Century comply with the rule requiring that a party disclose if responsive documents are being withheld based on an objection. Further, as discussed below, based on documents disclosed in another lawsuit, L&S Objectors have reason to believe that responsive documents may well be in Century's possession, custody, or control.

---

[13] Exhibit L. Transcript from Friday, July 15, 2022 hearing. Century's agency argument contained therein (pg. 7).

Request No. 1 sought copies of transcripts of depositions and/or trial testimony given by Reilly-Benton and/or its employees that discuss "contracting," "non-products," or "operations" work on Reilly-Benton's behalf.[14] Century lodged its same boilerplate objections and boldly stated its total refusal to comply: "Century will not produce any documents in response to this Request."[15] To be clear, Century did not state that it did not have or was not aware of documents; it simply refused to produce any. Request No. 2 sought contracts that Reilly-Benton entered into that specify Reilly-Benton performed "contracting," "non-products," or "operations" work.[16] Again, Century refused to produce anything.[17] Again, Century did not say that it had no documents or was not aware of any. Century also refused to comply with Requests No. 3 for affidavits by Reilly-Benton and/or its employees about operations work and Requests No. 4 for documents that specify Reilly-Benton and/or its employees performed operations work.[18]

When objecting to requests for production of documents, "[a]n objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C). Additionally:

> Federal courts have consistently held that documents are deemed to be within the "possession, custody or control" of a party and subject to discovery under Fed. R. Civ. P. 34 if the party "has actual possession, custody or control, or has the legal right to obtain the documents on demand or has the practical ability to obtain the documents from a non-party to the action." *Monroe's Estate v. Bottle Rock Power Corp.*, 2004 WL 737463, *10 (E.D. La. 2004). Furthermore, in responding to discovery requests, a party is "charged with knowledge of what its agents know or what is in records available to it."

*Lewis v. Ascension Parish School Board,* 2009 WL 10681439, at *2 (M.D. La. Mar. 5, 2009).

---

[14] Exhibit D at 4.
[15] Exhibit G at 8; the Trustee, by contrast, responded that "Debtor's counsel has already provided all depositions transcripts which the Debtor has regardless of content." Exhibit J at 8.
[16] Exhibit D at4.
[17] Exhibit G at 9.
[18] Exhibit D at 4-5; Exhibit G at 9-11.

Century's non-responses do not comply with the requirement that an objection must state whether responsive documents are being withheld. Furthermore, the L&S Objectors reasonably believe that responsive documents are potentially being withheld. For example, L&S Objectors are aware of a document previously disclosed by Century, an insurance contract issued to Reilly-Benton that includes an endorsement for a job for Murphy Oil—one of the companies named in the L&S Objectors' requests for admissions.[19] Information and documents related to the work performed by Reilly-Benton for Murphy Oil would be responsive to L&S Objectors' discovery requests. Accordingly, this Court should compel Century to produce any responsive documents pertaining not just to work performed at Murphy Oil, by way of example, but for other facilities and companies as well.

The Trustee responded to the requests for production by stating that it "recently obtained a memory stick of ¾ of a terabyte of data which is presently being reviewed."[20] This response is inadequate. It is not clear from the phrase "recently obtained" how long this data has been in the Trustee's possession, nor did the Trustee indicate what the data is suspected to contain. This Court should compel the Trustee to review the data and produce any and all response documents forthwith, in accord with the ongoing obligation to supplement discovery responses. Just turning over ¾ of a terabyte of data does not comply with discovery obligations; the Trustee must indicate what specific documents are responsive to L&S Objectors' request.

### c. *Requests for Admissions*

Finally, Century and the Trustee asserted, without justification, that they were "not required" to answer L&S Objectors' Requests for Admissions. The L&S Objectors submitted requests for admissions for Century and the Trustee to admit that they had no information to

---

[19] Exhibit M. Insurance contract, see endorsement at page 12 (filed under seal).
[20] Exhibit J at 9-11.

9

dispute that Reilly-Benton performed contracting, operations, or non-products work at 20 specific locations for each year from 1967 through 1978.[21] To avoid conjunctive requests, each individual request was specific to a location and a year, but each request was otherwise identical. Century and the Trustee raised the same seven-pages worth of boilerplate general objections and then responded *in globo* to all requests that "[Century/the Trustee] is not required to answer any of the Requests."[22]

This refusal to answer is baseless. On information on and belief, Century has paid claims related to work at some of these locations. Objectors also note the inconsistency in Century's and the Trustee's position. First, in objections to Interrogatory No. 2, they claim that they have no information about Reilly-Benton's operations because they are not Reilly-Benton (an objection which, as explained *supra*, is contrary to law). Then, contradictorily, they refuse to admit or deny that they have no information about Reilly-Benton's operations. The confusion created by Century's and the Trustee's stonewalling exemplifies the need for this motion.

If a party does not adequately respond or object to a request for admission, "the court may order either that the matter is admitted or that an amended answer be served." Fed. R. Civ. P. 36(a)(6). At this time, L&S Objectors respectfully request this Court deem Requests for Admissions Nos. 121 through 132 pertaining to Murphy Oil admitted. For the remaining Requests, the L&S Objectors ask that the Court order Century and the Trustee to give responsive answers.

---

[21] Exhibit E. The locations are (1) Dow Chemical Company in Plaquemine, Louisiana; (2) The Air Products Plant in New Orleans, Louisiana; (3) Algiers Naval Station in Algiers, Louisiana; (4) American Cyanamid in Westwego, Louisiana; (5) Borden Chemical in Geismar, Louisiana; (6) Continental Can Company in New Orleans, Louisiana; (7) Freeport Sulphur Plant in Port Sulphur, Louisiana; (8) GATX Tank Terminal in Norco, Louisiana; (9) Shell Oil Refinery in Norco, Louisiana; (10) Tenneco Refinery in Chalmette, Louisiana; (11) Murphy Oil in Chalmette and/or Meraux, Louisiana; (12) Johns-Manville in Marrero, Louisiana; (13) Market Street Power Plant in New Orleans, Louisiana; (14) Michoud Power Plant (NOPSI) in Michoud, Louisiana; (15) Monsanto Chemical Plant in Luling, Louisiana; (16) National Gypsum in Westwego, Louisiana; (17) Oronite Chemical a/k/a Chevron in Belle Chasse, Louisiana; (18) Union Carbide in Taft, Louisiana; (19) Kaiser Aluminum in Baton Rouge, Louisiana; (20) Proctor & Gamble Plant in Alexandria, Louisiana.
[22] Exhibit H; Exhibit K.

## Conclusion

For these reasons, L&S Objectors respectfully request this Court to grant this Motion to Compel.

Respectfully submitted,

**LANDRY & SWARR, LLC**

**/s/ MICKEY P. LANDRY**
MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
MATTHEW CLARK, Bar No. 31102
1100 Poydras Street
Energy Centre – Suite 2000
New Orleans, LA 70163
Telephone: (504) 299-1214
Facsimile: (504) 299-1215
**COUNSEL FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of November, 2022, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all CM/ECF participants by operation of the Court's electronic filing system and to defense counsel by electronic mail.

**/s/ MICKEY P. LANDRY**
MICKEY P. LANDRY