# EXHIBIT "B"

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: | Case No. 17-12870 |
| REILLY-BENTON COMPANY, INC., | Chapter 7 |
| Debtor. | Section A |

### CENTURY INDEMNITY COMPANY'S OBJECTIONS AND RESPONSES TO LANDRY & SWARR OBJECTORS' INTERROGATORIES TO:  CENTURY INDEMNITY COMPANY, AS INSURER OF REILLY-BENTON COMPANY; LOUISIANA INSURANCE GUARANTY ASSOCIATION; AND THE TRUSTEE

Century Indemnity Company ("Century") hereby submits the following responses and objections to interrogatories the (the "Interrogatories") served by Landry & Swarr LLC Objectors ("L&S") on:  Century, as the insurer of Reilly-Benton Company; Louisiana Insurance Guaranty Association; and the Trustee.

### Preliminary Statement

1.      These responses and objections are by Century only.  These responses and objections are not by, and do not concern, any other party or entity.

2.      Century has given the most complete responses it can at this time.  Century reserves the right to amend and/or supplement these responses if and to the extent it learns of additional or different information.  In particular, and without limiting the generality of the foregoing, Century reserves the right to amend and/or supplement its responses based on information learned as discovery and its own investigation of the facts proceeds.

### General Objections

Century objects generally to each and every Interrogatory on the following grounds.  These General Objections are set forth here to avoid excessive duplication, and are

incorporated by reference into each and every one of Century's responses herein.

        1.      The Interrogatories were purportedly propounded by the "Landry &
Swarr, LLC Objectors." However, the Interrogatories do not identify any "Landry & Swarr,
LLC Objectors" on whose behalf the Interrogatories are purportedly propounded. During the
July 15, 2022 discovery hearing in this case, the Court ruled that she needs to know, for each
"objector," "their name and they have to be a living person."[1] Century objects to discovery,
such as the Interrogatories, served on behalf of unidentified persons who may, or may not, be
parties to the contested matter commenced by *Trustee's Motion for an Order (A) Approving Settlement
Agreement and Policy Release between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Century
Parties, (B) Approving Sale of Insurance Policies to the Century Parties Free and Clear of All Interests, and (C)
Entering Injunction to Enforce the Free and clear Aspect of the Sale of the Century Policies* (the "Trustee's
Motion"). As a result, Century is not obligated to respond to these Interrogatories.

        2.      Century objects to the Interrogatories because they seek information that
is not relevant to any issue properly presented in the contested matter commenced by the
Trustee's Motion.

        3.      The contested matter to which the RFAs relate is the Trustee's Motion,
which is brought under Bankruptcy Rule 9019. In connection therewith, the bankruptcy court
must determine that a proposed settlement is "'fair and equitable and in the best interest of the
estate.'" To evaluate the probability of success in litigation, a bankruptcy court should not
conduct a mini-trial but, rather, should "only apprise [it]self of the relevant facts and law so that
[it] can make an informed and intelligent decision." When a trustee seeks approval to settle a

---

[1]      Tr. of July 15, 2022 hearing at 16:24-25. *See also id.* at 19:8-17.

claim, the court need not "'establish[ ] as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable.'" Rather, it should "'canvass the issues' and determine whether the settlement falls 'below the lowest point in the range of reasonableness.'" Century objects to the Interrogatories on the grounds that they are unduly burdensome, and not proportional to the needs of the case, to the extent that the Interrogatories seek admissions that might be relevant were the parties litigating the merits of the claims that the Trustee is seeking to settle, but which are not needed for, or relevant to, the limited exploration of issues authorized in a contested matter under Rule 9019.

4. Century objects to the Interrogatories' definition of "YOU" and "YOUR" as vague and ambiguous, and as unduly burdensome, harassing, oppressive, and not proportional to the needs of the case, because it defines these terms as "Reilly Benton Company, Inc." These Interrogatories therefore appear to be directed at Reilly Benton Company, Inc., not Century. Century objects to these Interrogatories because it is not obligated under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court to respond to discovery directed to another entity.

5. Century objects to the Interrogatories' definitions of "YOU," "YOUR," "PERSON," "IDENTIFY," "CONTRACTING," "OPERATION," and "NON-PRODUCTS" as vague, ambiguous, and unduly burdensome because in the Definitions section these terms appear as all-capitalized terms, yet the Interrogatories include the words "you," "person," "identify," "contracting," "operations," and "non-products" as non-capitalized terms. It is therefore unclear whether these terms in the Interrogatories have the same meaning that is provided for the capitalized terms in the Definitions section.

6. Century objects to each Interrogatory to the extent that it seeks

information protected by the attorney-client privilege, the attorney work-product rule, the common interest doctrine, or any other judicially-recognized privilege or protection. In responding to these Interrogatories, Century does not waive or intend to waive, but rather intends to preserve and is preserving, all of its rights under the attorney-client privilege, the attorney work-product rule, the common interest doctrine, and every other judicially recognized privilege or protection with respect to all information and documents subject thereto. Confidential, privileged, or protected information that may be responsive to a particular Interrogatory is not provided in these responses and will not be provided in future responses.

7.      Century's responses to the Interrogatories are based on information available to Century after a reasonable inquiry and diligent investigation. However, Century has not searched, and will not search, each and every record in its possession, custody, or control, as such a search would be unreasonable, unduly burdensome, harassing, and oppressive under the circumstances, and not proportional to the needs of the case. To the extent that the Interrogatories purport to require Century to conduct more than a reasonable and diligent search such as described above, Century objects that they are overbroad, unduly burdensome, harassing, and oppressive.

8.      Century objects to each Interrogatory to the extent it seeks to impose burdens and obligations exceeding those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court. Century will respond to these Interrogatories according to the requirements of the aforementioned Rules, subject to all applicable objections and protections.

9.      Century objects to each Interrogatory as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent that it seeks

information not reasonably available to Century nor within its possession, custody, or control.

10.    Century objects to each Interrogatory to the extent that it seeks information concerning legal contentions and supporting facts not reasonably ascertainable or available at this stage of the proceedings, on the ground that each such Interrogatory is overbroad, unduly burdensome, harassing, oppressive, and premature.  Century reserves the right to amend or supplement its response to any such Interrogatory.

11.    Century objects to each Interrogatory seeking disclosure of the mental impressions, opinions, conclusions, or legal theories of Century, or its counsel or other representatives, or other counsel with whom Century and its counsel have a common legal interest.

12.    Century objects to each Interrogatory purporting to describe Century's contentions or positions to the extent that such Interrogatory misstates or mischaracterizes Century's contentions or positions, on the grounds that each such Interrogatory is vague, ambiguous, harassing, and oppressive.

13.    Century objects to each Interrogatory to the extent that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, seeks information neither relevant to the Trustee's Motion nor reasonably calculated to lead to the discovery of admissible evidence, seeks information equally available to the L&S Objectors from other sources, is not proportional to the needs of the case, or is improper for any reason.

14.    Century objects to each Interrogatory to the extent that it requests information that would violate any constitutional, statutory, or common law privacy interest of any current or former employee or representative of Century, any current or former policyholder of Century, or any other person or entity.

15.     Century objects to each Interrogatory to the extent that it seeks information concerning a time period other than the one appropriate to the particular Interrogatory in question on the grounds that it is overbroad, unduly burdensome, harassing, oppressive, not proportional to the needs of the case, and seeks information neither relevant to the subject matter of the Trustee's Motion nor reasonably calculated to lead to the discovery of admissible evidence.

16.     Century objects to each and every Interrogatory that specifies no time period on the grounds that each such Interrogatory is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

17.     Century objects to each Interrogatory to the extent that it seeks information concerning trade secrets or proprietary or other confidential business information.

18.     In providing these responses, Century does not waive or intend to waive, but rather intends to preserve and are preserving, each of the following: (a) all objections to competency, relevancy, materiality, authenticity, and admissibility of any information, including, but not limited to, information provided herein; (b) all rights to object on any ground to the use, in any proceedings, in this bankruptcy case or otherwise, of any information, including, but not limited to, information provided herein; and (c) all rights to object on any grounds to any further Interrogatories, or other discovery requests.

19.     These General Objections are applicable to and incorporated into each of Century's responses below, as if specifically stated therein.  The stating of specific objections to a particular Request shall not be construed as a waiver of Century's General Objections.  Unless otherwise specified, Century's objections to each of the Interrogatories apply to the entire Interrogatory, including each and every subsection and subpart thereof.

### Specific Objections and Responses to Interrogatories

Century incorporates the foregoing General Objections into each of the following responses to individual interrogatories, and into each amendment, supplement, or modification to these responses that Century may later provide. By making these separate responses, Century does not waive or intend to waive any of their General Objections, but rather intends to preserve and assert, and is preserving or asserting, each of its General Objections.

### INTERROGATORY NO. 1:

State the name, address, job title, length of time employed by you, and a year-by-year list of all other positions, titles, or jobs held when working for you of each person who has supplied any information used in answering these interrogatories.

### Response to Interrogatory No. 1:

Century incorporates by reference its General Objections as if stated here in full.

Century objects to this Interrogatory as vague, ambiguous, and unduly burdensome, not proportional to the needs of the case, and unintelligible to the extent that it purports it inquire about unidentified or unidentifiable persons "employed by you," given that "YOU" is defined as "Reilly Benton Company, Inc.," not Century. Century does not have employment information for persons employed by Reilly-Benton, and no employee of Reilly-Benton supplied any information to Century in connection with these interrogatories.

Century also objects to this Interrogatory to the extent that it seeks information that is confidential, proprietary, or sensitive as to persons who are not themselves parties to this contested matter, and to the extent that it seeks information subject to any applicable protection, privilege, or rule of confidentiality.

Century further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege, the attorney work product rule (including, without limitation, the mental impressions, opinions, conclusions, or legal theories of Century or its counsel), the joint defense or joint efforts doctrine/privilege, the common interest privilege, or any other applicable privilege

Subject to, and without waiving any of the foregoing objections, Century responds to this Interrogatory as follows: Century states that it lacks sufficient knowledge to respond to this Interrogatory because it is directed to Reilly Benton, it does not have historical employment information for persons employed by Reilly-Benton, and no employee of Reilly-Benton provided information used by Century in answering these interrogatories.

**INTERROGATORY NO. 2:**

For every facility, company and/or location where "contracting," "non-products" or "operations" were performed by Reilly-Benton Company, Inc., Identify: (a) the nature of the operational activity being performed by Reilly-Benton workers; (b) the specific location during an operational activity of Reilly-Benton workers; (c) the specific time period and duration of operational activity of Reilly-Benton workers; (d) all witnesses to the operational activity of Reilly-Benton workers; (e) all documents or other evidence of the operational activity of Reilly-Benton workers; and (f) all prior testimony or statements given by anyone while being exposed to an operational activity of Reilly-Benton workers, whether such prior testimony or statements support a "non-products" or "operations" claim or not.

**Response to Interrogatory No. 2:**

Century incorporates by reference its General Objections as if stated here in full.

