# EXHIBIT "D"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re:<br><br>REILLY-BENTON COMPANY, INC.,<br><br>Debtors. | Case No. 17-12870<br><br>Chapter 7<br><br>Judge Grabill |

### LANDRY & SWARR, LLC OBJECTORS' SUPPLEMENTAL REQUESTS FOR PRODUCTION OF DOUCMENTS TO CENTURY INDEMNITY COMPANY, AS THE INSURER OF REILLY-BENTON COMPANY

Pursuant to Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure, Landry & Swarr, LLC Objectors[1], hereby require that the Century Indemnity Company, as the insurer of Reilly-Benton Company ("Century") fully answers, in writing and under oath, the following Second Set of Requests for Production. Responses to these Requests for Production are to be served upon undersigned counsel at the addresses shown below.

These Requests for Production are continuing in character so as to require Century to serve supplementary responses to the extent that Century, directly or through their agents, representatives, or attorneys, pertinent additional or different information between the time that Century serve their answers to these interrogatories and the completion of the confirmation hearing in this bankruptcy case.

---

[1] The firm of Landry & Swarr represents claimants who have filed claims against Reilly-Benton Company, Inc., including Donnie Bridges, Ronnie David Bridges, Rodney Lynn Bridges, Sherri Renee Attaway, and Deborah Kay Thurber, Paul Sanderson, Jr., Kelly P. Sanderson, Dale Michael Sanderson, and Mark Sanderson, Kevin Franchina, and Tena Danos.

- 1 -

## **Definitions**

When used in these requests, the following terms shall have the following meanings:

1. "YOU" and "YOUR" means Century Indemnity Company, as the insurer of Reilly Benton Company, Inc.

2. "Bankruptcy Case" means *In re Reilly-Benton Company, Inc.*, Case No. 17-12870 (Bankr. E.D. La.).

3. "Identify" means to state:
   a. With respect to a natural Person:
      1) That Person's full name;
      2) The last known business address, business phone number, business e-mail address, home address, home phone number, mobile phone number, and personal e-mail address of the Person;
      3) The business affiliation, title, position, and duties of the Person at the time period of the matter at issue; and
      4) The Person's current business affiliation, title, position, and duties.
   b. With respect to a Person or entity other than a natural Person:
      1) The full name of the Person or entity;
      2) The nature of the Person or entity (*e.g.*, corporation, partnership);
      3) The last known address and phone number of the Person or entity; and
      4) If the Person or entity is a corporation, the state of incorporation.
   c. With respect to a DOCUMENT:
      1) The date and nature of the DOCUMENT (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, etc.);
      2) The title, subject, or heading of the DOCUMENT;
      3) Each author, addressee, copy addressee, blind copy addressee, and every other Person or entity to whom the DOCUMENT was disclosed;
      4) A description of the DOCUMENT's subject matter; and
      5) The Bates number or other identification number of the DOCUMENT, if any.

4. "IDENTIFY," regarding a thing, means to describe the thing, including its type, general subject matter, proper name, if one exists or existed, date, if applicable, location, present owner, YOUR time of ownership or use of the thing, YOUR use of the thing, and if a photograph, the photographer.

5. "IDENTIFY," regarding a person, means to give, to the extent known, the person's full name, present or last-known address, telephone number, email address, present or last-known place of employment, and present or last know job title.

6. "DOCUMENT" is synonymous in meaning and equal in scope to the usage of the phrase, "DOCUMENTS and tangible things." A draft or a non-identical copy is a separate DOCUMENT within the meaning of this term. Requested DOCUMENTS include, but are not limited to, the following:

- those that are now or were formerly in the possession, custody, or control of Defendant, and

- those that are known or believed to be responsive to these discovery requests regardless of who now has or formerly had possession, custody, or control of the DOCUMENTS.

- DOCUMENTS include, by way of example only, any memorandum, request envelope, correspondence, electronic mail, report, note, Post-It, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, facsimile transmission report, contract, invoice, record of sale or purchase, Teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. DOCUMENTS also include the file, folder tabs, and labels appended to or containing any DOCUMENTS.

7. "PERSON" includes natural persons, firms, partnerships, associations, joint ventures, corporations, and any other form of business organization or arrangement, as well as officers, directors, shareholders, employees, agents, and contractors of any business organization or arrangement.

