# EXHIBIT "F"

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | Case No. 17-12870 |
| REILLY-BENTON COMPANY, INC., | Chapter 7 |
| Debtor. | Section A |

## CENTURY INDEMNITY COMPANY'S OBJECTIONS AND RESPONSES TO THE LANDRY OBJECTORS' SUPPLEMENTAL INTERROGATORIES TO CENTURY INDEMNITY COMPANY, AS THE INSURER OF REILLY-BENTON COMPANY

Century Indemnity Company ("Century") hereby submits the following responses and objections to the supplemental interrogatories (the "Interrogatories") served by the "Landry & Swarr, LLC Objectors" (the "Objectors") on Century, as the insurer of Reilly-Benton Company.

### Preliminary Statement

1. These responses and objections are by Century only. These responses and objections are not by, and do not concern, any other party or entity.

2. Century has given the most complete responses it can at this time. Century reserves the right to amend and/or supplement these responses if and to the extent it learns of additional or different information. In particular, and without limiting the generality of the foregoing, Century reserves the right to amend and/or supplement its responses based on information learned as discovery and its own investigation of the facts proceeds.

### General Objections

Century objects generally to each and every Interrogatory on the following grounds. These General Objections are set forth here to avoid excessive duplication, and are

incorporated by reference into each and every one of Century's responses herein.

1. The Interrogatories were purportedly propounded by the "Landry & Swarr, LLC Objectors." The Interrogatories identify, in footnote 1, claimants represented by Landry & Swarr who have purportedly filed claims against Reilly-Benton, Inc. but not all of the listed persons filed an objection to *Trustee's Motion for an Order (A) Approving Settlement Agreement and Policy Release between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Century Parties, (B) Approving Sale of Insurance Policies to the Century Parties Free and Clear of All Interests, and (C) Entering Injunction to Enforce the Free and Clear Aspect of the Sale of the Century Policies* (the "Trustee's Motion") and thus lack standing, or may lack standing, to object to the Trustee's Motion or to serve discovery on Century. Moreover, earlier today the Court entered an order (Dkt. No. 321) striking the objections filed by Donald Bridges and Mary Sanderson to the Trustee's Motion and ruling that the heirs of Donald Bridges and Mary Sanderson could not be "substituted" in their place as objectors to the Trustee's Motion. Century objects to, and is not obligated to respond to, discovery from persons who are not proper objectors to the Trustee's Motion.

2. Century objects to the Interrogatories because they seek information that is not relevant to any issue properly presented in the contested matter commenced by the Trustee's Motion. Whether Reilly-Benton conducted particular operations at particular locations during particular years is not relevant because there is no way to tell if these Interrogatories relate to the work history of any person who is a proper objector to the Trustee's Motion and represented by Landry & Swarr, LLC. As a result, each and every one of the Interrogatories is improper and objectionable.

3. The contested matter to which the Interrogatories relate is the Trustee's Motion, which is brought under Bankruptcy Rule 9019. In connection therewith, the

bankruptcy court must determine that a proposed settlement is "fair and equitable and in the best interest of the estate." To evaluate the probability of success in litigation, a bankruptcy court should not conduct a mini-trial but, rather, should "only apprise [it]self of the relevant facts and law so that [it] can make an informed and intelligent decision." When a trustee seeks approval to settle a claim, the court need not "'establish[ ] as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable.'" Rather, it should "'canvass the issues' and determine whether the settlement falls 'below the lowest point in the range of reasonableness.'" Century objects to the Interrogatories on the grounds that they are unduly burdensome, and not proportional to the needs of the case, to the extent that the Interrogatories seek information that might be relevant were the parties litigating the merits of the claims that the Trustee is seeking to settle, but which are not needed for, or relevant to, the limited exploration of issues authorized in a contested matter under Rule 9019. In that regard, in ruling on Century's Motion to Quash Rule 30(b)(6) depositions, the Court quashed all deposition topics regarding any paid claims because those are "water under the bridge."[1] Moreover, courts have held that discovery that might be appropriate regarding the merits of the dispute that is the subject of a Rule 9019 motion is not required in connection with a Rule 9019 motion, lest the benefits of settlement be dissipated. Therefore, for the same reason, information sought by the Interrogatories about past claims is irrelevant, unnecessary for the Court's consideration of the Trustee's Motion, and unduly burdensome, and therefore objectionable.

