# EXHIBIT "G"

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | Case No. 17-12870 |
| REILLY-BENTON COMPANY, INC. | Chapter 7 |
| Debtors. | Section A |

## CENTURY INDEMNITY COMPANY'S OBJECTIONS AND RESPONSES TO THE LANDRY OBJECTORS' SUPPLEMENTAL REQUESTS FOR PRODUCTION OF DOCUMENTS TO CENTURY INDEMNITY COMPANY, AS THE INSURER OF REILLY-BENTON COMPANY

Century Indemnity Company ("Century") hereby submits the following responses and objections to the supplemental requests for production of documents (the "Requests") served by the "Landry & Swarr, LLC Objectors" (the "Objectors") on Century, as the insurer of Reilly-Benton Company.

### Preliminary Statement

1. These responses and objections are by Century only. These responses and objections are not by, and do not concern, any other party or entity.

2. Century has given the most complete responses it can at this time. Century reserves the right to amend and/or supplement these responses if and to the extent it learns of additional or different information. In particular, and without limiting the generality of the foregoing, Century reserves the right to amend and/or supplement its responses based on information learned as discovery and its own investigation of the facts proceeds.

### General Objections

Century objects generally to each and every Request on the following grounds. These General Objections are set forth here to avoid excessive duplication, and are incorporated

by reference into each and every one of Century's responses herein.

1. The Requests were purportedly propounded by the "Landry & Swarr, LLC Objectors." The Requests identify, in footnote 1, claimants represented by Landry & Swarr who have purportedly filed claims against Reilly-Benton, Inc., but not all of the listed persons filed an objection to *Trustee's Motion for an Order (A) Approving Settlement Agreement and Policy Release between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Century Parties, (B) Approving Sale of Insurance Policies to the Century Parties Free and Clear of All Interests, and (C) Entering Injunction to Enforce the Free and Clear Aspect of the Sale of the Century Policies* (the "Trustee's Motion"), and thus lack standing, or may lack standing, to object to the Trustee's Motion or to serve discovery on Century. Moreover, earlier today the Court entered an order (Dkt. No. 321) striking the objections filed by Donald Bridges and Mary Sanderson to the Trustee's Motion and ruling that the heirs of Donald Bridges and Mary Sanderson could not be "substituted" in their place as objectors to the Trustee's Motion. That motion is under submission to the Court. Century objects to, and is not obligated to respond to, discovery from persons who are not proper objectors to the Trustee's Motion.

2. Century objects to the Requests because they seek information that is not relevant to any issue properly presented in the contested matter commenced by the Trustee's Motion. The documents sought bear no apparent relation to the work history of any person who is a proper objector to the Trustee's Motion and represented by Landry & Swarr, LLC, and are not otherwise relevant or likely to lead to the discovery of admissible evidence. As a result, each and every one of the Requests is improper and objectionable.

3. The contested matter to which the Requests purportedly relate is the Trustee's Motion, which is brought under Bankruptcy Rule 9019. In connection therewith, the

bankruptcy court must determine that a proposed settlement is "'fair and equitable and in the best interest of the estate.'" To evaluate the probability of success in litigation, a bankruptcy court should not conduct a mini-trial but, rather, should "only apprise [it]self of the relevant facts and law so that [it] can make an informed and intelligent decision." When a trustee seeks approval to settle a claim, the court need not "'establish[ ] as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable.'" Rather, it should "'canvass the issues' and determine whether the settlement falls 'below the lowest point in the range of reasonableness.'" Century objects to the Requests on the grounds that they are unduly burdensome, and not proportional to the needs of the case, to the extent that the Requests seek information that might be relevant were the parties litigating the merits of the claims that the Trustee is seeking to settle, but which are not needed for, or relevant to, the limited exploration of issues authorized in a contested matter under Rule 9019. In that regard, in ruling on Century's Motion to Quash Rule 30(b)(6) depositions, the Court quashed all deposition topics regarding any paid claims because those are "water under the bridge."[1] Moreover, courts have held that discovery that might be appropriate regarding the merits of the dispute that is the subject of a Rule 9019 motion is not required in connection with a Rule 9019 motion, lest the benefits of settlement be dissipated. Therefore, the information sought by the Interrogatories about past claims is irrelevant, unnecessary for the Court's consideration of the Trustee's Motion, and unduly burdensome, and therefore objectionable.

        4.        Century objects to Definition 6, "DOCUMENT" to the extent it is inconsistent with the definition of "documents or electronically stored information" as

---

[1] Transcript of September 14, 2022 Hearing at 124:14-16.

described in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. Century will respond to these Requests using the definition of "documents" as provided by the Federal Rules of Civil Procedure.

