# EXHIBIT "H"

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| In re: | Case No. 17-12870 |
| REILLY-BENTON COMPANY, INC., | Chapter 7 |
| Debtor. | Section A |

**CENTURY INDEMNITY COMPANY'S OBJECTIONS AND
RESPONSES TO THE LANDRY OBJECTORS' SUPPLEMENTAL REQUESTS
FOR ADMISSION TO CENTURY INDEMNITY COMPANY, AS THE INSURER
OF REILLY-BENTON COMPANY**

Century Indemnity Company ("Century") hereby submits the following responses and objections to the supplemental requests for admission (the "RFAs") served by the "Landry & Swarr, LLC Objectors" (the "Objectors") on Century, as the insurer of Reilly-Benton Company.

**Preliminary Statement**

1. These responses and objections are by Century only. These responses and objections are not by, and do not concern, any other party or entity.

2. Century has given the most complete responses it can at this time. Century reserves the right to amend and/or supplement these responses if and to the extent it learns of additional or different information. In particular, and without limiting the generality of the foregoing, Century reserves the right to amend and/or supplement its responses based on information learned as discovery and its own investigation of the facts proceeds.

**General Objections**

Century objects generally to each and every RFA on the following grounds. These General Objections are set forth here to avoid excessive duplication, and are incorporated by reference into each and every one of Century's responses herein.

1.  The RFAs were purportedly propounded by the "Landry & Swarr, LLC Objectors." The RFAs identify, in footnote 1, claimants represented by Landry & Swarr who have purportedly filed claims against Reilly-Benton, Inc., but not all of the listed persons filed an objection to *Trustee's Motion for an Order (A) Approving Settlement Agreement and Policy Release between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Century Parties, (B) Approving Sale of Insurance Policies to the Century Parties Free and Clear of All Interests, and (C) Entering Injunction to Enforce the Free and Clear Aspect of the Sale of the Century Policies* (the "Trustee's Motion"), and thus lack standing, or may lack standing, to object to the Trustee's Motion or to serve discovery on Century. Moreover, earlier today the Court entered an order (Dkt. No. 321) striking the objections filed by Donald Bridges and Mary Sanderson to the Trustee's Motion and ruling that the heirs of Donald Bridges and Mary Sanderson could not be "substituted" in their place as objectors to the Trustee's Motion. Century objects to, and is not obligated to respond to, discovery from persons who are not proper objectors to the Trustee's Motion.

2.  Century objects to the RFAs because they seek information that is not relevant to any issue properly presented in the contested matter commenced by the Trustee's Motion. Whether Reilly-Benton conducted particular operations at particular locations during particular years is not relevant to any issue in this contested matter because, among other things, there is no way to tell if these RFAs relate to the work history of any person who is a proper objector to the Trustee's Motion and represented by Landry & Swarr, LLC. As a result, each and every one of the RFAs is improper and objectionable.

3.  The contested matter to which the RFAs purportedly relate is the Trustee's Motion, which is brought under Bankruptcy Rule 9019. In connection therewith, the bankruptcy court must determine that a proposed settlement is "fair and equitable and in the best interest of the estate." To evaluate the probability of success in litigation, a bankruptcy

court should not conduct a mini-trial but, rather, should "only apprise [it]self of the relevant facts and law so that [it] can make an informed and intelligent decision." When a trustee seeks approval to settle a claim, the court need not "'establish[ ] as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable.'" Rather, it should "'canvass the issues' and determine whether the settlement falls 'below the lowest point in the range of reasonableness.'" Century objects to the RFAs on the grounds that they are unduly burdensome, and not proportional to the needs of the case, to the extent that the RFAs seek admissions that might be relevant were the parties litigating the merits of the claims that the Trustee is seeking to settle, but which are not needed for, or relevant to, the limited exploration of issues authorized in a contested matter under Rule 9019. In that regard, in ruling on Century's Motion to Quash Rule 30(b)(6) depositions, the Court quashed all deposition topics regarding any paid claims because those are "water under the bridge."[1] Moreover, courts have held that discovery that might be appropriate regarding the merits of the dispute that is the subject of a Rule 9019 motion is not required in connection with a Rule 9019 motion, lest the benefits of settlement be dissipated. Therefore, the information sought by the RFAs about past claims is irrelevant, unnecessary for the Court's consideration of the Trustee's Motion, and unduly burdensome, and therefore objectionable.

        4.      Century objects to each RFA to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product rule, the common interest doctrine, or any other judicially-recognized privilege or protection. In responding to these RFAs, Century does not waive or intend to waive, but rather intends to preserve and is preserving, all of its rights under the attorney-client privilege, the attorney work-product rule,

---

[1] Transcript of September 14, 2022 Hearing at 124:14-16.

the common interest doctrine, and every other judicially recognized privilege or protection with respect to all information and documents subject thereto. Confidential, privileged, or protected information that may be responsive to a particular RFA is not provided in these responses and will not be provided in future responses.

