# EXHIBIT "I"

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: | Case No. 17-12870 |
| REILLY-BENTON COMPANY, INC., | Chapter 7 |
| Debtor. | Section A |

**TRUSTEE'S OBJECTIONS AND RESPONSES TO THE LANDRY OBJECTORS' SUPPLEMENTAL INTERROGATORIES TO DAVID V. ADLER, TRUSTEE**

David V. Adler, Trustee ("Trustee") hereby submits the following responses and objections to the supplemental interrogatories (the "Interrogatories") served by the "Landry & Swarr, LLC Objectors" (the "Objectors") on Trustee.

**Preliminary Statement**

1. These responses and objections are by Trustee only. These responses and objections are not by, and do not concern, any other party or entity.

2. Trustee has given the most complete responses he can at this time. Trustee reserves the right to amend and/or supplement these responses if and to the extent he learns of additional or different information. In particular, and without limiting the generality of the foregoing, Trustee reserves the right to amend and/or supplement his responses based on information learned as discovery and his own investigation of the facts proceeds.

**General Objections**

Trustee objects generally to each and every Interrogatory on the following grounds. These General Objections are set forth here to avoid excessive duplication, and are incorporated by reference into each and every one of Trustee's responses herein.

1. The Interrogatories were purportedly propounded by the "Landry &

Swarr, LLC Objectors."  The Interrogatories identify, in footnote 1, claimants represented by Landry & Swarr who have purportedly filed claims against Reilly-Benton, Inc., but not all of the listed persons filed an objection to (i) *Trustee's Motion for an Order (A) Approving Settlement Agreement and Policy Release between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Century Parties, (B) Approving Sale of Insurance Policies to the Century Parties Free and Clear of All Interests, and (C) Entering Injunction to Enforce the Free and Clear Aspect of the Sale of the Century Policies* [Dkt. No. 56] (the "Trustee's Century Motion") or (ii) *Trustee's Motion For An Order Approving Settlement Agreement Between The Chapter 7 Trustee For Reilly-Benton Company, Inc. and The Louisiana Insurance Guaranty Association* [Dkt. No. 48] (the "Trustee's LIGA Motion," collectively with the Trustee's Century Motion, the "Trustee's Motions"), and thus lack standing, or may lack standing, to object to the Trustee's Motions or to serve discovery on Trustee.  Moreover, a motion to strike the objections filed by Donald Bridges and Mary Sanderson to the Trustee's Century Motion was filed because Donald Bridges and Mary Sanderson were deceased at the time they purportedly objected to the Trustee's Century Motion, their purported objections are legal nullities, and the Court cannot authorize Landry & Swarr to "substitute" the heirs of Mr. Bridges and Ms. Sanderson as objectors to the Trustee's Century Motion.  (*See* Dkt. No. 192.)  That motion is under submission to the Court.  Trustee objects to, and is not obligated to respond to, discovery from persons who are not proper objectors to the Trustee's Motions.

    2. Trustee objects to the Interrogatories because they seek information that is not relevant to any issue properly presented in the contested matters commenced by the Trustee's Motions.  Whether Reilly-Benton conducted particular operations at particular locations during particular years is not relevant because there is no way to tell if these Interrogatories relate to the

work history of any person who is a proper objector to the Trustee's Motions and represented by Landry & Swarr, LLC. As a result, each and every one of the Interrogatories is improper and objectionable.

        3.        The contested matters to which the Interrogatories relate are the Trustee's Motions, which are brought under Bankruptcy Rule 9019. In connection therewith, the bankruptcy court must determine that a proposed settlement is "'fair and equitable and in the best interest of the estate.'" To evaluate the probability of success in litigation, a bankruptcy court should not conduct a mini-trial but, rather, should "only apprise [it]self of the relevant facts and law so that [it] can make an informed and intelligent decision." When a trustee seeks approval to settle a claim, the court need not "'establish[ ] as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable.'" Rather, it should "'canvass the issues' and determine whether the settlement falls 'below the lowest point in the range of reasonableness.'" Trustee objects to the Interrogatories on the grounds that they are unduly burdensome, and not proportional to the needs of the case, to the extent that the Interrogatories seek information that might be relevant were the parties litigating the merits of the claims that the Trustee is seeking to settle, but which are not needed for, or relevant to, the limited exploration of issues authorized in a contested matter under Rule 9019. In that regard, in ruling on Trustee's Motions to Quash Rule 30(b)(6) depositions, the Court quashed all deposition topics regarding any paid claims because those are "water under the bridge."[1] Moreover, courts have held that discovery that might be appropriate regarding the merits of the dispute that is the subject of a Rule 9019 motion is not required in connection with a Rule 9019 motion, lest the benefits of settlement be dissipated. Therefore, for the same reason, information sought by the Interrogatories about past

---

[1]     Transcript of September 14, 2022 Hearing at 124:14-16.

claims is irrelevant, unnecessary for the Court's consideration of the Trustee's Motions, and unduly burdensome, and therefore objectionable.

