# EXHIBIT "J"

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: | Case No. 17-12870 |
| REILLY-BENTON COMPANY, INC. | Chapter 7 |
| Debtors. | Section A |

**TRUSTEE'S OBJECTIONS AND RESPONSES**
**TO THE LANDRY OBJECTORS' SUPPLEMENTAL REQUESTS**
**FOR PRODUCTION OF DOCUMENTS TO DAVID V. ADLER, TRUSTEE**

David V. Adler, Trustee ("Trustee") hereby submits the following responses and objections to the supplemental requests for production of documents (the "Requests") served by the "Landry & Swarr, LLC Objectors" (the "Objectors") on Trustee.

**Preliminary Statement**

1.        These responses and objections are by Trustee only. These responses and objections are not by, and do not concern, any other party or entity.

2.        Trustee has given the most complete responses he can at this time. Trustee reserves the right to amend and/or supplement these responses if and to the extent he learns of additional or different information. In particular, and without limiting the generality of the foregoing, Trustee reserves the right to amend and/or supplement his responses based on information learned as discovery and his own investigation of the facts proceeds.

**General Objections**

Trustee objects generally to each and every Request on the following grounds. These General Objections are set forth here to avoid excessive duplication, and are incorporated by reference into each and every one of Trustee's responses herein.

1.        The Requests were purportedly propounded by the "Landry & Swarr,

LLC Objectors."  The Requests identify, in footnote 1, claimants represented by Landry & Swarr who have purportedly filed claims against Reilly-Benton, Inc., but not all of the listed persons filed an objection to (i) *Trustee's Motion for an Order (A) Approving Settlement Agreement and Policy Release between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Century Parties, (B) Approving Sale of Insurance Policies to the Century Parties Free and Clear of All Interests, and (C) Entering Injunction to Enforce the Free and Clear Aspect of the Sale of the Century Policies* [Dkt. No. 56] (the "Trustee's Century Motion") or (ii) *Trustee's Motion For An Order Approving Settlement Agreement Between The Chapter 7 Trustee For Reilly-Benton Company, Inc. and The Louisiana Insurance Guaranty Association* [Dkt. No. 48] (the "Trustee's LIGA Motion," collectively with the Trustee's Century Motion, the "Trustee's Motions"), and thus lack standing, or may lack standing, to object to the Trustee's Motions or to serve discovery on Trustee.  Moreover, a motion to strike the objections filed by Donald Bridges and Mary Sanderson to the Trustee's Century Motion was filed because Donald Bridges and Mary Sanderson were deceased at the time they purportedly objected to the Trustee's Century Motion, their purported objections are legal nullities, and the Court cannot authorize Landry & Swarr to "substitute" the heirs of Mr. Bridges and Ms. Sanderson as objectors to the Trustee's Century Motion.  (*See* Dkt. No. 192.)  That motion is under submission to the Court.  Trustee objects to, and is not obligated to respond to, discovery from persons who are not proper objectors to the Trustee's Motions.

2.       Trustee objects to the Requests because they seek information that is not relevant to any issue properly presented in the contested matters commenced by the Trustee's Motion.  The documents sought bear no apparent relation to the work history of any person who is a proper objector to the Trustee's Motion and represented by Landry & Swarr, LLC, and are

not otherwise relevant or likely to lead to the discovery of admissible evidence. As a result, each and every one of the Requests is improper and objectionable.

        3.      The contested matters to which the Requests purportedly relate are the Trustee's Motions, which are brought under Bankruptcy Rule 9019. In connection therewith, the bankruptcy court must determine that a proposed settlement is "'fair and equitable and in the best interest of the estate.'" To evaluate the probability of success in litigation, a bankruptcy court should not conduct a mini-trial but, rather, should "only apprise [it]self of the relevant facts and law so that [it] can make an informed and intelligent decision." When a trustee seeks approval to settle a claim, the court need not "'establish[ ] as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable.'" Rather, it should "'canvass the issues' and determine whether the settlement falls 'below the lowest point in the range of reasonableness.'" Trustee objects to the Requests on the grounds that they are unduly burdensome, and not proportional to the needs of the case, to the extent that the Requests seek information that might be relevant were the parties litigating the merits of the claims that the Trustee is seeking to settle, but which are not needed for, or relevant to, the limited exploration of issues authorized in a contested matter under Rule 9019. In that regard, in ruling on Century's Motion to Quash Rule 30(b)(6) depositions, the Court quashed all deposition topics regarding any paid claims because those are "water under the bridge."[1] Moreover, courts have held that discovery that might be appropriate regarding the merits of the dispute that is the subject of a Rule 9019 motion is not required in connection with a Rule 9019 motion, lest the benefits of settlement be dissipated. Therefore, the information sought by the Requests about past claims is irrelevant, unnecessary for the Court's consideration of the Trustee's Motions, and unduly burdensome, and therefore

---

[1]      Transcript of September 14, 2022 Hearing at 124:14-16.

objectionable.

