# EXHIBIT "K"

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| In re: | Case No. 17-12870 |
| REILLY-BENTON COMPANY, INC., | Chapter 7 |
| Debtor. | Section A |

## TRUSTEE'S OBJECTIONS AND RESPONSES TO THE LANDRY OBJECTORS' SUPPLEMENTAL REQUESTS FOR ADMISSION TO DAVID V. ADLER, TRUSTEE

David V. Adler, Trustee ("Trustee") hereby submits the following responses and objections to the supplemental requests for admission (the "RFAs") served by the "Landry & Swarr, LLC Objectors" (the "Objectors") on Trustee.

### Preliminary Statement

1.      These responses and objections are by Trustee only.  These responses and objections are not by, and do not concern, any other party or entity.

2.      Trustee has given the most complete responses he can at this time. Trustee reserves the right to amend and/or supplement these responses if and to the extent he learns of additional or different information.  In particular, and without limiting the generality of the foregoing, Trustee reserves the right to amend and/or supplement his responses based on information learned as discovery and his own investigation of the facts proceeds.

### General Objections

Trustee objects generally to each and every RFA on the following grounds.  These General Objections are set forth here to avoid excessive duplication, and are incorporated by reference into each and every one of Trustee's responses herein.

1.      The RFAs were purportedly propounded by the "Landry & Swarr, LLC Objectors."  The RFAs identify, in footnote 1, claimants represented by Landry & Swarr who

have purportedly filed claims against Reilly-Benton, Inc., but not all of the listed persons filed an objection to (i) *Trustee's Motion for an Order (A) Approving Settlement Agreement and Policy Release between the Chapter 7 Trustee for Reilly-Benton Company, Inc. and the Century Parties, (B) Approving Sale of Insurance Policies to the Century Parties Free and Clear of All Interests, and (C) Entering Injunction to Enforce the Free and Clear Aspect of the Sale of the Century Policies* [Dkt. No. 56] (the "Trustee's Century Motion") or (ii) *Trustee's Motion For An Order Approving Settlement Agreement Between The Chapter 7 Trustee For Reilly-Benton Company, Inc. and The Louisiana Insurance Guaranty Association* [Dkt. No. 48] (the "Trustee's LIGA Motion," collectively with the Trustee's Century Motion, the "Trustee's Motions"), and thus lack standing, or may lack standing, to object to the Trustee's Motions or to serve discovery on Trustee. Moreover, a motion to strike the objections filed by Donald Bridges and Mary Sanderson to the Trustee's Century Motion was filed because Donald Bridges and Mary Sanderson were deceased at the time they purportedly objected to the Trustee's Century Motion, their purported objections are legal nullities, and the Court cannot authorize Landry & Swarr to "substitute" the heirs of Mr. Bridges and Ms. Sanderson as objectors to the Trustee's Century Motion. (*See* Dkt. No. 192.) That motion is under submission to the Court. Trustee objects to, and is not obligated to respond to, discovery from persons who are not proper objectors to the Trustee's Motions.

2.      Trustee objects to the RFAs because they seek information that is not relevant to any issue properly presented in the contested matters commenced by the Trustee's Motions. Whether Reilly-Benton conducted particular operations at particular locations during particular years is not relevant to any issue in this contested matter because, among other things, there is no way to tell if these RFAs relate to the work history of any person who is a proper objector to the Trustee's Motions and represented by Landry & Swarr, LLC. As a result, each

- 2 -

and every one of the RFAs is improper and objectionable.

