## UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| IN RE: | * | CASE NO.: 17-12870 |
| | * | |
| REILLY-BENTON COMPANY, INC., | * | SECTION "A" |
| | * | |
| Debtor | * | CHAPTER 7 |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***

### <u>CREDITORS JOINT REPLY TO RECORD DOCUMENTS 624, 626 AND 627</u>

In the interest of time, Landry & Swarr Creditors join with Roussel & Clement Creditors to offer this Court a joint reply to the filings of Liberty Mutual Insurance Company ("Liberty") and Employers Insurance Company of Wausau ("Wausau"), namely R. Docs. 624, 626, and 627. Creditors offer this memorandum in a brief form also because Liberty and Wausau filed their pleadings after the Court's deadline of October 13 and without asking undersigned counsel.

In the limited time undersigned counsel has had with their pleadings, they think Liberty contends that it *may* have standing to object to the Century Settlement Motion because it "*may* have contribution claims against Century Parties." *See, e.g.,* R. Doc. 624 (Liberty's Objection to the Century Settlement Motion) at pp. 1-2 (emphasis added). Liberty offered us no deeper understanding of how it *may* have such a contribution claim, nor did Wausau. Liberty and Wausau, similarly, offered the Court no connection between their hypothetical contribution claims and Louisiana law. As a matter of Louisiana law, though, Liberty and Wausau cannot have a contribution claim against Century Parties for the Century Parties' insurance policies the Century Parties seek to buy back from Debtor.

1

The long-latency occupational disease law of Louisiana, namely, the case of *Arceneaux v. Amstar Corp,* cleanly disposes of Liberty's contribution theory. 2010-2329 (La. 7.1.2011), 66 So. 3d 438, 453. In *Arceneaux*, Louisiana's Supreme Court opined, as follows:

> For long-latency occupational claims involving long-term exposure, liability should be allocated on a pro rata basis over all periods in which the exposure took place, including years in which the insured was uninsured. For uninsured periods, the insured is treated as being self-insured and is assigned a pro rata share.

66 So. 3d at 453 (*citing Norfolk Southern Corp. v. California Union Ins. Co.,* 02-0369 (La. 1 Cir. 9.12.2003), 869 So. 2d 167, 198, *writ denied,* 03-2742 (La. 12.19.2003), 861 So. 2d 579). The Supreme Court provided the following rationale:

> Underlying the holdings in the Louisiana cases addressing allocation in long-term losses spanning multiple policy periods is the concept that insurers may limit their liability to discrete and finite periods. The exposure theory, upon which the Louisiana allocation approach is based, relies on the principle that an insurer will only be responsible within the terms of its policy for those damages arising out of the period the policy is in effect. In short, each insurer is responsible, up to the limits of its policy, for all damages emanating from occurrences taking place during the insurer's policy period. All damages emanating from occurrences taking place outside the policy period are covered by [other] insurer on the risk at the time[s] the occurrence[s] took place.

*Id.* This concept is not novel in Louisiana. Should the Court nevertheless desire additional jurisprudence than what this concise memorandum supplies, undersigned counsel will gladly provide that. In short, Louisiana law provides Liberty and Wausau with the fix for their concern regarding contribution, as it limits Liberty and Wausau's liability for Reilly-Benton to the limits of their policies, for all damages emanating from occurrences taking place during their policy periods—and nothing more regardless of whether Century Parties' policies ever even existed.

Also, undersigned counsel cannot help but point the Court to the following admission by Wausau: ***"Wausau's aggregate limits have been exhausted"***. *See* R. Doc. 624 at Employers Ins. Co. of Wausau's Objection to Trustee's Century Settlement Motion at p. 3 (emphasis added).