Century objects to this Interrogatory as vague and ambiguous to the extent it uses the terms "contracting," "non-products," "operations," and "Identify," because it is not clear whether the non-capitalized versions of these terms used in the Interrogatory have the same meaning as the all-capitalized, defined terms. Century will respond to this Interrogatory using the definitions of "CONTRACTING," "NON-PRODUCTS," "OPERATIONS," and "IDENTIFY," as provided for in the Definitions of the Interrogatories.

Century also objects to this Interrogatory as vague, ambiguous, and unduly burdensome, and not proportional to the needs of the case, to the extent that it purports to include unidentified or unidentifiable persons or entities other than Century.

Century objects to this Interrogatory as compound because it has six subparts and relates to an indeterminate number of "facility[ies], company[ies], and/or location[s]" and thus exceeds the numerosity limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure.

Century further to this Interrogatory as overly broad and unduly burdensome because it asks for "all documents or other evidence of the operational activity of Reilly-Benton workers" and "all prior testimony or statements given by anyone while being exposed to an operational activity of Reilly-Benton Workers."

Subject to, and without waiving any of the foregoing objections, Century responds to this Interrogatory as follows: Century does not have any information to provide in response to this Interrogatory because it is not Reilly Benton Company, Inc.

**INTERROGATORY NO. 3:**

Identify each and every fact witness whom You will call or anticipate calling to testify at the hearing on the Trustee's Motion and, for each such fact witness, describe in detail

the subject matter of the Person's anticipated testimony.

### **Response to Interrogatory No. 3:**

Century incorporates by reference its General Objections as if stated here in full.

Century objects to this Interrogatory as vague, ambiguous, and unduly burdensome, not proportional to the needs of the case, and unintelligible to the extent that it purports it inquire about fact witnesses "whom You will call," given that "YOU" is defined as "Reilly Benton Company, Inc.," not Century. Century does not know what witnesses, if any, Reilly-Benton will call or anticipates calling to testify at the hearing on the Trustee's Motion.

Century objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product rule (including, without limitation, the mental impressions, opinions, conclusions, or legal theories of Century or its counsel), the joint defense or joint efforts doctrine/privilege, the common interest privilege, or any other applicable privileges or protection. In particular, Century objects to the Interrogatory on the foregoing grounds to the extent it purports to require Reilly-Benton (or Century) to "describe in detail the subject matter of" any potential witness' testimony.

Century further objects to this Interrogatory on the grounds that it is premature because discovery is ongoing.

Subject to, and without waiving any of the foregoing objections, Century responds to this Interrogatory as follows: To the extent that this Interrogatory asks Century to identify fact witnesses that Reilly-Benton will or may call at the hearing on the Trustee's Motion, Century lacks sufficient knowledge to respond to this Interrogatory. To the extent that this Interrogatory asks Century to identify fact witnesses that Century will or may call at the hearing on the Trustee's Motion, Century has made no decisions about who its witnesses, if any, will or

may be.  Century will identify any witnesses that it intends to call to testify at the hearing on the

Trustee's Motion by the deadline set by the Court for parties to submit their witness lists or such

earlier time as agreed by Century and any other party involved in this contested matter.

**INTERROGATORY NO. 4:**

Identify each and every expert witness whom You will call or anticipate calling to

testify at the hearing on the Trustee's Motion and, for each such expert witness, describe in

detail the subject matter of the Person's anticipated testimony.

**Response to Interrogatory No. 4:**

Century incorporates by reference its General Objections as if stated here in full.

Century objects to this Interrogatory as vague, ambiguous, and unduly

burdensome, not proportional to the needs of the case, and unintelligible to the extent that it

purports it inquire about expert witnesses "whom You will call," given that "YOU" is defined as

"Reilly Benton Company, Inc.," not Century.  Century does not know what witnesses, if any,

Reilly-Benton will call or anticipates calling to testify at the hearing on the Trustee's Motion.

Century objects to this Interrogatory to the extent that it seeks information

protected by the attorney-client privilege, the attorney work product rule (including, without

limitation, the mental impressions, opinions, conclusions, or legal theories of Century or its

counsel), the joint defense or joint efforts doctrine/privilege, the common interest privilege, or

any other applicable privileges or protection.  In particular, Century objects to the Interrogatory

on the foregoing grounds to the extent it purports to require Reilly-Benton (or Century) to

"describe in detail the subject matter of" any potential witness' testimony.

Century further objects to this Interrogatory on the grounds that it is premature

because discovery is ongoing.

Subject to, and without waiving any of the foregoing objections, Century responds to this Interrogatory as follows:  To the extent that this Interrogatory asks Century to identify expert witnesses that Reilly-Benton will or may call at the hearing on the Trustee's Motion, Century lacks sufficient knowledge to respond to this Interrogatory.  To the extent that this Interrogatory asks Century to identify expert witnesses that Century will or may call at the hearing on the Trustee's Motion, Century has made no decisions about who its witnesses, if any, will or may be.  Century will identify any witnesses that it intends to call to testify at the hearing on the Trustee's Motion by the deadline set by the Court for parties to submit their witness lists or such earlier time as agreed by Century and any other party involved in this contested matter.

DATED:  September 9, 2022

/s/ James M. Garner
James M. Garner
Martha Curtis
SHER GARNER CAHILL RICHTER KLEIN &
    HILBERT, LLC
909 Poydras Street, Suite 2800
New Orleans, Louisiana  70112
E-mail:  jgarner@shergarner.com;
mcurtis@shergarner.com

Mark D. Plevin  (admitted pro hac vice)
Kevin D. Cacabelos
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California  94111
Phone:  (415) 986-2800
E-mail:  mplevin@crowell.com,
kcacabelos@crowell.com

Tacie H. Yoon  (admitted pro hac vice)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C.  20004
Phone:  (202) 624-2500
Email:  tyoon@crowell.com

Attorneys for Century Indemnity Company

## VERIFICATION

I, Joseph A. Arnold, am Vice President, Direct Claims, at Brandywine Group of Insurance and Reinsurance Companies, and I am authorized to provide this verification on behalf of Century Indemnity Company. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information and belief.

I verify under penalty of perjury that the foregoing is true and correct. Executed on September 9, 2022 at Philadelphia, Pennsylvania.

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | Case No. 17-12870 |
| REILLY-BENTON COMPANY, INC. | Chapter 7 |
| Debtors. | Section A |

## CENTURY INDEMNITY COMPANY'S OBJECTIONS AND RESPONSES TO LANDRY & SWARR, LLC OBJECTORS' REQUESTS FOR PRODUCTION TO: CENTURY, AS THE INSURER OF REILLY-BENTON COMPANY; LOUISIANA INSURANCE GUARANTY ASSOCIATION; AND THE TRUSTEE

Century Indemnity Company ("Century") hereby submits the following responses and objections to the requests for production of documents (the "Requests") served by the Landry & Swarr, LLC Objectors ("L&S") on: Century, as the insurer of Reilly-Benton Company; Louisiana Insurance Guaranty Association; and the Trustee.

### Preliminary Statement

1.      These responses and objections are by Century only.  These responses and objections are not by, and do not concern, any other party or entity.

2.      Century has given the most complete responses it can at this time.  Century reserves the right to amend and/or supplement these responses if and to the extent it learns of additional or different information.  In particular, and without limiting the generality of the foregoing, Century reserves the right to amend and/or supplement its responses based on information learned as discovery and its own investigation of the facts proceeds.

### General Objections

Century objects generally to each and every Request on the following grounds. These General Objections are set forth here to avoid excessive duplication, and are incorporated

by reference into each and every one of Century's responses herein.

1.    The Requests were purportedly propounded by the "Landry & Swarr, LLC Objectors."  However, the Requests do not identify any "Landry & Swarr, LLC Objectors" on whose behalf the Requests are purportedly propounded.  During the July 15, 2022 discovery hearing in this case, the Court ruled that it needs to know, for each "objector," "their name and they have to be a living person."[1]  Century objects to discovery, such as the Requests, served on behalf of unidentified persons who may, or may not, be parties to the contested matter commenced by *Trustee's Motion for an Order (A) Approving Settlement Agreement and Policy Release between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Century Parties, (B) Approving Sale of Insurance Policies to the Century Parties Free and Clear of All Interests, and (C) Entering Injunction to Enforce the Free and clear Aspect of the Sale of the Century Policies* (the "Trustee's Motion").  As a result, Century is not obligated to respond to these Requests.

2.    Century objects to the Requests because they seek information that is not relevant to any issue properly presented in the contested matter commenced by the Trustee's Motion.  Whether Reilly-Benton conducted particular operations at particular locations during particular years is not relevant because there is no way to tell if these Requests relate to the work history of any person or is, or who claims to be, a "Landry & Swarr, LLC Objector."  As a result, each and every one of the Requests is improper and objectionable.

1.    The contested matter to which the Requests relate is the Trustee's Motion, which is brought under Bankruptcy Rule 9019.  In connection therewith, the bankruptcy court must determine that a proposed settlement is "'fair and equitable and in the

---

[1]    Tr. of July 15, 2022 hearing at 16:24-25.  *See also id.* at 19:8-17.

best interest of the estate.'" To evaluate the probability of success in litigation, a bankruptcy court should not conduct a mini-trial but, rather, should "only apprise [it]self of the relevant facts and law so that [it] can make an informed and intelligent decision." When a trustee seeks approval to settle a claim, the court need not "'establish[ ] as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable.'" Rather, it should "'canvass the issues' and determine whether the settlement falls 'below the lowest point in the range of reasonableness.'" Century objects to the Requests on the grounds that they are unduly burdensome, and not proportional to the needs of the case, to the extent that the Requests seek admissions that might be relevant were the parties litigating the merits of the claims that the Trustee is seeking to settle, but which are not needed for, or relevant to, the limited exploration of issues authorized in a contested matter under Rule 9019.

2.      Century objects to the Requests' definition of "YOU" and "YOUR" as vague and ambiguous, and as unduly burdensome, harassing, oppressive, and not proportional to the needs of the case, because it defines these terms as "Reilly Benton Company, Inc." These Requests therefore appear to be directed at Reilly Benton Company, Inc., not Century. Century objects to these Requests because it is not obligated under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court to respond to discovery directed to another entity.

3.      Century objects to the Requests' definitions of "YOU," "YOUR," CONTRACTING," "OPERATION," and "NON-PRODUCTS" as vague, ambiguous, and unduly burdensome because in the Definitions section these terms appear as all-capitalized terms, yet the Requests include the words "you", "contracting", "operations", and "non-products" as non-capitalized terms. It is therefore unclear whether these terms in the Requests

have the same meaning that is provided for the capitalized terms in the Definitions section.

4.      Century objects to Definition 6, "DOCUMENT" as vague, ambiguous, because in the Definitions section this term appear in all caps, yet in the Requests, "document" is used. Century further objects to Definition 6, "DOCUMENT" to the extent it is consistent with the definition of "documents or electronically stored information" as described in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. Century will respond to these Requests using the definition of "documents" as provided by the Federal Rules of Civil Procedure.