8. "ASBESTOS" means any of the naturally-occurring fibrous silicate minerals, including both serpentine forms (chrysotile) and amphibole forms (amosite, crocidolite, tremolite, anthophyllite, and actinolite), whether referred to by their scientific names or by synonyms such as brown (amosite), white (chrysotile) or blue (crocidolite) asbestos.

9. "ASBESTOS-CONTAINING PRODUCT" means any product or material that contains asbestos in any form. Such products include, but are not limited to, pipe covering, turbines, cement, block, gaskets, packing, plaster, joint compound, floor and ceiling tiles, mastics, raw fibers, fireproofing, shingles, panels, sheets, boards, millboard, refractory cement, boilers, firebrick, brake and clutch linings, finishing compound, texture, drilling mud, "hot tops," and other construction, building, drywall, lath, and insulation materials.

10. "ACM" means asbestos containing materials. ACMs include, without limitation, thermal insulation materials that are of any percentage asbestos. These materials may not be composed completely of asbestos.

11. "EMPLOYEE" means anyone acting on Reilly-Benton Company, Inc.'s (hereinafter "Reilly-Benton") behalf.

11. "CONTRACTING" and/or "OPERATION" and/or "NON-PRODUCTS" means that Reilly-Benton sent employees on Reilly-Benton's behalf to perform work at any particular facility, plant, building, etc., including but not limited to insulation work, abatement work, tear out work, and/or any other action taken by employees involving Asbestos, Asbestos-containing products and/or ACMs while at the particular facility, plant, building, etc.

12. Any word not specifically defined above is to be given its meaning as contained in the most recent edition of the American Heritage Dictionary, published by the Houghton-Mifflin Company.

## Requests for Production

**REQUEST NO. 1:**

Produce a full copy of any transcripts of deposition and/or trial testimony given by your insured, Reilly-Benton Company, Inc. and/or by any employee of Reilly-Benton Company, Inc. that discuss "CONTRACTING," "NON-PRODUCTS" and/or "OPERATIONS" on Reilly-Benton Company, Inc.'s behalf. [This request shall exclude what has already been provided by Landry & Swarr Objections in response to discovery requests previously propounded].

**REQUEST NO. 2:**

Produce a copy of any and all contracts that Reilly-Benton Company, Inc. entered into that specify that Reilly-Benton Company, Inc. and/or any EMPLOYEE performed "CONTRACTING," "NON-PRODUCTS" and/or "OPERATIONS" on Reilly-Benton Company, Inc.'s behalf.

**REQUEST NO. 3:**

Produce a copy of any and all affidavits by Reilly-Benton Company, Inc. and/or any EMPLOYEE that Reilly-Benton Company, Inc. and/or any EMPLOYEE performed "CONTRACTING," "NON-PRODUCTS" and/or "OPERATIONS" on Reilly-Benton Company, Inc.'s behalf.

**REQUEST NO. 4:**

Produce a copy of any and all DOCUMENTS in your possession that specify Reilly-Benton

Company, Inc. and/or any EMPLOYEE performed "CONTRACTING," "NON-PRODUCTS" and/or "OPERATIONS" on Reilly-Benton Company, Inc.'s behalf.

**REQUEST NO. 5:**

Produce a copy of any and all DOCUMENTS in connection with any affirmative responses in the corresponding Request for Admission propounded concurrently with these Requests for Production.

DATED: September 30, 2022

           Respectfully submitted,
           **LANDRY & SWARR, LLC**

           BY: /s/ Mickey P. Landry
           Mickey P. Landry (#22817)
           Frank J. Swarr (#22322)
           Matthew C. Clark (#31102)
           1100 Poydras Street, Ste. 2000
           New Orleans, LA 70130

           AND

           **CONGENI LAW FIRM, LLC**

           BY:   ***/s/Leo D. Congeni***
                   LEO D. CONGENI (#25626)
                   650 Poydras Street, Suite 2750
                   New Orleans, LA 70130
                   Telephone: 504-522-4848
                   Facsimile: 504-910-3055
                   Email: leo@congenilawfirm.com

           **Attorneys for the Landry & Swarr Creditors**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

In re:

REILLY-BENTON COMPANY, INC.,

Debtors.