        4.        Century objects to the Interrogatories' definitions of "PERSON" and "IDENTIFY" as vague, ambiguous, and unduly burdensome because in the Definitions section

---

[1] Transcript of September 14, 2022 Hearing at 124:14-16.

these terms appear as all-capitalized terms, yet the Interrogatories include the words "person," and "Identify," as non-capitalized terms. It is therefore unclear whether these terms in the Interrogatories have the same meaning that is provided for the capitalized terms in the Definitions section.

      5.      Century objects to each Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product rule, the common interest doctrine, or any other judicially-recognized privilege or protection. In responding to these Interrogatories, Century does not waive or intend to waive, but rather intends to preserve and is preserving, all of its rights under the attorney-client privilege, the attorney work-product rule, the common interest doctrine, and every other judicially recognized privilege or protection with respect to all information and documents subject thereto. Confidential, privileged, or protected information that may be responsive to a particular Interrogatory is not provided in these responses and will not be provided in future responses.

      6.      Century's responses to the Interrogatories are based on information available to Century after a reasonable inquiry and diligent investigation. However, Century has not searched, and will not search, each and every record in its possession, custody, or control, as such a search would be unreasonable, unduly burdensome, harassing, and oppressive under the circumstances, and not proportional to the needs of the case. To the extent that the Interrogatories purport to require Century to conduct more than a reasonable and diligent search such as described above, Century objects that they are overbroad, unduly burdensome, harassing, and oppressive.

      7.      Century objects to each Interrogatory to the extent it seeks to impose burdens and obligations exceeding those imposed by the Federal Rules of Civil Procedure, the

Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court. Century will respond to these Interrogatories according to the requirements of the aforementioned Rules, subject to all applicable objections and protections.

8. Century objects to each Interrogatory as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent that it seeks information not reasonably available to Century nor within its possession, custody, or control.

9. Century objects to each Interrogatory to the extent that it seeks information concerning legal contentions and supporting facts not reasonably ascertainable or available at this stage of the proceedings, on the ground that each such Interrogatory is overbroad, unduly burdensome, harassing, oppressive, and premature. Century reserves the right to amend or supplement its response to any such Interrogatory.

10. Century objects to each Interrogatory seeking disclosure of the mental impressions, opinions, conclusions, or legal theories of Century, or its counsel or other representatives, or other counsel with whom Century and its counsel have a common legal interest.

11. Century objects to each Interrogatory purporting to describe Century's contentions or positions to the extent that such Interrogatory misstates or mischaracterizes Century's contentions or positions, on the grounds that each such Interrogatory is vague, ambiguous, harassing, and oppressive.

12. Century objects to each Interrogatory to the extent that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, seeks information neither relevant to the Trustee's Motion nor reasonably calculated to lead to the discovery of admissible evidence, seeks information equally available to the Landry Objectors from other sources, is not

proportional to the needs of the case, or is improper for any reason.

13. Century objects to each Interrogatory to the extent that it requests information that would violate any constitutional, statutory, or common law privacy interest of any current or former employee or representative of Century, any current or former policyholder of Century, or any other person or entity.

14. Century objects to each Interrogatory to the extent that it seeks information concerning a time period other than the one appropriate to the particular Interrogatory in question on the grounds that it is overbroad, unduly burdensome, harassing, oppressive, not proportional to the needs of the case, and seeks information neither relevant to the subject matter of the Trustee's Motion nor reasonably calculated to lead to the discovery of admissible evidence.

15. Century objects to each and every Interrogatory that specifies no time period on the grounds that each such Interrogatory is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

16. Century objects to each Interrogatory to the extent that it seeks information concerning trade secrets or proprietary or other confidential business information.