5. Century objects to each Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product rule, the common interest doctrine, or any other judicially-recognized privilege or protection. In responding to these Requests, Century does not waive or intend to waive, but rather intends to preserve and is preserving, all of its rights under the attorney-client privilege, the attorney work-product rule, the common interest doctrine, and every other judicially recognized privilege or protection with respect to all information and documents subject thereto. Confidential, privileged, or protected information that may be responsive to a particular Request is not provided in these responses and will not be provided in future responses.

6. Century's responses to the Requests are based on information available to Century after a reasonable inquiry and diligent investigation. However, Century has not searched, and will not search, each and every record in its possession, custody, or control, as such a search would be unreasonable, unduly burdensome, harassing, and oppressive under the circumstances, and not proportional to the needs of the case. To the extent that the Requests purport to require Century to conduct more than a reasonable and diligent search such as described above, Century objects that they are overbroad, unduly burdensome, harassing, and oppressive.

7. Century objects to each Request to the extent it seeks to impose burdens and obligations exceeding those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court. Century will respond to these

Requests according to the requirements of the aforementioned Rules, subject to all applicable objections and protections.

8. Century objects to each Request as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent that it seeks information not reasonably available to Century nor within its possession, custody, or control.

9. Century objects to each Request to the extent that it seeks information concerning legal contentions and supporting facts not reasonably ascertainable or available at this stage of the proceedings, on the ground that each such Request is overbroad, unduly burdensome, harassing, oppressive, and premature. Century reserves the right to amend or supplement its response to any such Request.

10. Century objects to each Request seeking disclosure of the mental impressions, opinions, conclusions, or legal theories of Century, or its counsel or other representatives, or other counsel with whom Century and its counsel have a common legal interest.

11. Century objects to each Request purporting to describe Century's contentions or positions to the extent that such Request misstates or mischaracterizes Century's contentions or positions, on the grounds that each such Request is vague, ambiguous, harassing, and oppressive.

12. Century objects to each Request to the extent that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, seeks information neither relevant to the Trustee's Motion nor reasonably calculated to lead to the discovery of admissible evidence, seeks information equally available to the Landry Objectors from other sources, is not proportional to the needs of the case, or is improper for any reason.

- 5 -

13. Century objects to each Request to the extent that it requests information that would violate any constitutional, statutory, or common law privacy interest of any current or former employee or representative of Century, any current or former policyholder of Century, or any other person or entity.

14. Century objects to each Request to the extent that it seeks information concerning a time period other than the one appropriate to the particular Request in question on the grounds that it is overbroad, unduly burdensome, harassing, oppressive, not proportional to the needs of the case, and seeks information neither relevant to the subject matter of the Trustee's Motion nor reasonably calculated to lead to the discovery of admissible evidence.

15. Century objects to each and every Request that specifies no time period on the grounds that each such Request is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

16. Century objects to each Request to the extent that it seeks information concerning trade secrets or proprietary or other confidential business information.

17. In providing these responses, Century does not waive or intend to waive, but rather intends to preserve and are preserving, each of the following: (a) all objections to competency, relevancy, materiality, authenticity, and admissibility of any information, including, but not limited to, information provided herein; (b) all rights to object on any ground to the use, in any proceedings, in this bankruptcy case or otherwise, of any information, including, but not limited to, information provided herein; and (c) all rights to object on any grounds to any further Requests, or other discovery requests.

18. These General Objections are applicable to and incorporated into each of Century's responses below, as if specifically stated therein. The stating of specific objections to

- 6 -

a particular Request shall not be construed as a waiver of Century's General Objections. Unless otherwise specified, Century's objections to each of the Requests apply to the entire Request, including each and every subsection and subpart thereof.

### Specific Objections and Responses to Requests

Century incorporates the foregoing General Objections into each of the following responses to individual Requests, and into each amendment, supplement, or modification to these responses that Century may later provide. By making these separate responses, Century does not waive or intend to waive any of its General Objections, but rather intends to preserve and assert, and is preserving and asserting, each of their General Objections.

**REQUEST NO. 1:**

Produce a full copy of any transcripts of deposition and/or trial testimony given by your insured, Reilly-Benton Company, Inc. and/or by any employee of Reilly-Benton Company, Inc. that discuss "CONTRACTING," "NON-PRODUCTS" and/or "OPERATIONS" on Reilly-Benton Company, Inc.'s behalf. [This request shall exclude what has already been provided by Landry & Swarr Objections *[sic]* in response to discovery requests previously propounded].