5. Century's responses to the RFAs are based on information available to Century after a reasonable inquiry and diligent investigation. However, Century has not searched, and will not search, each and every record in its possession, custody, or control, as such a search would be unreasonable, unduly burdensome, harassing, and oppressive under the circumstances, and not proportional to the needs of the case. To the extent that the RFAs purport to require Century to conduct more than a reasonable and diligent search such as described above, Century objects that they are overbroad, unduly burdensome, harassing, and oppressive.

6. Century objects to each RFA to the extent it seeks to impose burdens and obligations exceeding those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court. Century will respond to these RFAs according to the requirements of the aforementioned Rules, subject to all applicable objections and protections.

7. Century objects to each RFA as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent that it seeks information not reasonably available to Century nor within its possession, custody, or control.

8. Century objects to each RFA to the extent that it seeks information concerning legal contentions and supporting facts not reasonably ascertainable or available at this stage of the proceedings, on the ground that each such RFA is overbroad, unduly burdensome, harassing, oppressive, and premature. Century reserves the right to amend or

supplement its response to any such RFA.

9. Century objects to each RFA seeking disclosure of the mental impressions, opinions, conclusions, or legal theories of Century, or its counsel or other representatives, or other counsel with whom Century and its counsel have a common legal interest.

10. Century objects to each RFA purporting to describe Century's contentions or positions to the extent that such RFA misstates or mischaracterizes Century's contentions or positions, on the grounds that each such RFA is vague, ambiguous, harassing, and oppressive.

11. Century objects to each RFA to the extent that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, seeks information neither relevant to the Trustee's Motion nor reasonably calculated to lead to the discovery of admissible evidence, seeks information equally available to the Objectors from other sources, is not proportional to the needs of the case, or is improper for any reason.

12. Century objects to each RFA to the extent that it requests information that would violate any constitutional, statutory, or common law privacy interest of any current or former employee or representative of Century, any current or former policyholder of Century, or any other person or entity.

13 Century objects to each RFA to the extent that it seeks information concerning a time period other than the one appropriate to the particular RFA in question on the grounds that it is overbroad, unduly burdensome, harassing, oppressive, not proportional to the needs of the case, and seeks information neither relevant to the subject matter of the Trustee's Motion nor reasonably calculated to lead to the discovery of admissible evidence.

14. Century objects to each and every RFA that specifies no time period on

the grounds that each such RFA is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

15. Century objects to each RFA to the extent that it seeks information concerning trade secrets or proprietary or other confidential business information.

16. In providing these responses, Century does not waive or intend to waive, but rather intends to preserve and is preserving, each of the following: (a) all objections to competency, relevancy, materiality, authenticity, and admissibility of any information, including, but not limited to, information provided herein; (b) all rights to object on any ground to the use, in any proceedings, in this bankruptcy case or otherwise, of any information, including, but not limited to, information provided herein; and (c) all rights to object on any grounds to any further RFAs, or other discovery requests.

17. These General Objections are applicable to and incorporated into each of Century's responses below, as if specifically stated therein. The stating of specific objections to a particular RFA shall not be construed as a waiver of Century's General Objections. Nor shall the stating of a response to a particular RFA be construed as a waiver of Century's General Objections. Unless otherwise specified, Century's objections to each of the RFAs apply to the entire RFA, including each and every subsection and subpart thereof.

### Specific Objections and Responses to RFAs

Century incorporates the foregoing General Objections into each of the following responses to individual RFAs, and into each amendment, supplement, or modification to these responses that Century may later provide. By making these separate responses, Century does not waive or intend to waive any of their General Objections, but rather intends to preserve and assert, and is preserving and asserting, each of its General Objections.

**REQUEST NOS. 1 TO 242**

Admit that YOU have no information to dispute that Reilly-Benton Company, Inc. performed CONTRACTING, OPERATIONS and/or NON-PRODUCTS work at [location] in [city, state] during the year [year].

**Response to Request Nos. 1 to 242:**

Century incorporates by reference its General Objections as if stated here in full.

Based on its objections, Century is not required to answer any of the Requests.

DATED: October 31, 2022

/s/ James M. Garner
James M. Garner
Martha Curtis
SHER GARNER CAHILL RICHTER KLEIN &
    HILBERT, LLC
909 Poydras Street, Suite 2800
New Orleans, Louisiana 70112
E-mail: jgarner@shergarner.com;
mcurtis@shergarner.com

Mark D. Plevin (admitted pro hac vice)
Kevin D. Cacabelos
CROWELL & MORING LLP
Three Embarcadero Center, 26th Floor
San Francisco, California 94111
Phone: (415) 986-2800
E-mail: mplevin@crowell.com,
kcacabelos@crowell.com

Tacie H. Yoon (admitted pro hac vice)
CROWELL & MORING LLP
1001 Pennsylvania Ave., N.W.
Washington, D.C. 20004
Phone: (202) 624-2500
Email: tyoon@crowell.com

Attorneys for Century Indemnity Company

69812093