        4.        Trustee objects to the Interrogatories' definitions of "PERSON" and "IDENTIFY" as vague, ambiguous, and unduly burdensome because in the Definitions section these terms appear as all-capitalized terms, yet the Interrogatories include the words "person," and "Identify," as non-capitalized terms. It is therefore unclear whether these terms in the Interrogatories have the same meaning that is provided for the capitalized terms in the Definitions section.

        5.        Trustee objects to each Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product rule, the common interest doctrine, or any other judicially-recognized privilege or protection. In responding to these Interrogatories, Trustee does not waive or intend to waive, but rather intends to preserve and is preserving, all of his rights under the attorney-client privilege, the attorney work-product rule, the common interest doctrine, and every other judicially recognized privilege or protection with respect to all information and documents subject thereto. Confidential, privileged, or protected information that may be responsive to a particular Interrogatory is not provided in these responses and will not be provided in future responses.

        6.        Trustee's responses to the Interrogatories are based on information available to Trustee after a reasonable inquiry and diligent investigation. However, Trustee has not searched, and will not search, each and every record in his possession, custody, or control, as such a search would be unreasonable, unduly burdensome, harassing, and oppressive under the circumstances, and not proportional to the needs of the case. To the extent that the Interrogatories purport to require Trustee to conduct more than a reasonable and diligent search

such as described above, Trustee objects that they are overbroad, unduly burdensome, harassing, and oppressive.

7. Trustee objects to each Interrogatory to the extent it seeks to impose burdens and obligations exceeding those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court. Trustee will respond to these Interrogatories according to the requirements of the aforementioned Rules, subject to all applicable objections and protections.

8. Trustee objects to each Interrogatory as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent that it seeks information not reasonably available to Trustee nor within his possession, custody, or control.

9. Trustee objects to each Interrogatory to the extent that it seeks information concerning legal contentions and supporting facts not reasonably ascertainable or available at this stage of the proceedings, on the ground that each such Interrogatory is overbroad, unduly burdensome, harassing, oppressive, and premature. Trustee reserves the right to amend or supplement his response to any such Interrogatory.

10. Trustee objects to each Interrogatory seeking disclosure of the mental impressions, opinions, conclusions, or legal theories of Trustee, or his counsel or other representatives, or other counsel with whom Trustee and his counsel have a common legal interest.

11. Trustee objects to each Interrogatory purporting to describe Trustee's contentions or positions to the extent that such Interrogatory misstates or mischaracterizes Trustee's contentions or positions, on the grounds that each such Interrogatory is vague, ambiguous, harassing, and oppressive.

12. Trustee objects to each Interrogatory to the extent that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, seeks information neither relevant to the Trustee's Motions nor reasonably calculated to lead to the discovery of admissible evidence, seeks information equally available to the Landry Objectors from other sources, is not proportional to the needs of the case, or is improper for any reason.

13. Trustee objects to each Interrogatory to the extent that it requests information that would violate any constitutional, statutory, or common law privacy interest of any current or former employee or representative of Trustee, any current or former policyholder of Trustee, or any other person or entity.

14. Trustee objects to each Interrogatory to the extent that it seeks information concerning a time period other than the one appropriate to the particular Interrogatory in question on the grounds that it is overbroad, unduly burdensome, harassing, oppressive, not proportional to the needs of the case, and seeks information neither relevant to the subject matter of the Trustee's Motions nor reasonably calculated to lead to the discovery of admissible evidence.

15. Trustee objects to each and every Interrogatory that specifies no time period on the grounds that each such Interrogatory is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

16. Trustee objects to each Interrogatory to the extent that it seeks information concerning trade secrets or proprietary or other confidential business information.

17. In providing these responses, Trustee does not waive or intend to waive, but rather intends to preserve and are preserving, each of the following: (a) all objections to competency, relevancy, materiality, authenticity, and admissibility of any information, including, but not limited to, information provided herein; (b) all rights to object on any ground to the use,

in any proceedings, in this bankruptcy case or otherwise, of any information, including, but not limited to, information provided herein; and (c) all rights to object on any grounds to any further Interrogatories, or other discovery requests.

18. These General Objections are applicable to and incorporated into each of Trustee's responses below, as if specifically stated therein. The stating of specific objections to a particular Interrogatory shall not be construed as a waiver of Trustee's General Objections. Unless otherwise specified, Trustee's objections to each of the Interrogatories apply to the entire Interrogatory, including each and every subsection and subpart thereof.