4.      Trustee objects to Definition 6, "DOCUMENT" to the extent it is inconsistent with the definition of "documents or electronically stored information" as described in Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure. Trustee will respond to these Requests using the definition of "documents" as provided by the Federal Rules of Civil Procedure.

5.      Trustee objects to each Request to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product rule, the common interest doctrine, or any other judicially-recognized privilege or protection.  In responding to these Requests, Trustee does not waive or intend to waive, but rather intends to preserve and is preserving, all of his rights under the attorney-client privilege, the attorney work-product rule, the common interest doctrine, and every other judicially recognized privilege or protection with respect to all information and documents subject thereto.  Confidential, privileged, or protected information that may be responsive to a particular Request is not provided in these responses and will not be provided in future responses.

6.      Trustee's responses to the Requests are based on information available to Trustee after a reasonable inquiry and diligent investigation.  However, Trustee has not searched, and will not search, each and every record in his possession, custody, or control, as such a search would be unreasonable, unduly burdensome, harassing, and oppressive under the circumstances, and not proportional to the needs of the case.  To the extent that the Requests purport to require Trustee to conduct more than a reasonable and diligent search such as described above, Trustee objects that they are overbroad, unduly burdensome, harassing, and oppressive.

7.      Trustee objects to each Request to the extent it seeks to impose burdens

and obligations exceeding those imposed by the Federal Rules of Civil Procedure, the Federal

Rules of Bankruptcy Procedure, or the Local Rules of this Court. Trustee will respond to these

Requests according to the requirements of the aforementioned Rules, subject to all applicable

objections and protections.

8.      Trustee objects to each Request as overbroad, unduly burdensome,

harassing, oppressive, and not proportional to the needs of the case to the extent that it seeks

information not reasonably available to Trustee nor within his possession, custody, or control.

9.      Trustee objects to each Request to the extent that it seeks information

concerning legal contentions and supporting facts not reasonably ascertainable or available at

this stage of the proceedings, on the ground that each such Request is overbroad, unduly

burdensome, harassing, oppressive, and premature. Trustee reserves the right to amend or

supplement his response to any such Request.

10.     Trustee objects to each Request seeking disclosure of the mental

impressions, opinions, conclusions, or legal theories of Trustee, or his counsel or other

representatives, or other counsel with whom Trustee and his counsel have a common legal

interest.

11.     Trustee objects to each Request purporting to describe Trustee's

contentions or positions to the extent that such Request misstates or mischaracterizes Trustee's

contentions or positions, on the grounds that each such Request is vague, ambiguous, harassing,

and oppressive.

12.     Trustee objects to each Request to the extent that it is vague, ambiguous,

overbroad, unduly burdensome, harassing, oppressive, seeks information neither relevant to the

Trustee's Motions nor reasonably calculated to lead to the discovery of admissible evidence,

seeks information equally available to the Landry Objectors from other sources, is not proportional to the needs of the case, or is improper for any reason.

13.     Trustee objects to each Request to the extent that it requests information that would violate any constitutional, statutory, or common law privacy interest of any current or former employee or representative of Trustee or any other person or entity.

14.     Trustee objects to each Request to the extent that it seeks information concerning a time period other than the one appropriate to the particular Request in question on the grounds that it is overbroad, unduly burdensome, harassing, oppressive, not proportional to the needs of the case, and seeks information neither relevant to the subject matter of the Trustee's Motions nor reasonably calculated to lead to the discovery of admissible evidence.

15.     Trustee objects to each and every Request that specifies no time period on the grounds that each such Request is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

16.     Trustee objects to each Request to the extent that it seeks information concerning trade secrets or proprietary or other confidential business information.

17.     In providing these responses, Trustee does not waive or intend to waive, but rather intends to preserve and are preserving, each of the following: (a) all objections to competency, relevancy, materiality, authenticity, and admissibility of any information, including, but not limited to, information provided herein; (b) all rights to object on any ground to the use, in any proceedings, in this bankruptcy case or otherwise, of any information, including, but not limited to, information provided herein; and (c) all rights to object on any grounds to any further Requests, or other discovery requests.