3.      The contested matters to which the RFAs purportedly relate are the Trustee's Motions, which is brought under Bankruptcy Rule 9019. In connection therewith, the bankruptcy court must determine that a proposed settlement is "'fair and equitable and in the best interest of the estate.'" To evaluate the probability of success in litigation, a bankruptcy court should not conduct a mini-trial but, rather, should "only apprise [it]self of the relevant facts and law so that [it] can make an informed and intelligent decision." When a trustee seeks approval to settle a claim, the court need not "'establish[ ] as a matter of legal certainty that the subject claim or counterclaim is or is not worthless or valuable.'" Rather, it should "'canvass the issues' and determine whether the settlement falls 'below the lowest point in the range of reasonableness.'" Trustee objects to the RFAs on the grounds that they are unduly burdensome, and not proportional to the needs of the case, to the extent that the RFAs seek admissions that might be relevant were the parties litigating the merits of the claims that the Trustee is seeking to settle, but which are not needed for, or relevant to, the limited exploration of issues authorized in a contested matter under Rule 9019. In that regard, in ruling on the Trustee's Motion to Quash Rule 30(b)(6) depositions, the Court quashed all deposition topics regarding any paid claims because those are "water under the bridge."[1] Moreover, courts have held that discovery that might be appropriate regarding the merits of the dispute that is the subject of a Rule 9019 motion is not required in connection with a Rule 9019 motion, lest the benefits of settlement be dissipated. Therefore, the information sought by the RFAs about past claims is irrelevant, unnecessary for the Court's consideration of the Trustee's Motions, and unduly burdensome, and therefore objectionable.

---

[1]      Transcript of September 14, 2022 Hearing at 124:14-16.

4.      Trustee objects to each RFA to the extent that it seeks information protected by the attorney-client privilege, the attorney work-product rule, the common interest doctrine, or any other judicially-recognized privilege or protection.  In responding to these RFAs, Trustee does not waive or intend to waive, but rather intends to preserve and is preserving, all of his rights under the attorney-client privilege, the attorney work-product rule, the common interest doctrine, and every other judicially recognized privilege or protection with respect to all information and documents subject thereto.  Confidential, privileged, or protected information that may be responsive to a particular RFA is not provided in these responses and will not be provided in future responses.

5.      Trustee's responses to the RFAs are based on information available to Trustee after a reasonable inquiry and diligent investigation.  However, Trustee has not searched, and will not search, each and every record in his possession, custody, or control, as such a search would be unreasonable, unduly burdensome, harassing, and oppressive under the circumstances, and not proportional to the needs of the case.  To the extent that the RFAs purport to require Trustee to conduct more than a reasonable and diligent search such as described above, Trustee objects that they are overbroad, unduly burdensome, harassing, and oppressive.

6.      Trustee objects to each RFA to the extent it seeks to impose burdens and obligations exceeding those imposed by the Federal Rules of Civil Procedure, the Federal Rules of Bankruptcy Procedure, or the Local Rules of this Court.  Trustee will respond to these RFAs according to the requirements of the aforementioned Rules, subject to all applicable objections and protections.

7.      Trustee objects to each RFA as overbroad, unduly burdensome, harassing, oppressive, and not proportional to the needs of the case to the extent that it seeks information not reasonably available to Trustee nor within his possession, custody, or control.

8.      Trustee objects to each RFA to the extent that it seeks information concerning legal contentions and supporting facts not reasonably ascertainable or available at this stage of the proceedings, on the ground that each such RFA is overbroad, unduly burdensome, harassing, oppressive, and premature.  Trustee reserves the right to amend or supplement his response to any such RFA.

9.      Trustee objects to each RFA seeking disclosure of the mental impressions, opinions, conclusions, or legal theories of Trustee, or his counsel or other representatives, or other counsel with whom Trustee and his counsel have a common legal interest.

10.      Trustee objects to each RFA purporting to describe Trustee's contentions or positions to the extent that such RFA misstates or mischaracterizes Trustee's contentions or positions, on the grounds that each such RFA is vague, ambiguous, harassing, and oppressive.

11.      Trustee objects to each RFA to the extent that it is vague, ambiguous, overbroad, unduly burdensome, harassing, oppressive, seeks information neither relevant to the Trustee's Motions nor reasonably calculated to lead to the discovery of admissible evidence, seeks information equally available to the Objectors from other sources, is not proportional to the needs of the case, or is improper for any reason.

12.      Trustee objects to each RFA to the extent that it requests information that would violate any constitutional, statutory, or common law privacy interest of any current or former employee or representative of Trustee, any current or former policyholder of Trustee, or any other person or entity.

13      Trustee objects to each RFA to the extent that it seeks information concerning a time period other than the one appropriate to the particular RFA in question on the grounds that it is overbroad, unduly burdensome, harassing, oppressive, not proportional to the needs of the case, and seeks information neither relevant to the subject matter of the Trustee's

Motions nor reasonably calculated to lead to the discovery of admissible evidence.