2

Undersigned counsel believes Liberty to be in the same position of exhaustion and has not seen any omission or documentation to the contrary by either insurer. This begs the question: How can either of these insurers demand, as they have, that the Trustee consider making settlement deals like that he has made with Century Parties. Truly, that is the object of Liberty and Wausau's motions and objections of the moment. These insurers, unlike Century, have conceded to this Court that they have no liability policy proceeds to offer the bankruptcy estate because those proceeds "have been exhausted" pursuant to a 1995 agreement. Century Parties, on the other hand, came to the Trustee and this Court with an offer of $3,500,000 of liability policy proceeds, not a representation of complete exhaustion. Liberty and Wausau have represented that they *may* have standing to object to and destroy the $3,500,000 settlement proposed to this Court by Trustee, but their actions (the 1995 agreement and subsequent related correspondence) reveal they have nothing on which to stand. Also notable, that 1995 agreement to which Wausau's memorandum cites as Exhibit 1 is governed by the law of Louisiana. *See* R. Doc. 624 at Employers Ins. Co. of Wausau's Objection to Trustee's Century Settlement Motion at Ex. 1. This is heavy reason to consider Louisiana's contribution law, as described above, and that Liberty and Wausau have nothing to offer the bankruptcy estate because of the 1995 agreement on which they now rely.

## CONCLUSION

For the foregoing reasons, Creditors ask this Court to reject all pleadings by Liberty and Wausau.

Respectfully submitted,

**LANDRY & SWARR, LLC**

**/s/ MATTHEW C. CLARK**
MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
MATTHEW CLARK, Bar No. 31102
1100 Poydras Street
Energy Centre – Suite 2000
New Orleans, LA  70163
Telephone:  (504) 299-1214
Facsimile:   (504) 299-1215
**COUNSEL FOR LANDRY & SWARR CREDITORS**

AND

**ROUSSEL & CLEMENT**

**/s/ Gerolyn P. Roussel**
GEROLYN P. ROUSSEL – 1134
PERRY J. ROUSSEL, JR. – 20351
JONATHAN B. CLEMENT – 30444
LAUREN R. CLEMENT – 31106
BENJAMIN P. DINEHART – 33096
1550 West Causeway Approach
Mandeville, LA 70471
Telephone: (985) 778-2733
**Facsimile: (985) 778-2734**
**COUNSEL FOR ROUSSEL**
**& CLEMENT CREDITORS**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was served the Court's electronic notice system on the 17th day of October, 2023 on the following persons:

David V. Adler
adler_d@bellsouth.net, LA26@ecfcbis.com

Frederick L. Bunol on behalf of Debtor Reilly-Benton Company, Inc.
fbunol@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

4

Jonathan Clement on behalf of Creditor Roussel & Clement Creditors
rcfirm@rousselandclement.com

Jonathan Clement on behalf of Interested Party Bonnie Ann Loupe
rcfirm@rousselandclement.com

Jonathan Clement on behalf of Interested Party Joseph E Courville
rcfirm@rousselandclement.com

Jonathan Clement on behalf of Interested Party Lee Ann Cortez
rcfirm@rousselandclement.com

Jonathan Clement on behalf of Interested Party Mary S Courville
rcfirm@rousselandclement.com

Jonathan Clement on behalf of Interested Party Mavis T Courville
rcfirm@rousselandclement.com

Jonathan Clement on behalf of Interested Party Michael W Courville
rcfirm@rousselandclement.com

Jonathan Clement on behalf of Interested Party Sherry Tregre Cortez
rcfirm@rousselandclement.com

Leo D. Congeni on behalf of Creditor Landry & Swarr Creditors
leo@congenilawfirm.com, michelle@congenilawfirm.com

Leo David Congeni on behalf of Creditor Landry & Swarr Creditors
leo@congenilawfirm.com, michelle@congenilawfirm.com

Martha Y. Curtis on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
mcurtis@shergarner.com

Albert J. Derbes, IV on behalf of Debtor Reilly-Benton Company, Inc.
ajdiv@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

Albert J. Derbes, IV on behalf of Trustee David V. Adler
ajdiv@derbeslaw.com, derbespacer@gmail.com;derbeser72443@notify.bestcase.com

James M. Garner on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
jgarner@shergarner.com, jchocheles@shergarner.com

Patrick S. Garrity on behalf of Debtor Reilly-Benton Company, Inc.
pgarrity@derbeslaw.com, derbeser72443@notify.bestcase.com

Nicole Celia Katz on behalf of Trustee David V. Adler
katz@chaffe.com

Stephanie B. Laborde on behalf of Interested Party Louisiana Insurance Guaranty Association
slaborde@lalalawfirm.com, 7435683420@filings.docketbird.com