5.      Century objects to each Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product rule, the common interest doctrine, or any other judicially-recognized privilege or protection.  In responding to these Requests, Century does not waive or intend to waive, but rather intends to preserve and is preserving, all of its rights under the attorney-client privilege, the attorney work-product rule, the common interest doctrine, and every other judicially recognized privilege or protection with respect to all information and documents subject thereto.  Confidential, privileged, or protected information that may be responsive to a particular Request is not provided in these responses and will not be provided in future responses.

6.      Century's responses to the Requests are based on information available to Century after a reasonable inquiry and diligent investigation.  However, Century has not searched, and will not search, each and every record in its possession, custody, or control, as such a search would be unreasonable, unduly burdensome, harassing, and oppressive under the circumstances, and not proportional to the needs of the case.  To the extent that the Requests purport to require Century to conduct more than a reasonable and diligent search such as described above, Century objects that they are overbroad, unduly burdensome, harassing, and

oppressive.

7.       Century objects to each Request to the extent it seeks to impose burdens and obligations exceeding those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court. Century will respond to these Requests according to the requirements of the aforementioned Rules, subject to all applicable objections and protections.

8.       Century objects to each Request as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent that it seeks information not reasonably available to Century nor within its possession, custody, or control.

9.       Century objects to each Request to the extent that it seeks information concerning legal contentions and supporting facts not reasonably ascertainable or available at this stage of the proceedings, on the ground that each such Request is overbroad, unduly burdensome, harassing, oppressive, and premature. Century reserves the right to amend or supplement its response to any such Request.

10.      Century objects to each Request seeking disclosure of the mental impressions, opinions, conclusions, or legal theories of Century, or its counsel or other representatives, or other counsel with whom Century and its counsel have a common legal interest.

11.      Century objects to each Request purporting to describe Century's contentions or positions to the extent that such Request misstates or mischaracterizes Century's contentions or positions, on the grounds that each such Request is vague, ambiguous, harassing, and oppressive.

12.      Century objects to each Request to the extent that it is vague, ambiguous,

overbroad, unduly burdensome, harassing, oppressive, seeks information neither relevant to the

Trustee's Motion nor reasonably calculated to lead to the discovery of admissible evidence, seeks

information equally available to the L&S Objectors from other sources, is not proportional to

the needs of the case, or is improper for any reason.

13.     Century objects to each Request to the extent that it requests information

that would violate any constitutional, statutory, or common law privacy interest of any current

or former employee or representative of Century, any current or former policyholder of

Century, or any other person or entity.

14.     Century objects to each Request to the extent that it seeks information

concerning a time period other than the one appropriate to the particular Request in question on

the grounds that it is overbroad, unduly burdensome, harassing, oppressive, not proportional to

the needs of the case, and seeks information neither relevant to the subject matter of the

Trustee's Motion nor reasonably calculated to lead to the discovery of admissible evidence.

15.     Century objects to each and every Request that specifies no time period

on the grounds that each such Request is vague, ambiguous, overbroad, unduly burdensome,

and not proportional to the needs of the case.

16.     Century objects to each Request to the extent that it seeks information

concerning trade secrets or proprietary or other confidential business information.

17.     In providing these responses, Century does not waive or intend to waive,

but rather intends to preserve and are preserving, each of the following: (a) all objections to

competency, relevancy, materiality, authenticity, and admissibility of any information, including,

but not limited to, information provided herein; (b) all rights to object on any ground to the use,

in any proceedings, in this bankruptcy case or otherwise, of any information, including, but not

limited to, information provided herein; and (c) all rights to object on any grounds to any further Requests, or other discovery requests.

18.    These General Objections are applicable to and incorporated into each of Century's responses below, as if specifically stated therein.  The stating of specific objections to a particular Request shall not be construed as a waiver of Century's General Objections.  Unless otherwise specified, Century's objections to each of the Requests apply to the entire Request, including each and every subsection and subpart thereof.

### Specific Objections and Responses to Requests

Century incorporate the foregoing General Objections into each of the following responses to individual Requests, and into each amendment, supplement, or modification to these responses that Century may later provide.  By making these separate responses, Century does not waive or intend to waive any of its General Objections, but rather intend to preserve and assert, and are preserving and asserting, each of their General Objections.

## REQUEST NO. 1:

Produce a full copy of any transcripts of deposition and/or trial testimony given by YOU and/or by any EMPLOYEE that discuss "contracting," "non-products" and/or "operations" on YOUR behalf. [This request shall exclude what has already been provided by Landry & Swarr Objections in response to discovery requests previously propounded].

### Response to Request No. 1:

Century incorporates by reference its General Objections as if stated here in full. Century also makes the following specific objections:

Century objects to this Request to the extent that it is vague and ambiguous as to the meaning of the terms "contracting," "non-products," and/or "operations" because these same

terms appear in all capital letters in the Definitions section. Therefore, it is unclear whether these terms in this Request have the same meaning that is provided for the terms in the Definitions section.

Century objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks Century to produce documents that are not reasonably available to Century or within its possession, custody, or control.

Century objects to this Request as vague, ambiguous, and unduly burdensome, not proportional to the needs of the case, and unintelligible to the extent that it purports it require production of testimony "given by YOU," since "YOU" is defined as "Reilly Benton Company, Inc.," not Century. Century is not obligated under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court to respond to discovery directed to another entity.

Century also objects to this request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Century further objects to this Request to the extent that it seeks information that is not relevant to the determination of the Trustee's Motion, is overbroad, unduly burdensome, and not proportional to the needs of the case, because it requests documents that are irrelevant to the Trustee's Motion and this bankruptcy case because they involve testimony by or about persons who are not objectors in this contested matter.

Century will not produce any documents in response to this Request.

**REQUEST NO. 2:**

Produce a copy of any and all contracts that YOU entered into that specify that YOU and/or any EMPLOYEE performed "contracting," "non-products" and/or "operations" on YOUR behalf.

**Response to Request No. 2:**

Century incorporates by reference its General Objections as if stated here in full. Century also makes the following specific objections:

Century objects to this Request to the extent that it is vague and ambiguous as to the meaning of the terms "contracting," "non-products," and/or "operations" because these same terms appear in all capital letters in the Definitions section. It is therefore unclear whether these terms in the Request have the same meaning that is provided for the terms in the Definitions section.

Century objects to this Request as vague, ambiguous, and unduly burdensome, not proportional to the needs of the case, and unintelligible to the extent that it purports it require production of copies of contracts "that YOU entered," since "YOU" is defined as "Reilly Benton Company, Inc.," not Century. Century is not obligated under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court to respond to discovery directed to another entity.

Century further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks Century to produce documents that are not reasonably available to Century or within its possession, custody, or control.

Century also objects to this Request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks

documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Century further objects to this Request to the extent that it seeks information that is not relevant to the determination of the Trustee's Motion, is overbroad, unduly burdensome, and not proportional to the needs of the case, because it requests documents that are irrelevant to the Trustee's Motion and this bankruptcy case because they involve testimony by or about persons who are not objectors in this contested matter.

Century will not produce any documents in response to this Request.

## REQUEST NO. 3:

Produce a copy of any and all affidavits by YOU and/or any EMPLOYEE that YOU and/or any EMPLOYEE performed "contracting," "non-products" and/or "operations" on YOUR behalf.

### Response to Request No. 3:

Century incorporates by reference its General Objections as if stated here in full. Century also makes the following specific objections:

Century objects to this Request to the extent that it is vague and ambiguous as to the meaning of the terms "contracting," "non-products," and/or "operations" because these same terms appear in all capital letters in the Definition section. Therefore, it is unclear whether these terms in the Request have the same meaning that is provided for the terms in the Definitions section.

Century further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks Century to produce documents that are not reasonably available to Century or within its possession, custody, or control.

Century objects to this Request as vague, ambiguous, and unduly burdensome, not proportional to the needs of the case, and unintelligible to the extent that it purports it require production of affidavits "by YOU and/or any EMPLOYEE that YOU and/or any EMPLOYEE performed 'contracting,' 'non-products' and/or 'operations' on YOUR behalf," since "YOU" is defined as "Reilly Benton Company, Inc.," not Century, and "EMPLOYEE" is defined as anyone acting on behalf of Reilly-Benton, not Century. Century is not obligated under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court to respond to discovery directed to another entity.

Century also objects to this Request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Century further objects to this Request because it seeks information that is not relevant to the determination of the Trustee's Motion, is overbroad, unduly burdensome, and not proportional to the needs of the case, because it requests documents that are irrelevant to the Trustee's Motion and this bankruptcy case

Century will not produce any documents in response to this Request.

**REQUEST NO. 4:**

Produce a copy of any and all documents in your possession that specify YOU and/or any EMPLOYEE performed "contracting," "non-products" and/or "operations" on YOUR behalf.

**Response to Request No. 4:**

Century incorporates by reference its General Objections as if stated here in full.

Century also makes the following specific objections:

Century objects to this Request to the extent that it is vague and ambiguous as to the meaning of the terms "contracting," "non-products," and/or "operations" because these same terms appear in all capital letters in the Definition section. Therefore, it is unclear whether these terms in the Request have the same meaning that is provided for the terms in the Definitions section.

Century further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks Century to produce documents that are not reasonably available to Century or within its possession, custody, or control.

Century objects to this Request as vague, ambiguous, and unduly burdensome, not proportional to the needs of the case, and unintelligible to the extent that it purports it require production of "any and all documents in your possession that specify YOU and/or any EMPLOYEE performed 'contracting,' 'non-products' and/or 'operations' on YOUR behalf," since "YOU" is defined as "Reilly Benton Company, Inc.," not Century, and "EMPLOYEE" is defined as anyone acting on behalf of Reilly-Benton, not Century. Century is not obligated under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court to respond to discovery directed to another entity.

Century also objects to this Request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Century further objects to this Request because it seeks information that is not relevant to the determination of the Trustee's Motion, is overbroad, unduly burdensome, and not

proportional to the needs of the case, because it requests documents that are irrelevant to the Trustee's Motion and this bankruptcy case

Century will not produce any documents in response to this Request.

**REQUEST NO. 5:**

Produce a copy of any and all documents in connection with any affirmative responses in the corresponding Request for Admission propounded concurrently with these Requests for Production.

**Response to Request No. 5:**

Century incorporates by reference its General Objections as if stated here in full. Century also makes the following specific objections:

Century objects to this Request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Century further objects to this Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it requests documents that are irrelevant to the Trustee's Motion and this bankruptcy case.

Century did not make any "affirmative responses" to any of the Requests For Admissions propounded by the Landry & Swarr, LLC Objectors on Century, and therefore is not obligated to respond to this Request.