Case No. 17-12870

Chapter 7

Judge Grabill

**LANDRY & SWARR, LLC OBJECTORS' SUPPLEMENTAL REQUESTS FOR PRODUCTION OF DOUCMENTS TO DAVID V. ADLER, THE CHAPTER 7 TRUSTEE**

Pursuant to Rules 7033 and 9014 of the Federal Rules of Bankruptcy Procedure, Landry & Swarr, LLC Objectors[1], hereby require that the David V. Adler, the Chapter 7 Trustee (the "Trustee") fully answers, in writing and under oath, the following Second Set of Requests for Production. Responses to these Requests for Production are to be served upon undersigned counsel at the addresses shown below.

These Requests for Production are continuing in character so as to require the Trustee to serve supplementary responses to the extent that the Trustee, directly or through their agents, representatives, or attorneys, pertinent additional or different information between the time that the Trustee serve their answers to these interrogatories and the completion of the confirmation hearing in this bankruptcy case.

---

[1] The firm of Landry & Swarr represents claimants who have filed claims against Reilly-Benton Company, Inc., including Donnie Bridges, Ronnie David Bridges, Rodney Lynn Bridges, Sherri Renee Attaway, and Deborah Kay Thurber, Paul Sanderson, Jr., Kelly P. Sanderson, Dale Michael Sanderson, and Mark Sanderson, Kevin Franchina, and Tena Danos.

- 1 -

## Definitions

When used in these requests, the following terms shall have the following meanings:

1. "YOU" and "YOUR" means David V. Adler, the Chapter 7 Trustee.

2. "Bankruptcy Case" means *In re Reilly-Benton Company, Inc.*, Case No. 17-12870 (Bankr. E.D. La.).

3. "Identify" means to state:
   a. With respect to a natural Person:
      1) That Person's full name;
      2) The last known business address, business phone number, business e-mail address, home address, home phone number, mobile phone number, and personal e-mail address of the Person;
      3) The business affiliation, title, position, and duties of the Person at the time period of the matter at issue; and
      4) The Person's current business affiliation, title, position, and duties.
   b. With respect to a Person or entity other than a natural Person:
      1) The full name of the Person or entity;
      2) The nature of the Person or entity (*e.g.*, corporation, partnership);
      3) The last known address and phone number of the Person or entity; and
      4) If the Person or entity is a corporation, the state of incorporation.
   c. With respect to a DOCUMENT:
      1) The date and nature of the DOCUMENT (*i.e.*, whether it is a letter, memorandum, minutes of a meeting, etc.);
      2) The title, subject, or heading of the DOCUMENT;
      3) Each author, addressee, copy addressee, blind copy addressee, and every other Person or entity to whom the DOCUMENT was disclosed;
      4) A description of the DOCUMENT's subject matter; and
      5) The Bates number or other identification number of the DOCUMENT, if any.

4. "IDENTIFY," regarding a thing, means to describe the thing, including its type, general subject matter, proper name, if one exists or existed, date, if applicable, location, present owner, YOUR time of ownership or use of the thing, YOUR use of the thing, and if a photograph, the photographer.

5. "IDENTIFY," regarding a person, means to give, to the extent known, the person's full name, present or last-known address, telephone number, email address, present or last-known place of employment, and present or last know job title.

- 2 -

6.     "DOCUMENT" is synonymous in meaning and equal in scope to the usage of the phrase, "DOCUMENTS and tangible things." A draft or a non-identical copy is a separate DOCUMENT within the meaning of this term. Requested DOCUMENTS include, but are not limited to, the following:

- those that are now or were formerly in the possession, custody, or control of Defendant, and

- those that are known or believed to be responsive to these discovery requests regardless of who now has or formerly had possession, custody, or control of the DOCUMENTS.

- DOCUMENTS include, by way of example only, any memorandum, request envelope, correspondence, electronic mail, report, note, Post-It, message, telephone message, telephone log, diary, journal, appointment calendar, calendar, group scheduler calendar, drawing, painting, accounting paper, minutes, working paper, financial report, accounting report, work papers, drafts, facsimile, facsimile transmission report, contract, invoice, record of sale or purchase, Teletype message, chart, graph, index, directory, computer directory, computer disk, computer tape, or any other written, printed, typed, punched, taped, filmed, or graphic matter however produced or reproduced. DOCUMENTS also include the file, folder tabs, and labels appended to or containing any DOCUMENTS.