17. In providing these responses, Century does not waive or intend to waive, but rather intends to preserve and are preserving, each of the following: (a) all objections to competency, relevancy, materiality, authenticity, and admissibility of any information, including, but not limited to, information provided herein; (b) all rights to object on any ground to the use, in any proceedings, in this bankruptcy case or otherwise, of any information, including, but not limited to, information provided herein; and (c) all rights to object on any grounds to any further Interrogatories, or other discovery requests.

18. These General Objections are applicable to and incorporated into each of Century's responses below, as if specifically stated therein. The stating of specific objections to a particular Interrogatory shall not be construed as a waiver of Century's General Objections. Unless otherwise specified, Century's objections to each of the Interrogatories apply to the entire Interrogatory, including each and every subsection and subpart thereof.

**Specific Objections and Responses to Interrogatories**

Century incorporates the foregoing General Objections into each of the following responses to individual Interrogatories, and into each amendment, supplement, or modification to these responses that Century may later provide. By making these separate responses, Century does not waive or intend to waive any of their General Objections, but rather intends to preserve and assert, and is preserving or asserting, each of its General Objections.

**INTERROGATORY NO. 1:**

State the name, address, job title, length of time employed by YOU, and a year-by-year list of all other positions, titles, or jobs held when working for YOU of each person who has supplied any information used in answering these interrogatories.

**Response to Interrogatory No. 1:**

Century incorporates by reference its General Objections as if stated here in full.

Century objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product rule (including, without limitation, the mental impressions, opinions, conclusions, or legal theories of Century or its counsel), the joint defense or joint efforts doctrine/privilege, the common interest privilege, or any other applicable privilege.

Century also objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information that is confidential, proprietary, or sensitive as to persons who are not themselves parties to this contested matter.

Subject to, and without waiving any of the foregoing objections, Century responds to this Interrogatory as follows: Century states that these are the corporate responses of Century prepared with the assistance of its counsel and verified on Century's behalf by Joseph Arnold, who is Vice President, Direct Claims, at Brandywine Group of Insurance and Reinsurance Companies, and authorized to verify these interrogatory responses on behalf of Century.

**INTERROGATORY NO. 2:**

For every facility, company and/or location where "CONTRACTING," "NON-PRODUCTS" or "OPERATIONs" were performed by Reilly-Benton Company, Inc., Identify: (a) the nature of the operational activity being performed by Reilly-Benton workers; (b) the specific location during an operational activity of Reilly-Benton workers; (c) the specific time period and duration of operational activity of Reilly-Benton workers; (d) all witnesses to the operational activity of Reilly-Benton workers; (e) all documents or other evidence of the operational activity of Reilly-Benton workers; and (f) all prior testimony or statements given by anyone while being exposed to an operational activity of Reilly-Benton workers, whether such prior testimony or statements support a "NON-PRODUCTS" or "OPERATIONs" claim or not.

**Response to Interrogatory No. 2:**

Century incorporates by reference its General Objections as if stated here in full.

Century objects to this Interrogatory as vague and ambiguous to the extent it uses the term "Identify," because it is not clear whether the non-capitalized version of this term used in the Interrogatory has the same meaning as the all-capitalized, defined term. Century will respond to this Interrogatory using the definition of "IDENTIFY," as provided for in the Definitions of the Interrogatories.

Century also objects to this Interrogatory as vague, ambiguous, and unduly burdensome, and not proportional to the needs of the case, to the extent that it purports to include unidentified or unidentifiable persons or entities other than Century.

Century objects to this Interrogatory as compound because it has six subparts and relates to an indeterminate number of "facility[ies], company[ies], and/or location[s]" and thus – both alone and in tandem with the interrogatories served by the Landry Objectors on Century on or about August 12, 2022 (the "First Set of Landry Interrogatories") – exceeds the numerosity limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure.

Century further objects to this Interrogatory as overly broad and unduly burdensome because it asks for "all DOCUMENTS or other evidence of the operational activity of Reilly-Benton workers" and "all prior testimony or statements given by anyone while being exposed to an operational activity of Reilly-Benton workers." Century merely sold insurance coverage to Reilly-Benton; Century did not conduct Reilly-Benton's operations and had no direct knowledge of those operations. Moreover, Century was not responsible for maintaining prior testimony or statements of persons concerning their exposure to operations that may have been conducted by Reilly-Benton.