**Response to Request No. 1:**

Century incorporates by reference its General Objections as if stated here in full. Century also makes the following specific objections:

Century objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks Century to produce documents that are not reasonably available to Century or within its possession, custody, or control.

Century also objects to this request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Century further objects to this Request on the grounds that it seeks information that is not relevant to the determination of the Trustee's Motion or to this bankruptcy case, is overbroad, unduly burdensome, and not proportional to the needs of the case, especially to the extent that it requests documents relating to persons who are not objectors in this contested matter.

Century will not produce any documents in response to this Request.

**REQUEST NO. 2:**

Produce a copy of any and all contracts that Reilly-Benton Company, Inc. entered into that specify that Reilly-Benton Company, Inc. and/or any EMPLOYEE performed "CONTRACTING," "NON-PRODUCTS" and/or "OPERATIONS" on Reilly-Benton Company, Inc.'s behalf.

**Response to Request No. 2:**

Century incorporates by reference its General Objections as if stated here in full. Century also makes the following specific objections:

Century objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks Century to produce documents that are not reasonably available to Century or within its possession, custody, or control.

Century also objects to this Request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks

documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Century further objects to this Request on the grounds that it seeks information that is not relevant to the determination of the Trustee's Motion or to this bankruptcy case is overbroad, unduly burdensome, and not proportional to the needs of the case, especially to the extent that it requests documents relating to persons who are not objectors in this contested matter.

Century will not produce any documents in response to this Request.

**REQUEST NO. 3:**

Produce a copy of any and all affidavits by Reilly-Benton Company, Inc. and/or any EMPLOYEE that Reilly-Benton Company, Inc. and/or any EMPLOYEE performed "CONTRACTING," "NON-PRODUCTS" and/or "OPERATIONS" on Reilly-Benton Company, Inc.'s behalf.

**Response to Request No. 3:**

Century incorporates by reference its General Objections as if stated here in full. Century also makes the following specific objections:

Century objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks Century to produce documents that are not reasonably available to Century or within its possession, custody, or control.

Century also objects to this Request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Century further objects to this Request on the grounds that it seeks information that is not relevant to the determination of the Trustee's Motion or to this bankruptcy case, is overbroad, unduly burdensome, and not proportional to the needs of the case, especially to the extent that it requests documents relating to persons who are not objectors in this contested matter.

Century will not produce any documents in response to this Request.

**REQUEST NO. 4:**

Produce a copy of any and all DOCUMENTS in your possession that specify Reilly-Benton Company, Inc. and/or any EMPLOYEE performed "CONTRACTING," "NON-PRODUCTS" and/or "OPERATIONS" on Reilly-Benton Company, Inc.'s behalf.

**Response to Request No. 4:**

Century incorporates by reference its General Objections as if stated here in full. Century also makes the following specific objections:

Century objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks Century to produce documents that are not reasonably available to Century or within its possession, custody, or control.

Century also objects to this Request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Century further objects to this Request on the grounds that it seeks information that is not relevant to the determination of the Trustee's Motion or to this bankruptcy case, is overbroad, unduly burdensome, and not proportional to the needs of the case, especially to the

extent that it requests documents relating to persons who are not objectors in this contested matter.

Century will not produce any documents in response to this Request.

**REQUEST NO. 5:**

Produce a copy of any and all DOCUMENTS in connection with any affirmative responses in the corresponding Request for Admission propounded concurrently with these Requests for Production.

**Response to Request No. 5:**

Century incorporates by reference its General Objections as if stated here in full. Century also makes the following specific objections:

Century objects to this Request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Century further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it requests documents that are irrelevant to the Trustee's Motion and this bankruptcy case.

Century did not make any "affirmative responses" to any of the Requests for Admissions propounded by the Landry Objectors on Century, and therefore is not obligated to respond to this Request.

DATED: October 31, 2022

/s/ James M. Garner
James M. Garner
Martha Curtis
SHER GARNER CAHILL RICHTER KLEIN & HILBERT, LLC

909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
E-mail: jgarner@shergarner.com;
mcurtis@shergarner.com

Mark D. Plevin (admitted pro hac vice)
Kevin D. Cacabelos
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
E-mail: mplevin@crowell.com,
kcacabelos@crowell.com

Tacie H. Yoon (admitted pro hac vice)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Email: tyoon@crowell.com

Attorneys for Century Indemnity Company

69812361