**Specific Objections and Responses to Interrogatories**

Trustee incorporates the foregoing General Objections into each of the following responses to individual Interrogatories, and into each amendment, supplement, or modification to these responses that Trustee may later provide. By making these separate responses, Trustee does not waive or intend to waive any of his General Objections, but rather intends to preserve and assert, and is preserving or asserting, each of his General Objections.

**INTERROGATORY NO. 1:**

State the name, address, job title, length of time employed by YOU, and a year-by-year list of all other positions, titles, or jobs held when working for YOU of each person who has supplied any information used in answering these interrogatories.

**Response to Interrogatory No. 1:**

Trustee incorporates by reference his General Objections as if stated here in full.

Trustee objects to this Interrogatory to the extent it seeks information that is protected by the attorney-client privilege, the attorney work-product rule (including, without limitation, the mental impressions, opinions, conclusions, or legal theories of Trustee or his

counsel), the joint defense or joint efforts doctrine/privilege, the common interest privilege, or any other applicable privilege.

Trustee also objects to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent that it seeks information that is confidential, proprietary, or sensitive as to persons who are not themselves parties to these contested matters.

Subject to, and without waiving any of the foregoing objections, Trustee responds to this Interrogatory as follows: Trustee states that these are the responses of Trustee prepared with the assistance of his counsel and verified on Trustee's behalf by Trustee.

**INTERROGATORY NO. 2:**

For every facility, company and/or location where "CONTRACTING," "NON-PRODUCTS" or "OPERATIONs " were performed by Reilly-Benton Company, Inc., Identify: (a) the nature of the operational activity being performed by Reilly-Benton workers; (b) the specific location during an operational activity of Reilly-Benton workers; (c) the specific time period and duration of operational activity of Reilly-Benton workers; (d) all witnesses to the operational activity of Reilly-Benton workers; (e) all documents or other evidence of the operational activity of Reilly-Benton workers; and (f) all prior testimony or statements given by anyone while being exposed to an operational activity of Reilly-Benton workers, whether such prior testimony or statements support a "NON-PRODUCTS" or "OPERATIONs" claim or not.

**Response to Interrogatory No. 2:**

Trustee incorporates by reference his General Objections as if stated here in full.

Trustee objects to this Interrogatory as vague and ambiguous to the extent it uses the term "Identify," because it is not clear whether the non-capitalized version of this term used

in the Interrogatory has the same meaning as the all-capitalized, defined term. Trustee will respond to this Interrogatory using the definition of "IDENTIFY," as provided for in the Definitions of the Interrogatories.

Trustee also objects to this Interrogatory as vague, ambiguous, and unduly burdensome, and not proportional to the needs of the case, to the extent that it purports to include unidentified or unidentifiable persons or entities other than Trustee.

Trustee objects to this Interrogatory as compound because it has six subparts and relates to an indeterminate number of "facility[ies], company[ies], and/or location[s]" and thus – both alone and in tandem with the interrogatories served by the Landry Objectors on Trustee on or about August 12, 2022 (the "First Set of Landry Interrogatories") – exceeds the numerosity limitation set forth in Rule 33(a)(1) of the Federal Rules of Civil Procedure.

Trustee further objects to this Interrogatory as overly broad and unduly burdensome because it asks for "all DOCUMENTS or other evidence of the operational activity of Reilly-Benton workers" and "all prior testimony or statements given by anyone while being exposed to an operational activity of Reilly-Benton workers." Trustee was appointed by the Bankruptcy Court in his case upon the filing of the case. Trustee did not conduct Reilly-Benton's operations and had no direct knowledge of those operations. Moreover, because the Trustee had nothing to do with Reilly-Benton's pre-bankruptcy operations, he was not in a position to maintain prior testimony or statements of persons concerning their exposure to operations that may have been conducted by Reilly-Benton. Nonetheless, to the extent that the Trustee or his counsel are in possession of transcripts, they are being provided.

Subject to, and without waiving any of the foregoing objections, Trustee responds to this Interrogatory as follows: Trustee does not have any information to provide in response to

this Interrogatory because he is not Reilly Benton Company, Inc.

**INTERROGATORY NO. 3:**

Identify each and every fact witness whom YOU will call or anticipate calling to testify at trial and, for each such fact witness, describe in detail the subject matter of the Person's anticipated testimony.

**Response to Interrogatory No. 3:**

Trustee incorporates by reference his General Objections as if stated here in full.

Trustee objects to this Interrogatory as vague, ambiguous, unduly burdensome, and not proportional to the needs of the case.