18.     These General Objections are applicable to and incorporated into each of

Trustee's responses below, as if specifically stated therein. The stating of specific objections to a particular Request shall not be construed as a waiver of Trustee's General Objections. Unless otherwise specified, Trustee's objections to each of the Requests apply to the entire Request, including each and every subsection and subpart thereof.

**Specific Objections and Responses to Requests**

Trustee incorporates the foregoing General Objections into each of the following responses to individual Requests, and into each amendment, supplement, or modification to these responses that Trustee may later provide. By making these separate responses, Trustee does not waive or intend to waive any of his General Objections, but rather intends to preserve and assert, and is preserving and asserting, each of his General Objections.

## REQUEST NO. 1:

Produce a full copy of any transcripts of deposition and/or trial testimony given by your insured, Reilly-Benton Company, Inc. and/or by any employee of Reilly-Benton Company, Inc. that discuss "CONTRACTING," "NON-PRODUCTS" and/or "OPERATIONS" on Reilly-Benton Company, Inc.'s behalf. [This request shall exclude what has already been provided by Landry & Swarr Objections *[sic]* in response to discovery requests previously propounded].

### Response to Request No. 1:

Trustee incorporates by reference his General Objections as if stated here in full. Trustee also makes the following specific objections:

Trustee objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks Trustee to produce documents that are not reasonably available to Trustee or within his possession, custody, or control.

Trustee also objects to this request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Trustee further objects to this Request on the grounds that it seeks information that is not relevant to the determination of the Trustee's Motions or to this bankruptcy case, is overbroad, unduly burdensome, and not proportional to the needs of the case, especially to the extent that it requests documents relating to persons who are not objectors in these contested matters.

Subject to the objections, the Trustee understands that Debtor's counsel has already provided all deposition transcripts which the Debtor had regardless of content. To the extent that additional transcripts are available, all transcripts will be provided regardless of content.

**REQUEST NO. 2:**

Produce a copy of any and all contracts that Reilly-Benton Company, Inc. entered into that specify that Reilly-Benton Company, Inc. and/or any EMPLOYEE performed "CONTRACTING," "NON-PRODUCTS" and/or "OPERATIONS" on Reilly-Benton Company, Inc.'s behalf.

**Response to Request No. 2:**

Trustee incorporates by reference his General Objections as if stated here in full. Trustee also makes the following specific objections:

Trustee objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks Trustee to produce documents that are not reasonably available to Trustee or within his possession, custody, or control.

Trustee also objects to this Request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Trustee further objects to this Request on the grounds that it seeks information that is not relevant to the determination of the Trustee's Motions or to this bankruptcy case is overbroad, unduly burdensome, and not proportional to the needs of the case, especially to the extent that it requests documents relating to persons who are not objectors in these contested matters.

Subject to the objections, the Trustee has recently obtained a memory stick of ¾ of a terabyte of data which is presently being reviewed. Accordingly, this Response may be supplemented.

## REQUEST NO. 3:

Produce a copy of any and all affidavits by Reilly-Benton Company, Inc. and/or any EMPLOYEE that Reilly-Benton Company, Inc. and/or any EMPLOYEE performed "CONTRACTING," "NON-PRODUCTS" and/or "OPERATIONS" on Reilly-Benton Company, Inc.'s behalf.

### Response to Request No. 3:

Trustee incorporates by reference his General Objections as if stated here in full. Trustee also makes the following specific objections:

Trustee objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks Trustee to produce documents that are not reasonably available to Trustee or within his possession, custody, or control.

Trustee also objects to this Request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Trustee further objects to this Request on the grounds that it seeks information that is not relevant to the determination of the Trustee's Motions or to this bankruptcy case, is overbroad, unduly burdensome, and not proportional to the needs of the case, especially to the extent that it requests documents relating to persons who are not objectors in these contested matters.

Subject to the objections, the Trustee has recently obtained a memory stick of ¾ of a terabyte of data which is presently being reviewed. Accordingly, this Response may be supplemented.

## REQUEST NO. 4:

Produce a copy of any and all DOCUMENTS in your possession that specify Reilly-Benton Company, Inc. and/or any EMPLOYEE performed "CONTRACTING," "NON-PRODUCTS" and/or "OPERATIONS" on Reilly-Benton Company, Inc.'s behalf.