14.     Trustee objects to each and every RFA that specifies no time period on the grounds that each such RFA is vague, ambiguous, overbroad, unduly burdensome, and not proportional to the needs of the case.

15.     Trustee objects to each RFA to the extent that it seeks information concerning trade secrets or proprietary or other confidential business information.

16.     In providing these responses, Trustee does not waive or intend to waive, but rather intends to preserve and is preserving, each of the following: (a) all objections to competency, relevancy, materiality, authenticity, and admissibility of any information, including, but not limited to, information provided herein; (b) all rights to object on any ground to the use, in any proceedings, in this bankruptcy case or otherwise, of any information, including, but not limited to, information provided herein; and (c) all rights to object on any grounds to any further RFAs, or other discovery requests.

17.     These General Objections are applicable to and incorporated into each of Trustee's responses below, as if specifically stated therein.  The stating of specific objections to a particular RFA shall not be construed as a waiver of Trustee's General Objections.  Nor shall the stating of a response to a particular RFA be construed as a waiver of Trustee's General Objections.  Unless otherwise specified, Trustee's objections to each of the RFAs apply to the entire RFA, including each and every subsection and subpart thereof.

<u>**Specific Objections and Responses to RFAs**</u>

Trustee incorporates the foregoing General Objections into each of the following responses to individual RFAs, and into each amendment, supplement, or modification to these responses that Trustee may later provide.  By making these separate responses, Trustee does not

waive or intend to waive any of their General Objections, but rather intends to preserve and assert, and is preserving and asserting, each of his General Objections.

## **Reservation of Rights**

Without waiving the aforesaid General Objections, Specific Objections, as well as the Specific Responses, Trustee is in the process of reviewing materials recently received, and reserves the right to supplement or amend this response.

## **REQUEST NOS. 1 TO 242**

Admit that YOU have no information to dispute that Reilly-Benton Company, Inc. performed CONTRACTING, OPERATIONS and/or NON-PRODUCTS work at [location] in [city, state] during the year [year].

## **Response to Request Nos. 1 to 242:**

Trustee incorporates by reference his General Objections as if stated here in full. Based on his objections, the Trustee is not required to answer any of the Requests.

DATED: October 31, 2022

Respectfully submitted,

/s/ David J. Messina_____
David J. Messina (LA #18341)
Fernand L. Laudumiey, IV (LA #24518)
Chaffe McCall, LLP
2300 Energy Center
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000
E-mail: messina@chaffe.com,
       laudumiey@chaffe.com
General Counsel for David V. Adler, Trustee
in connection with the Trustee's LIGA Motion


/s/ Albert J. Derbes, IV
ALBERT J. DERBES, IV, LA Bar 20164
THE DERBES LAW FIRM, LLC
3027 Ridgelake Drive
Metairie, Louisiana 70002

504.837.1230 Telephone
504.832.0322 Facsimile
E-mail:  ajdiv@derbeslaw.com
*Special Counsel for David V. Adler, Trustee*
*in connection with the Trustee's Century*
*Motion*

### Certificate of Service

I do hereby certify that a copy of the above and foregoing *Trustee's Objections and Responses To The Landry Objectors' Supplemental Requests For Admission To David V. Adler, Trustee* was served on this 31st day of October 2022, via electronic mail at the email addresses indicated below, to counsel of record for the Landry & Swarr, LLC Objectors.

CONGENI LAW FIRM, LLC
Leo D. Congeni
650 Poydras Street, Suite 2750
New Orleans, LA 70130
Email: leo@congenilawfirm.com
Attorneys for Landry & Swarr Objectors

LANDRY & SWARR, L.L.C.
Mickey Landry
1100 Poydras Street
Energy Centre - Suite 2000
New Orleans, Louisiana 70163
Email: mlandry@landryswarr.com
Email: scorcoran@landryswarr.com
Email: eprice@landryswarr.com
Attorneys for Landry & Swarr Objectors

this 31st day of October 2022 at New Orleans, Louisiana.

*/s/ David J. Messina*
David J. Messina (LA #18341)