Mickey P. Landry on behalf of Creditor Landry & Swarr Creditors
mlandry@landryswarr.com

Mary S. Langston on behalf of U.S. Trustee Office of the U.S. Trustee
Mary.Langston@usdoj.gov

Timothy S. Madden on behalf of Interested Party Estate of Julian Paul Guidry
tmadden@kingjurgens.com

Timothy S. Madden on behalf of Interested Party Lori Guidry Keating
tmadden@kingjurgens.com

Timothy S. Madden on behalf of Interested Party Paul Guidry
tmadden@kingjurgens.com

Thomas J. Madigan on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
tmadigan@shergarner.com

David J. Messina on behalf of Trustee David V. Adler
messina@chaffe.com, bankruptcy@chaffe.com;laudumiey@chaffe.com

Henry Minor Pipes, III on behalf of Interested Party Liberty Mutual Insurance Company
mpipes@pipesmiles.com

Mark D. Plevin on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
mplevin@crowell.com, cromo@crowell.com

William S. Robbins on behalf of Interested Party Louisiana Insurance Guaranty Association
wrobbins@stewartrobbins.com,
wrobbins@ecf.courtdrive.com;kheard@stewartrobbins.com;kheard@ecf.courtdrive.com; gtaylor@stewartrobbins.com;gtaylor@ecf.courtdrive.com

Gerolyn Roussel on behalf of Interested Party Bonnie Ann Loupe
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Joseph E Courville
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Lee Ann Cortez
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Mary S Courville
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Mavis T Courville
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Michael W Courville
gerolynroussel@icloud.com

Gerolyn Roussel on behalf of Interested Party Sherry Tregre Cortez
gerolynroussel@icloud.com

Perry J. Roussel, Jr. on behalf of Interested Party Bonnie Ann Loupe
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Joseph E Courville
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Lee Ann Cortez
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Mary S Courville
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Mavis T Courville
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Michael W Courville
rcfirm@rousselandclement.com

Perry J. Roussel, Jr. on behalf of Interested Party Sherry Tregre Cortez
rcfirm@rousselandclement.com

Amanda Russo Schenck on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Successor to Insurance Company of North America
aschenck@shergarner.com

Office of the U.S. Trustee
USTPRegion05.NR.ECF@usdoj.gov

I HEREBY FURTHER CERTIFY that a copy of that a copy of the foregoing, was served by U.S. MAIL, POSTAGE PREPAID on the following persons on October 17, 2023:

Nicole M Babb on behalf of Interested Party Estate of Julian Paul Guidry
King, Krebs & Jurgens, P.L.L.C.
201 St. Charles Avenue
45th Floor
New Orleans, LA 70170

Nicole M Babb on behalf of Interested Party Lori Guidry Keating
King, Krebs & Jurgens, P.L.L.C.
201 St. Charles Avenue
45th Floor
New Orleans, LA 70170

Nicole M Babb on behalf of Interested Party Paul Guidry
King, Krebs & Jurgens, P.L.L.C.
201 St. Charles Avenue
45th Floor
New Orleans, LA 70170

Autry Earl Barney
517 Cherry Ave
Jackson, AL 36545-3607

Amelia L. Hurt on behalf of Interested Party Century Indemnity Company, as Successor to CCI Insurance Company, Seccessor to Insurance Company of North America
Sher Garner Cahill Richter Klein
909 Poydras St.
28th Floor
New Orleans, LA 70112-1033

Stephanie B LaBorde on behalf of Interested Party Louisiana Insurance Guaranty Association
Milling Benson Woodward LLP
6421 Perkins Rd
Building B, Suite B
Baton Rouge, LA 70808

Respectfully submitted,

**LANDRY & SWARR, LLC**

<u>/s/ **MATTHEW C. CLARK**</u>
MICKEY P. LANDRY, Bar No. 22817
FRANK J. SWARR, Bar No. 23322
MATTHEW CLARK, Bar No. 31102
1100 Poydras Street
Energy Centre – Suite 2000
New Orleans, LA 70163
Telephone: (504) 299-1214
Facsimile: (504) 299-1215
**COUNSEL FOR PLAINTIFF**