DATED: September 12, 2022

*/s/ James M. Garner*
James M. Garner
Martha Curtis
Sher Garner Cahill Richter Klein &
    Hilbert, LLC

- 13 -

909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
E-mail: jgarner@shergarner.com;
mcurtis@shergarner.com

Mark D. Plevin (admitted pro hac vice)
Kevin D. Cacabelos
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
E-mail: mplevin@crowell.com,
kcacabelos@crowell.com

Tacie H. Yoon (admitted pro hac vice)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Email: tyoon@crowell.com

Attorneys for Century Indemnity Company

68911458

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: | Case No. 17-12870 |
| REILLY-BENTON COMPANY, INC., | Chapter 7 |
| Debtor. | Section A |

## CENTURY INDEMNITY COMPANY'S OBJECTIONS AND RESPONSES TO LANDRY & SWARR, LLC OBJECTORS' REQUESTS FOR ADMISSION TO: CENTURY INDEMNITY COMPANY, AS THE INSURER OF REILLY-BENTON COMPANY; LOUISIANA INSURANCE GUARANTY ASSOCIATION; AND THE TRUSTEE

Century Indemnity Company ("Century") hereby submits the following responses and objections to the requests for admission (the "RFAs") served by the Landry & Swarr, LLC Objectors ("L&S") on: Century, as the insurer of Reilly-Benton Company; Louisiana Insurance Guaranty Association; and the Trustee.

**Preliminary Statement**

1.      These responses and objections are by Century only. These responses and objections are not by, and do not concern, any other party or entity.

2.      Century has given the most complete responses it can at this time. Century reserves the right to amend and/or supplement these responses if and to the extent it learns of additional or different information. In particular, and without limiting the generality of the foregoing, Century reserves the right to amend and/or supplement its responses based on information learned as discovery and its own investigation of the facts proceeds.

**General Objections**

Century objects generally to each and every RFA on the following grounds. These General Objections are set forth here to avoid excessive duplication, and are incorporated

by reference into each and every one of Century's responses herein.

1.      The RFAs were purportedly propounded by the "Landry & Swarr, LLC Objectors." However, the RFAs do not identify any "Landry & Swarr, LLC Objectors" on whose behalf the RFAs are purportedly propounded. During the July 15, 2022 discovery hearing in this case, the Court ruled that she needs to know, for each "objector," "their name and they have to be a living person."[1] Century objects to discovery, such as the RFAs, served on behalf of unidentified persons who may, or may not, be parties to the contested matter commenced by *Trustee's Motion for an Order (A) Approving Settlement Agreement and Policy Release between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Century Parties, (B) Approving Sale of Insurance Policies to the Century Parties Free and Clear of All Interests, and (C) Entering Injunction to Enforce the Free and clear Aspect of the Sale of the Century Policies* (the "Trustee's Motion"). As a result, Century is not obligated to respond to these RFAs.

2.      Century objects to the RFAs because they seek information that is not relevant to any issue properly presented in the contested matter commenced by the Trustee's Motion. Whether Reilly-Benton conducted particular operations at particular locations during particular years is not relevant because there is no way to tell if these RFAs relate to the work history of any person or is, or who claims to be, a "Landry & Swarr, LLC Objector." As a result, each and every one of the RFAs is improper and objectionable.

3.      The contested matter to which the RFAs relate is the Trustee's Motion, which is brought under Bankruptcy Rule 9019. In connection therewith, the bankruptcy court must determine that a proposed settlement is "'fair and equitable and in the best interest of the estate.'" To evaluate the probability of success in litigation, a bankruptcy court should not

---

[1]      Tr. of July 15, 2022 hearing at 16:24-25. *See also id.* at 19:8-17.

conduct a mini-trial but, rather, should "only apprise [it]self of the relevant facts and law so that [it] can make an informed and intelligent decision." When a trustee seeks approval to settle a claim, the court need not "'establish[ ] as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable.'" Rather, it should "'canvass the issues' and determine whether the settlement falls 'below the lowest point in the range of reasonableness.'" Century objects to the RFAs on the grounds that they are unduly burdensome, and not proportional to the needs of the case, to the extent that the RFAs seek admissions that might be relevant were the parties litigating the merits of the claims that the Trustee is seeking to settle, but which are not needed for, or relevant to, the limited exploration of issues authorized in a contested matter under Rule 9019.

4.      Century objects to the RFAs' definition of "YOU" and "YOUR" as vague and ambiguous, and as unduly burdensome, harassing, oppressive, and not proportional to the needs of the case, because it defines these terms as "Reilly Benton Company, Inc." These RFAs therefore appear to be directed at Reilly Benton Company, Inc., not Century. Century objects to these RFAs because it is not obligated under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court to respond to discovery directed to another entity.

5.      Century objects to the RFAs' definitions of "YOU," "YOUR," "CONTRACTING," "OPERATION," and "NON-PRODUCTS" as vague, ambiguous, and unduly burdensome because in the Definitions section these terms appear as all-capitalized terms, yet each RFA includes the words "you", "contracting", "operations", and "non-products" as non-capitalized terms. It is therefore unclear whether these terms in the RFAs have the same meaning that is provided for the capitalized terms in the Definitions section.

6.      Century objects to each RFA to the extent that it seeks information

protected by the attorney-client privilege, the attorney work-product rule, the common interest

doctrine, or any other judicially-recognized privilege or protection. In responding to these

RFAs, Century does not waive or intend to waive, but rather intends to preserve and is

preserving, all of its rights under the attorney-client privilege, the attorney work-product rule,

the common interest doctrine, and every other judicially recognized privilege or protection with

respect to all information and documents subject thereto. Confidential, privileged, or protected

information that may be responsive to a particular RFA is not provided in these responses and

will not be provided in future responses.

7.      Century's responses to the RFAs are based on information available to

Century after a reasonable inquiry and diligent investigation. However, Century has not

searched, and will not search, each and every record in its possession, custody, or control, as

such a search would be unreasonable, unduly burdensome, harassing, and oppressive under the

circumstances, and not proportional to the needs of the case. To the extent that the RFAs

purport to require Century to conduct more than a reasonable and diligent search such as

described above, Century objects that they are overbroad, unduly burdensome, harassing, and

oppressive.

8.      Century objects to each RFA to the extent it seeks to impose burdens and

obligations exceeding those imposed by the Federal Rules of Civil Procedure, the Federal Rules

of Bankruptcy Procedure, or the Local Rules of this Court. Century will respond to these RFAs

according to the requirements of the aforementioned Rules, subject to all applicable objections

and protections.

9.      Century objects to each RFA as overbroad, unduly burdensome,

harassing, oppressive, and not proportional to the needs of the case to the extent that it seeks

information not reasonably available to Century nor within its possession, custody, or control.

10. Century objects to each RFA to the extent that it seeks information concerning legal contentions and supporting facts not reasonably ascertainable or available at this stage of the proceedings, on the ground that each such RFA is overbroad, unduly burdensome, harassing, oppressive, and premature. Century reserves the right to amend or supplement its response to any such RFA.

11. Century objects to each RFA seeking disclosure of the mental impressions, opinions, conclusions, or legal theories of Century, or its counsel or other representatives, or other counsel with whom Century and its counsel have a common legal interest.

12. Century objects to each RFA purporting to describe Century's contentions or positions to the extent that such RFA misstates or mischaracterizes Century's contentions or positions, on the grounds that each such RFA is vague, ambiguous, harassing, and oppressive.

13. Century objects to each RFA to the extent that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, seeks information neither relevant to the Trustee's Motion nor reasonably calculated to lead to the discovery of admissible evidence, seeks information equally available to the L&S Objectors from other sources, is not proportional to the needs of the case, or is improper for any reason.

14. Century objects to each RFA to the extent that it requests information that would violate any constitutional, statutory, or common law privacy interest of any current or former employee or representative of Century, any current or former policyholder of Century, or any other person or entity.

15. Century objects to each RFA to the extent that it seeks information concerning a time period other than the one appropriate to the particular RFA in question on

the grounds that it is overbroad, unduly burdensome, harassing, oppressive, not proportional to the needs of the case, and seeks information neither relevant to the subject matter of the Trustee's Motion nor reasonably calculated to lead to the discovery of admissible evidence.

16. Century objects to each and every RFA that specifies no time period on the grounds that each such RFA is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

17. Century objects to each RFA to the extent that it seeks information concerning trade secrets or proprietary or other confidential business information.

18. In providing these responses, Century does not waive or intend to waive, but rather intends to preserve and are preserving, each of the following: (a) all objections to competency, relevancy, materiality, authenticity, and admissibility of any information, including, but not limited to, information provided herein; (b) all rights to object on any ground to the use, in any proceedings, in this bankruptcy case or otherwise, of any information, including, but not limited to, information provided herein; and (c) all rights to object on any grounds to any further RFAs, or other discovery requests.

19. These General Objections are applicable to and incorporated into each of Century's responses below, as if specifically stated therein. The stating of specific objections to a particular RFA shall not be construed as a waiver of Century's General Objections. Unless otherwise specified, Century's objections to each of the RFAs apply to the entire RFA, including each and every subsection and subpart thereof.

## Specific Objections and Responses to RFAs

Century incorporates the foregoing General Objections into each of the following responses to individual RFAs, and into each amendment, supplement, or modification to these responses that Century may later provide. By making these separate responses, Century

does not waive or intend to waive any of their General Objections, but rather intends to preserve and assert, and is preserving and asserting, each of its General Objections.

**REQUEST NOS. 1 TO 242**[2]

Admit that you performed contracting, operations and/or non-products work at [location] in [city, state] during the year [year].

**Response to Request Nos. 1 to 242:**

Century incorporates by reference its General Objections as if stated here in full.

Subject to, and without waiving any of the foregoing objections, Century states it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny these RFAs.

DATED:  September 12, 2022

/s/ James M. Garner
James M. Garner
Martha Curtis
Sher Garner Cahill Richter Klein &
    Hilbert, LLC
909 Poydras Street, Suite 2800
New Orleans, Louisiana  70112
E-mail:  jgarner@shergarner.com;
mcurtis@shergarner.com

Mark D. Plevin  (admitted pro hac vice)
Kevin D. Cacabelos
Crowell & Moring llp
Three Embarcadero Center, 26th Floor
San Francisco, California  94111
Phone:  (415) 986-2800
E-mail:  mplevin@crowell.com,
kcacabelos@crowell.com

Tacie H. Yoon  (admitted pro hac vice)
Crowell & Moring llp
1001 Pennsylvania Ave., N.W.

---

[2]      The RFAs served on Century contain RFAs numbered 1-238. After RFA No. 238, the numbering restarted at RFA No. 183 and continued to No. 186. Century's response renumbers the second set of Nos. 183-186 as Nos. 239-242.

Washington, D.C.  20004
Phone:  (202) 624-2500
Email:  tyoon@crowell.com

Attorneys for Century Indemnity Company

68910167

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>REILLY-BENTON COMPANY, INC.,<br><br>Debtors. | Case No. 17-12870<br><br>Chapter 7<br><br>Judge Grabill |

## TRUSTEE RESPONSES TO LANDRY & SWARR, LLC OBJECTORS' INTERROGATORIES TO CENTURY INDEMNITY COMPANY, AS THE INSURER OF REILLY-BENTON COMPANY, LOUISIANA INSURANCE GUARANTY ASSOCIATION AND THE TRUSTEE

**NOW COMES**, David V. Adler, the Chapter 7 Trustee (the "Trustee"), through his attorneys of record, Albert J. Derbes, IV and David J. Messina, who submits his responses to Landry & Swarr, LLC Objectors' Interrogatories.

### Preliminary Statement

1.     These responses and objections are by Trustee only.  These responses and objections are not by, and do not concern, any other party or entity.