7.     "PERSON" includes natural persons, firms, partnerships, associations, joint ventures, corporations, and any other form of business organization or arrangement, as well as officers, directors, shareholders, employees, agents, and contractors of any business organization or arrangement.

8.     "ASBESTOS" means any of the naturally-occurring fibrous silicate minerals, including both serpentine forms (chrysotile) and amphibole forms (amosite, crocidolite, tremolite, anthophyllite, and actinolite), whether referred to by their scientific names or by synonyms such as brown (amosite), white (chrysotile) or blue (crocidolite) asbestos.

9.     "ASBESTOS-CONTAINING PRODUCT" means any product or material that contains asbestos in any form. Such products include, but are not limited to, pipe covering, turbines, cement, block, gaskets, packing, plaster, joint compound, floor and ceiling tiles, mastics, raw fibers, fireproofing, shingles, panels, sheets, boards, millboard, refractory cement, boilers, firebrick, brake and clutch linings, finishing compound, texture, drilling mud, "hot tops," and other construction, building, drywall, lath, and insulation materials.

10.    "ACM" means asbestos containing materials. ACMs include, without limitation, thermal insulation materials that are of any percentage asbestos. These materials may not be composed completely of asbestos.

11.    "EMPLOYEE" means anyone acting on Reilly-Benton Company, Inc.'s (hereinafter "Reilly-Benton") behalf.

11.    "CONTRACTING" and/or "OPERATION" and/or "NON-PRODUCTS" means that Reilly-Benton sent employees on Reilly-Benton's behalf to perform work at any particular facility, plant, building, etc., including but not limited to insulation work, abatement work, tear out work,

and/or any other action taken by employees involving Asbestos, Asbestos-containing products and/or ACMs while at the particular facility, plant, building, etc.

12. Any word not specifically defined above is to be given its meaning as contained in the most recent edition of the American Heritage Dictionary, published by the Houghton-Mifflin Company.

**Requests for Production**

**REQUEST NO. 1:**

Produce a full copy of any transcripts of deposition and/or trial testimony given by your insured, Reilly-Benton Company, Inc. and/or by any employee of Reilly-Benton Company, Inc. that discuss "CONTRACTING," "NON-PRODUCTS" and/or "OPERATIONS" on Reilly-Benton Company, Inc.'s behalf. [This request shall exclude what has already been provided by Landry & Swarr Objections in response to discovery requests previously propounded].

**REQUEST NO. 2:**

Produce a copy of any and all contracts that Reilly-Benton Company, Inc. entered into that specify that Reilly-Benton Company, Inc. and/or any EMPLOYEE performed "CONTRACTING," "NON-PRODUCTS" and/or "OPERATIONS" on Reilly-Benton Company, Inc.'s behalf.

**REQUEST NO. 3:**

Produce a copy of any and all affidavits by Reilly-Benton Company, Inc. and/or any EMPLOYEE that Reilly-Benton Company, Inc. and/or any EMPLOYEE performed "CONTRACTING," "NON-PRODUCTS" and/or "OPERATIONS" on Reilly-Benton Company, Inc.'s behalf.

**REQUEST NO. 4:**

Produce a copy of any and all DOCUMENTS in your possession that specify Reilly-Benton Company, Inc. and/or any EMPLOYEE performed "CONTRACTING," "NON-PRODUCTS" and/or "OPERATIONS" on Reilly-Benton Company, Inc.'s behalf.

- 5 -

**REQUEST NO. 5:**

Produce a copy of any and all DOCUMENTS in connection with any affirmative responses in the corresponding Request for Admission propounded concurrently with these Requests for Production.

DATED: September 30, 2022

        Respectfully submitted,
        **LANDRY & SWARR, LLC**

        BY: /s/ Mickey P. Landry
        Mickey P. Landry (#22817)
        Frank J. Swarr (#22322)
        Matthew C. Clark (#31102)
        1100 Poydras Street, Ste. 2000
        New Orleans, LA 70130

        AND

        **CONGENI LAW FIRM, LLC**

        BY:   */s/Leo D. Congeni*
                LEO D. CONGENI (#25626)
                650 Poydras Street, Suite 2750
                New Orleans, LA 70130
                Telephone: 504-522-4848
                Facsimile: 504-910-3055
                Email: leo@congenilawfirm.com

        **Attorneys for the Landry & Swarr Creditors**