Subject to, and without waiving any of the foregoing objections, Century responds to this Interrogatory as follows: Century does not have any information to provide in

response to this Interrogatory because it is not Reilly Benton Company, Inc.

**INTERROGATORY NO. 3:**

Identify each and every fact witness whom YOU will call or anticipate calling to testify at trial and, for each such fact witness, describe in detail the subject matter of the Person's anticipated testimony.

**Response to Interrogatory No. 3:**

Century incorporates by reference its General Objections as if stated here in full.

Century objects to this Interrogatory as vague, ambiguous, unduly burdensome, and not proportional to the needs of the case.

Century also objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product rule (including, without limitation, the mental impressions, opinions, conclusions, or legal theories of Century or its counsel), the joint defense or joint efforts doctrine/privilege, the common interest privilege, or any other applicable privileges or protection. In particular, Century objects to the Interrogatory on the foregoing grounds to the extent it purports to require Century to "describe in detail the subject matter of" any potential witness' testimony.

Century further objects to this Interrogatory on the grounds that it is premature because discovery is ongoing.

Century also objects to this Interrogatory on the grounds that it is unduly burdensome and harassing because Century already responded to a similar interrogatory in the First Set of Landry Interrogatories.

Subject to, and without waiving any of the foregoing objections, Century responds to this Interrogatory as follows: Century has made no decisions about who its

witnesses, if any, will or may be. Century will identify any witnesses that it intends to call to testify at the hearing on the Trustee's Motion by the deadline set by the Court for parties to submit their witness lists or such earlier time as agreed by Century and any other party involved in this contested matter.

**INTERROGATORY NO. 4:**

Identify each and every expert witness whom YOU will call or anticipate calling to testify at trial and, for each such expert witness, describe in detail the subject matter of the Person's anticipated testimony.

**Response to Interrogatory No. 4:**

Century incorporates by reference its General Objections as if stated here in full.

Century objects to this Interrogatory as vague, ambiguous, unduly burdensome, and not proportional to the needs of the case.

Century also objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product rule (including, without limitation, the mental impressions, opinions, conclusions, or legal theories of Century or its counsel), the joint defense or joint efforts doctrine/privilege, the common interest privilege, or any other applicable privileges or protection. In particular, Century objects to the Interrogatory on the foregoing grounds to the extent it purports to require Century to "describe in detail the subject matter of" any potential witness' testimony.

Century further objects to this Interrogatory on the grounds that it is premature because discovery is ongoing.

Century also objects to this Interrogatory on the grounds that it is unduly burdensome and harassing because Century already responded to a similar interrogatory in the First Set of Landry Interrogatories.

Subject to, and without waiving any of the foregoing objections, Century responds to this Interrogatory as follows: Century has made no decisions about who its witnesses, if any, will or may be. Century will identify any witnesses that it intends to call to testify at the hearing on the Trustee's Motion by the deadline set by the Court for parties to submit their witness lists or such earlier time as agreed by Century and any other party involved in this contested matter.

DATED: October 31, 2022

/s/ *James M. Garner*
James M. Garner
Martha Curtis
SHER GARNER CAHILL RICHTER KLEIN &
   HILBERT, LLC
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
E-mail: jgarner@shergarner.com;
mcurtis@shergarner.com

Mark D. Plevin (admitted pro hac vice)
Kevin D. Cacabelos
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
E-mail: mplevin@crowell.com,
kcacabelos@crowell.com

Tacie H. Yoon (admitted pro hac vice)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Email: tyoon@crowell.com

Attorneys for Century Indemnity Company

## VERIFICATION

I, Joseph A. Arnold, am Vice President, Direct Claims, at Brandywine Group of Insurance and Reinsurance Companies, and I am authorized to provide this verification on behalf of Century Indemnity Company. I believe, based on reasonable inquiry, that the foregoing answers are true and correct to the best of my knowledge, information, and belief.

I verify under penalty of perjury that the foregoing is true and correct. Executed on October 28, 2022 at Philadelphia, Pennsylvania.

*[signature]*