Trustee also objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product rule (including, without limitation, the mental impressions, opinions, conclusions, or legal theories of Trustee or his counsel), the joint defense or joint efforts doctrine/privilege, the common interest privilege, or any other applicable privileges or protection.  In particular, Trustee objects to the Interrogatory on the foregoing grounds to the extent it purports to require Trustee to "describe in detail the subject matter of" any potential witness' testimony.

Trustee further objects to this Interrogatory on the grounds that it is premature because discovery is ongoing.

Trustee also objects to this Interrogatory on the grounds that it is unduly burdensome and harassing because Trustee already responded to a similar interrogatory in the First Set of Landry Interrogatories.

Subject to, and without waiving any of the foregoing objections, Trustee responds to this Interrogatory as follows:  Trustee has made no decisions about who his witnesses, if any,

will or may be. Trustee will identify any witnesses that he intends to call to testify at the hearing on the Trustee's Motions by the deadline set by the Court for parties to submit their witness lists or such earlier time as agreed by Trustee and any other party involved in these contested matters.

**INTERROGATORY NO. 4:**

Identify each and every expert witness whom YOU will call or anticipate calling to testify at trial and, for each such expert witness, describe in detail the subject matter of the Person's anticipated testimony.

**Response to Interrogatory No. 4:**

Trustee incorporates by reference his General Objections as if stated here in full.

Trustee objects to this Interrogatory as vague, ambiguous, unduly burdensome, and not proportional to the needs of the case.

Trustee also objects to this Interrogatory to the extent that it seeks information protected by the attorney-client privilege, the attorney work product rule (including, without limitation, the mental impressions, opinions, conclusions, or legal theories of Trustee or his counsel), the joint defense or joint efforts doctrine/privilege, the common interest privilege, or any other applicable privileges or protection. In particular, Trustee objects to the Interrogatory on the foregoing grounds to the extent it purports to require Trustee to "describe in detail the subject matter of" any potential witness' testimony.

Trustee further objects to this Interrogatory on the grounds that it is premature because discovery is ongoing.

Trustee also objects to this Interrogatory on the grounds that it is unduly burdensome and harassing because Trustee already responded to a similar interrogatory in the First Set of Landry Interrogatories.

Subject to, and without waiving any of the foregoing objections, Trustee responds to this Interrogatory as follows: Trustee has made no decisions about who his witnesses, if any, will or may be. Trustee will identify any witnesses that he intends to call to testify at the hearing on the Trustee's Motions by the deadline set by the Court for parties to submit their witness lists or such earlier time as agreed by Trustee and any other party involved in these contested matters.

**Reservation of Rights**

Without waiving the aforesaid General Objections, Specific Objections, as well as the Specific Responses, Trustee is in the process of reviewing materials recently received, and reserves the right to supplement or amend this response.

DATED: October 31, 2022

Respectfully submitted,

*/s/ David J. Messina*
David J. Messina (LA #18341)
Fernand L. Laudumiey, IV (LA #24518)
Chaffe McCall, LLP
2300 Energy Center
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
E-mail: messina@chaffe.com,
laudumiey@chaffe.com
*General Counsel for David V. Adler, Trustee in connection with the Trustee's LIGA Motion*


*/s/ Albert J. Derbes, IV*
ALBERT J. DERBES, IV, LA Bar 20164
THE DERBES LAW FIRM, LLC
3027 Ridgelake Drive
Metairie, Louisiana 70002
504.837.1230 Telephone
504.832.0322 Facsimile
E-mail: ajdiv@derbeslaw.com
*Special Counsel for David V. Adler, Trustee in connection with the Trustee's Century Motion*

**Certificate of Service**

I do hereby certify that a copy of the above and foregoing *Trustee's Objections and Responses To The Landry Objectors' Supplemental Interrogatories To David V. Adler, Trustee* was served on this 31st day of October 2022, via electronic mail at the email addresses indicated below, to counsel of record for the Landry & Swarr, LLC Objectors.

CONGENI LAW FIRM, LLC
Leo D. Congeni
650 Poydras Street, Suite 2750
New Orleans, LA 70130
Email: leo@congenilawfirm.com
Attorneys for Landry & Swarr Objectors

LANDRY & SWARR, L.L.C.
Mickey Landry
1100 Poydras Street
Energy Centre - Suite 2000
New Orleans, Louisiana 70163
Email: mlandry@landryswarr.com
Email: lslaw@landryswarr.com
Email: eprice@landryswarr.com
Attorneys for Landry & Swarr Objectors

       this 31st day of October 2022 at New Orleans, Louisiana.

                                             */s/ David J. Messina*_____
                                             David J. Messina (LA #18341)