### Response to Request No. 4:

Trustee incorporates by reference his General Objections as if stated here in full. Trustee also makes the following specific objections:

Trustee objects to this Request as overbroad, unduly burdensome, and not proportional to the needs of the case to the extent it asks Trustee to produce documents that are not reasonably available to Trustee or within his possession, custody, or control.

Trustee also objects to this Request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

Trustee further objects to this Request on the grounds that it seeks information that is not relevant to the determination of the Trustee's Motions or to this bankruptcy case, is overbroad, unduly burdensome, and not proportional to the needs of the case, especially to the extent that it requests documents relating to persons who are not objectors in these contested matters.

Subject to the objections, the Trustee has recently obtained a memory stick of ¾ of a terabyte of data which is presently being reviewed. Accordingly, this Response may be supplemented.

**REQUEST NO. 5:**

Produce a copy of any and all DOCUMENTS in connection with any affirmative responses in the corresponding Request for Admission propounded concurrently with these Requests for Production.

**Response to Request No. 5:**

Trustee incorporates by reference his General Objections as if stated here in full. Trustee also makes the following specific objections:

Trustee objects to this Request to the extent that it seeks documents that contain confidential, proprietary, or sensitive business information, and to the extent that it seeks documents subject to the attorney work-product doctrine, the attorney-client privilege, the common interest privilege, or any other applicable protection, privilege, or rule of confidentiality.

- 11 -

Trustee further objects that this Request is overbroad, unduly burdensome, and not proportional to the needs of the case because it requests documents that are irrelevant to the Trustee's Motions and this bankruptcy case.

Trustee did not make any "affirmative responses" to any of the Requests for Admissions propounded by the Landry Objectors on Trustee, and therefore is not obligated to respond to this Request.

## **Reservation of Rights**

Without waiving the aforesaid General Objections, Specific Objections, as well as the Specific Responses, Trustee is in the process of reviewing materials recently received, and reserves the right to supplement or amend this response.

DATED: October 31, 2022

Respectfully submitted,

*/s/ David J. Messina*
David J. Messina (LA #18341)
Fernand L. Laudumiey, IV (LA #24518)
Chaffe McCall, LLP
2300 Energy Center
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
E-mail: messina@chaffe.com,
        laudumiey@chaffe.com
*General Counsel for David V. Adler, Trustee*
*in connection with the Trustee's LIGA Motion*


*/s/ Albert J. Derbes, IV*
ALBERT J. DERBES, IV, LA Bar 20164
THE DERBES LAW FIRM, LLC
3027 Ridgelake Drive
Metairie, Louisiana 70002
504.837.1230 Telephone
504.832.0322 Facsimile
E-mail: ajdiv@derbeslaw.com

*Special Counsel for David V. Adler, Trustee in connection with the Trustee's Century Motion*

## **Certificate of Service**

I do hereby certify that a copy of the above and foregoing *Trustee's Objections and Responses To The Landry Objectors' Supplemental Requests for Production of Documents To David V. Adler, Trustee* was served on this 31st day of October 2022, via electronic mail at the email addresses indicated below, to counsel of record for the Landry & Swarr, LLC Objectors.

CONGENI LAW FIRM, LLC
Leo D. Congeni
650 Poydras Street, Suite 2750
New Orleans, LA 70130
Email: leo@congenilawfirm.com
Attorneys for Landry & Swarr Objectors

LANDRY & SWARR, L.L.C.
Mickey Landry
1100 Poydras Street
Energy Centre - Suite 2000
New Orleans, Louisiana 70163
Email: mlandry@landryswarr.com
Email: lslaw@landryswarr.com
Email: eprice@landryswarr.com
Attorneys for Landry & Swarr Objectors

this 31st day of October 2022 at New Orleans, Louisiana.

*/s/ David J. Messina*
David J. Messina (LA #18341)

DATED:  October 31, 2022

Respectfully submitted,

*/s/ David J. Messina*
David J. Messina (LA #18341)
Fernand L. Laudumiey, IV (LA #24518)
Chaffe McCall, LLP
2300 Energy Center
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
E-mail: messina@chaffe.com,
        laudumiey@chaffe.com
*General Counsel for David V. Adler, Trustee*


*/s/ Albert J. Derbes, IV*
ALBERT J. DERBES, IV, LA Bar 20164
THE DERBES LAW FIRM, LLC
3027 Ridgelake Drive
Metairie, Louisiana 70002
504.837.1230 Telephone
504.832.0322 Facsimile
E-mail:  ajdiv@derbeslaw.com
*Special Counsel for David V. Adler, Trustee*