2.     Trustee has given the most complete responses he can at this time.  Trustee reserves the right to amend and/or supplement these responses if and to the extent he learns of additional or different information.  In particular, and without limiting the generality of the foregoing, Trustee reserves the right to amend and/or supplement his responses based on information learned as discovery and his own investigation of the facts proceeds.

### General Objections

Trustee objects generally to each and every Interrogatory on the following grounds.  These

- 1 -

General Objections are set forth here to avoid excessive duplication, and are incorporated by reference into each and every one of Trustee's responses herein.

1.      The Interrogatories were purportedly propounded by the "Landry & Swarr, LLC Objectors."  However, the Interrogatories do not identify any "Landry & Swarr, LLC Objectors" on whose behalf the Interrogatories are purportedly propounded.  During the July 15, 2022 discovery hearing in this case, the Court ruled that she needs to know, for each "objector," "their name and they have to be a living person."[1]  Trustee objects to discovery, such as the Interrogatories, served on behalf of unidentified persons who may, or may not, be parties to the contested matter commenced by (1) *Trustee's Motion for an Order (A) Approving Settlement Agreement and Policy Release between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Trustee Parties, (B) Approving Sale of Insurance Policies to the Trustee Parties Free and Clear of All Interests, and (C) Entering Injunction to Enforce the Free and clear Aspect of the Sale of the Trustee Policies* and (2) the *Trustee's Motion For An Order Approving Settlement Agreement Between The Chapter 7 Trustee For Reilly-Benton Company, Inc. And The Louisiana Insurance Guaranty Association*  (collectively, the "Trustee's Motions").  As a result, Trustee is not obligated to respond to these Interrogatories.

2.      Trustee objects to the Interrogatories because they seek information that is not relevant to any issue properly presented in the contested matter commenced by the Trustee's Motions.

3.      The contested matter to which the RFAs relate is the Trustee's Motions, which is brought under Bankruptcy Rule 9019.  In connection therewith, the bankruptcy court must determine that a proposed settlement is "'fair and equitable and in the best interest of the estate.'"

---

[1]      Tr. of July 15, 2022 hearing at 16:24-25.  *See also id.* at 19:8-17.

To evaluate the probability of success in litigation, a bankruptcy court should not conduct a mini-trial but, rather, should "only apprise [it]self of the relevant facts and law so that [it] can make an informed and intelligent decision." When a trustee seeks approval to settle a claim, the court need not "'establish[ ] as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable.'" Rather, it should "'canvass the issues' and determine whether the settlement falls 'below the lowest point in the range of reasonableness.'" Trustee objects to the Interrogatories on the grounds that they are unduly burdensome, and not proportional to the needs of the case, to the extent that the Interrogatories seek admissions that might be relevant were the parties litigating the merits of the claims that the Trustee is seeking to settle, but which are not needed for, or relevant to, the limited exploration of issues authorized in a contested matter under Rule 9019.

4.      Trustee objects to the Interrogatories' definition of "YOU" and "YOUR" as vague and ambiguous, and as unduly burdensome, harassing, oppressive, and not proportional to the needs of the case, because it defines these terms as "Reilly Benton Company, Inc." These Interrogatories therefore appear to be directed at Reilly Benton Company, Inc., the Debtor, not Trustee. Trustee objects to these Interrogatories because he is not obligated under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court to respond to discovery directed to another entity.

5.      Trustee objects to the Interrogatories' definitions of "YOU," "YOUR," "PERSON," "IDENTIFY," "CONTRACTING," "OPERATION," and "NON-PRODUCTS" as vague, ambiguous, and unduly burdensome because in the Definitions section these terms appear as all-capitalized terms, yet the Interrogatories include the words "you," "person," "identify," "contracting," "operations," and "non-products" as non-capitalized terms. It is therefore unclear whether these terms in the Interrogatories have the same meaning that is provided for the capitalized terms in the Definitions section.

6.      Trustee objects to each Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product rule, the common interest doctrine, or any other judicially-recognized privilege or protection.  In responding to these Interrogatories, Trustee does not waive or intend to waive, but rather intends to preserve and is preserving, all of his rights under the attorney-client privilege, the attorney work-product rule, the common interest doctrine, and every other judicially recognized privilege or protection with respect to all information and documents subject thereto.  Confidential, privileged, or protected information that may be responsive to a particular Interrogatory is not provided in these responses and will not be provided in future responses.

7.      Trustee's responses to the Interrogatories are based on information available to Trustee after a reasonable inquiry and diligent investigation.  However, Trustee has not searched, and will not search, each and every record in his possession, custody, or control, as such a search would be unreasonable, unduly burdensome, harassing, and oppressive under the circumstances, and not proportional to the needs of the case.  To the extent that the Interrogatories purport to require Trustee to conduct more than a reasonable and diligent search such as described above, Trustee objects that they are overbroad, unduly burdensome, harassing, and oppressive.

8.      Trustee objects to each Interrogatory to the extent it seeks to impose burdens and obligations exceeding those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court.  Trustee will respond to these Interrogatories according to the requirements of the aforementioned Rules, subject to all applicable objections and protections.

9.      Trustee objects to each Interrogatory as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent that it seeks information not reasonably available to Trustee nor within his possession, custody, or control.

- 4 -

10.     Trustee objects to each Interrogatory to the extent that it seeks information concerning legal contentions and supporting facts not reasonably ascertainable or available at this stage of the proceedings, on the ground that each such Interrogatory is overbroad, unduly burdensome, harassing, oppressive, and premature.   Trustee reserves the right to amend or supplement his response to any such Interrogatory.

11.     Trustee objects to each Interrogatory seeking disclosure of the mental impressions, opinions, conclusions, or legal theories of Trustee, or his counsel or other representatives, or other counsel with whom Trustee and his counsel have a common legal interest.

12.     Trustee objects to each Interrogatory purporting to describe Trustee's contentions or positions to the extent that such Interrogatory misstates or mischaracterizes Trustee's contentions or positions, on the grounds that each such Interrogatory is vague, ambiguous, harassing, and oppressive.

13.     Trustee objects to each Interrogatory to the extent that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, seeks information neither relevant to the Trustee's Motions nor reasonably calculated to lead to the discovery of admissible evidence, seeks information equally available to the L&S Objectors from other sources, is not proportional to the needs of the case, or is improper for any reason.

14.     Trustee objects to each Interrogatory to the extent that it requests information that would violate any constitutional, statutory, or common law privacy interest of any current or former employee or representative of Trustee, any current or former policyholder of Trustee, or any other person or entity.

15.     Trustee objects to each Interrogatory to the extent that it seeks information concerning a time period other than the one appropriate to the particular Interrogatory in question on the grounds that it is overbroad, unduly burdensome, harassing, oppressive, not proportional to the

needs of the case, and seeks information neither relevant to the subject matter of the Trustee's Motions nor reasonably calculated to lead to the discovery of admissible evidence.

16.     Trustee objects to each and every Interrogatory that specifies no time period on the grounds that each such Interrogatory is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

17.     Trustee objects to each Interrogatory to the extent that it seeks information concerning trade secrets or proprietary or other confidential business information.

18.     In providing these responses, Trustee does not waive or intend to waive, but rather intends to preserve and are preserving, each of the following: (a) all objections to competency, relevancy, materiality, authenticity, and admissibility of any information, including, but not limited to, information provided herein; (b) all rights to object on any ground to the use, in any proceedings, in this bankruptcy case or otherwise, of any information, including, but not limited to, information provided herein; and (c) all rights to object on any grounds to any further Interrogatories, or other discovery requests.

19.     These General Objections are applicable to and incorporated into each of Trustee's responses below, as if specifically stated therein.  The stating of specific objections to a particular Request shall not be construed as a waiver of Trustee's General Objections.  Unless otherwise specified, Trustee's objections to each of the Interrogatories apply to the entire Interrogatory, including each and every subsection and subpart thereof.

### Specific Objections and Responses to Interrogatories

Trustee incorporates the foregoing General Objections into each of the following responses to individual interrogatories, and into each amendment, supplement, or modification to these responses that Trustee may later provide.  By making these separate responses, Trustee does not waive or intend to waive any of their General Objections, but rather intends to preserve and

assert, and is preserving or asserting, each of his General Objections.

**INTERROGATORY NO. 1:**

State the name, address, job title, length of time employed by you, and a year-by-year list of all other positions, titles, or jobs held when working for you of each person who has supplied any information used in answering these interrogatories.

**Response to Interrogatory No. 1:**

Trustee incorporates by reference his General Objections as if stated here in full.

Trustee objects to this Interrogatory as vague, ambiguous, and unduly burdensome, not proportional to the needs of the case, and unintelligible to the extent that it purports to inquire about unidentified or unidentifiable persons "employed by you," given that "YOU" is defined as "Reilly Benton Company, Inc.," not Trustee. Trustee does not have employment information for persons employed by Reilly-Benton, and no employee of Reilly-Benton supplied any information to Trustee in connection with these interrogatories.

Trustee also objects to this Interrogatory to the extent that it seeks information that is confidential, proprietary, or sensitive as to persons who are not themselves parties to this contested matter, and to the extent that it seeks information subject to any applicable protection, privilege, or rule of confidentiality.

Trustee further objects to this Interrogatory on the grounds that it is overbroad and unduly burdensome, and to the extent that it seeks information protected by the attorney-client privilege, the attorney work product rule (including, without limitation, the mental impressions, opinions, conclusions, or legal theories of Trustee or his counsel), the joint defense or joint efforts doctrine/privilege, the common interest privilege, or any other applicable privilege

Subject to, and without waiving any of the foregoing objections, Trustee responds to this Interrogatory as follows: Trustee states that he lacks sufficient knowledge to respond to this

Interrogatory because it is directed to Reilly Benton, the Debtor. Trustee does not have historical employment information for persons employed by Reilly-Benton, except as may be contained in deposition transcripts in the possession of propounder(s)' counsel, and no employee or former employee of Reilly-Benton provided information used by Trustee in answering these interrogatories.

**INTERROGATORY NO. 2:**

For every facility, company and/or location where "contracting," "non-products" or "operations" were performed by Reilly-Benton Company, Inc., Identify:  (a) the nature of the operational activity being performed by Reilly-Benton workers; (b) the specific location during an operational activity of Reilly-Benton workers; (c) the specific time period and duration of operational activity of Reilly-Benton workers; (d) all witnesses to the operational activity of Reilly-Benton workers; (e) all documents or other evidence of the operational activity of Reilly-Benton workers; and (f) all prior testimony or statements given by anyone while being exposed to an operational activity of Reilly-Benton workers, whether such prior testimony or statements support a "non-products" or "operations" claim or not.

**Response to Interrogatory No. 2:**

Trustee incorporates by reference his General Objections as if stated here in full.

Trustee objects to this Interrogatory as vague and ambiguous to the extent it uses the terms "contracting," "non-products," "operations," and "Identify," because it is not clear whether the non-capitalized versions of these terms used in the Interrogatory have the same meaning as the all-capitalized, defined terms.  Trustee will respond to this Interrogatory using the definitions of "CONTRACTING," "NON-PRODUCTS," "OPERATIONS," and "IDENTIFY," as provided for in the Definitions of the Interrogatories.

Trustee also objects to this Interrogatory as vague, ambiguous, and unduly burdensome, and not proportional to the needs of the case, to the extent that it purports it include unidentified or unidentifiable persons or entities other than Trustee.

Trustee objects to this Interrogatory as compound because it has six subparts and relates to an indeterminate number of "facility[ies], company[ies], and/or location[s]" and thus exceeds the numerosity limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure.

Trustee further objects to this Interrogatory as overly broad and unduly burdensome because it asks for "all documents or other evidence of the operational activity of Reilly-Benton workers" and "all prior testimony or statements given by anyone while being exposed to an operational activity of Reilly-Benton Workers."

Subject to, and without waiving any of the foregoing objections, Trustee responds to this Interrogatory as follows: Trustee does not have any responsive information except as may be contained in deposition transcripts in the possession of propounder(s)' counsel..

**INTERROGATORY NO. 3:**

Identify each and every fact witness whom You will call or anticipate calling to testify at the hearing on the Trustee's Motions and, for each such fact witness, describe in detail the subject matter of the Person's anticipated testimony.

**Response to Interrogatory No. 3:**

Trustee incorporates by reference his General Objections as if stated here in full.

Trustee objects to this Interrogatory as vague, ambiguous, and unduly burdensome, not proportional to the needs of the case, and unintelligible to the extent that it purports to inquire about fact witnesses "whom You will call," given that "YOU" is defined as "Reilly Benton Company, Inc.," not Trustee. Trustee does not know what witnesses, if any, Reilly-Benton will call or anticipates calling to testify at the hearing on the Trustee's Motions.

Trustee objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product rule (including, without limitation, the mental impressions, opinions, conclusions, or legal theories of Trustee or his counsel), the joint defense or joint efforts doctrine/privilege, the common interest privilege, or any other applicable privileges or protection. In particular, Trustee objects to the Interrogatory on the foregoing grounds to the extent it purports to require Reilly-Benton (or Trustee) to "describe in detail the subject matter of" any potential witness' testimony.

Trustee further objects to this Interrogatory on the grounds that it is premature because discovery is ongoing.

Subject to, and without waiving any of the foregoing objections, Trustee responds to this Interrogatory as follows: To the extent that this Interrogatory asks Trustee to identify fact witnesses that Reilly-Benton will or may call at the hearing on the Trustee's Motions, Trustee lacks sufficient knowledge to respond to this Interrogatory. To the extent that this Interrogatory asks Trustee to identify fact witnesses that Trustee will or may call at the hearing on the Trustee's Motions, Trustee has made no decisions about who his witnesses, if any, will or may be. Trustee will identify any witnesses that he intends to call to testify at the hearing on the Trustee's Motions by the deadline set by the Court for parties to submit their witness lists or such earlier time as agreed by Trustee and any other party involved in this contested matter.

**INTERROGATORY NO. 4:**

Identify each and every expert witness whom You will call or anticipate calling to testify at the hearing on the Trustee's Motions and, for each such expert witness, describe in detail the subject matter of the Person's anticipated testimony.

**Response to Interrogatory No. 4:**

Trustee incorporates by reference his General Objections as if stated here in full.

Trustee objects to this Interrogatory as vague, ambiguous, and unduly burdensome, not proportional to the needs of the case, and unintelligible to the extent that it purports to inquire about expert witnesses "whom You will call," given that "YOU" is defined as "Reilly Benton Company, Inc.," not Trustee. Trustee does not know what witnesses, if any, Reilly-Benton will call or anticipates calling to testify at the hearing on the Trustee's Motions.

Trustee objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product rule (including, without limitation, the mental impressions, opinions, conclusions, or legal theories of Trustee or his counsel), the joint defense or joint efforts doctrine/privilege, the common interest privilege, or any other applicable privileges or protection. In particular, Trustee objects to the Interrogatory on the foregoing grounds to the extent it purports to require Reilly-Benton (or Trustee) to "describe in detail the subject matter of" any potential witness' testimony.

Trustee further objects to this Interrogatory on the grounds that it is premature because discovery is ongoing.

Subject to, and without waiving any of the foregoing objections, Trustee responds to this Interrogatory as follows: To the extent that this Interrogatory asks Trustee to identify expert witnesses that Reilly-Benton will or may call at the hearing on the Trustee's Motions, Trustee lacks sufficient knowledge to respond to this Interrogatory. To the extent that this Interrogatory asks Trustee to identify expert witnesses that Trustee will or may call at the hearing on the Trustee's Motions, Trustee has made no decisions about who his witnesses, if any, will or may be. Trustee will identify any witnesses that he intends to call to testify at the hearing on the Trustee's Motions by the deadline set by the Court for parties to submit their witness lists or such earlier time as agreed by Trustee and any other party involved in this contested matter.

- 11

DATED: September 12, 2022

| /s/ Albert J. Derbes, IV | /s/ David J. Messina |
|---|---|
| ALBERT J. DERBES, IV, LA Bar 20164 | David J. Messina (LA #18341) |
| THE DERBES LAW FIRM, LLC | Fernand L. Laudumiey, IV (LA #24518) |
| 3027 Ridgelake Drive | CHAFFE MCCALL, LLP |
| Metairie, Louisiana 70002 | 2300 Energy Center |
| 504.837.1230 Telephone | 1100 Poydras Street |
| 504.832.0322 Facsimile | New Orleans, Louisiana 70163-2300 |
| E-mail: ajdiv@derbeslaw.com | Telephone: (504) 585-7000 |
| *Special Counsel for David V. Adler, Trustee* | E-mail: messina@chaffe.com, |
| | laudumiey@chaffe.com |
| | *General Counsel for David V. Adler, Trustee* |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

In re:

REILLY-BENTON COMPANY, INC.,

       Debtors.

Case No. 17-12870

Chapter 7

Judge Grabill

**TRUSTEE'S RESPONSES TO LANDRY & SWARR, LLC OBJECTORS'**
**REQUESTS FOR PRODUCTION TO CENTURY INDEMNITY COMPANY, AS**
**THE INSURER OF REILLY-BENTON COMPANY, LOUISIANA INSURANCE**
**GUARANTY ASSOCIATION AND THE TRUSTEE**

      **NOW COMES**, David V. Adler, the Chapter 7 Trustee (the "Trustee"), through his attorneys of record, Albert J. Derbes, IV and David J. Messina, who submits his responses to Landry & Swarr, LLC Objectors' First Set of Requests for Production.

<u>**Preliminary Statement**</u>

      1.     These responses and objections are by the Trustee only. These responses and objections are not by, and do not concern, any other party or entity.

      2.     Trustee has given the most complete responses he can at this time. Trustee reserves the right to amend and/or supplement these responses if and to the extent he learns of additional or different information. In particular, and without limiting the generality of the foregoing, Trustee reserves the right to amend and/or supplement his responses based on information learned as discovery and his own investigation of the facts proceeds.

**General Objections**

Trustee objects generally to each and every Request on the following grounds. These General Objections are set forth here to avoid excessive duplication, and are incorporated by reference into each and every one of Trustee's responses herein.

1. The Requests were purportedly propounded by the "Landry & Swarr, LLC Objectors." However, the Requests do not identify any "Landry & Swarr, LLC Objectors" on whose behalf the Requests are purportedly propounded. During the July 15, 2022 discovery hearing in this case, the Court ruled that she needs to know, for each "objector," "their name and they have to be a living person."[1] Trustee objects to discovery, such as the Requests, served on behalf of unidentified persons who may, or may not, be parties to the contested matter commenced by (1) *Trustee's Motion for an Order (A) Approving Settlement Agreement and Policy Release between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Trustee Parties, (B) Approving Sale of Insurance Policies to the Trustee Parties Free and Clear of All Interests, and (C) Entering Injunction to Enforce the Free and clear Aspect of the Sale of the Trustee Policies, and (2) Trustee's Motion For An Order Approving Settlement Agreement Between The Chapter 7 Trustee For Reilly-Benton Company, Inc. And The Louisiana Insurance Guaranty Association* (collectively, the "Trustee's Motions"). As a result, Trustee is not obligated to respond to these Requests.

2. Trustee objects to the Requests because they seek information that is not relevant to any issue properly presented in the contested matter commenced by the Trustee's Motions. Whether Reilly-Benton conducted particular operations at particular locations during particular years is not relevant because there is no way to tell if these Requests relate to the work history of any person or is, or who claims to be, a "Landry & Swarr, LLC Objector." As a result, each and every one of

---

[1] Tr. of July 15, 2022 hearing at 16:24-25. *See also id.* at 19:8-17.

the Requests is improper and objectionable.

3.       The contested matters to which the Requests relate are the Trustee's Motions, which are brought under Bankruptcy Rule 9019.  In connection therewith, the bankruptcy court must determine that a proposed settlement is "'fair and equitable and in the best interest of the estate.'"  To evaluate the probability of success in litigation, a bankruptcy court should not conduct a mini-trial but, rather, should "only apprise [it]self of the relevant facts and law so that [it] can make an informed and intelligent decision."  When a trustee seeks approval to settle a claim, the court need not "'establish[ ] as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable.'"  Rather, it should "'canvass the issues' and determine whether the settlement falls 'below the lowest point in the range of reasonableness.'"  Trustee objects to the Requests on the grounds that they are unduly burdensome, and not proportional to the needs of the case, to the extent that the Requests seek admissions that might be relevant were the parties litigating the merits of the claims that the Trustee is seeking to settle, but which are not needed for, or relevant to, the limited exploration of issues authorized in a contested matter under Rule 9019.

4.       Trustee objects to the Requests' definition of "YOU" and "YOUR" as vague and ambiguous, and as unduly burdensome, harassing, oppressive, and not proportional to the needs of the case, because it defines these terms as "Reilly Benton Company, Inc."  These Requests therefore appear to be directed at Reilly Benton Company, Inc., the debtor, and not Trustee.  Trustee objects to these Requests because he is not obligated under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court to respond to discovery directed to another entity.

5.       Trustee objects to the Requests' definitions of "YOU," "YOUR," CONTRACTING," "OPERATION," and "NON-PRODUCTS" as vague, ambiguous, and unduly

burdensome because in the Definitions section these terms appear as all-capitalized terms, yet the Requests include the words "you", "contracting", "operations", and "non-products" as non-capitalized terms. It is therefore unclear whether these terms in the Requests have the same meaning that is provided for the capitalized terms in the Definitions section.

6.      Trustee objects to Definition 6, "DOCUMENT" as vague, ambiguous, because in the Definitions section this term appear in all caps, yet in the Requests, "document" is used. Trustee further objects to Definition 6, "DOCUMENT" to the extent it is consistent with the definition of "documents or electronically stored information" as described in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. Trustee will respond to these Requests using the definition of "documents" as provided by the Federal Rules of Civil Procedure.

7.      Trustee objects to each Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product rule, the common interest doctrine, or any other judicially-recognized privilege or protection. In responding to these Requests, Trustee does not waive or intend to waive, but rather intends to preserve and is preserving, all of his rights under the attorney-client privilege, the attorney work-product rule, the common interest doctrine, and every other judicially recognized privilege or protection with respect to all information and documents subject thereto. Confidential, privileged, or protected information that may be responsive to a particular Request is not provided in these responses and will not be provided in future responses.

8.      Trustee's responses to the Requests are based on information available to Trustee after a reasonable inquiry and diligent investigation. However, Trustee has not searched, and will not search, each and every record in his possession, custody, or control, as such a search would be unreasonable, unduly burdensome, harassing, and oppressive under the circumstances, and not

proportional to the needs of the case. To the extent that the Requests purport to require Trustee to conduct more than a reasonable and diligent search such as described above, Trustee objects that they are overbroad, unduly burdensome, harassing, and oppressive.

9. Trustee objects to each Request to the extent it seeks to impose burdens and obligations exceeding those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court. Trustee will respond to these Requests according to the requirements of the aforementioned Rules, subject to all applicable objections and protections.

10. Trustee objects to each Request as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent that it seeks information not reasonably available to Trustee nor within his possession, custody, or control.

11. Trustee objects to each Request to the extent that it seeks information concerning legal contentions and supporting facts not reasonably ascertainable or available at this stage of the proceedings, on the ground that each such Request is overbroad, unduly burdensome, harassing, oppressive, and premature. Trustee reserves the right to amend or supplement his response to any such Request.

12. Trustee objects to each Request seeking disclosure of the mental impressions, opinions, conclusions, or legal theories of Trustee, or his counsel or other representatives, or other counsel with whom Trustee and his counsel have a common legal interest.

13. Trustee objects to each Request purporting to describe Trustee's contentions or positions to the extent that such Request misstates or mischaracterizes Trustee's contentions or positions, on the grounds that each such Request is vague, ambiguous, harassing, and oppressive.

14.     Trustee objects to each Request to the extent that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, seeks information neither relevant to the Trustee's Motions nor reasonably calculated to lead to the discovery of admissible evidence, seeks information equally available to the L&S Objectors from other sources, is not proportional to the needs of the case, or is improper for any reason.

15.     Trustee objects to each Request to the extent that it requests information that would violate any constitutional, statutory, or common law privacy interest of any current or former employee or representative of Trustee, any current or former policyholder of Trustee, or any other person or entity.

16.     Trustee objects to each Request to the extent that it seeks information concerning a time period other than the one appropriate to the particular Request in question on the grounds that it is overbroad, unduly burdensome, harassing, oppressive, not proportional to the needs of the case, and seeks information neither relevant to the subject matter of the Trustee's Motions nor reasonably calculated to lead to the discovery of admissible evidence.

17.     Trustee objects to each and every Request that specifies no time period on the grounds that each such Request is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

18.     Trustee objects to each Request to the extent that it seeks information concerning trade secrets or proprietary or other confidential business information.

19.     In providing these responses, Trustee does not waive or intend to waive, but rather intends to preserve and are preserving, each of the following: (a) all objections to competency, relevancy, materiality, authenticity, and admissibility of any information, including, but not limited to, information provided herein; (b) all rights to object on any ground to the use, in any proceedings,

in this bankruptcy case or otherwise, of any information, including, but not limited to, information provided herein; and (c) all rights to object on any grounds to any further Requests, or other discovery requests.

20.     These General Objections are applicable to and incorporated into each of Trustee's responses below, as if specifically stated therein.  The stating of specific objections to a particular Request shall not be construed as a waiver of Trustee's General Objections.  Unless otherwise specified, Trustee's objections to each of the Requests apply to the entire Request, including each and every subsection and subpart thereof.

**Specific Objections and Responses to Requests**

Trustee incorporate the foregoing General Objections into each of the following responses to individual Requests, and into each amendment, supplement, or modification to these responses that Trustee may later provide.  By making these separate responses, Trustee does not waive or intend to waive any of his General Objections, but rather intend to preserve and assert, and are preserving and asserting, each of their General Objections.

**REQUEST NO. 1:**

Produce a full copy of any transcripts of deposition and/or trial testimony given by YOU and/or by any EMPLOYEE that discuss "contracting," "non-products" and/or "operations" on YOUR behalf. [This request shall exclude what has already been provided by Landry & Swarr Objections in response to discovery requests previously propounded].

**Response to Request No. 1:**

Trustee incorporates by reference his General Objections as if stated here in full. Trustee also makes the following specific objections:

Trustee objects to this Request to the extent that it is vague and ambiguous as to the meaning of the terms "contracting," "non-products," and/or "operations" because these same terms appear in all capital letters in the Definitions section. Therefore, it is unclear whether these terms in this Request have the same meaning that is provided for the terms in the Definitions section.

Trustee objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks Trustee to produce documents that are not reasonably available to Trustee or within his possession, custody, or control.

Trustee objects to this Request as vague, ambiguous, and unduly burdensome, not proportional to the needs of the case, and unintelligible to the extent that it purports to require production of testimony "given by YOU," since "YOU" is defined as "Reilly Benton Company, Inc.," not Trustee. Trustee is not obligated under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court to respond to discovery directed to another entity.

Trustee also objects to this request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Trustee further objects to this Request to the extent that it seeks information that is not relevant to the determination of the Trustee's Motions, is overbroad, unduly burdensome, and not proportional to the needs of the case, because it requests documents that are irrelevant to the Trustee's Motions and this bankruptcy case because they involve testimony by or about persons who are not objectors in this contested matter.

Trustee will not produce any documents in response to this Request.

**REQUEST NO. 2:**

Produce a copy of any and all contracts that YOU entered into that specify that YOU and/or any EMPLOYEE performed "contracting," "non-products" and/or "operations" on YOUR behalf.

**Response to Request No. 2:**

Trustee incorporates by reference his General Objections as if stated here in full. Trustee also makes the following specific objections:

Trustee objects to this Request to the extent that it is vague and ambiguous as to the meaning of the terms "contracting," "non-products," and/or "operations" because these same terms appear in all capital letters in the Definitions section. It is therefore unclear whether these terms in the Request have the same meaning that is provided for the terms in the Definitions section.

Trustee objects to this Request as vague, ambiguous, and unduly burdensome, not proportional to the needs of the case, and unintelligible to the extent that it purports to require production of copies of contracts "that YOU entered," since "YOU" is defined as "Reilly Benton Company, Inc.," not Trustee. Trustee is not obligated under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court to respond to discovery directed to another entity.

Trustee further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks Trustee to produce documents that are not reasonably available to Trustee or within his possession, custody, or control.

Trustee also objects to this Request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents

subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Trustee further objects to this Request to the extent that it seeks information that is not relevant to the determination of the Trustee's Motions, is overbroad, unduly burdensome, and not proportional to the needs of the case, because it requests documents that are irrelevant to the Trustee's Motions and this bankruptcy case because they involve testimony by or about persons who are not objectors in this contested matter.

Trustee will not produce any documents in response to this Request.

**REQUEST NO. 3:**

Produce a copy of any and all affidavits by YOU and/or any EMPLOYEE that YOU and/or any EMPLOYEE performed "contracting," "non-products" and/or "operations" on YOUR behalf.

**Response to Request No. 3:**

Trustee incorporates by reference his General Objections as if stated here in full. Trustee also makes the following specific objections:

Trustee objects to this Request to the extent that it is vague and ambiguous as to the meaning of the terms "contracting," "non-products," and/or "operations" because these same terms appear in all capital letters in the Definition section. Therefore, it is unclear whether these terms in the Request have the same meaning that is provided for the terms in the Definitions section.

Trustee further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks Trustee to produce documents that are not reasonably available to Trustee or within his possession, custody, or control.

Trustee objects to this Request as vague, ambiguous, and unduly burdensome, not proportional to the needs of the case, and unintelligible to the extent that it purports to require production of affidavits "by YOU and/or any EMPLOYEE that YOU and/or any EMPLOYEE performed 'contracting,' 'non-products' and/or 'operations' on YOUR behalf," since "YOU" is defined as "Reilly Benton Company, Inc.," not Trustee, and "EMPLOYEE" is defined as anyone acting on behalf of Reilly-Benton, not Trustee.  Trustee is not obligated under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court to respond to discovery directed to another entity.

Trustee also objects to this Request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Trustee further objects to this Request because it seeks information that is not relevant to the determination of the Trustee's Motions, is overbroad, unduly burdensome, and not proportional to the needs of the case, because it requests documents that are irrelevant to the Trustee's Motions and this bankruptcy case

Trustee will not produce any documents in response to this Request.

**REQUEST NO. 4:**

Produce a copy of any and all documents in your possession that specify YOU and/or any EMPLOYEE performed "contracting," "non-products" and/or "operations" on YOUR behalf.

### **Response to Request No. 4:**

Trustee incorporates by reference his General Objections as if stated here in full. Trustee also makes the following specific objections:

Trustee objects to this Request to the extent that it is vague and ambiguous as to the meaning of the terms "contracting," "non-products," and/or "operations" because these same terms appear in all capital letters in the Definition section. Therefore, it is unclear whether these terms in the Request have the same meaning that is provided for the terms in the Definitions section.

Trustee further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks Trustee to produce documents that are not reasonably available to Trustee or within his possession, custody, or control.

Trustee objects to this Request as vague, ambiguous, and unduly burdensome, not proportional to the needs of the case, and unintelligible to the extent that it purports to require production of "any and all documents in your possession that specify YOU and/or any EMPLOYEE performed 'contracting,' 'non-products' and/or 'operations' on YOUR behalf," since "YOU" is defined as "Reilly Benton Company, Inc.," not Trustee, and "EMPLOYEE" is defined as anyone acting on behalf of Reilly-Benton, not Trustee. Trustee is not obligated under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court to respond to discovery directed to another entity.

Trustee also objects to this Request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Trustee further objects to this Request because it seeks information that is not relevant to the determination of the Trustee's Motions, is overbroad, unduly burdensome, and not proportional to the needs of the case, because it requests documents that are irrelevant to the Trustee's Motions and this bankruptcy case

Trustee will not produce any documents in response to this Request.

**REQUEST NO. 5:**

Produce a copy of any and all documents in connection with any affirmative responses in the corresponding Request for Admission propounded concurrently with these Requests for Production.

**Response to Request No. 5:**

Trustee incorporates by reference his General Objections as if stated here in full. Trustee also makes the following specific objections:

Trustee objects to this Request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Trustee further objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case because it requests documents that are irrelevant to the Trustee's Motions and this bankruptcy case.

Trustee did not make any "affirmative responses" to any of the Requests For Admissions propounded by the Landry & Swarr, LLC Objectors on Trustee, and therefore is not obligated to respond to this Request.

DATED: September 12, 2022

| | |
|---|---|
| */s/ Albert J. Derbes, IV* | */s/ David J. Messina* |
| ALBERT J. DERBES, IV, LA Bar 20164 | David J. Messina (LA #18341) |
| THE DERBES LAW FIRM, LLC | Fernand L. Laudumiey, IV (LA #24518) |
| 3027 Ridgelake Drive | CHAFFE MCCALL, LLP |
| Metairie, Louisiana 70002 | 2300 Energy Center |
| 504.837.1230 Telephone | 1100 Poydras Street |
| 504.832.0322 Facsimile | New Orleans, Louisiana 70163-2300 |
| E-mail: ajdiv@derbeslaw.com | Telephone: (504) 585-7000 |
| *Special Counsel for David V. Adler, Trustee* | E-mail: messina@chaffe.com, |
| | laudumiey@chaffe.com |
| | *General Counsel for David V. Adler, Trustee* |

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

|  |  |
|---|---|
| In re: | Case No. 17-12870 |
| REILLY-BENTON COMPANY, INC., | Chapter 7 |
| Debtors. | Judge |
|  | Grabill |

**TRUSTEE'S RESPONSES TO LANDRY & SWARR, LLC OBJECTORS'**
**REQUESTS FOR ADMISSION TO CENTURY INDEMNITY COMPANY, AS**
**THE INSURER OF REILLY-BENTON COMPANY, LOUISIANA**
**INSURANCE GUARANTY ASSOCIATION AND THE TRUSTEE**

**NOW COMES**, David V. Adler, the Chapter 7 Trustee (the "Trustee"), through his attorneys of record, Albert J. Derbes, IV and David J. Messina, who submits his responses to Landry & Swarr, LLC Objectors' First Set of Requests for Admission.

**Preliminary Statement**

1.      These responses and objections are by Trustee only.  These responses and objections are not by, and do not concern, any other party or entity.

2.      Trustee has given the most complete responses he can at this time.  Trustee reserves the right to amend and/or supplement these responses if and to the extent he learns of additional or different information.  In particular, and without limiting the generality of the foregoing, Trustee reserves the right to amend and/or supplement his responses based on information learned as discovery and his own investigation of the facts proceeds.

## General Objections

Trustee objects generally to each and every RFA on the following grounds. These General Objections are set forth here to avoid excessive duplication, and are incorporated by reference into each and every one of Trustee's responses herein.

1. The RFAs were purportedly propounded by the "Landry & Swarr, LLC Objectors." However, the RFAs do not identify any "Landry & Swarr, LLC Objectors" on whose behalf the RFAs are purportedly propounded. During the July 15, 2022 discovery hearing in this case, the Court ruled that she needs to know, for each "objector," "their name and they have to be a living person."[1] Trustee objects to discovery, such as the RFAs, served on behalf of unidentified persons who may, or may not, be parties to the contested matters commenced by (1) *Trustee's Motion for an Order (A) Approving Settlement Agreement and Policy Release between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Trustee Parties, (B) Approving Sale of Insurance Policies to the Trustee Parties Free and Clear of All Interests, and (C) Entering Injunction to Enforce the Free and clear Aspect of the Sale of the Trustee Policies, and* (2) *Trustee's Motion For An Order Approving Settlement Agreement Between The Chapter 7 Trustee For Reilly-Benton Company, Inc. And The Louisiana Insurance Guaranty Association* (collectively, the "Trustee's Motions"). As a result, Trustee is not obligated to respond to these RFAs.

2. Trustee objects to the RFAs because they seek information that is not relevant to any issue properly presented in the contested matter commenced by the Trustee's Motions. Whether Reilly-Benton conducted particular operations at particular locations during

---

[1] Tr. of July 15, 2022 hearing at 16:24-25. *See also id.* at 19:8-17.

particular years is not relevant because there is no way to tell if these RFAs relate to the work history of any person or is, or who claims to be, a "Landry & Swarr, LLC Objector." As a result, each and every one of the RFAs is improper and objectionable.

3. The contested matter to which the RFAs relate is the Trustee's Motions, which are brought under Bankruptcy Rule 9019. In connection therewith, the bankruptcy court must determine that a proposed settlement is "'fair and equitable and in the best interest of the estate.'" To evaluate the probability of success in litigation, a bankruptcy court should not conduct a mini-trial but, rather, should "only apprise [it]self of the relevant facts and law so that [it] can make an informed and intelligent decision." When a trustee seeks approval to settle a claim, the court need not "'establish[ ] as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable.'" Rather, it should "'canvass the issues' and determine whether the settlement falls 'below the lowest point in the range of reasonableness.'" Trustee objects to the RFAs on the grounds that they are unduly burdensome, and not proportional to the needs of the case, to the extent that the RFAs seek admissions that might be relevant were the parties litigating the merits of the claims that the Trustee is seeking to settle, but which are not needed for, or relevant to, the limited exploration of issues authorized in a contested matter under Rule 9019.

4. Trustee objects to the RFAs' definition of "YOU" and "YOUR" as vague and ambiguous, and as unduly burdensome, harassing, oppressive, and not proportional to the needs of the case, because it defines these terms as "Reilly Benton Company, Inc." These RFAs therefore appear to be directed at Reilly Benton Company, Inc., the debtor, and not Trustee. Trustee objects to these RFAs because he is not obligated under the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court to respond to discovery directed to another entity.

5.      Trustee objects to the RFAs' definitions of "YOU," "YOUR," "CONTRACTING," "OPERATION," and "NON-PRODUCTS" as vague, ambiguous, and unduly burdensome because in the Definitions section these terms appear as all-capitalized terms, yet each RFA includes the words "you", "contracting", "operations", and "non-products" as non-capitalized terms.  It is therefore unclear whether these terms in the RFAs have the same meaning that is provided for the capitalized terms in the Definitions section.

6.      Trustee objects to each RFA to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product rule, the common interest doctrine, or any other judicially-recognized privilege or protection.  In responding to these RFAs, Trustee does not waive or intend to waive, but rather intends to preserve and is preserving, all of his rights under the attorney-client privilege, the attorney work-product rule, the common interest doctrine, and every other judicially recognized privilege or protection with respect to all information and documents subject thereto.  Confidential, privileged, or protected information that may be responsive to a particular RFA is not provided in these responses and will not be provided in future responses.

7.      Trustee's responses to the RFAs are based on information available to Trustee after a reasonable inquiry and diligent investigation.  However, Trustee has not searched, and will not search, each and every record in his possession, custody, or control, as such a search would be unreasonable, unduly burdensome, harassing, and oppressive under the circumstances, and not proportional to the needs of the case.  To the extent that the RFAs purport to require Trustee to conduct more than a reasonable and diligent search such as described above, Trustee objects that they are overbroad, unduly burdensome, harassing, and oppressive.

8.      Trustee objects to each RFA to the extent it seeks to impose burdens and

obligations exceeding those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court. Trustee will respond to these RFAs according to the requirements of the aforementioned Rules, subject to all applicable objections and protections.

9. Trustee objects to each RFA as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent that it seeks information not reasonably available to Trustee nor within his possession, custody, or control.

10. Trustee objects to each RFA to the extent that it seeks information concerning legal contentions and supporting facts not reasonably ascertainable or available at this stage of the proceedings, on the ground that each such RFA is overbroad, unduly burdensome, harassing, oppressive, and premature. Trustee reserves the right to amend or supplement his response to any such RFA.

11. Trustee objects to each RFA seeking disclosure of the mental impressions, opinions, conclusions, or legal theories of Trustee, or his counsel or other representatives, or other counsel with whom Trustee and his counsel have a common legal interest.

12. Trustee objects to each RFA purporting to describe Trustee's contentions or positions to the extent that such RFA misstates or mischaracterizes Trustee's contentions or positions, on the grounds that each such RFA is vague, ambiguous, harassing, and oppressive.

13. Trustee objects to each RFA to the extent that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, seeks information neither relevant to the Trustee's Motions nor reasonably calculated to lead to the discovery of admissible evidence, seeks information equally available to the L&S Objectors from other sources, is not proportional to the needs of the case, or is improper for any reason.

14.     Trustee objects to each RFA to the extent that it requests information that would violate any constitutional, statutory, or common law privacy interest of any current or former employee or representative of Trustee, any current or former policyholder of Trustee, or any other person or entity.

15.     Trustee objects to each RFA to the extent that it seeks information concerning a time period other than the one appropriate to the particular RFA in question on the grounds that it is overbroad, unduly burdensome, harassing, oppressive, not proportional to the needs of the case, and seeks information neither relevant to the subject matter of the Trustee's Motions nor reasonably calculated to lead to the discovery of admissible evidence.

16.     Trustee objects to each and every RFA that specifies no time period on the grounds that each such RFA is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

17.     Trustee objects to each RFA to the extent that it seeks information concerning trade secrets or proprietary or other confidential business information.

18.     In providing these responses, Trustee does not waive or intend to waive, but rather intends to preserve and are preserving, each of the following: (a) all objections to competency, relevancy, materiality, authenticity, and admissibility of any information, including, but not limited to, information provided herein; (b) all rights to object on any ground to the use, in any proceedings, in this bankruptcy case or otherwise, of any information, including, but not limited to, information provided herein; and (c) all rights to object on any grounds to any further RFAs, or other discovery requests.

19.     These General Objections are applicable to and incorporated into each of Trustee's responses below, as if specifically stated therein.  The stating of specific objections to a

particular RFA shall not be construed as a waiver of Trustee's General Objections. Unless otherwise specified, Trustee's objections to each of the RFAs apply to the entire RFA, including each and every subsection and subpart thereof.

### Specific Objections and Responses to RFAs

Trustee incorporates the foregoing General Objections into each of the following responses to individual RFAs, and into each amendment, supplement, or modification to these responses that Trustee may later provide. By making these separate responses, Trustee does not waive or intend to waive any of their General Objections, but rather intends to preserve and assert, and is preserving and asserting, each of his General Objections.

### REQUEST NOS. 1 TO 242[2]

Admit that you performed contracting, operations and/or non-products work at [location] in [city, state] during the year [year].

### Response to Request Nos. 1 to 242:

Trustee incorporates by reference his General Objections as if stated here in full.

Subject to, and without waiving any of the foregoing objections, Trustee states he has made reasonable inquiry and that the information he knows or can readily obtain is insufficient to enable him to admit or deny these RFAs.

---

[2]     The RFAs served on Trustee contain RFAs numbered 1-238. After RFA No. 238, the numbering restarted at RFA No. 183 and continued to No. 186. Trustee's response renumbers the second set of Nos. 183-186 as Nos. 239-242.

DATED: September 12, 2022

| | |
|---|---|
| _/s/ Albert J. Derbes, IV_ | _/s/ David J. Messina_ |
| ALBERT J. DERBES, IV, LA Bar 20164 | David J. Messina (LA #18341) |
| THE DERBES LAW FIRM, LLC | Fernand L. Laudumiey, IV (LA #24518) |
| 3027 Ridgelake Drive | CHAFFE MCCALL, LLP |
| Metairie, Louisiana 70002 | 2300 Energy Center |
| 504.837.1230 Telephone | 1100 Poydras Street |
| 504.832.0322 Facsimile | New Orleans, Louisiana 70163-2300 |
| E-mail: ajdiv@derbeslaw.com | Telephone: (504) 585-7000 |
| _Special Counsel for David V. Adler, Trustee_ | E-mail: messina@chaffe.com, |
| | laudumiey@chaffe.com |
| | _General Counsel for David V. Adler, Trustee_ |